## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SHARON ARTIS,       :
parent and next friend of S.A., a minor :
311 Naylor Rd., SE, #32    :
Washington, D.C.  20020    :
           :
           :
and          :
LAKISHA BETHEA,     :
parent and next friend of R.B., a minor :
3214 9th Pl., SE      :
Washington, D.C.  20032    :
           :
and          :
           :
BEVERLY BRISCOE,     :
parent and next friend of B.B., a minor :   Civil Action No.
3504 6th Street, SE, #4    :
Washington, D.C.  20032    :
           :
and          :
           :
LISA PRYOR,       :
parent and next friend of K.C., a minor :
2486 Skyland Pl., SE,     :
Washington, D.C.  20020    :
           :
and          :
           :
JOYCE MOON,      :
parent and next friend of D.C., a minor :
711 21st Street, NE #200    :
Washington, D.C.  20002    :
           :
and          :
           :
VANESSA CRAWFORD,    :
parent and next friend of A.C., a minor :
19 Rhode Island Ave., NW,   :
Washington, D.C.  20001    :
and          :
           :
           :

LASHAWNE BELL,                              :
parent and next friend of E.C., a minor    :
3322 23rd Street, SE                        :
Washington, D.C.  20020                     :
and                                         :
                                            :
LISA FLETCHER,                              :
parent and next friend of R.F., a minor    :
4406 Quarles Street, NW #1                  :
Washington, D.C.  20019                     :
                                            :
and                                         :
                                            :
DENISE FRYE,                               :
parent and next friend of C.F., a minor    :
117 Yuma Street, SE,                        :
Washington, D.C.  20011                     :
and                                         :
                                            :
CONNIE BARNES                              :
parent and next friend of W.G., a minor    :
46 T Street, NW                             :
Washington, D.C.  20001                     :
                                            :
and                                         :
                                            :
JEROME & KIA GLOVER,                       :
parent and next friend of J.G., a minor    :
1215 33rd Pl., SE,                          :
Washington, D.C.  20019                     :
                                            :
                                            :
and                                         :
                                            :
MARY JANE FALTZ-HARRIS,                    :
parent and next friend of A.H., a minor    :
1236 18th Street, NE, #1                    :
Washington, D.C.  20019                     :
                                            :
and                                         :
                                            :
PAULETTE HOLMES,                           :
parent and next friend of N.H., a minor    :
3407 13th Pl., SE, #104                     :
Washington, D.C.  20032                     :
                                            :

and                                          :
                                             :
DEBRA WILSON                                 :
parent and next friend of R.L., a minor      :
1514 First Street, SW, #12                   :
Washington, D.C. 20024                       :
                                             :
and                                          :
                                             :
EDWINA LLOYD,                                :
parents and next friends of J.L., a minor    :
3137 Newton Street, NE                       :
Washington, D.C. 20018                       :
                                             :
and                                          :
                                             :
                                             :
ANTOINETTE KEYS,                             :
parent and next friend of A.L., a minor      :
5810 Blair Road, NW, #301                    :
Washington, D.C. 20001                       :
                                             :
and                                          :
                                             :
CAROL COLEMAN                                :
parent and next friend of T.M., a minor      :
5225 Clay Street, NE                         :
Washington, D.C. 20019                       :
                                             :
and                                          :
                                             :
OLIVIA MCCLURE,                              :
parent and next friend of D.M., a minor      :
360 Taylor Street, NE #R33                   :
Washington, D.C. 20017                       :
                                             :
and                                          :
                                             :
JOSE MEJIA &                                 :
 OLINDA QUINTANILLA                          :
parent and next friend of M.Q., a minor      :
1840 Vernon Street, NW #33                   :
Washington, D.C. 20009                       :
                                             :
and                                          :
                                             :

DIANA RIDGEWAY,                                          :
parent and next friend of J.R., a minor     :
256 37th Street, SE,                                      :
Washington, D.C.  20019                           :
                                                                      :
and                                                                :
                                                                      :
MICHELLE HOOD,                                      :
parent and next friend of J.S., a minor      :
5437 Central Ave., SE, #1                          :
Washington, D.C.  20019                           :
                                                                      :
and                                                                :
                                                                      :
                                                                      :
TERRY JOHNSON,                                     :
parent and next friend of R.W., a minor   :
737 Irving Street, NW                                :
Washington, D.C.  20020                           :
                                                                      :
and                                                                :
                                                                      :
                                                                      :
ROBERTA MARCHETTE,                          :
parent and next friend of A.W., a minor   :
3308 6th Street, SE                                     :
Washington, D.C.  20032                           :
                                                                      :
                            v.                                     :
DISTRICT OF COLUMBIA                        :
A Municipal Corporation                           :
One Judiciary Square                                 :
441 Fourth Street, N. W.                            :
Washington, D.C. 20001                            :
                                                                      :
serve:                                                           :
ADRIAN FENTY, Mayor                           :
District of Columbia                                  :
1350 Pennsylvania Avenue, N. W., 5th Fl. :
Washington, D.C. 20002                            :
                                                                      :
LINDA SINGER                                         :
Attorney General                                       :
1350 Pennsylvania Avenue, N. W.,            :
Ste. 409                                                      :
Washington, D.C. 20004                            :

and                                              :
                                                 :
**DR. CLIFFORD JANEY(officially)**               :
**Superintendent, D.C. Public Schools**          :
**825 North Capitol St., N. E., Suite 9026**     :
**Washington, D.C. 20002**                       :
                                                 :
**Defendants** _____ :

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorneys, Tilman L. Gerald, Roxanne D. Neloms, and the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as follows that:

## PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to carry out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

## JURISDICTION

2.      This Court has jurisdiction pursuant to:

   a.      The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

   b.      Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of
Columbia as defined by the IDEIA and Section 504, her parent or guardian, who, at
all times relevant to this action, were residents of the District of Columbia, and who
prevailed in administrative hearings held pursuant to the IDEIA.

5.    The parents bring this action on behalf of their minor children and in their own right.

6.    Defendant, District of Columbia Government is a municipal corporation that receives
federal funds pursuant to the Individuals with Disabilities Education Improvement Act
("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is
obligated to comply with the applicable federal regulations and statutes including but
not limited to the IDEIA.

7.    Defendant, Clifford B. Janey, Ed. D, being sued in his official capacity as the
Superintendent of the District of Columbia Public School System ("DCPS") which
is the State Educational Agency ("SEA"), charged with responsibility of ensuring that
all disabled children in the District of Columbia receive access to a free and
appropriate public education "FAPE" and to ensure them equal protection and due
process of law.

## FACTUAL BACKGROUND

1.    That Plaintiff S.A. is a child with disabilities, as defined by the IDEIA, who has
been resident of the District of Columbia at all times relevant to this action. At an
administrative due process hearing held on March 22, 2006, S.A. and her parents,
prevailed by Hearing Officer's Determination ("HOD") dated April 1, 2006. As

prevailing parties within the meaning of the IDEIA, S.A. and her parents are entitled to attorneys' fees and costs for the administrative action. On April 7, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit A (attached hearing request, hearing officer's determination, and invoice).*

2.    Plaintiff R.B. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. At an administrative due process hearing held on July 7, 2007, R.B. and her parents, prevailed by Hearing Officer's Determination ("HOD") dated July 19, 2006. As prevailing parties within the meaning of the IDEIA, R.B and her parents are entitle to attorneys' fees and costs for the administrative action. On July 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit B (attached hearing request, hearing officer's determination, and invoice).*

3.    Plaintiff B.B. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding B.B. was held on April 18, 2006, he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 4, 2006. As prevailing parties within the meaning of the IDEIA, B.B. and his

parents are entitle to attorneys' fees and costs for the administrative action. On May 30, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit C (attached hearing request, hearing officer's determination, and invoice).*

4.     Plaintiff K.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding K.C. was held on March 1, 2006 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 16, 2006. As prevailing parties within the meaning of the IDEIA, K.C. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 30, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit D (attached hearing request, hearing officer's determination, and invoice).*

5.     Plaintiff D.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.C. was held on September 6, 2006 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 20, 2006.  As prevailing parties within the meaning of the IDEIA, D.C. and his parents are entitle to attorneys' fees and costs for the

administrative action.   On September 26, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit E (attached hearing request, hearing officer's determination, and invoice).*

6.     Plaintiff A.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding A.C. was held on April 25, 2006 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 25, 2006.  As prevailing parties within the meaning of the IDEIA, A.C. and her parents are entitle to attorneys' fees and costs for the administrative action. On April 28, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit F (attached hearing request, hearing officer's determination, and invoice).*

7.     Plaintiff E.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding E.C. was held on August 2, 2006 and LaShawne Bell, his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 7, 2006. As prevailing parties within the meaning of the IDEIA, E.C. and his parents are entitle to attorneys' fees and costs for the administrative action. On August 31, 2006, Plaintiffs submitted all the necessary

documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing officer's determination, and invoice)*

8.    Plaintiff R.F. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.F. was held on October 6, 2006 and Lisa Fletcher, his parents, prevailed by Hearing Officer's Determination ("HOD") dated October 18, 2006.    As prevailing parties within the meaning of the IDEIA, R.F. and his parents are entitle to attorneys' fees and costs for the administrative action. On October 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit H (attached hearing request, hearing officer's determination, and invoice)*

9.    Plaintiff C.F. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding C.F. was held on May 23, 2006 and Denise Frye, his parents, prevailed by Hearing Officer's Determination ("HOD") dated July 28, 2006. C.F. and his parents are prevailing parties as define in the IDEIA.    As prevailing parties within the meaning of the IDEIA, C.F. and his parents are entitle to attorneys' fees and costs for the administrative action. On August 31, 2006, Plaintiffs submitted all the necessary documentation and

requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

10.    Plaintiff W.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding W.G. was held on September 20, 2006 Connie Barnes, his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 2, 2006. As prevailing parties within the meaning of the IDEIA, W.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On October 13, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice)*

11.    Plaintiff J.G. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding J.G. was held on August 8, 2006 and Jerome & Kia Glover, his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 9, 2006. As prevailing parties within the meaning of the IDEIA, J.G. and his parents are entitle to attorneys' fees and costs for the administrative action. On October 13, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the

District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits K & L (attached hearing request, hearing officer's determination, and invoice)*.

12. Plaintiff A.H. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.H. was held on November 27, 2006 and Mary Jane Faltz-Harris, his parents, prevailed by Hearing Officer's Determination ("HOD") dated November 28, 2006. As prevailing parties within the meaning of the IDEIA, A.H. and his parents are entitle to attorneys' fees and costs for the administrative action. On December 12, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit M (attached hearing request, hearing officer's determination, and invoice)*.

13. Plaintiff N.S.H. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding N.S.H. was held on October 5, 2007 and Pauletter Holmes, her parents, prevailed by Hearing Officer's Determination ("HOD") dated November 13, 2006. As prevailing parties within the meaning of the IDEIA, N.S.H. and her parents are entitle to attorneys' fees and costs for the administrative action. On December 12, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant

District of Columbia has not reimbursed these Plaintiffs. *See Exhibit N (attached hearing request, hearing officer's determination, and invoice).*

14.    Plaintiff R.L. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.L. was held on July 12, 2006 and Debra Wilson, his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 25, 2006. As prevailing parties within the meaning of the IDEIA, R.L. and his parents are entitle to attorneys' fees and costs for the administrative action. On July 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit O (attached hearing request, hearing officer's determination, and invoice)*

15.    Plaintiff L.J. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding L.J. was held on October 10, 2006 and Edwina Lloyd, his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 25, 2006. As prevailing parties within the meaning of the IDEIA, L.J. and his parent are entitle to attorneys' fees and costs for the administrative action. On October 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibit P (attached hearing request, hearing officer's determination, and invoice)*.

16.    Plaintiff A.L. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.L. was held on June 30, 2006 and Antoinette Keys, his parent, prevailed by Hearing Officer's Determination ("HOD") dated July 20, 2006. As prevailing parties within the meaning of the IDEIA, A.L. and his parents are entitle to attorneys' fees and costs for the administrative action. On July 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit Q (attached hearing request, hearing officer's determination, and invoice)*.

17.    Plaintiff T.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.M. was held on June 20, 2006 and Carol Coleman, his parent, prevailed by Hearing Officer's Determination ("HOD") dated June 21, 2006. As prevailing parties within the meaning of the IDEIA, T.M. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 30, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibit R (attached hearing request, hearing officer's determination, and invoice)*.

18.  Plaintiff D.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.M. was held on March 17, 2006 and Olivia McClure, his parent, prevailed by Hearing Officer's Determination ("HOD") dated March 27, 2006. As prevailing parties within the meaning of the IDEIA, D.M. and his parent are entitle to attorneys' fees and costs for the administrative action. On April 7, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit S (attached hearing request, hearing officer's determination, and invoice)*.

19.  Plaintiff M.Q. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding M.Q. was held on August 17, 2006 and Jose G. Mejia & Olinda Quintanilla, his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 29, 2006. As prevailing parties within the meaning of the IDEIA, M.Q. and his parents are entitle to attorneys' fees and costs for the administrative action. On September 29, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these

Plaintiffs. *See Exhibit T (attached hearing request, hearing officer's determination, and invoice).*

20.     Plaintiff J.R. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding J.R. was held on August 1, 2006 and Diana Ridgeway, his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 11, 2006. As prevailing parties within the meaning of the IDEIA, J.R. and his parents are entitle to attorneys' fees and costs for the administrative action. On August 31, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit U (attached hearing request, hearing officer's determination, and invoice).*

21.     Plaintiff J.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding J.S. was held on April 28, 2006 and on June 5, 2006 respectively, Michelle Hood, his parent, prevailed by Hearing Officer's Determination ("HOD") dated May 6, 2006. As prevailing parties within the meaning of the IDEIA, J.S. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 30, 2006, and on  June 30, 2006 respectively,  Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibits V & W (attached hearing request, hearing officer's determination, and invoice)*.

22.  Plaintiff R.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding R.W. was held on October 17, 2006 and Terry Johnson, his parent, prevailed by Hearing Officer's Determination ("HOD") dated October 28, 2006. As prevailing parties within the meaning of the IDEIA, R.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On December 5, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit X (attached hearing request, hearing officer's determination, and invoice)*.

23.  Plaintiff A.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.W. was held on September 12, 2006 and Roberta Marchette, his parent, prevailed by Hearing Officer's Determination ("HOD") dated September 15, 2006. As prevailing parties within the meaning of the IDEIA, A.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On October 13, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date,

Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit Y (attached hearing request, hearing officer's determination, and invoice)*.

## FACTUAL ALLEGATIONS

24.    Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

25.    On or about February 9, 2006, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

26.    That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

27.    That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants, and Defendants have neither acknowledged the submissions nor remitted payment. Therefore, under the Guidelines established by the Defendants, Plaintiffs' invoices are considered denied by Defendants.

28.    That Defendants have refused and/or failed to reimburse the Plaintiffs and have not provided an explanation.

29.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEIA and this Court.

30.    That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

31.    That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon,* 532 U.S. at 603-04).

32.    That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc.*

33.    That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in administrative proceedings. See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990); See also Santamaria, .

34.    That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

35.    That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

36.    That the current billing rates for the attorneys, as evidenced by the invoices attached as **EXHIBITS A-Y & Z** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

37.    That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

38.    That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

39.    That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

40.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

41.    That Plaintiffs repeat and re-allege paragraphs 1 through 40, above.

42.    That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

2.    Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees.

3.    Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $242,591.06 .

4.    Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action.

5.    Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***

# Exhibit A



# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:            JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:            JAMES E. BROWN
    Federal Tax ID No.:  52-1500760
    D.C. Bar No.:        61622

2.  **Student Information**
    Name:                           Sandra Artis
    DOB:                            8/22/90
    Date of Determination (HOD/SA): 4/3/06
    Parent/Guardian Name:           Sharon Artis
    Parent/Guardian Address:        3111 Naylor Rd., SE, #32, WDC 20020
    Current School:                 Mamie D. Lee
    Home School:

3.  **Invoice Information**
    Invoice Number:          06-147
    Date Request Submitted:  4/7/06
    Date(s) Services Rendered 5/10/05 to 4/5/06
    Amount of Payment Request  $ 19,589.18

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          4/7/06
Signature                                 Date



EXHIBIT
SA-3

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student:  Sandra Artis   Date of Birth: August 22, 1990

Address:  3105 Naylor Road, SE, Washington, DC 20020

Present School of Attendance: The Mamie D. Lee School

Parent/Guardian of the Student:  __Ms. Sharon Artis__

**B.    Legal Representative/Attorney (if applicable):**

Name:  ___Miguel Hull, Esq.___

Address:  ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_  (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name)
_____
☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.   Nature of the Problem.

2.    DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Parent and MDT Team's Request for the Student to Receive a Neuropsychological Evaluation. According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec., 101, § 614, the District of Columbia Public Schools ("DCPS") is to evaluate a student in all areas of suspected disabilities.  In the instant matter, it is clear DCPS has failed to do this.

Here, the student currently attends the Mamie D. Lee School in the District of Columbia.  The student, according to her most recent IEP, is eligible to receive special education and its related services as a result of her mild mental retardation. An MDT/IEP Meeting was held for the student on or about August 16, 2005. At

2

the MDT/IEP Meeting, the MDT Team determined that the student would receive educational testing to include, among other things, a neuropsychological evaluation. <u>See</u> Student Evaluation Plan Meeting dated August 16, 2005. According to the Student Evaluation Plan, the neuropsychological assessment was to be completed within sixty (60) days. <u>Id</u>. To date, well over four (4) months have passed and DCPS has yet to complete the neuropsychological evaluation.

## II. Issues presented.

1. Whether or Not DCPS Failed to Comply with the Parent and MDT Team's Request for the Student to Receive a Neuropsychological Evaluation.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS failed to Comply with the Parent and MDT Team's Request for the student to receive a Neuropsychological evaluation;

2. DCPS, agrees to fund the parent's independent neuropsychological evaluation;

3. DCPS, within ten (10) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all  evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

4. If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

5. DCPS agrees to fund, for one (1) year, four (4) hours a week of individualized tutoring;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS sh+all fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities,</u> 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Miguel Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G.     Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.     Signature:

Mguel Holl (DM)                    1|13|06
Legal Representative / Advocate (if applicable)            Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

5

```
*********************
***   TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO              0038
CONNECTION TEL               92024425556
CONNECTION ID
ST. TIME             01/13 09:13
USAGE T              00'56
PGS. SENT            6
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers |
| Christopher L. West | Telephone: (202) 742-2000 | Ann Kreske* |
| | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

TO:  Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Miguel Hull, Esq.

DATE:  January 13, 2006

FAX NO: 202-442-5556

SUBJECT: S.A., DOB: 8/22/90

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 6

COMMENTS: Administrative due process complaint notice. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| SANDRA ARTIS,  Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 08-22-90 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: March 22, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Mamie D. Lee | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

**Parent(s):**            Ms. Sharon Artis
3105 Naylor Avenue, SE #302
Washington, D.C. 20020

**Counsel for Parent:**        Domiento C. R. Hill, Esq.
James E. Brown & Associates. PLLC
1220 L. Street, NW
Suite 700
Washington, DC 2005

**Counsel for School:**        Katherine G. Rodi, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On March 14, 2006, a motion for a continuance was granted to the petitioner.  The initial Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent Domiento C.R. Hill, Esq. The request alleges DCPS failed, inter alia, to comply with the MDT team's recommendation for the student to undergo a Neuropsychological Evaluation.

A Due Process Hearing was convened on March 22, 2006, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8ᵗʰ Floor, Washington, D.C. 20002.  Katherine G. Rodi, Esq., Attorney-Advisor represented DCPS. Domiento C. R. Hill, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party.  On behalf of the parent: Disclosure Letters dated March 7, 2006: SA-01 through 13 and March 15, 2006: SA-01 through SA-32.  On behalf of DCPS:  Disclosure Letter dated March 13, 2006: DCPS-01 through DCPS-04.   Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for DCPS: Helena Newman, Crystal D. Dorn, and Kellie McChants. Witnesses for the parent: Sharon Artis and Mark Holman.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004(IDEIA),* 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to comply with the parent and MDT team's request to conduct a Neuropsychological Evaluation?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

This case concerns parent's counsel assertion and allegation that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide a free appropriate public education (FAPE). Parent's counsel alleges DCPS failed to conduct a warranted Neuropsychological Evaluation, which was requested by the parent and recommended by the members of the MDT team. According to counsel for the parent, the team developed a student evaluation plan and that plan recommended a Neuropsychological Evaluation. . DCPS asserts that a Neuropsychological Evaluation was not warranted in this matter, as the student was extensively evaluated. Moreover, DCPS alleges that there was no need to conduct any other evaluations, as the student did not exhibit any dramatic brain injury and her disabilities had been fully explained by prior evaluations.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    S.A. is a fifteen- (15) year old District of Columbia resident and a student presently enrolled at Mamie D. Lee.

2.    S.A. is eligible for special education and related services. According to the student's most recent IEP dated November 17, 2004, her disability classification is mental retardation (MR).[1]

3.    Crystal D. Dorn, DCPS School Psychologist, testified and concluded that a Neuropsychological Evaluation was not warranted, as the student did not manifest any traumatic brain damage and the student had undergone extensive evaluations.

4.    DCPS had reviewed or conducted a Clinical Psychological Evaluation, Speech and Language Evaluation, Psycho-Education Evaluation, Clinical Evaluation and a Psychological Evaluation. DCPS reviewed an independent Psycho-Educational Assessment and an independent Clinical Assessment.[2]

3.

---

[1] Exhibit: SA- 19.
[2] Exhibit: SA-16, 17, 20,21,28, 29, 30.

5.       Crystal D. Dorn opined that the student's disabilities have been fully explained by an extensive battery of evaluations, which provided a complete explanation of the student's current low level of cognitive functioning.[3]

6.       On August 16, 2005, a competent team of DCPS officials discussed and developed a Student Evaluation Plan (SEP). The team agreed that a Neuropsychological Evaluation was recommended citing, as an area of concern, organic functioning.[4]

7.       Crystal D. Dorn participated in the team decision to recommend a Neuropsychological Evaluation. At the team meeting, she did not pose an objection to the evaluation.

8.       Kellie McChants, DCPS Neuropsychologist, testified and concluded that there was no need for a Neuropsychological Evaluation, as the student's disabilities had been fully explained and no additional information was required. The student did not have any epilepsy, ADHD was noted and explained, and there was no indication of toxic damage to the brain.[5]

9.       Kellie McChants opined that the reasons for performing a Neuropsychological Evaluation as follows: a documented history of traumatic brain injury, a medical condition that negatively impacts on neurological functions, and no documented significant neurological indicators. These factors do not exist in this student.

10.      A Clinical Psychological Evaluation report date June 14, 2005 noted that the student is an "individual who suffers considerable mental deficiencies and possibly organic.[6]

4.

---

[3] Testimony of the Crystal Dorn at the Due Process Hearing.
[4] Exhibit: SA-7.
[5] Testimony of Kellie McChants at the Due Process Hearing.
[6] Exhibit: SA-29.

11.    Mark Holman, Educational Advocate for the student, testified and concluded that a SEP was developed by DCPS with the parent's participation. At that team meeting, all team officials including the parent agreed that a Neuropsychological Evaluation was warranted. DCPS failed to perform the evaluation.

12.    Sharon Artis, parent of the student, testified that her fifteen (15) year old daughter cannot write her name and she has not shown any academic progress. She requested the evaluation because she wanted to make sure that everything possible is done to help her daughter learn to write.

## VI.    DECISION AND CONCLUSION OF LAW

In this case, DCPS has sustained its burden of proof. The essential issue is whether DCPS failed to perform a Neuropsychological Evaluation for this student. A preponderance of the evidence supports the contention of DCPS that a Neuropsychological Evaluation was not warranted for this student, as the student was extensively evaluated and she did not manifest any significant or traumatic brain injury. Under this set of circumstances, DCPS did not failed to provide a free appropriate public education (FAPE). Notwithstanding, the Clinical Psychological Evaluation noted that there is a possible organic issue; therefore, a Neuropsychological Evaluation shall be ordered.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2) **Petitioner's request for to find a denial of FAPE is DENIED.**

3) **Petitioner's request to fund an independent Neuropsychological Evaluation is GRANTED.**

5.

4) The parent is authorized to obtain an independent Neuropsychological Evaluation at DCPS expense pursuant to the Superintendent Directive on the cost of outside consultant fees.

5) DCPS shall, within fifteen- (15) school days of receipt of the independent evaluation, convene a MDT/IEP team meeting to review all current evaluations, review and revise the IEP as warranted and to discuss and determine an appropriate educational placement for the 2005-2006 school years.

6) In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

7) DCPS shall discuss and determine compensatory education and if warranted develop an appropriate Compensatory Education Plan to include form, format and an appropriate amount of hours.

8) All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.   APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

_____    Date Filed: 04-03-86

Charles R. Jones, Esq., Hearing Officer

Date Issued: 4/3/04

6.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Sandra Artis




May 10, 2007
In Reference To:    Sandra Artis

Invoice # 10000


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/10/2005 | CMM | Review HOD and drafted letter to parent detailing HOD issued 5/5/05 | 0.58 110.00/hr | 63.80 |
| 5/26/2005 | CMM | Phone call to Ms. Zegowitz, at Interdynamics, Inc. in request of testing status | 0.25 110.00/hr | 27.50 |
| 6/28/2005 | CG | Discussion with Ms. Gregory about document faxed on behalf of Sandra Artis | 0.25 185.00/hr | 46.25 |
| 7/5/2005 | RN | Review of clinical completed by Interdynamics; documented notes. | 0.75 235.00/hr | 176.25 |
| 7/7/2005 | RN | Preparation of letter informing of changes in IDEIA and requesting that current infomation be forwraded. | 0.42 235.00/hr | 98.70 |
| 7/12/2005 | RN | Review of psycho-educational evaluation and documented notes. | 0.75 235.00/hr | 176.25 |
| 7/20/2005 | CMM | Letter to parent re: recent changes to law, request of resolution meeting, and copy to advocate and file. | 0.17 115.00/hr | 19.55 |
| 8/1/2005 | RN | Record reviewed and discussion with MH; regarding the discussion of the clinical and psycho-educational. | 0.50 235.00/hr | 117.50 |
|  | GMH | Records review, new school records, progress reports and MDT notes, about 20 pages altogether. | 0.78 185.00/hr | 144.30 |
| 8/2/2005 | CMM | Prepared and sent placement package to Ivymount School | 1.00 115.00/hr | 115.00 |

Sandra Artis                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/2/2005 | CMM | Phone call to parent in request of information for placement purpose | 0.08<br>115.00/hr | 9.20 |
|  | CMM | Drafted letter to parent regarding placement package consideration sent out to Ivymount School | 0.42<br>115.00/hr | 48.30 |
| 8/4/2005 | RN | Draft letter to school confirming the MDT meeting for student. | 0.42<br>235.00/hr | 98.70 |
| 8/5/2005 | CMM | Assist attorney in sending MDT confiramtion meeting letter | 0.17<br>115.00/hr | 19.55 |
| 8/8/2005 | CMM | Drafted letter to parent to confirm MDT meeting scheduled for 8/16/05 @10am | 0.50<br>115.00/hr | 57.50 |
| 8/10/2005 | CG | Reviewed documents faxed per mom for prep IEP/MDT on ( 10 pages) August 17, 2005 | 0.58<br>185.00/hr | 107.30 |
| 8/11/2005 | CG | Reviewed transmittal per Helena Newman DCPS | 0.25<br>185.00/hr | 46.25 |
| 8/16/2005 | GMH | Conference with parent and attorney Neloms, follow up to meeting. | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Attended MDT/IEP @ Mamie D. Lee School.  This meeting was very extensive and covered many topic, see notes, that are MANY pages long. | 5.00<br>185.00/hr | 925.00 |
|  | GMH | Reviewed IEP and advised the attorney | 1.00<br>185.00/hr | 185.00 |
|  | RN | Discussion with advocate | 0.25<br>235.00/hr | 58.75 |
| 9/3/2005 | GMH | Drafted Status Report | 0.58<br>185.00/hr | 107.30 |
|  | GMH | Phone call to parent | 0.33<br>185.00/hr | 61.05 |
|  | GMH | Drafted letter to DCPS, Ms. Newman at Mamie D. Lee and faxed it. | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Reviewed IEP and advised the attorney | 0.67<br>185.00/hr | 123.95 |
| 9/17/2005 | GMH | Reviewed  evaluation, Cognitive Eval, dated 9/29/04 | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Reviewed  evaluation, Psycho Ed, dated 6/11/05 | 0.50<br>185.00/hr | 92.50 |

Sandra Artis                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/17/2005 | GMH | Reviewed evaluation, Sp & Language, dated 10/29/04 | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Completed Status Update for Ms. Neloms. | 0.42<br>185.00/hr | 77.70 |
|  | GMH | Reviewed evaluation, Vineland, dated 9/29/04, Given to Parent | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Reviewed IEP, dated 11/17/04. | 0.67<br>185.00/hr | 123.95 |
|  | GMH | Reviewed MDT notes, dated 9/10/04 | 0.58<br>185.00/hr | 107.30 |
|  | GMH | Phone call to parent | 0.33<br>185.00/hr | 61.05 |
| 9/18/2005 | GMH | Reviewed evaluation, FBA and IBP | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Reviewed evaluation, Clinical dated 11/3/04 | 0.50<br>185.00/hr | 92.50 |
|  | GMH | Reviewed MDT notes from 8/16/05 for upcoming meeting. | 0.92<br>185.00/hr | 170.20 |
|  | GMH | Phone call to attorney Neloms, re: Level V information and placement information. | 0.33<br>185.00/hr | 61.05 |
|  | GMH | Researched k12.dc.us and Ed.gov in regards to Level V assessments and rules and regulation, also downloaded and put in all staff boxes. | 2.83<br>185.00/hr | 523.55 |
|  | GMH | Reviewed IEP and advised the attorney | 0.67<br>185.00/hr | 123.95 |
|  | GMH | Draft letter to Special Ed Coord and Principal at Mamie D. Lee School, letter included researched material. | 1.08<br>185.00/hr | 199.80 |
|  | GMH | Reviewed evaluation, Vineland dated 11/3/04, Given to Teacher | 0.50<br>185.00/hr | 92.50 |
| 9/20/2005 | RN | Discussion with advocate | 0.33<br>235.00/hr | 77.55 |
|  | CMM | Thin three files for these student. Organized and organized in chronological order | 1.17<br>115.00/hr | 134.55 |
|  | GMH | Discussion with attorney Neloms, regarding IEP situation at Mamie D. Lee | 0.33<br>185.00/hr | 61.05 |

Sandra Artis                                                                                  Page      4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/22/2005 | GMH | Research placement options-via internet-looked at Catherine Thomas or St. Colleta's sites | 0.50 185.00/hr | 92.50 |
| 10/13/2005 | RN | Spoke with new attorney about transfer of case | 0.25 235.00/hr | 58.75 |
|  | DH | Spoke with previous attorney about transfer of case | 0.25 235.00/hr | 58.75 |
| 10/19/2005 | HR | Assisted attorney in sending case status to parent and placed copy of letter in students master file | 0.17 115.00/hr | 19.55 |
| 10/25/2005 | CMM | Phone call from and discuss case status | 0.25 115.00/hr | 28.75 |
|  | DH | Discussion with the parent regarding the status of the student's case. | 0.17 235.00/hr | 39.95 |
| 10/27/2005 | DH | Draft and send notice to school regarding status of the student's evaluations. | 0.25 235.00/hr | 58.75 |
| 11/2/2005 | KC | Reviewed client IEPs in preparation for MDT meeting on 11/30/05 | 0.75 185.00/hr | 138.75 |
| 11/3/2005 | DH | Draft and send letter to DCPS regarding MDT/IEP Meeting. | 0.25 235.00/hr | 58.75 |
| 11/7/2005 | CMM | Drafted letter to parent/enclosed FBA and letters sent to Mamie D. Lee | 0.58 115.00/hr | 66.70 |
|  | DH | Discussion with the mother regarding the student's case. | 0.42 235.00/hr | 98.70 |
| 11/22/2005 | DH | Discussion with the student's mother regarding the status of her child's case and draft and send letter to DCPS regarding the student's MDT/IEP Meeting and vocational level III assessment. | 0.50 235.00/hr | 117.50 |
| 11/29/2005 | DH | Draft and send letter to DCPS regarding the student's vocational level III assessment. and the MDT/IEP Meeting. | 0.33 235.00/hr | 77.55 |
|  | DH | Receive and review the student's vocational level III evaluation. | 0.50 235.00/hr | 117.50 |
|  | DH | Discussion with the student's mother regarding the vocational level III assessment. and the MDT/IEP Meeting. | 0.33 235.00/hr | 77.55 |
| 12/5/2005 | CMM | File Review and sent letter to parent/student | 0.17 115.00/hr | 19.55 |
| 12/6/2005 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.33 235.00/hr | 77.55 |

Sandra Artis                                                                                        Page    5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|

| 12/18/2005 DH | Draft and send letter to DCPS responding to Letter of Invitation, after speaking with the mother, selecting one of the dates and times offered to reconvene the student's MDT/IEP Meeting. | 0.33 235.00/hr | 77.55 |
| 12/19/2005 BDL | Drafted letter to parent with copy of the Career Assessment Report. | 0.50 115.00/hr | 57.50 |
| 1/4/2006 DH | Draft and send letter to DCPS regarding the student's MDT/IEP Meeting. | 0.33 235.00/hr | 77.55 |
| 1/6/2006 WB | Drafted letter to parent w/ confirmation of meeting notice enclosed for 1/13/06 @ 9:00 am | 0.42 115.00/hr | 48.30 |
| 1/11/2006 KD | Drafted letter to parent/enclosed copy of Atty's 1-4-06 Ltr to Maime Lee School accptng MDT date/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 1/12/2006 CW | Review the student's administrative due process complaint notice prepared by co-counsel. | 0.42 360.00/hr | 151.20 |
| DH | Review the student's educational file, conduct educational research to determine DCPS' obligation to conduct the student's recommended neuropsychological evaluation, draft administrative due process hearing complaint notice, take to lead attorney for his review. | 2.00 235.00/hr | 470.00 |
| KC | Reviewed client file in preparation for MDT/IEP meeting. | 1.00 185.00/hr | 185.00 |
| KC | Phone call from Mark Hohman re: summary of previous MDT meeting attended at Mamie D. Lee. Inquiry of documents requested of school. He also requested proof of staff certification but we have yet to receive it. | 0.42 185.00/hr | 77.70 |
| 1/17/2006 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes/posted deadline date to Outlook and Desk Calendars | 0.50 115.00/hr | 57.50 |
| 1/19/2006 WB | Drafted letter to parent re: case status w/ copy of correspondence sent to Helena Newman, SEC, Mamie D. Lee School on 1/18/06 enclosed | 0.42 115.00/hr | 48.30 |
| DH | Draft and send letter to DCPS regarding the MDT/IEP Meeting that was held for the student earlier today without the counsel's knowledge. | 0.33 235.00/hr | 77.55 |
| 1/22/2006 DH | Draft and send letter to the special education coordinator at the student's current school asking for a status report on the student's evaluations, and confirming attendance at the Resolution Session Meeting and IEP meeting, call mother and mother's educational advocate, Ms. Gregory at work and left a message. | 0.42 235.00/hr | 98.70 |
| 1/24/2006 KD | Drafted letter to parent/enclosed copy of Res Mtng Confrmtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.42 115.00/hr | 48.30 |

Sandra Artis                                                                                    Page     6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/24/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 1-22-06 Response to LOI/copy to advc and file/added to case notes | 0.42<br>115.00/hr | 48.30 |
| 2/13/2006 | CMM | Drafted letter to parent with MDT/IEP and resolution confirmation meeting | 0.58<br>115.00/hr | 66.70 |
| 2/15/2006 | CMM | Phone call to Special Education Coordinator, Mamie D. Lee, to confirm IEP/MDT/Resolution meeting schedule | 0.25<br>115.00/hr | 28.75 |
|  | CMM | Phone call from parent to discuss case status and inquire of MDT/IEP/Resolution meeting schedule | 0.33<br>115.00/hr | 37.95 |
|  | KC | Reviewed client file in preparation for MDT/IEP meeting at Mamie D. Lee School. | 0.83<br>185.00/hr | 153.55 |
| 2/16/2006 | KC | Reviewed client file (e.g., evaluations, IEP, MDT notes and administrative complaint.) Prep for MDT meeting and resolution meeting. | 1.50<br>185.00/hr | 277.50 |
|  | KC | Conference with parent and family friend, Ms. Gregory. Preparation for MDT meeting and resolution session. | 0.33<br>185.00/hr | 61.05 |
|  | KC | Attended MDT/IEP @ Mamie D. Lee School | 4.00<br>185.00/hr | 740.00 |
|  | KC | Research educational needs, preparation of summary describing MDT meeting and resolution meeting. | 0.67<br>185.00/hr | 123.95 |
| 2/21/2006 | CMM | Drafted letter to parent with hearing information | 0.50<br>115.00/hr | 57.50 |
|  | CMM | Phone call to parent to notify of hearing scheduled | 0.17<br>115.00/hr | 19.55 |
| 3/7/2006 | CMM | Assisted attorney to prepare disclosure to DCPS | 1.17<br>115.00/hr | 134.55 |
|  | CMM | Phone call to parent regarding hearing scheduled (left VM msg) | 0.08<br>115.00/hr | 9.20 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the Office of the General Counsel and the Office of Student Hearings. | 1.00<br>235.00/hr | 235.00 |
| 3/13/2006 | DH | Prepare for the student's administrative due process hearing by reviewing the student's educational file, discussion with the parent and educational advocate, prepare opening and closing statements, draft and prepare questions for the parent and educational advocate, review the case with the co-counsel assisting me in the hearing. | 3.50<br>235.00/hr | 822.50 |
| 3/14/2006 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 3/22/06 @ 1:00 pm | 0.50<br>115.00/hr | 57.50 |

Sandra Artis                                                                    Page    7

|            |     |                                                                                                                                                             | Hrs/Rate          | Amount |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|--------|
| 3/14/2006  | DH  | Appear at the student's administrative due process hearing and appear at the student's hearing before impartial due process hearing officer Charles R. Jones, the hearing was continued to next week for completion. | 2.00 235.00/hr    | 470.00 |
|            | DH  | Prepare for the student's administrative due process hearing.                                                                                                | 2.00 235.00/hr    | 470.00 |
|            | KC  | Appearance to 825 North Capital for due process hearing                                                                                                      | 2.00 185.00/hr    | 370.00 |
|            | KC  | Prepared for Due Process Hearing (reviewed MDT & resolution meeting notes)                                                                                   | 0.50 185.00/hr    | 92.50  |
| 3/15/2006  | DH  | Review the student's educational file, prepare and and send five day disclosures to the DCPS Office of Student Hearings and the DCPS Attorney Advisor assigned to the case. | 2.00 235.00/hr    | 470.00 |
|            | CMM | Assisted attorney to prepare disclosure to DCPS, Office of General Counsel and Student Hearing Office. Tab Student Hearing Officer documents.                 | 2.00 115.00/hr    | 230.00 |
|            | CMM | Drafted letter to parent with continuance new date of hearing                                                                                                | 0.50 115.00/hr    | 57.50  |
|            | CMM | Phone call to parent to notify of hearing date                                                                                                               | 0.17 115.00/hr    | 19.55  |
| 3/21/2006  | DH  | Prepare for the student's administrative due process hearing.                                                                                                | 2.00 235.00/hr    | 470.00 |
| 3/22/2006  | DH  | Prepare and appear at the student's administrative due process hearing.                                                                                      | 4.00 235.00/hr    | 940.00 |
|            | KC  | Appearance to 825 North Capital for due process hearing                                                                                                      | 2.50 185.00/hr    | 462.50 |
|            | KC  | Prepared for Due Process Hearing                                                                                                                             | 1.00 185.00/hr    | 185.00 |
| 3/24/2006  | WB  | Drafted letter to Dr. James Ballard @ Interdynamics w/ copies of previous Psycho-Educational, Clinical Psychological, and etc. for completion of an independent Psycho-Educational Evaluation | 0.50 115.00/hr    | 57.50  |
| 4/3/2006   | WB  | Drafted letter to parent w/ HOD issued on 4/3/06 enclosed                                                                                                    | 0.50 115.00/hr    | 57.50  |
|            | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent                                                                                       | 0.33 385.00/hr    | 127.05 |
| 4/4/2006   | WB  | Prepared and sent referral packet to Interdynamics for an independent Neuropsychological Evaluation                                                          | 1.00 115.00/hr    | 115.00 |

Sandra Artis                                                                    Page    8

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/4/2006 WB | Drafted letter to parent re: case status and referral to Interdynamics for an indepedent Neuropsychological Evaluation | 0.50 115.00/hr | 57.50 |
| 4/7/2006 WB | Drafted letter to parent w/ copy of correspondence sent to Helena Newman, Special Education Coordinator, Mamie D. Lee School on 4/4/06 | 0.50 115.00/hr | 57.50 |
| 4/14/2006 CMM | Phone call from parent to discuss status of neuropsychological testing | 0.25 115.00/hr | 28.75 |

|  |  | | |
|---|---|---|---|
|  | For professional services rendered | 83.87 | $15,729.10 |
|  | Additional Charges : | | |
| 5/9/2005 | Copied: HOD for parent, advocate. | | 6.00 |
| 5/10/2005 | Copied letter with HOD for the parent. | | 1.25 |
|  | Postage; letter to parent with SA. | | 0.60 |
| 7/20/2005 | Copied: Changes of law letter for parent. | | 0.50 |
|  | Postage; Changes to law letter to parent. | | 0.37 |
| 8/1/2005 | Facsimile: Evaluations to school. | | 15.00 |
| 8/2/2005 | Postage; letter to parent re: case status. | | 0.37 |
|  | Postage; Placement package to Ivymount school. | | 1.98 |
| 8/5/2005 | Facsimile MDT conf. mtg to Mamie D. Lee | | 3.00 |
| 8/8/2005 | Postage; letter to parent re: MDT conf. mtg. | | 0.37 |
|  | Copied documents; letter to parent | | 0.50 |
| 8/9/2005 | Copied documents; letter | | 4.00 |
|  | Facsimile letter (MDT) to Woodson | | 5.00 |
| 10/19/2005 | Postage; letter to parent | | 0.37 |
|  | Copied documents; case status letter to parent | | 0.50 |
| 10/26/2005 | Facsimile: letter to school. | | 3.00 |
| 11/7/2005 | Copied: FBA letter to DCPS for parent. | | 2.00 |
|  | Postage; letter to parent re: FBA and letter sent to school. | | 0.60 |

Sandra Artis                                                                    Page     9

|  |  | Amount |
|---|---|---|
| 12/5/2005 | Postage; letter to parent | 0.37 |
| 12/6/2005 | Facsimile: letter to school. | 2.00 |
| 12/16/2005 | Postage; letter to parent | 0.60 |
| 12/18/2005 | Facsimile letter to Mamie D.Lee. | 5.00 |
| 12/19/2005 | Postage; letter to parent | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 1/4/2006 | Facsimile letter to school. | 2.00 |
| 1/6/2006 | Copied documents; letter to parent | 0.50 |
| 1/11/2006 | Copied: MDT letter for parent and adv. | 2.50 |
|  | Postage: letter to parent re: MDT date acceptance. | 0.63 |
| 1/13/2006 | Facsimile: HR to SHO. | 6.00 |
| 1/17/2006 | Copied: HR-Complaint for parent and adv. | 3.50 |
|  | Postage; letter to parent re: HR-Complaint. | 0.63 |
| 1/18/2006 | Facsimile Received from DCPS re: IEP | 3.00 |
| 1/19/2006 | Postage; letter to parent | 0.37 |
|  | Postage; letter to parent | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 1/24/2006 | Postage; letter to parent re: res. mtg. conf. | 0.87 |
|  | Copied attny's response to LOI and cvr ltr for parent/adv. (1-22-06) | 5.50 |
|  | Copied Res mtg cnfmtn and cvr ltr for parent/adv. | 1.50 |
| 2/6/2006 | Facsimile Received from DCPS re: mtg. notice. | 2.00 |
| 2/13/2006 | Copied MDT/IEP conf. ltr for parent. | 0.50 |
|  | Postage; letter to parent re: mtg. conf. | 0.39 |
| 2/16/2006 | Copied: res. mtg. notes for atty and file. | 1.50 |
| 2/21/2006 | Postage; letter to parent re: HND. | 0.39 |

Sandra Artis                                                                                     Page    10

|  |  | Amount |
|---|---|---|
| 2/21/2006 | Copied ltr with HND for parent. | 0.50 |
| 3/7/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: disclosure for SHO and OGC. | 21.00 |
|  | Facsimile Received from DCPS re: disclosure from OGC. | 19.00 |
| 3/13/2006 | Copied evals & mtg notes for Adv. | 11.75 |
| 3/14/2006 | Postage; letter to parent | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
|  | Sedan taxi service to DCPS for hearing.(attny.) | 8.00 |
|  | Parking @ DCPS for hearing | 8.00 |
| 3/15/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied 5 day disc. for OGC/SHO. | 81.00 |
|  | Postage; letter to parent re: HND. | 0.39 |
| 3/22/2006 | Sedan taxi service  from  DCPS for hearing.(attny,adv.) | 8.00 |
| 3/24/2006 | Facsimile: referral to Interdynamics. | 70.00 |
| 3/28/2006 | Facsimile Received from DCPS re: affidavit from Interdynamics. | 5.00 |
| 4/3/2006 | Copied documents; HOD | 7.00 |
|  | Facsimile Received from DCPS; HOD | 7.00 |
|  | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 4/4/2006 | Copied neuropsychological eval referral for Interdynamics. | 19.25 |
|  | Facsimile: letter to school. | 2.00 |
|  | Postage; letter to parent re: placement. And Referral to Interdynamics. | 3.61 |
| 4/5/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $497.08 |
|  | Total amount of this bill | $16,226.18 |

# Exhibit B



# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Rachon Bethea
   DOB: 11-16-94
   Date of Determination (HOD/SA): 7-19-06
   Parent/Guardian Name: Lakisha Bethea
   Parent/Guardian Address: 3214 9th Pl, SE WDC 20032
   Current School: Hart MS
   Home School: Hart MS

3. **Invoice Information**
   Invoice Number: 06-333
   Date Request Submitted: 7-31-06
   Date(s) Services Rendered: 6-15-05 to 7-6-06
   Amount of Payment Request: $ 14,701.78

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

Signature                                         Date July 31, 2006

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  Rachon Bethea          Date of Birth:  November 16, 1994

Address:        3214 9th Place, SE, Washington, DC 20032

1

SEID DPCN Rev'd. 7/01/05

Present School of Attendance:    Hart Middle School

Home School:                   Hart Middle School
                               (Neighborhood school where child is registered)

Parent/Guardian of the Student:   Lakisha Bethea

Address (if different from the student's above):   same

**B.    Legal Representative/Attorney:**

Name:   Miguel A. Hull, Esq.

Address:   1220 L St., NW, #700, Washington, D.C. 20005

Phone: (w)  (202) 742-2000                    (Fax)  (202) 742-2098
(e-mail)  mhull@jeblaw.biz

Will attorney / legal representative attend the resolution session?    **X** Yes              ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page
one)
☐Charter school (name of the charter school if different from page
one)
☐Non-public school or residential treatment facility (name)

☐Parent

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this
process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

The parent does not wish to enter into mediation and would only like a due process hearing.

**F.    Facts and Reasons for the Complaint:**

2

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

## I.   Nature of the problem.

### Failure / refusal to provide 30 hours of compensatory education as agreed by MDT team on April 20, 2006.

Rachon Bethea is an eleven-year-old student at Hart Middle School in the District of Columbia. He was previously classified as learning disabled ("LD") and entitled to fifteen hours per week of specialized instruction; one hour per week of counseling; and 30 minutes per week of speech and language therapy. IEP 5/1605. On April 20, 2006, an MDT meeting took place during which an independent clinical-psychological evaluation was reviewed. As a result of that review and other information, the team at the meeting on April 20, 2006, changed Rachon's disability classification from just LD to LD and emotionally disturbed. In addition, Rachon's hours of service were changed to 25 hours of specialized instruction per week; the related services stayed the same. The team at the meeting also discussed placement. The District of Columbia Public Schools ("DCPS") members suggested either District of Columbia Alternative Learning Academy ("DCALA") or the Taft Center. The parent and advocate objected to DCALA but agreed that Taft would be appropriate if space was available. They also suggested some non-public schools. Eventually, there was a team consensus that placement be made to Taft as soon as possible. In addition, the team that day agreed to provide Rachon with 30 hours of compensatory education to make up for a period in or about November 2005 when Rachon's special education teachers was absent on leave. To date, however, DCPS has completely failed to provide Rachon with any of the 30 hours of compensatory education awarded on April 20, 2006. Accordingly, the parent now respectfully requests that those 30 hours be awarded in the form of private one-on-one tutoring funded by DCPS. See MDT Notes 4/20/06.

## II.   Issues presented.

Whether DCPS has inappropriately failed / refused to provide Rachon with the 30 hours of compensatory education that the MDT awarded him on April 20, 2006?

## III.   To the extent known to you at this time, how can this problem be resolved?

1.  a finding DCPS has inappropriately failed / refused to provide Rachon with the 30 hours of compensatory education that the MDT awarded him on April 20, 2006;

2.  that DCPS be ordered to fund 30 hours of private one-on-one tutoring for Rachon.

3.  that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

4.  That DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

5. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the

4

parent's representative, in writing, via facsimile, at 202-742-015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____
- 

H.    **Signature:**

_____          July 7, 2006_____
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

5

(In the Matter of RB  DOB 11/16/94  HOD: July 19, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Rachon Bethea | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: November 16, 1994 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: July 7, 2006 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Hart JHS | ) | |
| Respondent. | ) | |

Counsel for Student:                Miguel Hull, Esq.
                                    1220 L Street NW #700
                                    Washington, DC  2000

Counsel for DCPS:                   Tiffany Puckett, Esq.
                                    Office of General Counsel
                                    825 North Capitol St. NE
                                    Washington, DC  20002

## JURISDICTION:

A Due Process Hearing was convened on July 6, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed May 4, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of RB   DOB 11/16/94   HOD: July 19, 2006)

**SUMMARY OF THE RELEVANT EVIDENCE:**

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (RB 1-15 and DCPS 1-3) which were admitted into the record.

**FINDINGS OF FACT:**

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

The student has been determined to be eligible for special education and related services with disability classifications of emotional disturbance (ED) and learning disability (LD). The student attended Hart Middle School (Hart) during school year (SY) 2005-06. (DCPS 1)

On April 20, 2006, DCPS convened a multidisciplinary team (MDT) meeting to review the student's clinical psychological evaluation, revise the student's individualized educational program (IEP) and to determine the student's placement. (DCPS 1)

The April 20, 2006, MDT meeting notes indicate the student was not making progress and Hart had violent outbursts at school from which other students and teachers felt threatened. The notes indicate the MDT agreed with the student being placed at the Taft Center (Taft) and that DCPS would expedite the student's transfer to Taft. The MDT agreed the student would remain at Hart until the placement at Taft was finalized. The MDT agreed at that meeting the student would be provided 30 hours of compensatory education to the student. (DCPS 1)

Mr. Kano Hudson, Hart's special education coordinator, made efforts for the student to be transferred to Taft during SY 2005-06. However, the placement at Taft was not effectuated by the end of SY 2005-06. DCPS has now secured the placement for the student at Taft for SY 2006-07. The student's IEP was implemented at Hart during the remainder of the SY 2005-06 following the April 20, 2006, MDT meeting. However, the student's school attendance was sporadic during the remainder of SY 2005-06. (Mr. Hudson's testimony)

**ISSUE(S):**

Did DCPS deny the student FAPE by not providing the student an immediate placement at Taft following the April 20, 2006, MDT meeting, and is the student entitled to any compensatory education for the placement not being promptly effectuated?

2

(In the Matter of RB  DOB 11/16/94  HOD: July 19, 2006)

## CONCLUSIONS OF LAW

Did DCPS deny the student FAPE by not providing the student an immediate placement at Taft following the April 20, 2006, MDT meeting, and is the student entitled to any compensatory education for the placement not being promptly effectuated?  Conclusion: DCPS sustained its burden of proof.

The evidence indicates the MDT on April 20, 2006, agreed the student would be placed at Taft and DCPS agreed to attempt to expedite the new process. DCPS made good faith efforts to transfer the student to Taft and has secured the placement for SY 2006-07. The student's IEP was implemented at Hart for the remainder of SY 2005-06 when the student attended school. However, his attendance was sporadic. The student's IEP does not designate extended school year (ESY) services. The student was not significantly harmed by the placement at Taft not being effectuated prior to the end of SY 2005-06, and there was no denial of FAPE.  The student is not entitled to any additional compensatory education.

## ORDER:

1. DCPS shall place the student at the Taft Center for school year (SY) 2006-07 and provide transportation services.
2. DCPS shall provide the parent's counsel a copy of the student's full individualized educational program (IEP) developed April 20, 2006.
3. DCPS shall, within a reasonable time after the start of SY 2006-07, begin to provide the student 30 hours of compensatory education in the form of tutoring DCPS agreed to provide at the April 20, 2006, MDT meeting.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his parent and/or representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: June 19, 2005**

Issued: 7/19/06

3

(In the Matter of RB   DOB 11/16/94   HOD: July 19, 2006)

## In the MATTER OF Rachon Bethea V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| RB 1-15 | Parent's Disclosures | Yes |
| DCPS 1-3 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4

(In the Matter of RB   DOB 11/16/94   HOD: July 19, 2006)

## In the MATTER OF Rachon Bethea V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/4/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6/7/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of RB DOB 11/16/94 HOD: July 19, 2006)

## INDEX OF NAMES

### In the MATTER OF Rachon Bethea V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Placement Specialist | |
| School Psychologist | |
| Regular Education Teacher | |
| DCPS Special Education Coordinator | Mr. Kano Hudson |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Educational Advocate | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Rachon Bethea
LaKisha Bethea
46 Forrester St, SW
Apt # 2
Washington DC 200032


July 31, 2006
In Reference To:    Rachon Bethea
                    DOB: 11/16/94
                    Home School: Martin Luther King ES
                    Attending School: Martin Luther King ES


Invoice #11621

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/15/2005 | CS | Examined HOD | 0.33 185.00/hr | 61.05 |
| 6/22/2005 | CMM | Review and drafted letter to parent detailing HOD issued 6/14/05 | 0.58 115.00/hr | 66.70 |
| 6/24/2005 | CS | Conference with parent re updated contact info | 0.17 185.00/hr | 31.45 |
| 6/28/2005 | CS | Conference with parent re summer program at Freedom Schools | 0.33 185.00/hr | 61.05 |
| 7/14/2005 | CS | Conference with parent to check status.  Parent reports that student has not had major incident this week.  We discussed placements | 0.33 185.00/hr | 61.05 |
| 8/1/2005 | CMM | Extensive file review and prepared status letter for attorney. Organized documents in chronological order | 1.00 115.00/hr | 115.00 |
| 8/15/2005 | CS | Conference with parent re evals (he needs referral for independents since DCPS violated SA) | 0.33 185.00/hr | 61.05 |
|  | CS | Discussion with paralegal re evals referral | 0.25 185.00/hr | 46.25 |
| 8/16/2005 | CMM | Drafted case status letter to parent regarding independent evaluation referral | 0.50 115.00/hr | 57.50 |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Rachon Bethea
LaKisha Bethea
46 Forrester St, SW
Apt # 2
Washington DC 200032


May 09, 2007
In Reference To:      Rachon Bethea
                      DOB: 11/16/94
                      Home School: Martin Luther King ES
                      Attending School: Martin Luther King ES


Invoice # 10000

          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/15/2005 | CS | Examined HOD | 0.33 185.00/hr | 61.05 |
| 6/22/2005 | CMM | Review and drafted letter to parent detailing HOD issued 6/14/05 | 0.58 115.00/hr | 66.70 |
| 6/24/2005 | CS | Conference with parent re updated contact info | 0.17 185.00/hr | 31.45 |
| 6/28/2005 | CS | Conference with parent re summer program at Freedom Schools | 0.33 185.00/hr | 61.05 |
| 7/14/2005 | CS | Conference with parent to check status.  Parent reports that student has not had major incident this week.  We discussed placements | 0.33 185.00/hr | 61.05 |
| 8/1/2005 | CMM | Extensive file review and prepared status letter for attorney. Organized documents in chronological order | 1.00 115.00/hr | 115.00 |
| 8/15/2005 | CS | Conference with parent re evals (he needs referral for independents since DCPS violated SA) | 0.33 185.00/hr | 61.05 |
|  | CS | Discussion with paralegal re evals referral | 0.25 185.00/hr | 46.25 |
| 8/16/2005 | CMM | Drafted case status letter to parent regarding independent evaluation referral | 0.50 115.00/hr | 57.50 |

Rachon Bethea                                                                        Page    2

|            |     |                                                                              | Hrs/Rate        | Amount |
|------------|-----|------------------------------------------------------------------------------|-----------------|--------|
| 8/16/2005  | CMM | Prepared and sent independent evaluation referral to Interdynamics, Inc.      | 1.00 115.00/hr  | 115.00 |
|            | CMM | Discussion with advocate regarding request of independent evaluation          | 0.25 115.00/hr  | 28.75  |
| 8/17/2005  | CMM | Phone call from Interdynamics in request of information for testing            | 0.17 115.00/hr  | 19.55  |
| 8/19/2005  | CMM | Drafted letter to parent/ enclosed tutorial services information               | 0.33 115.00/hr  | 37.95  |
| 9/16/2005  | CMM | Phone call from Interdynamics, Inc. in request of case status                  | 0.17 115.00/hr  | 19.55  |
| 9/20/2005  | CMM | Phone call from Interdynamics, Inc regarding testing has not been scheduled yet | 0.17 115.00/hr  | 19.55  |
| 10/12/2005 | ML  | Draft letter to parent, noting that case will soon placed on inactive status.  | 0.42 195.00/hr  | 81.90  |
| 10/13/2005 | CMM | Phone call from Interdynamics, re: testing status                             | 0.08 115.00/hr  | 9.20   |
| 10/17/2005 | CMM | Phone call to Interdynamics, Inc. with updated information                     | 0.25 115.00/hr  | 28.75  |
| 11/7/2005  | AAG | File Review and sent letter to parent/student                                  | 0.25 115.00/hr  | 28.75  |
| 11/8/2005  | ML  | review clinical evaluation.                                                   | 0.33 195.00/hr  | 64.35  |
|            | CS  | Reviewed clinical Psychological evaluation report                             | 0.75 185.00/hr  | 138.75 |
|            | CS  | Phone call from mother                                                        | 0.17 185.00/hr  | 31.45  |
| 11/9/2005  | ML  | Draft letter to DCPS requesting additional evaluations.                       | 0.42 195.00/hr  | 81.90  |
| 11/14/2005 | CMM | File Review and sent letter to parent/student                                  | 0.25 115.00/hr  | 28.75  |
| 11/15/2005 | CS  | Draft letter to Hart MS re mdt meeting                                        | 0.42 185.00/hr  | 77.70  |
|            | CMM | Drafted letter to parent and sent letter sent to M.L. King, resolution meeting notes held Nov. 7, and OT evaluation | 0.58 115.00/hr  | 66.70  |

Rachon Bethea                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/15/2005 | CMM | Drafted letter to parent/enclosed letter to Hart MS and independent clinical evaluation | 0.58 115.00/hr | 66.70 |
| 11/18/2005 | CMM | Sent copy of clinical evaluation to Special Education Coordinator | 0.25 115.00/hr | 28.75 |
| 11/28/2005 | ML | Draft letter to Interdynamics, re: clinical evaluation. | 0.42 195.00/hr | 81.90 |
| 11/30/2005 | ML | Draft letter to DCPS with evaluation. | 0.42 195.00/hr | 81.90 |
| 12/7/2005 | CS | Conference with parent re trouble at Hart and parent's desire to seek another placement.  I will request a meeting at the school | 0.42 185.00/hr | 77.70 |
| 12/20/2005 | CS | School visit (Hart MS) | 1.00 185.00/hr | 185.00 |
|  | CS | Draft electronic letter to attorney notifying of various fileable issues on this case | 0.33 185.00/hr | 61.05 |
|  | CS | Phone call from mother | 0.17 185.00/hr | 31.45 |
|  | CS | Conference with parent and student re issues with current placement (not receiving services) | 0.50 185.00/hr | 92.50 |
| 12/30/2005 | CS | Research educational needs via extensive file review in light of possible hearing compliant and issues rasied by the parent/placement research | 1.00 185.00/hr | 185.00 |
| 1/4/2006 | ML | Prepared and file due process hearing request to DCPS | 2.00 195.00/hr | 390.00 |
| 1/5/2006 | CMM | Phone call from Interdynamics re: updated evaluation information | 0.25 115.00/hr | 28.75 |
| 1/11/2006 | CS | Examined hearing request filed by attorney | 0.42 185.00/hr | 77.70 |
|  | CMM | Drafted letter to parent detailing hearing request filed 1/10/06 | 0.58 115.00/hr | 66.70 |
| 1/12/2006 | CMM | Drafted letter to parent with resolution memorandum meeting | 0.58 115.00/hr | 66.70 |
| 1/13/2006 | CMM | Drafted status letter to parent | 0.33 115.00/hr | 37.95 |
| 2/8/2006 | HR | Researched case status and sent memo to attorney | 0.42 115.00/hr | 48.30 |

Rachon Bethea

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 2/23/2006 MH | Reviewed file to determine status and develop strategy. | 0.58 235.00/hr | 136.30 |
| 2/24/2006 CS | Conference with parent re current suspension | 0.33 185.00/hr | 61.05 |
| CS | Discussion with the child's attorney re case review and status. Recommended that hearing complaint be filed | 0.42 185.00/hr | 77.70 |
| 3/1/2006 HR | Assisted attorney to prepare disclosure to DCPS | 1.17 115.00/hr | 134.55 |
| HR | Draft letter to parent regarding notice of hearing received | 0.50 115.00/hr | 57.50 |
| HR | Phone call to parent regarding hearing scheduled and confirming attendance | 0.17 115.00/hr | 19.55 |
| MH | Prepare disclosure to DCPS with assistance from paralegal. Reviewed entire file and identifed potential exhibits and witnesses. Prepared exhibit packet and cover letter, and supervised delivery to DCPS counsel. | 1.17 235.00/hr | 274.95 |
| 3/5/2006 MH | Prepared for Due Process Hearing. Reviewed issues with advocate, Juan Fernandez for upcomming hearing. DIscussed the need for an observation prior the hearing. | 0.25 235.00/hr | 58.75 |
| 3/7/2006 MH | Prepared for Due Process Hearing. Reviewed DCPS's and parent's disclosure materials, conducted research on issues raised, discussed issues with parent, and prepared potential witness questions and legal arguments for hearing. | 1.33 235.00/hr | 312.55 |
| 3/8/2006 MH | Drafted letter to Kano Hudson, special education coordinator at Hart MS, regarding urgent need for MDT meeting for this student. | 0.42 235.00/hr | 98.70 |
| MH | Appearance to 825 North Capital for due process hearing. Includes last minute preparations and review, attempted settlement discussions with opposing counsel, as well as time spent waiting for hearing officer to begin hearing. | 1.83 235.00/hr | 430.05 |
| 3/9/2006 MH | Conference with parent and grandmother who, with parent's permission, is heavily involved in this case. Discussed recent hearing, problems with attendance, problems with placement, and plan for MDT meeting to address these and other concerns. | 0.58 235.00/hr | 136.30 |
| CS | Discussion with the child's attorney re case review and status and completed clinical eval/need to schedule meeting | 0.33 185.00/hr | 61.05 |
| 3/13/2006 CS | Discussion with the child's attorney re clinical assessment and placement mtg | 0.25 185.00/hr | 46.25 |

Rachon Bethea                                                                        Page      5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/13/2006 | CS | Draft letter to Hart MS | 0.42<br>185.00/hr | 77.70 |
| 3/24/2006 | CS | Discussion with the child's attorney re clincial assessment, due process hearing and placement mtg | 0.25<br>185.00/hr | 46.25 |
| 3/29/2006 | CS | Discussion with DCPS staff (Hudson) re upcoming mdt mtg | 0.25<br>185.00/hr | 46.25 |
| 4/7/2006 | MH | Reviewed file to determine case status and plan strategy. | 0.25<br>235.00/hr | 58.75 |
| 4/12/2006 | CS | Research educational needs via file review and update | 1.00<br>185.00/hr | 185.00 |
| 4/19/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50<br>185.00/hr | 92.50 |
| 4/20/2006 | CS | Attended MDT/IEP @ Hart MS | 4.00<br>185.00/hr | 740.00 |
| 4/25/2006 | CS | Draft letter to attorney re placement | 0.42<br>185.00/hr | 77.70 |
|  | CS | Conference with parent re outside counseling resources/centers | 0.33<br>185.00/hr | 61.05 |
| 4/27/2006 | HR | Researched case status regarding placement packets that need to be sent out | 0.25<br>115.00/hr | 28.75 |
|  | CS | Prepared placement packages | 1.50<br>185.00/hr | 277.50 |
| 4/28/2006 | CS | Conference with parent re testing | 0.33<br>185.00/hr | 61.05 |
|  | HR | Prepared and sent placement package at High Road School | 0.67<br>115.00/hr | 77.05 |
|  | HR | Draft letter to parent regarding placement packets | 0.50<br>115.00/hr | 57.50 |
|  | HR | Prepared and sent placement package at Phillips School | 0.67<br>115.00/hr | 77.05 |
|  | HR | Prepared and sent placement package at Accotink Academy | 0.67<br>115.00/hr | 77.05 |
| 5/2/2006 | MH | Reviewed MDT notes from meeting on 4/20/06. | 0.58<br>235.00/hr | 136.30 |

Rachon Bethea                                                                                       Page        6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/3/2006 MH | Prepared and file due process hearing request to DCPS | | 1.42<br>235.00/hr | 333.70 |
| 5/4/2006 MH | Prepared and file due process hearing request to DCPS | | 1.58<br>235.00/hr | 371.30 |
| 5/5/2006 CS | Draft letter to attorney re case status and outcome of recent MDT/placement mtg | | 0.42<br>185.00/hr | 77.70 |
| 5/15/2006 CS | Research educational needs via review of completed OT evaluation with a cross check of school work samples received | | 0.75<br>185.00/hr | 138.75 |
| CS | Discussion with paralegal re OT eval | | 0.25<br>185.00/hr | 46.25 |
| HR | Draft letter to parent detailing the due process hearing complaint | | 0.50<br>115.00/hr | 57.50 |
| 5/17/2006 MH | Reviewed occupational therapy assessment received in office this week. Made notes to file and formulated strategy in light of recommendations made in the report. | | 0.42<br>235.00/hr | 98.70 |
| 5/18/2006 HR | Draft letter to parent regarding the Occupational Therapy Evaluation | | 0.42<br>115.00/hr | 48.30 |
| 5/19/2006 HR | Draft letter to parent regarding the notice of hearing | | 0.50<br>115.00/hr | 57.50 |
| 5/23/2006 HR | Researched  case for status of placement considered, called Accotink Academy, High Road School and Phillips School. | | 0.50<br>115.00/hr | 57.50 |
| HR | Draft memo to attorney and advocate regarding status of placement and updated case notes with information | | 0.25<br>115.00/hr | 28.75 |
| 5/30/2006 HR | Draft letter to Accotink Academy regarding updated evaluations | | 0.50<br>115.00/hr | 57.50 |
| HR | Draft letter to Phillips School regarding updated evaluations | | 0.50<br>115.00/hr | 57.50 |
| HR | Draft letter to High Road School regarding updated evaluations | | 0.50<br>115.00/hr | 57.50 |
| HR | Phone call from Howard Axelrod regarding status of referral | | 0.25<br>115.00/hr | 28.75 |
| HR | Phone call to mom regarding phone call from High Road School concerning referral | | 0.25<br>115.00/hr | 28.75 |
| HR | Draft letter to parent regarding case status | | 0.50<br>115.00/hr | 57.50 |

Rachon Bethea                                                                    Page      7

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/31/2006 HR | Draft letter to parent regarding case status | 0.50<br>115.00/hr | 57.50 |
| 6/1/2006 HR | Phone call to parent to updated contact information | 0.25<br>115.00/hr | 28.75 |
| 6/20/2006 YA | Drafted letter to parent regarding Hearing Date Notice | 0.58<br>115.00/hr | 66.70 |
| WB | Drafted letter to parent w/ HDN enclosed for hearing on 7/6/06 @ 9:00 AM | 0.50<br>115.00/hr | 57.50 |
| 6/26/2006 MH | Reviewed file to determine case status and plan strategy for upcomming hearing. | 0.83<br>235.00/hr | 195.05 |
| 6/27/2006 MH | Pre-hearing conference with attorney and parent.  Discussed and reviewed issues for hearing on 7/6/06. | 0.67<br>235.00/hr | 157.45 |
| WB | Pre-hearing conference with attorney Hull and parent | 0.67<br>115.00/hr | 77.05 |
| 6/28/2006 MH | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses; prepared packet of exhibits; prepared cover letter; and supervised delivery to DCPS counsel. | 1.50<br>235.00/hr | 352.50 |
| WB | Assisted attorney to prepare disclosure to DCPS | 1.50<br>115.00/hr | 172.50 |
| WB | Conference with parent re: case status and upcoming hearing on 7/6/06 @ 9:00 AM | 0.17<br>115.00/hr | 19.55 |
| 6/30/2006 MH | Prepared for Due Process Hearing.  Reviewed parent's and DCPS's disclosure materials; discussed issues with possible witnesses; research on issues raised; prepared possible questions for witnesses; and prepared legal arguments for hearing. | 1.42<br>235.00/hr | 333.70 |
| 7/5/2006 JF | Prepared for Due Process Hearing by reviewing all educational data and discussed issues with child's attorney and parent. | 1.50<br>185.00/hr | 277.50 |
| 7/6/2006 MH | Appearance to 825 North Capital for due process hearing. | 2.33<br>235.00/hr | 547.55 |
| | For professional services rendered | 63.35 | $11,077.15 |

Rachon Bethea                                                                                      Page      8

        Additional Charges :

|  |  | <u>Amount</u> |
|---|---|---|
| 6/14/2005 | Copied documents; HOD | 7.00 |
|  | Facsimile Received from DCPS; HOD | 7.00 |
| 6/22/2005 | Postage; HOD letter to parent. | 0.60 |
|  | Copied: HOD letter to parent. | 1.75 |
| 8/16/2005 | Postage; letter to parent re: independent evaluation referral. | 0.37 |
|  | Facsimile: Referral to Interdynamics. | 44.00 |
| 8/19/2005 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent re: tutorial service. | 0.60 |
| 10/12/2005 | Copied documents; letter to parent | 0.50 |
| 11/7/2005 | Postage; letter to parent | 0.37 |
| 11/9/2005 | Copied: evaluation letter for advocate and parent. | 5.00 |
| 11/15/2005 | Postage; letter to parent re: clinical evaluation. | 1.06 |
|  | Facsimile: mtg. conf. to Hart. MS. | 2.00 |
| 11/22/2005 | Postage; letter to parent | 0.37 |
| 1/10/2006 | Facsimile: HR to SHO. | 12.00 |
| 1/11/2006 | Postage: letter to parent re: HR. | 0.63 |
|  | Copied letter with HR for parent. | 2.25 |
|  | Copied SHO notice letter for adv./ parent. | 1.50 |
| 1/12/2006 | Copied documents; letter to parent | 0.50 |
| 1/13/2006 | Postage; letter to parent re: case status. | 0.39 |
| 1/17/2006 | Facsimile Received from DCPS re: LOI | 2.00 |
| 1/18/2006 | Copied: letter for parent re: change of atty. | 0.25 |
|  | Postage; letter to parent re: change of atty. | 0.39 |
| 2/13/2006 | Facsimile Received from DCPS re: NOH. | 1.00 |

Rachon Bethea                                                                    Page    9

                                                                               Amount

| | | |
|---|---|---|
| 2/23/2006 | Facsimile Received from DCPS re: response from OGC. | 2.00 |
| 3/1/2006 | Postage; letter to parent re: case status. | 0.39 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied disc. for SHO,OGC. | 38.50 |
| | Copied NOH with ltr for parent. | 0.50 |
| 3/8/2006 | Sedan taxi service from  DCPS for hearing.(attny.) | 8.00 |
| 3/9/2006 | Postage; letter to parent re: case status. | 0.87 |
| 3/10/2006 | Facsimile Received from DCPS re: HOD from SHO. | 6.00 |
| 3/13/2006 | Facsimile: mtg. conf. to Hart MS. | 2.00 |
| 4/7/2006 | Facsimile Received from DCPS re: LOI from Hart MS. | 2.00 |
| 4/27/2006 | Copied: MDT notes for file. | 1.75 |
| 4/28/2006 | Postage; letter to parent. | 0.39 |
| | Postage; Placement referrals to Phillips, Accotink & High Rds. | 5.49 |
| | Copied: placement packages for High Rds., Accotink, Phillips. Placement letter for parent. | 28.00 |
| 5/15/2006 | Postage; letter to parent. | 0.63 |
| | Copied: DPH complaint letter for parent. | 1.75 |
| | Facsimile Received from DCPS re: OT from Interdynamics. | 8.00 |
| 5/18/2006 | Postage; letter to parent. | 0.39 |
| | Copied: OT eval letter for parent. | 2.00 |
| 5/19/2006 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.39 |
| 5/30/2006 | Copied: case status letter for parent. | 0.75 |
| | Facsimile: evaluations to Phillips, High RD. Accotink. | 27.00 |
| | Postage; letter to parent. | 0.39 |
| 5/31/2006 | Postage; letter to parent. | 0.39 |

Rachon Bethea

Page    10

                                                                              Amount

5/31/2006 Copied case status ltr for parent.                                     0.25

 6/8/2006 Facsimile Received from DCPS re: HN from SHO.                           1.00

6/20/2006 Postage: letter to parent re: HDN.                                     0.39

          Copied ltr re: HDN for parent.                                         0.50

6/28/2006 Messenger Service to and from DCPS (5-day Disclosures)                 20.00

          Copied documents; disclosures                                         53.00

 7/6/2006 Sedan taxi service to and from  DCPS for hearing                       20.00

          File review preparation of bill and invoice audit                     96.88

          Total costs                                                         $442.13

          Total amount of this bill                                        $11,519.28

# Exhibit C



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                  JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:                  JAMES E. BROWN
   Federal Tax ID No.:        52-1500760
   D.C. Bar No.:              61622

2. **Student Information**
   Name:                      Brandon Briscoe
   DOB:                       4/11/91
   Date of Determination (HOD/SA):  5/4/06
   Parent/Guardian Name:      Beverly Briscoe
   Parent/Guardian Address:   3504 6th St., SE, #4, WDC 20032
   Current School:            Ron Brown MS
   Home School:

3. **Invoice Information**
   Invoice Number:            06-210
   Date Request Submitted:    5/30/06
   Date(s) Services Rendered  10/21/05 to 4/21/06
   Amount of Payment Request  $ 9,190.64

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                5/30/06
Signature                                        Date

(In the Matter of BB   DOB: 4/11/91   HOD: May 4, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
## CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Brandon Briscoe ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: April 11, 1991 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner, ) | Hearing Date: April 18, 2006 |
| ) | Record Closed: April 26, 2006 |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Ron Brown MS ) | |
| Respondent. ) | |
| ) | |
| ) | |

Counsel for Student:                    Domiento C.R. Hill, Esq.
                                        1220 L Street NW #700
                                        Washington, DC 20005

Counsel for DCPS:                       Stephanie Ramjohn Moore, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC 20002

## JURISDICTION:

A Due Process Hearing was convened on April 18, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed February 13, 2006. The record was closed in this matter on April 26, 2006, with the filing of the parties' closing briefs. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

(In the Matter of BB    DOB: 4/11/91    HOD: May 4, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (BB 1-12 and DCPS 1-4) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is currently fifteen years of age and attends Ron Brown Middle School (Brown) in the eighth grade. The student is having academic and behavior problems at Brown. As a result, the parent sought to have the student evaluated for special education services. (Parent's testimony)

The parties entered into a settlement agreement dated October 6, 2005, in which DCPS agreed to fund the following independent evaluations: psychological, speech/language, social history, educational, and functional behavioral assessment (FBA), at a cost not to exceed the Superintendent's Directive Number 530.6 dated March 20, 2002. (BB 8)

DCPS also agreed to convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting within fifteen (15) business day of its receipt of the independent evaluations to, inter alia, determine the student's eligibility. (BB 8)

An independent psycho-educational evaluation was completed on December 12, 2005, which recommended, among other things, that a clinical psychological evaluation be conducted and a neuropsychological assessment be conducted if recommended by the clinical psychological. (BB 10)

On January 17, 2006, parent's counsel sent correspondence addressed to the special education coordinator at Brown indicating all the independent evaluations were enclosed and requesting a letter of invitation be sent by DCPS for the MDT meeting to be convened. (BB 7)

Ms. Edith Ajaero, was the special education coordinator at Brown until January 4, 2006, when she was reassigned by DCPS. During Ms. Ajaero's absence there was no special education coordinator assigned to Brown. On March 1, 2006, Ms. Ajaero resumed the position of special education coordinator for Brown. Upon her return to the position and in response to the due process complaint filed February 13, 2006, Ms. Ajaero sent parent's counsel a letter of invitation to conduct the MDT/eligibility meeting on April 27, 2006. Ms. Ajaero was not aware of any request made in her absence from the parent or parent's counsel for a clinical psychological evaluation. (Ms. Ajaero's testimony)

DCPS received the student's social history and the psycho-educational evaluations on January 17, 2006. The speech/language evaluation and the FBA were not received. The

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

recommendation for the clinical psychological evaluation can and will be decided when the MDT convenes. (Ms. Ajaero's testimony)

**ISSUE(S):[2]**

Did DCPS deny the student FAPE by:

1. Failing to conduct a clinical psychological evaluation recommended by the psycho-educational evaluation and requested by parent's counsel.
2. Failing to provide a prior written notice regarding the parent's request for the clinical psychological.

**CONTENTIONS OF THE PARTIES:[3]**

DCPS counsel asserted the following:

1. This matter should be dismissed because it is not ripe for adjudication.
2. The settlement agreement signed October 6, 2005, provided for all the independent evaluations to be provided to DCPS prior to the MDT/eligibility meeting being convened.
3. DCPS did not receive all the evaluations listed in the settlement agreement.
4. There was no FBA or speech/language evaluation provided DCPS.
5. Had all the evaluations been provided so that the MDT meeting could be convened the request for the clinical psychological could have been addressed at the MDT meeting.
6. IDEIA does not speak to the parent's ability to request further evaluations when a settlement agreement is pending.

The parent's counsel asserted the following:

1. There was no special education coordinator at Brown at the time the evaluations were sent.
2. The student's FBA was conducted on or about January 17, 2006, and was included, along with the speech/language evaluation, with all the required evaluations sent DCPS on that date.
3. Parent's counsel sent a copy of the psychological evaluation on December 18, 2005, requesting a clinical psychological be conducted.
4. IDEIA requires DCPS to evaluate the student is all areas of suspected disability.
5. IDEIA requires DCPS to respond to parent's request for the evaluation in writing within a reasonable time.

---

[2] Parent's counsel withdrew on the record some of the claims that were pleaded in the due process complaint and the parties agreed that the issues listed here were the only issues to be adjudicated.

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

3

(In the Matter of BB    DOB: 4/11/91    HOD: May 4, 2006)

6. DCPS did not do so and has not done so in four months following the request.
7. The settlement agreement would not preclude the parent from requesting a clinical psychological evaluation.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [4]

1. Did DCPS deny the student FAPE by failing to conduct a clinical psychological evaluation recommended by the psycho-educational evaluation and requested by parent's counsel. Conclusion: DCPS sustained its burden of proof.

The evidence indicates DCPS was sent the independent evaluations on January 17, 2006. Parent's counsel filed the due process complaint on February 13, 2006, alleging DCPS failed to conduct the clinical psychological evaluation based on the recommendation in the psycho-educational and based on the parent's request. At the time of the hearing there was no evidence presented that a parental request for the clinical had been made.[5] Consequently, the Hearing Officer does not find that a request was received by DCPS.

The Hearing Officer notes that a recommendation for the clinical is contained in the psycho-educational, but this does not in and of itself obligate DCPS to conduct the evaluation, especially while a settlement agreement allowing for independent evaluations is pending. The settlement agreement did not indicate, as it could have, that a clinical psychological would be conducted if recommended by the psycho-educational. It is not even clear that following the submission of the evaluations on January 17, 2006, the psycho-educational had even been reviewed by DCPS. It is unreasonable absent a specific provision in the agreement or a review of the recommendations of the evaluation by a reviewer and/or a MDT that DCPS would automatically be obligated to conduct the clinical.

The Hearing Officer notes the inordinate delay in the fulfillment of the settlement agreement, convening the MDT and determining the student's eligible. Some of the allegations that were originally contained in the due process complaint more directly addressed this delay. However, those allegations were not before the Hearing Officer to be adjudicated. On the limited issue of whether DCPS failed to conduct the clinical psychological the Hearing Officer concludes there was no violation and no denial of FAPE.

---

[4] Although the DC Board of Education has proposed the burden of proof be on the individual filing the complaint and seeking relief, that rule making has not yet become effective.

[5] Although parent's counsel submitted with his closing brief a letter dated December 18, 2006, indicating a request for a clinical was made, this document was not disclosed prior to the hearing. The Hearing Officer does not admit the document into evidence as it was not disclosed under the requirements of IDEIA and DCPS did not have the prior opportunity to address the document or any potentials inferences.

4

(In the Matter of BB  DOB: 4/11/91  HOD: May 4, 2006)

2. Did DCPS deny the student FAPE by failing to provide a prior written notice regarding the parent's request for the clinical psychological evaluation.  Conclusion: DCPS sustained its burden of proof.

As outlined above there was no evidence a request was received by DCPS for the clinical psychological, and the recommendation contained in the psycho-educational alone, under these facts, was a insufficient basis to put DCPS on duty to conduct the clinical prior to MDT/eligibility meeting being held.  Consequently, the Hearing Officer also concludes that DCPS was not obligated to issue a prior notice regarding the clinical psychological evaluation.

**ORDER:**

1. DCPS is the prevailing party is this matter.
2. DCPS shall, within fifteen (15) school days of the issuance of this Order, if it has not already done so, convene a multi-disciplinary team (MDT)/eligibility meeting to review the student's evaluations and determine his eligibility for special education services.
3. If the student is determined to be eligible the MDT shall develop an individualized educational program (IEP), determine if additional evaluations are necessary, discuss and determine placement.
4. If the student is eligible DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5. Scheduling of the MDT meeting is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_Coles B. Ruff_

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: May 4, 2006**

Issued: ___5/4/2006___

(In the Matter of BB   DOB: 4/11/91   HOD: May 4, 2006)

## In the MATTER OF Brandon Briscoe V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| BB 1-12 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosure | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6

(In the Matter of BB    DOB: 4/11/91  HOD: May 4, 2006)

## In the MATTER OF Brandon Briscoe V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 2/13/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 3/10/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

### INDEX OF NAMES

### In the MATTER OF Brandon Briscoe V. DCPS

7

(In the Matter of BB    DOB: 4/11/91    HOD: May 4, 2006)

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Edith Ajaero |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | Brandon Briscoe |
| Child's Parent(s) (specific relationship) | Ms. Beverly Briscoe (Mother) |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Stephanie Ramjohn Moore, Esq. |
| Parent's Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

8

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: May 4, 2006

TO:   Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE:   Briscoe, Brandon

TOTAL NUMBER OF PAGES, INCLUDING COVER: 9

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAlister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006



**EXHIBIT**
**BB-2**

***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Brandon Briscoe  Date of Birth:  April 11, 1991

Address: 3504 6th Street, SE #4, Washington, DC 20032

Present School of Attendance: Brown Middle School

Parent/Guardian of the Student:  Ms. Beverly Briscoe

## B.    Legal Representative/Attorney (if applicable):

Name:   Domiento C.R. Hill, Esq.

Address:      1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w)  202-742-2000  (Fax)  202-742-2097   (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes          ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public      school      or      residential      treatment      facility      (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Expressed Written Terms of the Settlement Agreement dated October 6, 2005. An administrative due process hearing was scheduled to take place for the student on October 11, 2005.  Prior to the hearing, counsel for the parent, and counsel for the District of Columbia Public Schools ("DCPS") entered into a Settlement Agreement whereby DCPS agreed to do, *inter alia*, fund the parent's independent psychological, speech and language, social history, educational, and functional behavior assessment. See Settlement Agreement dated October 6, 2005.

The settlement agreement also called for DCPS to reconvene the student's BLMDT/IEP Meeting within 15 business days of receipt of the last of the student's evaluations. Id.

2

The student's social history evaluation was completed on or about December 28, 2005.

The student's speech and language evaluation was completed on or about December 10, 2005.

The student's psycho-educational evaluation was completed on or about December 12, 2005.

Copies of the aforementioned evaluations were provided to the special education coordinator at the student's current school on January 17, 2006. See Correspondence dated January 17, 2006. Counsel for the parent, in that same letter, requested, *inter alia*, that DCPS contact him in writing, via facsimile, at 202-742-2097, to convene the student's BLMDT/IEP Meeting. Id. DCPS never responded.

On or about February 9, 2006, counsel for the parent wrote to DCPS' Office of Mediation and Compliance informing him that DCPS had yet to make any attempts to comply with the Settlement Agreement of October 6, 2005. See Correspondence dated February 9, 2006.

Counsel for the parent, in that same letter informed DCPS that the parent would file an administrative due process hearing request in the event DCPS failed to comply. Id. DCPS for a second time failed to respond. To date, DCPS has yet to make any attempts to comply with the Settlement Agreement of October 6, 2005.

2. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, and Develop an Appropriate IEP. According to the Individuals with Disabilities Education Improvement Act, DCPS, as the local and state education agency, is to ensure that an appropriate IEP developed for each child who may require special education and its related services within its jurisdiction. In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

Specifically, the student, according to several evaluations, is eligible to receive special education from DCPS as a student with, among other things, a learning disability, due to his reading disorder and an emotional disturbance as a result of his conduct disorder, and oppositional defiant disorder. See Psycho-Educational, Social History, Speech and Language, and Functional Behavioral Assessment.

Moreover, the student was recommended to receive speech and language instruction, counseling, a functional behavior plan, group and individual counseling, specialized instruction in a small group classroom environment. Id.

3

Furthermore, the student, given his remarkable past, was recommended to receive a behavior intervention plan, a clinical psychological evaluation, and a neuropsychological evaluation. Id. To date, DCPS, despite being in possession of these evaluations, and knowing the student's history of academic failure, has yet to take any steps to comply with develop an appropriate IEP for the student despite the fact they are in possession of evaluations that suggest the student is in need of those services.

3/ DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Place the Student in an Appropriate Placement. The student's current placement at Brown Middle School is inappropriate and unable to meet the student's special education needs.

Specifically the student has been retained at least once, and repeatedly suspended for behavioral problems. Moreover, the student, according to numerous evaluations continues to struggle in school. DCPS, despite having evaluations that recommended the student to receive special education instruction and related services, has taken no steps to provide the student with any instruction or services. This includes DCPS' failure to have the student placed in a small classroom setting that would enable the student to learn. DCPS' failure to have the student placed in an appropriate special education program amounts to a denial of a Free and Appropriate Public Education.

4. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Clinical Psychological Assessment. According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614, the District of Columbia Public Schools ("DCPS") is to evaluate a student in all areas of suspected disabilities. In the instant matter, it is clear, DCPS has failed to do this.

Here, a psycho-educational evaluation was conducted on the student on or about December 3, 2005. See Psycho-Educational Evaluation dated December 3, 2005. In the psycho-educational evaluation it was recommended that the student, given his past academic failures and tremendous academic and behavior deficits, receive a clinical psychological evaluation to diagnose the student's suspected emotional disturbance. Id. A copy of the student's psycho-educational evaluation was provided to the Director of Compliance for DCPS on December 17, 2005, as well as the special education coordinator at the student's current school requesting that DCPS conduct the recommended assessment. See Correspondence dated December 17, 2005.

A second letter was sent to the Director of Special Education Reform for DCPS and the principal of the student's current school on December 18, 2005, recommending that DCPS complete the recommended assessment. See

correspondence dated December 18, 2005. DCPS never responded to any of those letters.

A copy of all the student's evaluations were sent to DCPS for a third time on January 17, 2006. See Correspondence dated January 17, 2006. To date, DCPS has yet to complete any of the recommended evaluations on the student's behalf. DCPS' failure to conduct the student's recommended clinical psychological evaluation amounts to a denial of a Free and Appropriate Public Education.

5. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Neuropsychological Evaluation . According to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec., 101, § 614, the District of Columbia Public Schools ("DCPS") is to evaluate a student in all areas of suspected disabilities. In the instant matter, it is clear that DCPS had failed to do this.

Here, a psycho-educational evaluation was conducted on the student on or about December 3, 2005. See Psycho-Educational Evaluation dated December 3, 2005. In the psycho-educational evaluation it was recommended that the student, given his past academic failures and tremendous academic and behavior deficits, receive a neuropsychological evaluation to diagnose suspected organic etiologies affecting the student's academic performance. Id. A copy of the student's psycho-educational evaluation was provided to the Director of Compliance for DCPS on December 17, 2005, as well as the special education coordinator at the student's current school requesting that DCPS conduct the recommended assessment. See Correspondence dated December 17, 2005.

A second letter was sent to the Director of Special Education Reform for DCPS and the principal of the student's current school on December 18, 2005 requesting that DCPS conduct the recommended assessment. See correspondence dated December 18, 2005. DCPS never responded to any of those letters.

A copy of all the student's evaluations were sent to DCPS for a third time on January 17, 2006. See Correspondence dated January 17, 2006. To date, DCPS has yet to complete any of the recommended evaluations on the student's behalf. DCPS' failure to conduct the student's recommended clinical psychological evaluation amounts to a denial of a Free and Appropriate Public Education.

6. Denial of a Free and Appropriate Public Education  - Failure to Timely Provide the Student with his Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their

5

authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21 IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student has been retained on no less than three (3) occasions. Furthermore, the student, as a result of his behavioral difficulties has been retained suspended on numerous occasions and even not permitted to return to school almost one (1) month prior to its conclusion. Moreover, the student, despite failing classes last year at Shaw Junior High School, was somehow without the knowledge of the parent, placed at Coolidge Senior High School.

DCPS, according to the applicable rules and regulations, had an obligation under the Child Find requirements of the IDEA to locate, evaluate, and determine the student's eligibility for special education and its related services, convene his BLMDT/IEP Meeting, determine his eligibility for special education eligibility, if eligible, develop an appropriate IEP, and determine placement within 120 days well over three (3) years ago. DCPS failed to do this. Indeed, to date, the student has yet to develop an appropriate IEP, locate an appropriate special education program, or begin providing the student with special education instruction for well over five (5) months. DCPS' failure to timely provide the student with his special education instruction, amounts to a denial of a Free and Appropriate Public Education.

7.   The Prior Notice of Placement issued by DCPS on November 16, 2005 is Inappropriate and in Violation of the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § (c)(1). According to the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No.

108-446, Sec. 101, § (c)(1), DCPS, as the local and state education agency responsible for ensuring the special education needs of the children residing within its jurisdiction is required to issue a prior written notice that includes, among other things, (a) "a description of the action proposed or refused by the agency"; and (b) "an explanation of why the agency proposes or refuses to take action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action."

In the instant matter, it is clear DCPS has failed to issue an appropriate Prior Written Notice.  Specifically, a psycho-educational evaluation was conducted on the student on or about December 3, 2005. In the psycho-educational evaluation it was recommended that the student receive clinical psychological and neuropsychological testing.

The parent, by and through counsel, sent several letters to DCPS requesting that DCPS conduct the additional recommended evaluations to fully diagnose the student in all areas of his suspected disabilities. DCPS never responded to the parents request with a Prior Written Notice informing them whether or not they were going to object to comply or deny the parent's request.

## II. Issues presented.



1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Settlement Agreement dated October 5, 2005;

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvment Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Develop an Appropriate Individualized Educational Program;

3. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Place the Student in an Appropriate Special Education Program;

4. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Clinical Psychological Evaluation,

5. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Neuropsychological Evaluation;

6. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services; and

7. Whether or not the prior notice issued by DCPS on November 16, 2005 is inappropriate and in violation of the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § (c)(1).

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Settlement Agreement of October 6, 2005;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Clinical Psychological Evaluation;

3. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Develop an Appropriate Individualized Educational Program;

4. A Finding That DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Place the Student in an Appropriate Special Education Program;

5. A Finding That DCPS DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614 and Conduct the Student's Recommended Neuropsychological Evaluation;

6. A Finding That DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services;

7. A finding that the prior notice issued by DCPS on November 16, 2005 is inappropriate and in violation of the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § (c)(1);

7. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Accotink Academy, the Florence Bertil Academy; Pathways School of Maryland, the Sunrise Academy, or High Roads Upper School of Prince George's County; or the High Roads School of Washington, DC;

8. DCPS, within ten (10) business days of the student's enrollment at one of the aforementioned programs, agrees to convene the student's BLMDT/IEP Meeting, and develop an appropriate IEP. This IEP will act as an interim IEP on the student's behalf;

9. DCPS, agrees to fund the parent's independent clinical psychological, neuropsychological, and if necessary, psychiatric evaluation;

10. DCPS, within ten (10) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

11. If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

12. DCPS agrees to fund, for three (3) years, four (4) hours a week of individualized tutoring;

13. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

14. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

15. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9

16. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

17. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

18. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

19. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

20. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

21. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's

10

representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

23. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

24. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.    Signature:

Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

11

```
                        *********************
                        ***   TX REPORT   ***
                        *********************


          TRANSMISSION OK

          TX/RX NO            0726
          CONNECTION TEL                    92024425556
          CONNECTION ID
          ST. TIME           02/11 09:51
          USAGE T            01'37
          PGS. SENT          12
          RESULT             OK
```

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L. Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:     Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq.

DATE:  February 11, 2006

FAX NO: 202-442-5556

SUBJECT: B.B., DOB: 4/11/91

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 12

COMMENTS: Administrative due process complaint notice. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Brandon Briscoe
Beverly Briscoe
12 Anacostia Rd
Washington DC 20019


May 04, 2007
In Reference To:      Brandon Briscoe
                      DOB: 4/11/91
                      School: Brown MS

Invoice # 10000

          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/21/2005 KD | Requested records from SEEDS Public Charter School. | | 0.58 115.00/hr | 66.70 |
| KD | Drafted letter to parent/enclosed copy of Eval Rqst to SEEDS/copy to advc and file/added to case notes | | 0.33 115.00/hr | 37.95 |
| KD | Drafted letter to parent/enclosed copy of 10-6-05 SA/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | | 0.33 115.00/hr | 37.95 |
| 10/31/2005 DH | Discussion with the parent regarding the status of the student's case. | | 0.25 235.00/hr | 58.75 |
| 11/23/2005 MT | File Review and sent letter to parent/student | | 0.17 115.00/hr | 19.55 |
| 11/28/2005 WB | Conference with parent re: case status and pending independent evaluations | | 0.17 115.00/hr | 19.55 |
| WB | Discussion with Michele Tuwiner of Seeds of Tomorrow, Inc. re: status of pending independent evaluations | | 0.25 115.00/hr | 28.75 |
| 12/6/2005 HR | Draft letter to Interdynamics requesting independent evaluations | | 0.50 115.00/hr | 57.50 |
| 12/7/2005 HR | Draft letter to parent regarding referral | | 0.50 115.00/hr | 57.50 |
| HR | Phone call to SEEDS regarding status of evaluations | | 0.25 115.00/hr | 28.75 |

Brandon Briscoe                                                                 Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/8/2005 DH | Discussion with the mother regarding the status of the student's evaluations. | 0.17<br>235.00/hr | 39.95 |
| 12/17/2005 DH | Receive and review the student's psycho-educational evaluation, draft and send letter to DCPS providing a copy of the assessment, and request for additional clinical psychological, psychiatric, and functional behavior assessments, per the recommendations of the psycho-educational. | 0.67<br>235.00/hr | 157.45 |
| 12/18/2005 DH | Discussion with the mother regarding the status of the student's case. | 0.33<br>235.00/hr | 77.55 |
| 12/27/2005 BDL | Drafted letter to parent with copy of letter sent to Mary Lee Phillips | 0.50<br>115.00/hr | 57.50 |
| 1/10/2006 DH | Receive and review the student's social history evaluation. | 0.50<br>235.00/hr | 117.50 |
| 1/12/2006 WB | Drafted letter to parent w/ Functional Behavioral Assessment (12/19/05 and 1/9/06) enclosed | 0.50<br>115.00/hr | 57.50 |
| 1/13/2006 DH | Receive and review the student's recently completed functional behavior assessment. | 0.42<br>235.00/hr | 98.70 |
| 1/17/2006 DH | Review the student's social history evaluation. | 0.50<br>235.00/hr | 117.50 |
| DH | Draft and send letter to DCPS providing a copy of the student's recently completed evaluations and request to reconvene. | 0.33<br>235.00/hr | 77.55 |
| DH | Receive and review the student's social history evaluation. | 0.50<br>235.00/hr | 117.50 |
| 1/24/2006 DH | Discussion with the parent regarding the status of the student's case. | 0.25<br>235.00/hr | 58.75 |
| 2/6/2006 WB | Drafted letter to parent w/ copy of correspondence sent to Brown Middle School on 1/17/06 | 0.42<br>115.00/hr | 48.30 |
| 2/7/2006 WB | Drafted letter to parent w/ Psycho-Educational Evaluation 12/3/05 | 0.50<br>115.00/hr | 57.50 |
| 2/9/2006 WB | Drafted letter to parent w/ copy of correspondence sent to Acting Director, Office of Mediation and Compliance on 2/9/06 | 0.50<br>115.00/hr | 57.50 |
| WB | Drafted letter to Director or Acting Director, Office of Mediation and Compliance w/ Notice of Violation of Settlement Agreement | 0.50<br>115.00/hr | 57.50 |
| 2/11/2006 DH | Review the student's educational file to determine compliance with the terms of the recent settlement agreement, call to the parent to determine compliance, conduct educational research regarding among other things, DCPS' duty to comply with the settlement agreement, duty to evaluate | 4.17<br>235.00/hr | 979.95 |

Brandon Briscoe                                                                                    Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | the student in all areas, and duty to place the student in an appropriate special education program, draft and file administrative due process hearing complaint notice. |  |  |
| 2/15/2006 | KD | Drafted letter to parent/enclosed copy of HR-Complaint/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.50 115.00/hr | 57.50 |
| 2/16/2006 | CMM | Prepared and sent placement package to SunRise Academy | 1.00 115.00/hr | 115.00 |
|  | CMM | Prepared and sent placement package to High Road School of Washington, DC | 0.50 115.00/hr | 57.50 |
|  | CMM | Prepared and sent placement package to Rock Creek Academy | 0.50 115.00/hr | 57.50 |
|  | CMM | Drafted letter to parent with evaluation referral letter | 0.50 115.00/hr | 57.50 |
|  | CMM | Phone call to parent to notify of placement referrals (left VM msg) | 0.08 115.00/hr | 9.20 |
| 2/17/2006 | CMM | Drafted letter to parent | 0.42 115.00/hr | 48.30 |
| 3/14/2006 | KC | Reviewed Psychological evaluation report (psycho-ed; Dr. Ballard) | 0.75 185.00/hr | 138.75 |
|  | KC | Reviewed social history report | 0.42 185.00/hr | 77.70 |
| 3/16/2006 | WB | Drafted letter to parent w/ Acceptance Notification received from SunRise Academy (3/16/06) enclosed | 0.50 115.00/hr | 57.50 |
| 4/6/2006 | BC | File Review and sent letter to parent/student | 0.17 115.00/hr | 19.55 |
| 4/7/2006 | WB | Drafted letter to parent w/ copy of correspondence sent to Ms. Ajaro, Special Education Coordinator, Ronald Brown Middle School on 4/3/06 | 0.50 115.00/hr | 57.50 |
| 4/11/2006 | WB | Assisted attorney to prepare disclosure to DCPS | 2.00 115.00/hr | 230.00 |
|  | WB | Drafted letter to parent w/ HDN enclosed for hearing on 4/18/06 @ 11:00 am | 0.50 115.00/hr | 57.50 |
|  | WB | Conference with parent re: case status and upcoming hearing on 4/18/06 @ 11:00 am | 0.17 115.00/hr | 19.55 |
|  | DH | Review the student's educational file, prepare five-day disclosures. | 1.50 235.00/hr | 352.50 |

Brandon Briscoe                                                                                      Page      4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/17/2006 DH | Review the student's educational file, prepare for the student's administrative due process hearing with the parent and educational advocate. | | 2.00 235.00/hr | 470.00 |
| 4/18/2006 DH | Appear at the student's administrative due process hearing with the parent, the student, and educational advocate. | | 2.00 235.00/hr | 470.00 |
| KC | Prepared for Due Process Hearing | | 0.50 185.00/hr | 92.50 |
| KC | Appearance to 825 North Capital for due process hearing | | 2.00 185.00/hr | 370.00 |
| WB | Discussion with Michelle Tuwiner Kotler of Seeds of Tomorrow, Inc. re Functional Behavioral Assessment' status | | 0.25 115.00/hr | 28.75 |
| DH | Review the student's educational file, conduct educational research, begin drafting closing arguments for administrative due process hearing. | | 2.50 235.00/hr | 587.50 |
| 4/19/2006 DH | Complete the drafting closing arguments for administrative due process hearing file with the office of student hearings and DCPS Office of the General Counsel. | | 2.00 235.00/hr | 470.00 |

For professional services rendered                                              35.35      $6,492.95

Additional Charges :

| 10/21/2005 | Postage: Letter to SEEDS re: independent evaluation request. | 1.98 |
|---|---|---|
|  | Postage: Letter to parent re: independent evaluation request and SA. | 0.60 |
|  | Facsimile: independent evaluation request with SA to SEEDS. | 8.00 |
|  | Copied: Independent evaluation request for SEEDS, parent and advocate. SA letter for parent and advocate. | 15.00 |
| 11/23/2005 | Postage; letter to parent | 0.37 |
| 12/6/2005 | Facsimile: referral to Interdynamics. | 12.00 |
| 12/7/2005 | Postage; letter to parent re: case status. | 0.37 |
|  | Copied referral with letter for parent. | 0.50 |
| 12/17/2005 | Facsimile letter to SHO. | 10.00 |
|  | Facsimile letter and eval. to Brown JHS. | 10.00 |
| 12/18/2005 | Facsimile letter and evals. to OSE. | 9.00 |

Brandon Briscoe                                                                                          Page     5

                                                                                                           Amount

| Date | Description | Amount |
|---|---|---:|
| 12/21/2005 | Facsimile: letter to school. | 9.00 |
| 12/27/2005 | Copied psycho-ed for parents. | 3.00 |
| 12/28/2005 | Postage; letter to parent. | 0.83 |
| 1/10/2006 | Facsimile Received from DCPS re: FBA. | 5.00 |
| 1/12/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 1/17/2006 | Facsimile: evals to Ronald H. Brown. | 28.00 |
| 2/6/2006 | Postage; letter to parent (Independent Evaluations & SA) | 1.35 |
|  | Copied documents; letter to parent | 0.50 |
| 2/7/2006 | Postage; letter to parent | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 2/9/2006 | Facsimile: Violation of SA to OMC. | 6.00 |
| 2/10/2006 | Facsimile Received from DCPS re: HR. | 13.00 |
| 2/15/2006 | Copied HR-complaint with cur ltr for parent/Adv. | 6.50 |
|  | Postage; letter to parent re: HR-Complaint. | 0.87 |
| 2/16/2006 | Copied: placement referral for Sunrise, RCA and High Rd. DC. | 30.00 |
|  | Postage; Placement packages. | 6.21 |
| 2/17/2006 | Postage; letter to parent re: case status. | 0.39 |
| 3/10/2006 | Facsimile Received from DCPS re: HN from SHO. | 1.00 |
| 3/16/2006 | Postage; letter to parent (Acceptance Letter from SunRise Academy) | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 4/6/2006 | Postage; letter to parent | 0.39 |
| 4/7/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 4/11/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Brandon Briscoe                                                                    Page      6

|  |  | Amount |
|---|---|---|
| 4/11/2006 | Copied documents; disclosures | 41.00 |
| | Copied documents; letter to parent (HDN) | 0.50 |
| | Postage; letter to parent | 0.39 |
| 4/21/2006 | Messenger Service to and from DCPS (Memorandum of Points & Authorities) | 20.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $362.19 |
| | Total amount of this bill | $6,855.14 |

# Exhibit D

**District of Columbia Public Schools**

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Kenneil Cole
   DOB: 2/2/94
   Date of Determination (HOD/SA): 5/16/06
   Parent/Guardian Name: Lisa Pryor
   Parent/Guardian Address: 2486 Skyland Pl., SE, WDC 20020
   Current School: Rock Creek Academy
   Home School: Stanton E.S.

3. **Invoice Information**
   Invoice Number: 06-218
   Date Request Submitted: 5/30/06
   Date(s) Services Rendered: 11/4/05 to 5/24/06
   Amount of Payment Request: $ 4,098.49

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

Signature                                5/30/06
**Signature**                            **Date**

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: _ Kenneil Cole_ Date of Birth: February 2, 1994

Address: _2486 Skyland Place, S.E., Washington, DC 20020_

Present School of Attendance: __Rock Creek Academy__

Parent/Guardian of the Student: ___Lisa Pryor____

**B.    Legal Representative/Attorney (if applicable):**

Name: _____John Straus, Esq._____

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.    Nature of the Problem.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II). Pursuant to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II), DCPS "shall ensure that…the IEP team revises the IEP as appropriate…"

2. The student is a student with a disability under the Individuals with Disabilities Education Improvement Act. *See* Individualized Education Program (IEP), dated April 20, 2005.

3.  On January 19, 2006, the parent, through counsel, requested that the IEP team convene to review the student Individualized Education Program. *See* correspondence, dated January 19, 2006. There is nothing in the record that indicates the IEP team convened.

## II. Issue presented.

Whether DCPS failed to convene an IEP team meeting upon the parent's request.

## III.    Relief Sought.

1.  A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to convene an IEP team meeting upon the parent's request.

2.  DCPS shall convene an IEP Meeting, to review and review and revise the IEP.

3.  *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services the student has missed due to DCPS' failure to evaluate the student in a timely manner until the student's academic performance is commensurate with his grade level.

4.  If DCPS  fails to commence the tutoring within thirty (30) calendar days of the development of the student's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS ' expense.

5.  DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS and invited participation, and unilateral placement in an interim school or educational program until such time the DCPS and can come into compliance and properly assess, program and/or participate.

8.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living.

9.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

10. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

11.  DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS and  proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

12.  In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

13.  DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

14.  DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and  to make such argument at any later date and time.

15.  DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

16.  DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint.  That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) and any service providers for the student.

17.  DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent;

4

18.    D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

19.    Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

20.    The hearing officer shall find that the complainant is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____ _____ _____ __
- Special Communication (please describe the type)_____ _____
- Special Accommodations for Disability (please be specific)___ _____ _____
- Other_____ _____ _____ _____

## H.   **Signature:**

_John _____  February 28, 2006_
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

5

# District of Columbia Public Schools

## *State Enforcement & Investigation Division*

### <u>*confidential*</u>

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

2006 MAY 16  AM 9: 52
DC PUBLIC
SCHOOL SYSTEM

| | |
|---|---|
| In the Matter of ) | **HEARING OFFICER'S** |
| ) | **MEMORANDUM OF** |
| **KENNEIL COLE**, student ) | |
| Date of Birth:  February 2, 1994 ) | **SETTLEMENT AGREEMENT** |
| Petitioner, ) | |
| ) | Request Date:   March 1, 2006 |
| versus ) | Hearing Date:   May 9, 2006 |
| ) | |
| **The District of Columbia Public Schools,** ) | Held at:  825 North Capitol Street, NE |
| Home School: Stanton Elementary School, ) | Eighth Floor, Hearing Room 3 |
| Attending: Rock Creek Academy, ) | Washington, D.C. 20002 |
| Respondent. ) | |

| | |
|---|---|
| **Parent:** | Lisa Pryor |
| | 2486 Skyland Place, SE |
| | Washington, D.C. 20020 |
| | |
| **Counsel for the Parent/Student:** | John A. Straus, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220 L Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **District of Columbia Public Schools:** | Aaron E. Price, Sr., Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant witnesses.  The index will be detached before release of this <u>SETTLEMENT AGREEMENT</u> as a public record.

i

# INDEX of NAMES for Kenneil Cole
**Hearing Date:** May 9, 2006

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

1.  Lisa Pryor, mother

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On March 1, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to reconvene the MDT as requested by the parent on January 19, 2006.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Tuesday, May 9, 2006 at DCPS Headquarters, 825 East Capitol Street, NE, 8th Floor, Hearing Room 3, Washington, D.C. 20002.

The hearing officer called the hearing to order as scheduled when the parties announced they had settled.

By facsimiles dated April 24th and May 2nd, 2006, DCPS disclosed 3 witnesses.

By facsimile dated May 2, 2006, the parent disclosed 6 witnesses and 7 documents.

The documents were placed into the record but are not listed here as the parties settled.

### The SETTLEMENT AGREEMENT

1. On or before June 15, 2006, DCPS will convene the MDT to complete the annual IEP review.

2. For the said MDT meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

Date: May 16, 2006

H. St. Clair, Esq., Hearing Officer

Issued: 5/16/06

Student Hearing Office, DCPS

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C.  20002
FAX:  (202) 442-5556



## *FACSIMILE SHEET*

Date:  May 16, 2006

TO:   John A. Straus

FROM:  STUDENT HEARING OFFICE

RE:    Cole, Kenneil

TOTAL NUMBER OF PAGES, INCLUDING COVER: 4


COMMENTS:

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Kenneil Cole
Lisa Pryor
2486 Skyland Pl, SE
Washington DC 20020

April 09, 2007

In Reference To:    Kenneil Cole
                    DOB: 2/2/94
                    Home School: Staton ES
                    Attendin School: Paul Robenson Cent

Invoice #12409

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/4/2005 | WD | Draft letter to DCPS requesting Notice of Placement for Rock Creek Academy. Spoke to parent, RCA, Ms.Taylor at Community Connections regarding acceptance. Faxed. | 1.25 185.00/hr | 231.25 |
| 11/9/2005 | DP | Drafted letter to parent regarding placement letter and request for prior notice. | 0.50 115.00/hr | 57.50 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 11/28/2005 | WD | Phone call to Ms. Plowder, RCA, Ms. Taylor, Communications and Ms. Myers at Sunrise Academy. Discussed status and progress at RCA. | 0.42 185.00/hr | 77.70 |
| | DP | Drafted letter to parent regarding Hearing Officer's Determination issued by DCPS. | 0.50 115.00/hr | 57.50 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| | JS | Draft answer to Motion | 1.00 235.00/hr | 235.00 |
| 12/8/2005 | DP | Drafted letter to parent regarding documents sent to parent regarding IEP notes. | 0.50 115.00/hr | 57.50 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |

Kenneil Cole                                                                                      Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/13/2006 | DP | Drafted letter to parent regarding hearing officer's Determination sent by DCPS to this office. | 0.50 115.00/hr | 57.50 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 1/18/2006 | JS | Draft letter to Office of Special Education and Office of General Counsel | 0.33 235.00/hr | 77.55 |
| 2/27/2006 | JS | Prepared and file due process hearing request to DCPS | 2.00 235.00/hr | 470.00 |
| | DP | Drafted letter to DCPS / Attorney regarding filing of due process hearing request. | 0.50 115.00/hr | 57.50 |
| 2/28/2006 | JS | Phone call to parent regarding hearing request | 0.33 235.00/hr | 77.55 |
| 3/3/2006 | DP | Drafted letter to parent regarding hearing request and settlement authorization letter. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 3/7/2006 | JS | Draft electronic mail message to Gina Scales-Johnson | 0.17 235.00/hr | 39.95 |
| 4/25/2006 | DP | Drafted letter to parent regarding hearing notice sent to this office by the DCPS student hearing office. | 0.42 115.00/hr | 48.30 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 4/28/2006 | JS | Reviewed the student's educational file, prepared 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 0.50 235.00/hr | 117.50 |
| 5/2/2006 | DP | Assisted attorney to prepare disclosure to DCPS. | 1.50 115.00/hr | 172.50 |
| 5/8/2006 | JS | Prepared for Due Process Hearing | 1.00 235.00/hr | 235.00 |
| 5/9/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 2.25 235.00/hr | 528.75 |

Kenneil Cole

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2006 | DP | Drafted letter to parent regarding HOD recieved from DCPS. | 0.50<br>115.00/hr | 57.50 |
|  |  | For professional services rendered | 15.23 | $2,835.55 |
|  |  | Additional Charges : |  |  |
| 11/1/2005 |  | Facsimile Received from RCA |  | 2.00 |
| 11/4/2005 |  | Facsimile: acceptance letter to DCPS. |  | 3.00 |
|  |  | Facsimile Received from DCPS |  | 2.00 |
| 11/7/2005 |  | Facsimile Received from DCPS |  | 7.00 |
|  |  | Facsimile: letter to DCPS. |  | 3.00 |
| 11/9/2005 |  | Postage; letter to parent re: case status. |  | 0.37 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 11/14/2005 |  | Facsimile: prior notice to RCA. |  | 11.00 |
| 11/21/2005 |  | Facsimile Received from DCPS |  | 3.00 |
| 11/28/2005 |  | Postage; letter to parent re: hearing officer determination. |  | 0.60 |
|  |  | Facsimile Received from DCPS |  | 3.00 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 12/8/2005 |  | Copied documents; letter to parent |  | 0.50 |
| 12/9/2005 |  | Copied documents; letter to parent |  | 0.50 |
|  |  | Postage; letter to parent re: documents. |  | 0.60 |
| 1/11/2006 |  | Facsimile Received from DCPS |  | 3.00 |
| 1/13/2006 |  | Copied HOD for parent. |  | 2.00 |
|  |  | Postage; letter to parent re: HOD. |  | 0.39 |
| 1/19/2006 |  | Facsimile: letter to OSE and OGC. |  | 4.00 |
| 1/30/2006 |  | Copied DPH-comp. with ltr for parent. |  | 2.50 |
| 2/28/2006 |  | Facsimile HR to SHO |  | 6.00 |

Kenneil Cole                                                                    Page    4

|                                                                          | Amount |
|--------------------------------------------------------------------------|-------:|
| 2/28/2006 Copied documents; HR                                           | 3.00   |
| 3/1/2006 Facsimile Received from DCPS re: scheduling memo.               | 3.00   |
| 3/3/2006 Postage; letter to parent re: HR and settlement authorization form. | 1.02 |
| 3/8/2006 Facsimile Received from DCPS                                     | 2.00   |
| 3/9/2006 Facsimile Received from DCPS re: response to DPH.               | 2.00   |
| 3/29/2006 Facsimile Received from DCPS re: HN from SHO.                  | 1.00   |
| 4/20/2006 Facsimile Received from DCPS; HN                               | 1.00   |
| 4/25/2006 Postage; letter to parent re: hearing notice.                 | 0.39   |
| Copied documents; letter to parent                                       | 0.50   |
| 5/2/2006 Facsimile Received from DCPS                                    | 1.00   |
| Messenger Service to and from DCPS (5-day Disclosures)                   | 20.00  |
| Facsimile Received from DCPS re: disclosure from OGC.                    | 3.00   |
| 5/9/2006 Sedan taxi service to and from  DCPS for hearing.(attny.)      | 16.00  |
| 5/16/2006 Copied documents; HOD                                          | 4.00   |
| Facsimile Received from DCPS re: HOD from SHO.                           | 4.00   |
| 5/19/2006 Copied documents; letter to parent                             | 0.50   |
| Postage; letter to parent re: HOD.                                       | 0.39   |
| 5/24/2006 File review preparation of bill and invoice audit              | 96.88  |
| Total additional charges                                                 | $215.14 |
| Total amount of this bill                                                | $3,050.69 |

### User Summary

| Name                          | Hours | Rate   | Amount     |
|-------------------------------|------:|-------:|-----------:|
| David Proctor, Paralegal      | 5.50  | 115.00 | $632.50    |
| John Straus, Attorney         | 8.06  | 235.00 | $1,894.10  |
| Williams Daywalt Jr., Advocate| 1.67  | 185.00 | $308.95    |

# Exhibit E

# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:               JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:               JAMES E. BROWN
   Federal Tax ID No.:     52-1500760
   D.C. Bar No.:           61622

2. **Student Information**
   Name:                           Daquan Coley
   DOB:                            10/3/92
   Date of Determination (HOD/SA):  9/20/06
   Parent/Guardian Name:            Joyce Moon
   Parent/Guardian Address:         711 21st St., NE, #200, WDC 20002
   Current School:                  Browne JHS
   Home School:                     Browne JHS

3. **Invoice Information**
   Invoice Number:          06-417
   Date Request Submitted:   9/29/06
   Date(s) Services Rendered  12/19/05 to 9/20/06
   Amount of Payment Request  $ 13,856.66

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          9/29/06
Signature                                Date

*State Edu.. .on Agency for the District of Columb.*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **<u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **<u>The Student Hearing Office does NOT schedule resolution meetings</u>**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   <u>INFORMATION ABOUT THE STUDENT</u>:

Name of the Student: **<u>Daquan Coley</u>**   Date of Birth: **<u>October 3, 1992</u>**
Address: **<u>711 21st Street NE #200  Washington, DC 20002</u>**
Home School: **<u>Browne Junior  High School</u>**
Present School of Attendance:  **<u>Browne Junior High School</u>**

1

Is this a charter school. _No_    (If yes, you must also provide a copy of this
notice to the charter school principal or director)

Parent/Guardian of the Student:**Ms. Joyce Moon** _____

Address (if different from the student's above): _same_ _____

_____

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)** _____

Address: 1220 "L" Street, Suite 700, Washington, DC 20005 _____

Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098    (e-mail)
Rgambale@jeblaw.biz

Will attorney / legal representative attend the resolution session?  **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this
process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing _only._**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I.    Nature of the problem.**

2

**Background**

Daquan Coley ( hereinafter "D.C.') is a 14 year old learning disabled student who repeated the 7th grade at Browne Junior High School during the 2005/2006 school year. D.C. resides with his grandmother, Ms. Joyce Moon, after being removed from his mother's home due to abuse. He has been hospitalized in psychiatric facilities as a result of emotional issues including depression. His hospitalization was at Psychiatric Institute of Washington ("PIW") in September 2005 and lasted for a period of two weeks. D.C.'s report card for the 04/05 School Year indicates failing grades in almost all classes.   On or about October 27, 2005 parent through counsel, filed a due process hearing request to address concerns that District of Columbia Public Schools ("DCPS") failed to complete testing and convene a complete IEP team for Daquan Coley, DOB: 10/3/92 when it convened on or about October 24, 2005 pursuant to the terms of a settlement agreement executed. Not only was the testing not completed but a full team was not present to address Daquan's needs. The IEP, which is not appropriate and incomplete could not be revised due to lack of a full team. Furthermore DCPS failed to provide D.C.'s , DOB: 10/3/92 with an appropriate Individualized Educational Program ("IEP") for the 2004/2005 school year or the 2005/2006 school year.   The IEPs were developed for D.C. on or about August 24, 2004 and May 24, 2005. At the May meeting it was determined by the team that they did not have sufficient information regarding current educational functioning level to update Daquan's IEP. The parent signed a consent for evaluation form at the meeting  so that testing would be conducted right away.  Concerns regarding the IEP include, but were not limited to the fact that :

- The IEP fails to include complete and/or updated present levels of performance.
- The IEP fails to contain measurable goals and objectives.
- The fails to contain a intervention behavior plan ("IBP") as warranted for this student.
- The IEP fails to address the student's social emotional needs.
- The IEP does not provide DaQuan with the level of services required ands determined necessary in prior years but rather reduces the level of instruction required significantly without a demonstration that Daquan has mastered prior goals and/or objectives and/or made sufficient educational progress so as to justify the reduction.

1.    **District of Columbia Public Schools ("DCPS") failed to  Comply with the Hearing Officer's Determination issued on or about December 23, 2005 by failing to convene the MDT to review indepndent assessments, revise the IEP,  address placement and compensatory education**

On or about October 28, 2005, A due process hearing request was filed by the legal guardian of  D.C. to address District of Columbia Public Schools ("DCPS") failure to conduct evaluations, convene a complete IEP team and/or develop an appropriate program for D.C..  On or about  December 16, 2005 a Hearing Officer's Determination ("HOD") was issued requiring DCPS to conduct evaluations and/or

3

fund independent ass...ments[1] and/or re-convene an MDT w... .n fifteen (15) days to review assessments, revise the IEP and/or discuss and determine placement and compensatory education for this student. DCPS completed the social history, FBA, social history, psycho-educational and speech evaluations on or before January 24, 2006 and the parent obtained an independent psychiatric and clinical evaluation in March 2006. The last impendent assessment, the psychiatric evaluation, was provided to DCPS on or about April 17, 2006 and a meeting should have been completed by no later that May 8, 2006. DCPS failed to convene a meeting for this child. As a result, he has been denied a Free and Appropriate Public Education ("FAPE").

2.    **District of Columbia Public Schools ("DCPS") failed to conduct the annual IEP review meeting and the student's IEP has expired.**

District of Columbia Public Schools ("DCPS") failed to convene a meeting to review and revise the student's Individualized Educational Program ("IEP") not less than annually as required _Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). The last IEP for this student was developed on or about May 24, 2005. Because DCPS failed to convene a complete IEP team and/or conduct evaluations in a timely manner, the IEP could not b reviewed and/or revised at the October 27, 2005 meeting and the student's IEP has expired. Because the IEP is the mechanism through which a free and appropriate public education ("FAPE") is delivered to disabled students, failure to develop an appropriate IEP amounts to a denial of FAPE. See <u>Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley,</u> 458 U.S. 276,102S.Ct.3034 (1982)[2]

3.    **District of Columbia Public Schools ("DCPS") failed to reconvene to address D.C.'s need for Extended School Year Services ("ESY") and/or review independent evaluations completed for this student**

District of Columbia Public Schools ("DCPS") failed to reconvene an Multidisciplinary team prior to the conclusion of the 2005/2006 school year to address whether or not Extended School Year Services ("ESY") were appropriate for this student. Failure to address D.C.'s need for ESY renders his current Individualized Educational Program ("IEP") incomplete.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,  the local and state education agency, is to make certain that the each IEP for each must contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a

---

[1] The specific evaluations ordered were a) psycho-educational; b) clinical; c) FBA; d) social history; e) psychiatric and f) speech and language – see pg 5

[2] Id at 182 " "*The free appropriate public education required by the Act is tailored to the unique needs of the handicapped child by means of an Individualized Educational Program ("IEP")* "

description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student to advance properly toward attaining the annual goals. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).

Furthermore, DC Municipal Regulations require that ESY be made available to each disabled student when the LEA , as part of the development of the student's IEP determines that said services are necessary.[3] ESY services are his init extension of the student's education plan and should be considered annually for every child with a disability.[4] Often such services are necessary to prevent regression and slow recoupment and enable a student to *"advance properly towards attaining annual goals".* [5]

In previous years D.C. has been determined to be eligible for ESY services in previous years and whether or not needed such services should have been addressed. As a result, he has been denied a Free and Appropriate Public Education ("FAPE").

## 2.    District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement and/or issue a Prior Notice of Placement to a suitable program with parent participation for the 2006/2007 school year.

3.

District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement for D.C. for the 2002006/2007 school year. Indpendent assessments all recommend that D.C. be provided with an alternate placement because of problems that have arisen at his current placement, Browne and/or D.C.'s need for a smaller setting and more individualized instruction than could be provided at Browne. The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free
> and appropriate public education that emphasizes special education and
> related services designed to meet their unique needs and prepare them
> for further education, employment, and independent living"

By failing to identify even a proposed placement, DCPS failed to afford the parent an opportunity to fully participate in the placement by denying her an opportunity to visit the placement while school was in session. The parent is a necessary participant in any placement decision for his/her child. The public agency has an obligation that the

---

[3] See DCMR Section 3017.
[4] See 34 C.F.R. Section 300.309 (1997)
[5] See Alamo Heights Indepndent School District v. State Board of Education, EHLR 554:315 (5th Cir. 1986); Armstrong v. Line, EHLR 551:195 (E.D. PA 1979) ; Reusch v. Fountain, 21 IDELR 1107 (D. Md. 1994)

parent has information necessary regarding proposed placement to able full participation. [6]

Because DCPS has failed to identify a suitable and appropriate placement that can address and/or provide for this student's unique needs parent is requesting the funding of a private placement. [7]   In the alternative, parent is asking for placement at the Jackie Robinson Center. [8]

## II. Issues presented.

1. Whether District of Columbia Public Schools ("DCPS") failed to  comply with the Hearing Officer's Determination issued on or about December 23, 2005 by failing to convene a meeting within fifteen (15 days of the receipt of indpendent assessments?

2. Whether District of Columbia Public Schools ("DCPS") failed to conduct the annual review of D.C.'s Individualized Educational Program ("IEP") and/or now the IEP has expired?

3.  Whether District of Columbia Public Schools ("DCPS") failed to convene a meeting to review new evaluations completed for D.C. as required by the IDEA?

4.  Whether District of Columbia Public Schools ("DCPS") failed to convene a meeting to address D.C.'s need for ESY services before the end of the 05/06 school year and the commencement of ESY services during the 2006 summer?

5. Whether District of Columbia Public Schools ("DCPS") failed to  develop an appropriate IEP for Daquan for the 2005/2006 school year?

6. Whether District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement for D.C. for the 06/07 school year with parent participation?

7. Whether District of Columbia Public Schools ("DCPS") failed to provide Daquan Coley with a Free and Appropriate Public Education?

---

[6] See Werner ex. Rel. Werner v. Clarkston Central School District, 43 IDELR 59 (S.D.N.Y. 2005) The court in the case held that failure to have a representative from the proposed therapeutic school recommended for the 14 year old emotionally disturbed student was a procedural violation that prevented the parents from participating meaningfully in the IEP process.

[7] See: Burlington v. Dept of Educ. 472 U.S. 359, 105 S Ct. 1996.  Florence County School District v. Carter 510 U.S. 7,114 S. Ct. 361.

[8] Upon recommendation of the student's counselor through PIW, the parent visited the Jackie Robinson Center and was satisfied that D.C. would be able to receive FAPE provided that the school actually provided the services that they stated thy could provide.

**III.  To the extent known to you at this time, how can this problem be resolved?**

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Daquan a Free and Approrpaite Public Education ("FAPE") as a result if their failure to evaluate, convene appropriate meetings, develop appropriate programs and/or provide services to this student;

2. That DCPS shall  fund the private placement of the student and/or place the student at the Jackie Robinson Center for the 2006/2007 school year;

3. That DCPS shall fund a private tutor for the  2006/2007 school year to assist with recoupment and/or remediate the harm resulting from the failure to provide ESY services and/or resulting from additional denials of FAPE that have occurred;

4. That DCPS shall fund independent counseling services for the student;

5. That DCPS shall convene a meeting at the 2006/2007 school year placement to review evaluations and/or revise the IEP and/or discuss compensatory education;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

7

12. That DCPS within  .ı (10) calendar days of the filing of th.. .omplaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:   1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

8

18. That DCPS' failu. to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed:**

- N/A

Dated this 5th day of  July, 2006

_____
Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent/Legal Guardian

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

9

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

## Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| DAQUAN COLEY,          Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 10-03-92 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: September 6, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Browne Junior High School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## DECISION AND ORDER

**Parent(s):**

Ms. Joyce Moon
711 21st Street, N.E. #200
Washington, D.C. 20002

**Counsel for Parent:**

Roberta L. Gambale, Esq.
James E. Brown & Associates, PLLC
1220 L. Street, NW.
Suit 700
Washington, DC 20005

**Counsel for School:**

Stephanie R. Moore, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On July 7, 2006 a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to provide an appropriate Individualized Educational Program ("IEP") and failed to comply with a Hearing Officer's Determination ("HOD") dated December 23, 2005.

A Due Process Hearing was convened on September 6, 2006, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Stephanie R. Moore, Esq., Attorney-Advisor represented DCPS. Roberta L. Gambale, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated August 29, 2006: DC-1 through DC-29. On behalf of DCPS: Disclosure Letter dated August 30, 2006: DCPS-01 and DCPS-02. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for the parent: Joyce Moon and Corey Hamilton. Witnesses for DCPS: Tanisha Mason.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004(IDEIA)*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing comply with a Hearing Officer's Determination ("HOD") and by failing to provide an appropriate educational placement?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this matter, parent's counsel asserts and alleges that the District of Columbia Public Schools (hereinafter" DCPS") denied the student a free appropriate education (FAPE). According to parent's counsel, DCPS failed to complete testing and failed to convene a complete and qualified IEP team to develop an appropriate IEP. Additionally, the team did not have sufficient information regarding current educational functioning levels, measurable goals and objectives were not included in the IEP, and appropriate levels of related services were not provided to the student. Further, DCPS failed to conduct the annual IEP meeting; therefore, the student's IEP has expired. Lastly, the student has not been provided an appropriate educational placement.

DCPS alleges that the student has been provided a free appropriate public education. At the outset of the administrative due process hearing, DCPS alleged that the issues outlined in the petitioner's complaint had been resolved and; therefore, these issue were moot. Parent's counsel agreed with this representation. The sole remaining issue was the appropriateness of the student's placement at Browne Junior High School.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    D.C. is a thirteen- (13) year old District of Columbia resident and a student presently attending Brown Junior High School.

2.    D.C. is eligible for special education and related services. According to his most recent Individualized Educational Program ('IEP") dated May 15, 2006, the student's disability classification is learning disabled (LD).[1]

3.    On or about May 15, 2006, a qualified team of DCPS educational officials convened at a MDT meeting and determined that the student was eligible for special education services. The team provided the student with fifteen- (15) hours weekly of specialized instructions and one- (1) hour of psychological counseling services.[2]

3.

---

[1] Exhibit: DC-23.
[2] Exhibit: DC-23 MDT meeting notes.

4.      The MDT team determined that the appropriate educational setting for D.C. was a combination general education and resource classes within a small structured environment. The parent agreed with the determinations of the MDT team, as she signed the IEP.

5.      According to a Psychiatric Evaluation dated March 9, 2006,[3] D.C. has been admitted to the Psychiatric Institute of Washington on two occasions. The most recent incident involved an anger outburst that took place in the home during the month of March 2006, as D.C. was upset because he did not want to go to school (Browne JHS).

6.      The student has exhibited disruptive behavior at Browne JHS including: leaving the school and a poor attendance record, as the student indicates that student peers continually pick on the student and school officials do not institute any corrective action when the student is being picked upon.

7.      The Psychiatric Evaluation diagnosed D.C. with Axis I: Adjustment Disorder with Mixed Emotional Features and Learning Disability NOS. The Psychiatric Evaluation also recommended that D.C. be removed to a school more conducive to his learning disability, as he requires a smaller student to teacher ratio.

8.      DCPS prepared a Social Work Evaluation dated January 1, 2006. The Evaluation recommended psychological counseling and individual/family counseling.[4]

9.      A Clinical Evaluation, dated March 9, 2006, recommended that D.C. receive academic instructions in a classroom environment with a small student: teacher ratio, which can provide more individualized academic help and crisis intervention program. His current school environment appears to be detrimental to his emotional, academic and social functioning.[5]

4.

---

[3] Exhibit: DC-20.
[4] Exhibit: DC-17.
5 Exhibit: DC-16.

10.     Tanisha Mason, Special Education Coordinator at Browne Junior High School, testified and concluded that DCPS convened a MDT placement meeting on behalf of D.C. on or about July 18, 2006.[6] The team concluded Browne JHS was an appropriate placement for the student and the school could implement the student's IEP.[7]

11.     According to Ms. Mason, the student did not require ESY services. ESY services were not recommended by the team. Further, the team concluded that the student did not have behavioral problems but he had attendance problems. However, the record reflects that the student did exhibit behavioral problems.

12.     The Psychiatric Evaluation dated March 9, 2006 was not reviewed, as the team did not have a copy of the evaluation. It was not provided to DCPS.

13.     Joyce Moon, the grandparent and guardian of the student, testified and concluded that Browne Junior High School was an inappropriate placement for D.C. During the 2005- 2006 school years, D.C. had been retained, as the student had a poor attendance record and he was unable to control himself due to his school environment and student abuse.

14.     According to Ms. Moon, DCPS school officials had no control over students and these students would constantly cause disturbances, which impacted D.C. and he would lose control. D.C. would just walk out and leave the school. He became emotionally disturbed over these incidents, as there was continual student abuse against D.C. DCPS officials neglected to correct these incidences. For example, students destroyed D.C.'s glasses, no response to the problem.[8]

15.     The guardian was quite upset with the teacher neglect. She opined that these student abuse incidents caused D.C. to leave the school couple with the fact that teachers failed to take any actions to control student abuses. The result is D.C. being chronically absence from school

5.

---

[6] Exhibit: DC-18.
[7] Testimony of Tanisha Mason at the Due Process hearing.
[8] Testimony of Joyce Moon at the Due Process hearing.

16.        Corey Hamilton, Education Advocate for the student, testified and concluded
that he attended the Resolution meeting convened by DCPS on July 18, 2006. At the
meeting, DCPS had resolved all of the issued concerning D.C. except for an appropriate
educational placement.[9]

17.        According to Mr. Hamilton, he opined that the appropriate placement for the
student was not Browne JHS but the Jackie Robinson Center, as the parent desired this
placement and the student's Psychiatric Evaluation supported this placement.

18.        Mr. Hamilton further opined that the Jackie Robinson Center is an appropriate
placement for DC because the Psychiatric Evaluation indicated that the student exhibited
emotional disturbance issues; therefore, the appropriate disability classification was
ED/LD. This classification was appropriate due to the multitude of behavioral problems
manifested by the student. Mr. Hamilton admitted that he did not provide the Psychiatric
Evaluation to DCPS prior to meeting.

## VI.    DECISION AND CONCLUSION OF LAW

        In this case, the burden of proof has been shifted to petitioner; consequently, the
petitioner has the burden of proving by a preponderance of the evidence that DCPS has
failed to provide a free appropriate public education (FAPE). Here, in this instance,
petitioner has not sustained its burden of proof. The sole issue is whether Browne JHS is
an appropriate placement for the student. Evidence in the record supports the contention
of DCPS that Browne JHS is an appropriate educational placement, as the student's IEP
can be implemented at Brown JHS and required related services can be provided.
Credible testimony by DCPS officials indicated that a qualified team of competent
educational officials developed an appropriate IEP, which the grandparent participated in
developing and agreed with the level of services. Further, the school officials indicated
that the student could obtain some educational benefit and progress, but for the student's
chronic absenteeism.

        While a preponderance of the evidence supports the contention of DCPS
concerning the appropriateness of the student's placement at Browne JHS, it is noted that
the grandparent exposed a critical factor, which she opined caused the chronic
absenteeism on the part of D.C. According to the grandparent, the student's real problem
revolves around the fact that the student had undergone and he was the target of
substantial and continual student abuse, which resulted in behavioral outbursts and the
chronic absenteeism. Abuse from his student peers that was not prevented due to teacher

6.

---

[9] Testimony of Corey Hamilton at the Due Process hearing.

neglect. Additionally, the Psychiatric Evaluation cited the fact that the present school of attendance Browne JHS had a significant negative impact on the student. However, it is noted that DCPS was never privy to this evaluation; therefore, this information was unknown to DCPS, as the educational advocate for the student indicated that he did not timely provide this document to DCPS. Under this set circumstance, DCPS did provide the student a free appropriate public education (FAPE). Notwithstanding, DCPS shall be ordered to reconvene a MDT placement meeting to discuss and determine an appropriate educational placement for this student consistent with the recommendations of the Psychiatric Evaluation.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2) **Petitioner request to find a denial of FAPE is DENIED.**

3) **Petitioner's request to obtain a new educational placement for D.C. is GRANTED.**

4) **DCPS shall, within ten- (10) school days of the issuance of the HOD, convene a MDT placement team meeting to review all evaluations including the Psychiatric Evaluation, review and revise the students IEP as warranted and discuss and determine an appropriate educational placement for the student for the 2006-2007 school years other than Browne JHS.   DCPS shall consider parent's placement options.**

5) **In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

7.

6) DCPS shall, in conjunction with parent's counsel, discuss and determine compensatory education and if warranted develop an appropriate Compensatory Education Plan to include form, format and an appropriate amount of hours.

7) All communications and notices shall be sent through the parent's counsel.

8) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: 09-20-06

Charles R. Jones, Esq., Hearing Officer

Date Issued: 9/20/06

8.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C.  20002
FAX:  (202) 442-5556



## *FACSIMILE SHEET*

Date:  September 20, 2006

TO:  Roberta L. Gambale

FROM:  STUDENT HEARING OFFICE

RE:  Coley, Daquan

TOTAL NUMBER OF PAGES, INCLUDING COVER:  9

COMMENTS:

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
DeQuan Coley
711 21st Street, NE
Apt. # 200
Washington DC 20002


April 04, 2007

In Reference To:   DeQuan Coley

Invoice #12402


        Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/19/2005 | MM | File review and developed  monthly case status report regarding the most recent parent and school communication. | 0.33 185.00/hr | 61.05 |
| 1/2/2006 | MM | File review and developed  monthly case status report and develop a report regarding the most recent developments on the case and what needs to be done next. | 0.25 185.00/hr | 46.25 |
| 1/4/2006 | YA | Drafted letter to parent re, detailed Hearing Officer's Determination | 0.58 115.00/hr | 66.70 |
| | RG | Reviewed HOD | 0.42 360.00/hr | 151.20 |
| 1/5/2006 | YA | Tickled calendar in Microsoft Outlook for compliance deadline | 0.17 115.00/hr | 19.55 |
| | MM | Reviewed hod dated 12/27/05 | 0.25 185.00/hr | 46.25 |
| 1/12/2006 | YA | Filed back disclosure in main file | 0.75 115.00/hr | 86.25 |
| 1/17/2006 | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| 1/23/2006 | RG | Conference with parent re: SH | 0.33 360.00/hr | 118.80 |
| 2/9/2006 | YA | Research educational needs regarding referral documents for independent evaluations | 0.33 115.00/hr | 37.95 |

DeQuan Coley                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/9/2006 | YA | Draft referral letter and sent to Interdynamics, Inc for independent evaluations | 1.00 115.00/hr | 115.00 |
| 2/15/2006 | MM | Discussion with school | 0.17 185.00/hr | 31.45 |
| 2/16/2006 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 2/17/2006 | RG | Conference with parent re: invitation letter; review file to ascertain status; follow up letter to school; call to Interdynamics re: staus of testing; status letter to parent | 1.25 360.00/hr | 450.00 |
| 2/21/2006 | YA | Assist attorney with letter to Browne JHS to follow up on evaluations | 0.33 115.00/hr | 37.95 |
|  | YA | Conference with evaluator regarding the status of independent referral | 0.33 115.00/hr | 37.95 |
|  | RG | Drafted letter to DCPS / Attorney | 0.33 360.00/hr | 118.80 |
|  | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
|  | MM | Conference with parent | 0.17 185.00/hr | 31.45 |
|  | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
| 2/22/2006 | YA | Assist attorney with letter to Browne JHS regarding the hospitalization | 0.33 115.00/hr | 37.95 |
|  | RG | Conference with parent re hospitalization of student; letter to DCPS to advise; memo to advocate: re follow up needed;  discussion with indep assesssors re: expediting the eval | 1.00 360.00/hr | 360.00 |
| 3/2/2006 | YA | Phone call from Interdynamics, regarding referral submitted | 0.17 115.00/hr | 19.55 |
| 3/3/2006 | YA | Prepared and sent placement packages to Interdynamics, Inc | 0.58 115.00/hr | 66.70 |
| 3/8/2006 | YA | Phone call from coordinator, Interdynamics, re, referral | 0.17 115.00/hr | 19.55 |
|  | RG | Discussion with Interdynamics re: testing | 0.25 360.00/hr | 90.00 |

DeQuan Coley                                                                                    Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/9/2006 | YA | Conference and review main file with coordinator regarding additional evaluations completed | 0.42 115.00/hr | 48.30 |
| 3/23/2006 | YA | Draft letter to Browne JHS regarding the Clinical Evaluation and DCPS | 0.42 115.00/hr | 48.30 |
| | RG | Reviewed CE | 0.33 360.00/hr | 118.80 |
| 3/24/2006 | YA | Drafted letter to parent regarding the Clinical Evaluation | 0.58 115.00/hr | 66.70 |
| 3/27/2006 | MM | Reviewed clinical dated 3/9/06 and documented results | 0.50 185.00/hr | 92.50 |
| 4/7/2006 | MM | File review and developed monthly case status report regarding the most recent contacts with parent and school. | 0.58 185.00/hr | 107.30 |
| 4/10/2006 | MM | File review and developed monthly case status report regarding the most recent information and communication with the parent and school. | 0.42 185.00/hr | 77.70 |
| 4/17/2006 | YA | Draft letter to Browne JHS to secure independent evaluation | 0.42 115.00/hr | 48.30 |
| | YA | Drafted letter to parent regarding the completed psychiatric with copy of the report | 0.58 115.00/hr | 66.70 |
| | YA | Draft letter to Browne JHS and Mediation and Compliance with copy of the psychiatric evaluation | 0.42 115.00/hr | 48.30 |
| | YA | Phone call to Francis & Associates, PLLC to confirm services of providers | 0.17 115.00/hr | 19.55 |
| | YA | Research educational needs to sent referral for independent evaluations | 0.17 115.00/hr | 19.55 |
| | RG | Reviewed psychiatric; call to Interdynamics re: remainder of evals; instructions to YA re: referral supplement to send | 0.58 360.00/hr | 208.80 |
| 4/18/2006 | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| | MM | Reviewed Psychological evaluation report dated 12/5/05 | 0.67 185.00/hr | 123.95 |
| | MM | Reviewed Speech / Language report dated 1/24/06 and sh report dated 1/26/06 | 0.67 185.00/hr | 123.95 |
| | MM | Reviewed psychiatric dated 3/9/06 | 1.00 185.00/hr | 185.00 |

DeQuan Coley                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2006 | RG | Conference with parent; telephone call; discussion with Ms. LAtimer SEC-Browne; discussion with YA re: folllow up with Interdynamics | 0.50 360.00/hr | 180.00 |
|  | YA | Discussion with the child's attorney | 0.17 115.00/hr | 19.55 |
|  | YA | Phone call to Interdynamics re, completed evaluations from DCPS | 0.17 115.00/hr | 19.55 |
| 4/20/2006 | YA | Drafted letter to parent regarding the completed evaluations received from DCPS | 0.75 115.00/hr | 86.25 |
|  | YA | Phone call from Interdynamics to confirm referral cancellation | 0.25 115.00/hr | 28.75 |
|  | RG | Reviewed speech and language ' PE; FBA and discussion w mom and YA rre: compliance deadlines and referrals for IEE | 1.67 360.00/hr | 601.20 |
| 5/4/2006 | YA | Discussion with the child's attorney and photocopy letter of invitation for advocate | 0.17 115.00/hr | 19.55 |
| 5/10/2006 | MM | File review and developed  monthly case status report and developed report re: most recent developments in case and most recent school and parent communication. | 0.17 185.00/hr | 31.45 |
| 5/12/2006 | MM | Reviewed information for mdt | 1.00 185.00/hr | 185.00 |
| 5/15/2006 | MM | Attended MDT/IEP @ Browne JHS | 4.25 185.00/hr | 786.25 |
|  | MM | Reviewed information for mdt | 0.50 185.00/hr | 92.50 |
|  | MM | File review and developed  monthly case status report re: what occurred at meeting at browne jhs | 1.00 185.00/hr | 185.00 |
| 6/5/2006 | YA | Discussion with advocate coordinating and confirmed meeting | 0.17 115.00/hr | 19.55 |
| 7/5/2006 | CH | Reviewed complaint | 0.42 185.00/hr | 77.70 |
|  | YA | Prepared and sent placement packages to Accotink Academy | 1.00 115.00/hr | 115.00 |
|  | YA | Prepared and sent placement packages to Pathways School | 1.00 115.00/hr | 115.00 |
|  | YA | Prepared and sent placement packages to Sunrise Academy | 1.00 115.00/hr | 115.00 |

DeQuan Coley                                                                                          Page    5

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/5/2006 | YA | Prepared and sent placement packages to High Road School | 1.00 115.00/hr | 115.00 |
| | YA | Drafted letter to parent regarding hearing request | 0.58 115.00/hr | 66.70 |
| | RG | Prepared and file due process hearing request to DCPS and discussion with mom (20) and advocate (15) | 2.58 360.00/hr | 928.80 |
| | CH | Discussion with the child's attorney | 0.25 185.00/hr | 46.25 |
| 7/7/2006 | CH | Examined and certified hearing request filed by attorney | 0.58 185.00/hr | 107.30 |
| | YA | Tickled resolution meeting | 0.17 115.00/hr | 19.55 |
| 7/10/2006 | CH | Phone call to mom to schedule meeting | 0.17 185.00/hr | 31.45 |
| 7/13/2006 | CH | Draft letter to fax to school regarding meeting confirmation | 0.42 185.00/hr | 77.70 |
| 7/14/2006 | YA | Phone call from Accotink Academy regarding the updated contact information | 0.17 115.00/hr | 19.55 |
| | CH | Prepared for meeting | 1.08 185.00/hr | 199.80 |
| 7/17/2006 | CH | Phone call to mom to confirm meeting request | 0.08 185.00/hr | 14.80 |
| 7/18/2006 | CH | Draft meeting notes | 0.42 185.00/hr | 77.70 |
| | CH | Attended MDT/IEP @ Browne JHS | 2.00 185.00/hr | 370.00 |
| 7/19/2006 | CH | Reviewed IEP | 0.67 185.00/hr | 123.95 |
| 7/27/2006 | YA | Prepared and sent placement packages to High Road School | 0.75 115.00/hr | 86.25 |
| 8/7/2006 | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| 8/15/2006 | YA | Drafted letter to parent regarding the hearing date notice | 0.58 115.00/hr | 66.70 |

DeQuan Coley                                                                              Page    6

|            |     |                                                                                                              | Hrs/Rate          | Amount |
|------------|-----|--------------------------------------------------------------------------------------------------------------|-------------------|--------|
| 8/18/2006  | RG  | Conference with parent                                                                                       | 0.33 360.00/hr    | 118.80 |
|            | CSH | Filing for parent                                                                                            | 0.08 115.00/hr    | 9.20   |
| 8/23/2006  | RG  | Discussion with SunRise                                                                                      | 0.25 360.00/hr    | 90.00  |
| 8/29/2006  | RG  | Prepare disclosure to DCPS                                                                                   | 1.00 360.00/hr    | 360.00 |
|            | YA  | Phone call to parent regarding the hearing                                                                   | 0.17 115.00/hr    | 19.55  |
|            | YA  | Assist attorney prepare disclosure to DCPS, student hearing office, office of general counsel and tab disclosure documents for hearing officer | 2.00 115.00/hr    | 230.00 |
| 8/31/2006  | YA  | Filed back disclosure documents in main file                                                                | 1.00 115.00/hr    | 115.00 |
|            | RG  | Conference with parent and student in office                                                                | 1.00 360.00/hr    | 360.00 |
| 9/5/2006   | RG  | Prepared for Due Process Hearing                                                                             | 1.50 360.00/hr    | 540.00 |
|            | YA  | Sent copy of the five day disclosure to High Road Middle School                                             | 0.58 115.00/hr    | 66.70  |
|            | YA  | Telephone call to private school, High Road confirm receipt of disclosure                                   | 0.17 115.00/hr    | 19.55  |
|            | YA  | Discussion with the child's attorney                                                                        | 0.17 115.00/hr    | 19.55  |
|            | CH  | Prepared for Due Process Hearing                                                                            | 1.00 185.00/hr    | 185.00 |
| 9/6/2006   | RG  | Appearance to 825 North Capital for due process hearing                                                     | 2.00 360.00/hr    | 720.00 |
|            | CH  | Appearance to 825 North Capital for due process hearing                                                     | 2.00 185.00/hr    | 370.00 |
| 9/14/2006  | YA  | Telephone call to private school, Sunrise Academy regarding the status                                      | 0.17 115.00/hr    | 19.55  |
| 9/19/2006  | YA  | Telephone call to private school, Accotink Academy regarding the referral for placement                     | 0.17 115.00/hr    | 19.55  |

DeQuan Coley                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/20/2006 | RG | Conference with parent | 0.33<br>360.00/hr | 118.80 |
|  | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>385.00/hr | 127.05 |
|  |  | For professional services rendered | 59.18 | $12,501.10 |
|  |  | Additional Charges : |  |  |
| 12/27/2005 |  | Facsimile Received from DCPS; HOD |  | 7.00 |
|  |  | Copied documents; HOD |  | 7.00 |
| 1/4/2006 |  | Postage; letter to parent re: HOD. |  | 0.60 |
|  |  | Copied HOD for parent/ file/adv./ attny. |  | 8.75 |
| 2/9/2006 |  | Facsimile referral for indep.to Interdynamics. |  | 9.00 |
| 2/17/2006 |  | Postage; letter to parent re: case status. |  | 0.39 |
|  |  | Facsimile ltr to Browne Center. |  | 2.00 |
| 2/21/2006 |  | Facsimile Received from DCPS re: follow up on evals to Browne JHS. |  | 2.00 |
| 2/22/2006 |  | Facsimile: hospitalization letter to Browne JHS. |  | 2.00 |
| 3/3/2006 |  | Facsimile referral for independent to Interdynamics. |  | 8.00 |
| 3/23/2006 |  | Facsimile Received from DCPS re: clinical eval from Interdynamics. |  | 6.00 |
|  |  | Facsimile: clinical evaluation to DCPS. |  | 12.00 |
| 3/24/2006 |  | Postage; letter to parent re: clinical. |  | 0.63 |
|  |  | Copied: clinical evaluation for parent & adv. |  | 3.00 |
|  |  | Copied: clinical letter for parent. |  | 0.25 |
| 4/14/2006 |  | Facsimile Received from DCPS re: psychiatric from Interdynamics. |  | 5.00 |
|  |  | Facsimile Received from DCPS re: psychiatric from Interdynamics. |  | 6.00 |
| 4/17/2006 |  | Copied psychiatric eval for parent/Adv. |  | 2.50 |
|  |  | Facsimile: psychiatric report to Browne JHS and DCPS. Referral for indendent evaluation to Interdynamics and Browne JHS. |  | 22.00 |

DeQuan Coley                                                                                      Page     8

|  |  | Amount |
|---|---|---|
| 4/19/2006 | Facsimile Received from DCPS re: evals from Browne JHS. | 34.00 |
|  | Postage; letter to parent re: psychiatric evaluation. | 0.63 |
| 4/20/2006 | Copied evaluations for parent. | 6.75 |
|  | Copied evaluations for parent. | 0.25 |
|  | Copied evals for parent. | 6.75 |
|  | Postage; letter to parent re: evaluations. | 1.59 |
| 5/4/2006 | Copied: LOI letter for adv. | 1.00 |
| 6/5/2006 | Copied: LOI for adv. | 0.75 |
| 7/5/2006 | Facsimile: referral to Sunrise, High Rd., Accotink & Pathways. | 200.00 |
|  | Facsimile: HR to SHO. | 9.00 |
|  | Copied: HR for parent & adv. | 5.00 |
|  | Copied: HR letter for parent. | 0.25 |
| 7/10/2006 | Postage; letter to parent re: HR. | 0.63 |
| 7/27/2006 | Facsimile: referral to High Rd. | 50.00 |
| 7/31/2006 | Facsimile Received from Sunrise re; letter | 2.00 |
| 8/3/2006 | Facsimile Received from DCPS re: letter from Therapeutic Day School. | 1.00 |
| 8/15/2006 | Copied; HPN letter for parent. | 0.25 |
|  | Postage; letter to parent re: HDN | 0.39 |
| 8/29/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO, OGC, Advocate and attorney. | 535.92 |
| 9/5/2006 | Facsimile to High Road re: disclosure | 160.00 |
| 9/6/2006 | Sedan taxi service to and from  DCPS for hearing | 16.00 |
| 9/20/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Facsimile Received from DCPS; HOD | 9.00 |
|  | Copied documents; HOD | 9.00 |

DeQuan Coley                                                                    Page      9

|                              |        | Amount      |
|------------------------------|--------|-------------|
| Total additional charges     |        | $1,271.16   |
| Total amount of this bill    |        | $13,772.26  |

## User Summary

| Name                          | Hours | Rate   | Amount      |
|-------------------------------|-------|--------|-------------|
| Clarence S. Hayes, Paralegal  | 0.08  | 115.00 | $9.20       |
| Corey Hamilton, Advocate      | 9.09  | 185.00 | $1,681.65   |
| James E. Brown, Attorney      | 0.33  | 385.00 | $127.05     |
| Michelle Moody, Advocate      | 12.76 | 185.00 | $2,360.60   |
| Roberta Gambale, Attorney     | 16.64 | 360.00 | $5,990.40   |
| Yamileth Amaya, Paralegal     | 20.28 | 115.00 | $2,332.20   |

# Exhibit F



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT**:

Name of the Student:  Ashley Crawford  Date of Birth: April 10, 1991

Address:  19 Rhode Island Avenue, NW, Washington, DC 20011

Present School of Attendance:  Shaw Junior High School

Parent/Guardian of the Student:  _Ms. Vanessa Crawford_

**B.**    **Legal Representative/Attorney (if applicable):**

Name:  __ _Domiento C.R. Hill, Esq._ __

Address:  ____ _1220 L Street, NW, Suite 700, Washington, DC 20005_ _____

Phone: (w) _202-742-2000_  (Fax) _202-742-2097_        (e-mail)

Will attorney / legal representative attend the resolution session?   **X** Yes  ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one) _____

☐ Non-public        school        or        residential        treatment        facility        (name) _____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

**F.**    **Facts and Reasons for the Complaint:**

### A. BACKGROUND INFORMATION.

1.  The student's name is Ashley Crawford (hereinafter "A.C." or "the student").

2.  A.C.'s date of birth is April 10, 1991.

3.  A.C.'s home address is 19 Rhode Island Avenue, NW, Washington, DC 20001.

4. A.C. currently attends Shaw Junior High School located in the District of Columbia.

5. A.C.'s mother is Ms. Vanessa Crawford (hereinafter "Parent" or "Complainant".)

6. The Parent and A.C. reside at the same address.

## B. FACTS AND REASONS FOR THE COMPLAINT

### I. Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,Sec. 101, § 612(3)(A).

7. The Complainant re-alleges paragraphs 1 thru 7.

8. The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires DCPS, as the Local Education Agency and State Education Agency to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

Moreover, DCPS is not relieved of its duty by the parents' failure to request an identification or evaluation, since the child find obligation is an affirmative one. *Lincoln County Sch. Dist. .A .A.*, 39 IDELR 185 (D.Or. 2003). *Wise vs. Ohio Dept of Education*, 80 F.3d. 177, 181 (6th Cir. 1996); *Robertson County School System vs. King*, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to-identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. *Reid vs. District of Columbia*, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find

requirement applies to all children residing in the District of Columbia regardless of:

  i. The severity of the disability;
 ii. Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;
iii. Whether the child has never attended or will  never attend public school; and
 iv. Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

Here, DCPS failed to comply with its **affirmative obligation** to identify, locate and evaluate M.L. pursuant to the "child find" requirements of IDEIA.

9. A.C. is an eighth grade student at Shaw Junior High School.

10. A.C. has been retained in the seventh and eighth grade.

11. A.C.'s tenure at Shaw Junior High School has been replete with academic failure and behavioral difficulty.

12. Currently, the student is on track to be retained for the third time due to the fact that she is currently failing all, if not most, of her academic classes.

13. Further, since November of 2005, the student has been suspended for no less than ten (10) school days for the following behaviors: cutting class, running the hallways, failure to comply with lawful orders, running through the building when told to report to In School Suspension, using profanity, throwing items while in suspension, rude and disrespectful behavior towards staff, leaving class without permission, and constant disruptive behavior. See District of Columbia Public Schools Notice of Student Disciplinary Action Suspension Level I dated November 1, 2005, November 28, 2005, and January 22, 2006.

14. Clearly, DCPS, given the student's history of academic failure and problematic behavior, should have known that the student may be in need of special education.

15. DCPS' failure to comply with its **affirmative obligation** to identify, locate and evaluate A.C. within 120 days to determine her possible need for special education service is a clear violation of DCPS' obligation to provide M.L. with a free appropriate public education.

## C. RELIEF REQUESTED

**WHEREFORE,** the parent, by and through counsel, requests the following relief:

16. A finding that DCPS denied A.C. FAPE by failing to identify, locate and evaluate A.C. pursuant to the "child find" requirements of IDEIA as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 612(3)(A).

17. That DCPS shall fund the following independent initial evaluations: (i) psycho-educational; (ii) social history; (iii) speech and language; (iv) clinical psychological; and (v) functional behavior assessment.

18. That DCPS shall convene MDT/IEP eligibility meeting within ten (10) school days of receipt of the following independent evaluations: (i) psycho-educational; (ii) social history; (iii) speech and language; (iv) clinical psychological; and functional behavior assessment.

19. DCPS, if the student is found eligible to receive special education shall develop an appropriate Individualized Educational Program and determine an appropriate placement.

20. DCPS, if the student is found ineligible, agrees to issue a Prior Notice of Placement.

21. DCPS shall schedule all meetings/conferences/evaluations through counsel for the parent via facsimile at (202) 742-2098.

22. That DCPS shall provide A.C. with one (1) year of compensatory services in the form of one-on-one tutoring, if the student is recommended for special education.

23. That if DCPS fails to commence the tutoring within thirty (30) calendar days of the development of A.C.'s compensatory education plan, that the parent shall have the right to get independent tutoring at DCPS' expense.

24. That DCPS agrees to pay counsel for the parent reasonable attorney's fees;

25. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098.

26. That DCPS will be given a day for day extension for any delay caused by the parent, A.C., counsel for the parent, or the parent's educational advocate.

27. That DCPS provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

28. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited

5

participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

29. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

35. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

36. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language; and

37. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the MDT/IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

38. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

39. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

40. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

6

41. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

42. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

43. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel.

44. A finding that the parent is the prevailing party in this action.

## G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                (please                    specify                    the type)_____   _____
- Special       Communication          (please          describe        the type)_____
- Special       Accommodations      for      Disability      (please        be specific)_____   _____
- Other_____

**H.**   <u>**Signature:**</u>



_____    2|5|06
Legal Representative / Advocate (if applicable)        Date


**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

8

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:            JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:            JAMES E. BROWN
    Federal Tax ID No.:  52-1500760
    D.C. Bar No.:        61622

2.  **Student Information**
    Name:                    Ashley Crawford
    DOB:                     4/10/91
    Date of Determination (HOD/SA):  4/25/06
    Parent/Guardian Name:    Vanessa Crawford
    Parent/Guardian Address: 19 Rhode Island Ave NW, WDC 20001
    Current School:          Shaw JHS
    Home School:

3.  **Invoice Information**
    Invoice Number:          06-0205
    Date Request Submitted:  4/28/06
    Date(s) Services Rendered: 1/31/06 to 4/27/06
    Amount of Payment Request: $ 7,131.76

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

*   all services listed on the enclosed invoices were actually performed;
*   the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
*   the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
*   no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
*   I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_                        April 28, 2006
**Signature**                           **Date**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Ashley Crawford ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: April 10, 1991 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner (Student), ) | Hearing Date: April 25, 2006 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Shaw JHS ) | |
| Respondent. ) | |

Hearing Participants:
Counsel for Student:

> Domiento C.R. Hill, Esq.
> 1220 L Street NW  #700
> Washington DC  20002

Counsel for DCPS:

> Quinne Harris-Lindsey, Esq.
> Office of General Counsel
> 825 North Capitol St. NE
> Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on April 25, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed February 6, 2006.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, on or before June 1, 2006, complete the following evaluations of the student: comprehensive psycho-educational, social history, vision/hearing screening and functional behavior assessment (FBA).
2. DCPS shall, within fifteen (15) calendar days of completion of the last of the above listed evaluations, convene a multi-disciplinary team (MDT) meeting to determine the student's eligibility for special education services.
3. If the student is determined eligible the MDT shall develop an individualized educational program (IEP) and discuss and determine placement and issue a prior notice of placement within five (5) school days of the MDT meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
4. Scheduling of the MDT meeting is to be arranged through parent's counsel.
5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
6. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer          Date: April 25, 2006          Issued: 4/05/06

2

(In the Matter of AC  DOB: 4/10/91  HOD: April 25, 2006)

## In the MATTER of Ashley Crawford V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AC 1-19 | Parent's Disclosures | Yes |
| DCPS 1-4 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

3

(In the Matter of AC  DOB: 4/10/91  HOD: April 25, 2006)

## In the MATTER OF Ashley Crawford V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 2/6/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 3/8/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INDEX OF NAMES

### In the MATTER OF Ashley Crawford V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. Linda M. Smalls, Esq. |
| Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

# LEGEND

## ATTORNEYS

| JEB | James E. Brown, Esq. |
|-----|----------------------|
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| AAG | Aracelly A. Gonzalez |
|-----|----------------------|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| MM | Michelle Moody, MA |
|-----|----------------------|
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holtman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| FAX | Facsimile @ $1.00 per page |
|-----|----------------------|
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Ashley Crawford
DOB: 4/10/91
19 Rhode Island Ave NW
Washington DC 20001

May 04, 2007
In Reference To:    Re:Ashley Crawford
                    DOB: 4/10/91

Invoice # 10000

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/31/2006 | DH | Consultation with parent and legal assistant, research and case preparation. | 1.50 235.00/hr | 352.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 2/2/2006 | BC | Drafted letter to parent prepared file jacket | 0.42 130.00/hr | 54.60 |
| 2/5/2006 | DH | Review the student's educational file, conduct educational research regarding DCPS' duty to comply with the IDEIA's child find provisions, draft administrative due process complaint notice. | 2.75 235.00/hr | 646.25 |
| 2/6/2006 | WB | Telephone call to DCPS school staff @ Shaw JHS for records and initial evaluations inquiries | 0.25 115.00/hr | 28.75 |
|  | WB | Drafted letter requesting records from Shaw JHS and DCPS | 0.50 115.00/hr | 57.50 |
|  | WB | Requested evaluations from Shaw JHS and DCPS | 0.50 115.00/hr | 57.50 |
| 2/16/2006 | DH | Discussion with the paralegal records records to be requested on the student's behalf and reevaluations. | 0.33 235.00/hr | 77.55 |
| 2/17/2006 | WB | Drafted letter to parent w/ copy of correspondence sent to Shaw JHS on 2/15/06 enclosed | 0.50 115.00/hr | 57.50 |

Ashley Crawford                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/24/2006 | DH | Receive letter of Invitation from DCPS and respond. | 0.25 235.00/hr | 58.75 |
|  | WB | Drafted letter to parent w/ Confirmation of Meeting Notice for 3/2/06 @ 10:00 am enclosed | 0.50 115.00/hr | 57.50 |
| 3/3/2006 | WB | Drafted letter to parent w/ copy of correspondence sent to Ms. Pittman, Special Education Coordinator, Shaw JHS on 2/24/06 enclosed | 0.50 115.00/hr | 57.50 |
| 3/23/2006 | WB | Conference with parent re: case status and upcoming hearing on 3/30/06 @ 1:00 pm | 0.17 115.00/hr | 19.55 |
|  | DH | File motion for default judgment. | 0.50 235.00/hr | 117.50 |
|  | DH | Review the student's educational file, prepare five-day disclosures. | 1.50 235.00/hr | 352.50 |
|  | WB | Drafted letter to parent w/ HDN enclosed for hearing on 3/30/06 @ 1:00 pm | 0.50 115.00/hr | 57.50 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
| 3/29/2006 | KD | Phone call to parent re continuance of hearing | 0.08 115.00/hr | 9.20 |
| 3/30/2006 | KD | email to Advc Carter re call from parent for him to call her | 0.08 115.00/hr | 9.20 |
| 4/7/2006 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 4/10/2006 | WB | Drafted letter to parent w/ Interim Order issued on 3/27/06 enclosed | 0.50 115.00/hr | 57.50 |
| 4/18/2006 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 4/25/06 @ 1:00 PM | 0.50 115.00/hr | 57.50 |
|  | WB | Conference with parent re: case status and upcoming hearing on 4/25/06 @ 1:00 PM | 0.17 115.00/hr | 19.55 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the upcoming administrative due process hearing. | 1.00 235.00/hr | 235.00 |
| 4/24/2006 | KC | Prepared for Due Process Hearing | 0.75 185.00/hr | 138.75 |

Ashley Crawford                                                                              Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/24/2006 | DH | Prepare for the student's administrative due process hearing. | 2.00 235.00/hr | 470.00 |
| 4/25/2006 | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
|  | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | WB | Drafted letter to parent w/ HOD issued on 4/25/06 enclosed | 0.50 115.00/hr | 57.50 |
|  | DH | Prepare for the student's administrative due process hearing. | 2.00 235.00/hr | 470.00 |
|  | DH | Appear at the student's administrative due process hearing. | 2.00 235.00/hr | 470.00 |
|  |  | For professional services rendered | 27.42 | $5,071.75 |
|  |  | Additional Charges : |  |  |
| 1/31/2006 |  | Copied documents; intake documents |  | 4.50 |
| 2/2/2006 |  | Postage; letter to parent |  | 0.39 |
|  |  | Copied documents letter |  | 0.50 |
| 2/6/2006 |  | Copied documents; HR |  | 4.50 |
|  |  | Facsimile: records and evals request to Shaw JHS, OGC and OSE. |  | 21.00 |
|  |  | Facsimile: HR to SHO. |  | 9.00 |
| 2/16/2006 |  | Facsimile: letter to Shaw JHS. |  | 2.00 |
| 2/17/2006 |  | Postage; letter to parent |  | 0.39 |
|  |  | Copied documents; letter to parent |  | 0.50 |
| 2/24/2006 |  | Facsimile ltr to Shaw JHS. |  | 2.00 |
|  |  | Facsimile Received from DCPS re: LOI. |  | 2.00 |
|  |  | Postage; letter to parent (Confirmation of Meeting Notice) |  | 0.39 |
| 3/3/2006 |  | Postage; letter to parent |  | 0.39 |
|  |  | Copied documents; letter to parent |  | 0.50 |

Ashley Crawford                                                                    Page     4

|  |  | Amount |
|---|---|---|
| 3/9/2006 | Facsimile Received from DCPS re: hearing notice from SHO. | 1.00 |
| 3/23/2006 | Copied ltr with HDN for parent. | 0.50 |
|  | Copied disc. for DCPS. | 25.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Postage; letter to parent (HDN) | 0.39 |
| 4/7/2006 | Postage; letter to parent | 0.39 |
| 4/10/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent (Interim Order) | 0.39 |
| 4/18/2006 | Copied disc. for DCPS. | 36.50 |
|  | Messenger Service to and from DCPS 8th Floor (5-day Disclosures) | 20.00 |
| 4/25/2006 | Facsimile Received from DCPS; HOD | 6.00 |
|  | Copied documents; HOD | 6.00 |
| 4/27/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $262.11 |
|  | Total amount of this bill | $5,333.86 |

# Exhibit G

# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Eric Cunningham
   DOB: 5/11/98
   Date of Determination (HOD/SA): 8/7/06
   Parent/Guardian Name: LaShawne Bell
   Parent/Guardian Address: 3322 23rd St., SE, WDC 20020
   Current School:
   Home School: Garfield E.S.

3. **Invoice Information**
   Invoice Number: 06-354
   Date Request Submitted: 8/31/06
   Date(s) Services Rendered: 5/9/06 to 8/2/06
   Amount of Payment Request: $ 15,631.86

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          _8/31/06_____
Signature                                 Date

*State Education Agency for the District of Columbia*
### *State Enforcement and Investigation Division (SEID)*
### *Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student:   Eric Cunningham          Date of Birth: May 11, 1998

Address:     3422 23rd Street, SE   Washington, DC 20020

Home School:   Garfield Elementary School

Present School of Attendance:   Garfield Elementary School

Is this a charter school?  No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. LaShawne Bell

Address (if different from the student's above): _____

## B. Legal Representative/Attorney:

Name:  Christopher West, Esq.

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098   (e-mail) _____

## C.   Complaint Made Against (check all that apply):

X DCPS school (name of the school if different from page one)

□ Charter school (name of the charter school if different from page one)_____

□ Non-public school or residential treatment facility (name) _____

□ Parent

## D.   Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.   Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

### Nature of the problem.

#### Case History

On or about October 5, 2005, Ms. Bell, met with the District of Columbia Public Schools (DCPS) and requested that Eric be tested to address his disruptive classroom behaviors. In addition, on October 19, 2005, Ms. Bell, again, met with DCPS and requested that her son be tested for special education services. Furthermore, on October 26, 2005, Ms. Bell, through counsel, submitted written correspondence to DCPS and requested that Eric be fully evaluated for special education services. Moreover, during the 2004-2005 school year, DCPS expressed concerns about his aggressive behaviors and disrespect for adults in the classroom environment.

DCPS suspended Eric for over thirty (30) days during the 2005-2006 school year. On or about May 15, 2006, Garfield Elementary School recommended Eric be expelled from DCPS for, allegedly, threatening to stab another student with a pair of scissors. An expulsion hearing was convened and Eric was ordered to return back to Garfield Elementary School. Approximately 1 week after returning to Garfield ES, Eric was again suspended for hitting a teacher. The suspension resulted in Eric missing the entire month of June. Eric was recommended to attend summer school.

2

However, on June 30, 2—5, Eric was ordered "out of the [summe.. school] program for engaging in disorderly conduct.

### A.    Denial of a Free and Appropriate Public Education – Failure to Provide the Student an Appropriate Educational Placement.

Eric was retained and is repeating the first grade.  The District of Columbia Public Schools (DCPS) convened an eligibility meeting on July 21st and found Eric eligible for special education services.  The IEP, dated July 21, 2006, classified Eric emotionally disturbed, learning disabled (multiple disabilities) and recommended he receive 27.5 hours of related services in specialized instruction and psychological services.  The IEP recommended Eric receive his special education services in out of general education, full time special education program.  To date, DCPS has yet to provide Eric the recommended out of general education, full time special education program.

### B.    Denial of a Free and Appropriate Public Education-Failure to Convene a Manifestation Determination Review.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(k), DCPS, as the local and state education agency, may … suspend a child for no more than ten (10) school days in a school year.  Under special circumstances the school system may place a child in an interim alternative for suspensions more than ten (10) school days and not more than forty five (45) school days.  However, those circumstances are limited to possession of a weapon, knowingly possessing illegal drugs, or inflicting serious bodily injury upon a person at the school.  Also, the school system shall convene a meeting to determine whether the student's conduct was a manifestation of the student's disability.

Prior to the 2005-2006 summer school program, the District of Columbia Public Schools suspended Eric for over 30 school days.  Eric was ordered to attend summer school to address his academic deficits.  On June 30, 2006, DCPS suspended or "ordered [Eric] out of the program" and, therefore, he could not attend the summer school.  Although Eric had not yet been found eligible for special education services, he was protected under §615(k)(5)(A) of the IDEIA.  In violation of the IDEIA, Eric was suspended for over ten (10) school days, and DCPS did not convene a manifestation determination review meeting.

### C.    Compensatory Education.

DCPS suspended Eric for over forty (40) days during the 2005-2006 school year, including the summer school program.  On July 21, 2006, the District of Columbia Public Schools found Eric eligible for special education services and recommended he receive his services in a full time special education setting.  Eric is eligible for special education services for several reasons.  Some reasons consist of :

1.    Failure to provide special education services within statutory timelines;
2.    Failure to provide an appropriate educational placement within the statutory timeline; and
3.    Suspending student for more then ten school days during the 2005-2006 school year.

## II  Issues presented

3

1. Whether DCPS denied the student with FAPE by not providing the student the recommended educational placement?

2. Whether DCPS shall place Eric in the Rock Creek Academy?

3. Whether DCPS violated the IDEIA by failing to convene a manifestation determination review meeting?

4. Whether DCPS shall conduct a functional behavior plan and implement a behavior intervention plan?

5. Whether DCPS shall provide Eric with compensatory education?

## III. To the extent known to you at this time, how can this problem be resolved?

1. Issue a finding DCPS denied the student with a free and appropriate public education for not providing an educational placement that can address his needs;

2. Issue a finding that DCPS violated the IDEIA by not convening a manifestation determination review meeting;

3. DCPS shall place and fund Eric in the Rock Creek Academy;

4. That DCPS shall conduct a functional behavior assessment;

5. That DCPS provide Eric with three hours of tutoring per week for the entire 2006-2007 school year for violating the IDEIA and denial of a free and appropriate public education;

6. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related

4

services as designed meet this student's unique needs and preparation for employment and independent living;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

5

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

17. Issue a finding that the Parent is the prevailing party in this action.

**H.   Signature:**

_____                      July 26, 2006
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Eric Cunningham** | ) | |
| **Date of Birth**: 05/11/98 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: May 11, 2006 |
| | ) | **2nd Cont. Hearing Date**: Aug. 2, 2006 |
| The District of Columbia Public Schools, | ) | Held at: 825 North Capitol Street, N.E. |
| Home School: Garfield Elementary School | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

| | |
|---|---|
| **Parent:** | **LaShawne Bell, Mother**<br>**3322 23rd Street, S.E.**<br>**Washington, D.C. 20020** |
| **Counsel for the Parent/Student:** | **Christopher L. West, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Rashida Wilson, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 07/03/06 that lists five witnesses and attached twenty-four exhibits sequentially labeled and tabbed EC-01 through EC-24. One witness was present, LaShawne Bell, the student's mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 07/05/06 that lists eight witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify.

## IV.    STATEMENT OF THE CASE

Eric Cunningham (E.C.), born 05/11/98, age 8-years 3-months, was a general education student recently found eligible for special education service for the 2006-07 school year while attending Garfield Elementary School in the District of Columbia. (R. at EC-01.)

Parent's counsel Christopher L. West alleged in the parent's 05/11/06 Due Process Hearing Request that DCPS violated the IDEIA and denied E.C. a Free Appropriate Public Education (FAPE) by failing to provide E.C. an education placement that can address his identified special education needs. (R. at EC-01.)

The DCPS Student Hearing Office continued the Due Process Hearing until 9:00 a.m., Wednesday, August 2, 2006 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled. No testimony was taken. Here is why.

## V.    PRELIMINARY MATTER:

Parent's counsel stated an Amended Due Process Hearing Request was filed on 07/26/06 pursuant to the parties' agreement at E.C.'s 07/12/06 due process hearing. However, E.C.'s 07/19/06 Interim Order issued by his hearing officer continued the case until August 2, 2006 but is silent regarding leave to amend. DCPS counsel stated that the

2

parties' agreed the parent could amend E.C.'s 05/11/06 hearing request but the 07/26/06 hearing request is beyond the scope of their agreement. Further, DCPS argued, the parent's 07/26/06 hearing request was neither titled nor filed as an amended hearing request so it should be treated as a new hearing request.

As to the parent's requested relief in both hearing requests, an educational placement for the 2006-07 school year, the parties' agreed that is at issue because—

1. It was raised as an issue in E.C.'s May 11, 2006 hearing request;
2. Since then, E.C. was found eligible for special education services;
3. He now has a signed IEP; and
4. He needs a placement for the 2006-07 school year because his current placement cannot meet his needs.

Based on this hearing record this hearing officer shall address the placement issue because it's an issue raised in E.C.'s 05/11/06 hearing request that was neither withdrawn nor properly amended, and school starts on August 28, 2006. The hearing officer shall allow the parties to reconvene a due process hearing with Hearing Officer Coles B. Ruff. to resolve all issues raised about and in E.C.'s 07/26/06 hearing request.

Therefore, without finding that E.C. was denied a Free Appropriate Public Education (FAPE), the hearing officer finds both good cause exists and it is in E.C.'s best interest to provide him a placement meeting; and that good cause exists to continue this case to resolve unresolved issues about and in E.C.'s 07/26/06 hearing request. And based on those findings the hearing officer issues this—

# ORDER

1. The parties' Joint Motion to Continue this Case is granted.

2. **The hearing is continued and will be rescheduled by the DCPS Student Hearing (SHO) based on a mutually agreed hearing date set by the parties in consultation with Hearing Officer Coles B. Ruff, and the SHO.**

3. **At that hearing, the parties shall raise and resolve all issues about the form and scope of E.C.'s 07/26/06 hearing request; and based on that finding, litigate any unresolved issued raised in that hearing request.**

    DCPS shall ...............................................

4. Convene E.C.'s BLMDT/IEP/Placement Meeting at the parties' agreed time, date, and place: either at 10:00 a.m., on Wednesday, August 23, 2006 at Garfield ES, or 10:00 a.m., on Friday, August 25, 2006 at Garfield ES, upon receipt of written confirmation from the parent about the best date for her to meet sent to the Garfield ES Special Ed Coordinator. And the meeting will be for this purpose:

3

a. To discuss and decide placement, and issue E.C.'s Prior Written Notice of Change in Placement (PWNCOP) for school year 2006-07, only if a change in placement is necessary, at the conclusion of the meeting if possible or as follows:

   (i)   Issue the PNCOP within 5-school days of the BLMDT Meeting if it's to a public placement; and

   (ii)  Issue the PNCOP within 30-calendar days of the BLMDT Meeting if it's to a non-public placement.

5. All parties shall participate in good faith in the placement meeting; and any dispute about the proposed placement shall be resolved via an expedited due process hearing titled as such and filed by the parent.

6. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. There is no finding that E.C. was denied a FAPE nor was there a finding as to a prevailing party in this matter.

9. This Order resolved the placement meeting issue raised in the student's 05/11/06 Due Process Hearing Request that is dismissed except for the issue of whether leave was granted to amend it; and the hearing officer made no additional findings.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).**

_____        _____
Frederick E. Woods                              Date   8/4/06
Hearing Officer

Issued: __8/7/06_____
Student Hearing Office, DCPS

4

# District of Columbia Public Schools
## State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| E.C. | ) | |
|      Petitioner, | ) | **IMPARTIAL** |
|      vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Garfield Elementary School | ) | |
|      Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:     Hearing Request Date: May 11, 2006
                        **2nd Continued Hearing Date: August 2, 2006**
                        Held at:  825 North Capitol Street, N.E.
                                   Eighth Floor
                                   Washington, D.C. 20002
                        SETS Case Number: _____
                        Student's Birth Date: May 11, 1998
                        Attending School: Garfield Elementary School
                        Managing School: Garfield Elementary School

## CERTIFICATION OF RECORD

     I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

     I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

     Executed this ___4 th___ day of ___August___, 2006.

                                     _Fred E. Woods_
                                     Due Process Hearing Officer

5

Re: MATTER OF
E.C. v. DCPS, GARFIELD ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:          ## DESCRIPTION:

05/11/06          Due Process Hearing Request Filed By Parent

06/09/06          Notice of Due Process Hearing Date Sent to Parties

07/12/06          Due Process Hearing Convened; Not Completed; and
                  the Case was Continued until 9:00 A.m., Wednesday,
                  August 2, 2006.

08/02/06          Due Process Hearing Convened; and Recorded in HR-2,
                  Start Time 9:56 a.m. and End Time 12:01 p.m.

08/04/06          Hearing Officer's Decision Filed with the SHO

08/04/06          Hearing Officer's Decision Issued by the SHO

_____          8/4/06
Frederick E. Woods                        Date
Due Process Hearing Officer

6

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: August 7, 2006

TO: Christopher L. West

FROM: STUDENT HEARING OFFICE

RE: Cunningham, Eric

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Eric Cunningham

April 24, 2007
In Reference To:     Eric Cunningham
                     DOB: 5/11/98
                     School: Garfield ES

Invoice # 10000

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/9/2006 CW | Conference with parent and discussed DCPS proposing expulsion from school; discussed incident at school and filing request for hearing to obtain an educational placement | 1.08 360.00/hr | 388.80 |
| 5/10/2006 CW | Prepared and filed request for due process hearing to address DCPS' failure to provide an appropriate educational placement; and request for compensatory education services; conference with paralegal re: filing request for hearing | 1.93 360.00/hr | 694.80 |
| 5/11/2006 CMM | Assisted attorney in preparation of request for hearing | 0.25 115.00/hr | 28.75 |
| 5/12/2006 CM | Reviewed due process hearing complaint, 4/29/06 HOD, 2/22/06 MDT notes, 12/14/05 MDT notes, 10/19/05 MDT notes, psychological evaluation by Saunders,file correspondence and school records | 0.83 185.00/hr | 153.55 |
| 5/16/2006 JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| CMM | Review hearing request and drafted status letter to parent detailing hearing request file 5-10-06 | 0.58 115.00/hr | 66.70 |
| 5/19/2006 CW | Reviewed request for hearing, expulsion notice, and psychoeducational evaluation with parent in preparation for expulsion hearing scheduled 5-22-06 | 1.23 360.00/hr | 442.80 |
| 5/22/2006 CW | Appearance to 825 North Capital for expulsion hearing administered by Mr. Porter | 1.65 360.00/hr | 594.00 |

Eric Cunningham

Page     2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/1/2006 CMM | Drafted letter to parent/enclosed psychoeducation evaluation | 0.58 115.00/hr | 66.70 |
| 6/6/2006 CMM | Assist attorney in sending letter to Garfield ES and OGC | 0.17 115.00/hr | 19.55 |
| CW | Reviewed suspension letter from Garfield ES; conference with parent and reviewed suspension report and recommendation for expulsion; drafted letter to Garfield ES and OSE confirming manifestation determination review meeting; conference with paralegal re; letters to DCPS | 1.43 360.00/hr | 514.80 |
| 6/9/2006 CW | Reviewed DCPS policy on manifestation determination review meetings with parent in preparation for meeting | 1.42 360.00/hr | 511.20 |
| CMM | Drafted letter to parent/confirmation of manifestation meeting | 0.50 115.00/hr | 57.50 |
| 6/12/2006 CW | Appearance to Garfield Elementary School for MDT/manifestation determination meeting with parent | 3.17 360.00/hr | 1,141.20 |
| 6/13/2006 CW | Reviewed independent social history with parent | 0.40 360.00/hr | 144.00 |
| 6/20/2006 CMM | Drafted letter to parent with hearing information | 0.50 115.00/hr | 57.50 |
| CMM | Phone call to parent to notify and confirm hearing attendance | 0.25 115.00/hr | 28.75 |
| 6/21/2006 CMM | Draft letter to Garfield Elementary School requesting MDT/IEP meeting to be convene enclosed copies of all independent evaluations | 0.50 115.00/hr | 57.50 |
| 7/3/2006 CM | Review psychoeducational evaluation by Burleigh | 0.50 185.00/hr | 92.50 |
| CMM | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
| CM | Review speech and language evaluation report by Manuel | 0.50 185.00/hr | 92.50 |
| CM | Review clinical psychologial evaluation by Augustin | 0.50 185.00/hr | 92.50 |
| CM | Review Social History report by Thomas | 0.50 185.00/hr | 92.50 |
| CW | Prepare disclosure documents for SHO and OGC; conference with paralegal re: submitting documents to DCPS; teleconference with Ms. Plowden (RCA) and reviewed witness questions in preparation for hearing | 2.58 360.00/hr | 928.80 |

Eric Cunningham                                                                Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/5/2006 | CW | Reviewed request for hearing, MDT meeting notes, clinical evaluation, teacher reports and report cards; reviewed witness questions with educational advocate in preparation for hearing | 2.20 360.00/hr | 792.00 |
| 7/10/2006 | CW | Reviewed request for hearing in preparation for administrative hearing; teleconference with parent and discussed due process hearing | 0.92 360.00/hr | 331.20 |
| 7/11/2006 | CW | Reviewed request for hearing; teleconference with Keren Plowden (RCA) and discussed student' placement for program; reviewed MDT meeting notes, resolution meeting notes, clinical psychological evaluation, and suspension reports | 1.62 360.00/hr | 583.20 |
| 7/12/2006 | CM | Prepared for Due Process Hearing; reviewed due process complaint notice, file correspondence | 0.50 185.00/hr | 92.50 |
| | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Ruff; Hearing rescheduled to a later date | 2.17 360.00/hr | 781.20 |
| 7/13/2006 | CM | Drafted letter to DCPS , Ms. Woolery at Garfield Elementary responding to letter of invitation | 0.67 185.00/hr | 123.95 |
| 7/19/2006 | CM | Conference with parent re preparation for IEP meeting | 1.00 185.00/hr | 185.00 |
| | CM | Reviewed file correspondence, suspension notices, psychological evaluation by Saunders, social history by Thomas, psychoeducational evaluation by Burleigh, clinical evaluation by Hernandez, speech and language evaluation by Manuel, school progerss reports, resolution meeting notes, MDT notes of 10/15/05, 12/14/05, 2.22.06.in preparation of IEP meeting | 1.50 185.00/hr | 277.50 |
| 7/21/2006 | CW | Reviewed MDT meeting notes with parent and discussed placement options for 2006-07 school year; reviewed request for hearing | 0.80 360.00/hr | 288.00 |
| | CM | Attended MDT/IEP @ Garfield Elementary | 6.50 185.00/hr | 1,202.50 |
| 7/24/2006 | CMM | Drafted letter to parent with hearing information | 0.58 115.00/hr | 66.70 |
| | CMM | Phone call to parent to notify and confirm hearing attendance | 0.17 115.00/hr | 19.55 |
| | CM | Record reviewed and discussion with attorney re outcome of IEP meeting | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 7/21/06 IEP | 0.42 185.00/hr | 77.70 |

Eric Cunningham                                                                              Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/24/2006 | CW | Reviewed HOD, IEP and MDT meeting notes with educational advocate; discussed placement options for 2006-2007 school year; teleconference with parent re: MDT meeting | 0.58<br>360.00/hr | 208.80 |
| 7/26/2006 | CMM | Assisted attorney in preparation of request for hearing | 0.25<br>115.00/hr | 28.75 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 2.00<br>115.00/hr | 230.00 |
|  | CM | Due process hearing preparation with attorney | 0.75<br>185.00/hr | 138.75 |
|  | CW | Reviewed request for hearing, clinical evaluation, and psychoeducational evaluation in preparing 5 day disclosure documents; drafted and filed amended request for due process hearing for DCPS' failure to issue a notice of placement to an appropriate educational program; conference with paralegal re: amended request for hearing and disclosure documents; reviewed IEP and MDT meeting notes with educational advocate in preparation for hearing | 2.92<br>360.00/hr | 1,051.20 |
| 8/1/2006 | CW | Reviewed request for hearing, clinical evaluation, psychoeducational evaluation, IEP, MDT meeting notes, and suspension reports in preparation for hearing; teleconference with Keren Plowden in preparation for hearing | 1.75<br>360.00/hr | 630.00 |
| 8/2/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |
|  | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Woods | 3.25<br>360.00/hr | 1,170.00 |
|  |  | For professional services rendered | 54.43 | $15,062.45 |

Additional Charges :

|  |  |  |
|---|---|---|
| 5/11/2006 | Facsimile HR to SHO. | 6.00 |
|  | Copied documents; HR | 6.00 |
| 5/16/2006 | Postage; letter to parent re: HR. | 0.63 |
|  | Copied documents; letter to parent | 0.50 |
| 6/1/2006 | Copied documents; letter to parent | 3.00 |
|  | Postage; letter to parent | 0.39 |
|  | Postage: letter to parent re: psychoed eval. | 0.63 |

Eric Cunningham                                                                    Page    5

|  | Amount |
|---|---|
| 6/6/2006 Facsimile: letter to OGC & Garfield. | 4.00 |
| 6/9/2006 Copied: atty's letter for parent & adv. | 1.00 |
| 6/19/2006 Facsimile Received from DCPS re: clinical from Interdynamics. | 6.00 |
| 6/20/2006 Copied: HND letter for parent. | 0.50 |
| Postage: letter to parent re: HDN. | 0.39 |
| 6/21/2006 Facsimile: letter with evals to OMC, OGC & Garfield ES. | 66.00 |
| 6/26/2006 Postage; letter to parent re: independent evals. | 1.35 |
| 7/3/2006 Copied: disclosure for DCPS. | 73.50 |
| 7/5/2006 Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/11/2006 Copied: LOI for file. | 0.50 |
| 7/12/2006 Sedan taxi service from  DCPS for hearing | 6.50 |
| 7/19/2006 Facsimile Received from DCPS re: interim order from SHO. | 2.00 |
| 7/25/2006 Postage; letter to parent re: HOD. | 0.39 |
| 7/26/2006 Copied: Disclosure for DCPS. | 68.00 |
| Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| Facsimile: HR to SHO. | 7.00 |
| 7/27/2006 Facsimile Received from DCPS re: sche. memo. | 3.00 |
| 8/2/2006 Sedan taxi service to and from  DCPS for hearing | 16.00 |
| File review preparation of bill and invoice audit | 96.88 |
| Total costs | $410.16 |
| Total amount of this bill | $15,472.61 |

# Exhibit H



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:    James E. Brown & Assoc., PLLC
    Attorney:    James E. Brown
    Federal Tax ID No:    52-1500760
    D.C Bar No:    61622

2.  **Student Information**
    Name:    Fletcher, Ronnell
    DOB:    10/13/89
    Date Hearing Request Filed:    8/7/06
    Date(s) of Hearing:    10/6/06
    Date of Determination (HOD/SA):    10/18/06
    Parent/Guardian Name:    Lisa Fletcher
    Parent/Guardian Address:    4406 Quarles St., NW, #11
       Washington, D.C. 20019

3.  **Invoice Information**
    Invoice Number:    06-518
    Date Request Submitted:    10/31/06
    Date(s) of Services Rendered:    6/5/06 to 10/27/06
    Attorney Hourly Rate:    $ 365.00
    Total Attorney Fees:    $ 8,894.25
    Total Attorney Costs:    $ 263.46
    Total Experts:    $ 3,872.05
    Total Invoice:    $ 13,029.76

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          __10/31/06__
    Signature                                               Date

    *Revised Nov. 2004*

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a **"Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: _Ronnell Fletcher_    Date of Birth: October 13, 1989

Address: ___4406 Quarles Street, NE, Washington, DC 20019

Present School of Attendance: _Spingarn High School

Is this a charter school? No    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Lisa Fletcher

Address (if different from the student's above): _____

1

**B.**   **Legal Representative/Attorney:**

Name:  Christopher West, Esq.

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098  (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes          ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one) _____

☐ Charter school (name of the charter school if different from page one) _____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

### A.   Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2).

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2), DCPS, as the local and state education agency, shall conduct reevaluations if the LEA determines the child warrants an evaluation, or if the child's parents or teacher request a reevaluation.  The assessments shall be conducted at a minimum, once every three years.

2

According to the most current IEP, Ronnell Fletcher is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. In violation of the IDEIA, DCPS has yet to fully assess Ronnell triennially. Consequently, we request DCPS fund the following independent assessments: psychoeducational evaluation, vineland adaptive behavior assessment, vocational assessment, and speech/language assessment.

**B.    Denial of a Free and Appropriate Public Education –Failure to Provide an Appropriate IEP.**
Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), an IEP "includes a statement of the child's present levels of academic achievement and functional performance." According to Ronnell's IEP, he is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. However, the IEP does not contain his current academic levels or performance levels. In addition, the IEP recommends 32 hours of special education services, but indicates it should be in a combination general education/special education setting.

**C.    Denial of a Free and Appropriate Public Education –Failure to Provide an Appropriate Educational Placement.**
According to the most current IEP, Ronnell Fletcher is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. Also, the IEP recommends Ronnell receive his special education services in a combination setting. Ronnell does not attend his classes because of the special education label attached to him and his fear of the general education classmates knowing his lack of academic achievement. To date, Ronnell has shown no progress or academic achievement in this academic setting. Furthermore, a combination setting is not appropriate for a student receiving 32 hours of related services. Accordingly, DCPS did not implement the IEP, nor provide Ronnell the recommended 32 hours of specialized instruction at Spingarn High School.

## II Issues presented

1. Whether DCPS failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2)?

2. Whether DCPS failed to provide an appropriate IEP?

3. Whether DCPS failed to provide an appropriate educational placement?

4. Whether DCPS shall provide Ronnell with compensatory education services for failing to implement the IEP and for not providing the recommended special education services?

## III. To the extent known to you at this time, how can this problem be resolved?

**DCPS shall: ;**

3

1. That DCPS shall fund the following independent assessments: psychoeducational evaluation, Vineland adaptive behavior assessments, speech/language evaluation, and vocational assessment;

2. That DCPS convene an MDT/IEP meeting within fifteen days of receipt of the independent assessments and draft an appropriate IEP;

3. That DCPS place and fund Ronnell in the Kennedy Institute or another appropriate fulltime special education program;

4. That DCPS provide Ronnell with compensatory education services in the form of one on one tutoring in reading and written expression;

5. All meetings shall be scheduled through counsel for the Complainant, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a

4

Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice.

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

**H.   Signature:** _____

Legal Representative / Advocate (if applicable)

August 7, 2006
Date

**Mail, fax or deliver this complaint notice to:**

5

State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

6

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student:  Ronnell Fletcher    Date of Birth: October 13, 1989

Address:    4406 Quarles Street, NE, Washington, DC 20019

Present School of Attendance:  Spingarn High School

Is this a charter school? No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Lisa Fletcher

Address (if different from the student's above): _____

1

SEID DPCN Rev'd. 7/01/05

**B.**    **Legal Representative/Attorney:**

Name:  Christopher West, Esq.

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098  (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes              ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

**A.**    **Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2).**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2), DCPS, as the local and state education agency, shall conduct reevaluations if the LEA determines the child warrants an evaluation, or if the child's parents or teacher request a reevaluation.  The assessments shall be conducted at a minimum, once every three years.

2

According to the most current IEP, Ronnell Fletcher is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. In violation of the IDEIA, DCPS has yet to fully assess Ronnell triennially. Consequently, we request DCPS fund the following independent assessments: psychoeducational evaluation, vineland adaptive behavior assessment, vocational assessment, and speech/language assessment.

**B.    Denial of a Free and Appropriate Public Education –Failure to Provide an Appropriate IEP.**

Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), an IEP "includes a statement of the child's present levels of academic achievement and functional performance." According to Ronnell's IEP, he is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. However, the IEP does not contain his current academic levels or performance levels. In addition, the IEP recommends 32 hours of special education services, but indicates it should be in a combination general education/special education setting.

**C.    Denial of a Free and Appropriate Public Education –Failure to Provide an Appropriate Educational Placement.**

According to the most current IEP, Ronnell Fletcher is classified mental retarded and recommended to receive 32 hours of related services in specialized instruction. Also, the IEP recommends Ronnell receive his special education services in a combination setting. Ronnell does not attend his classes because of the special education label attached to him and his fear of the general education classmates knowing his lack of academic achievement. To date, Ronnell has shown no progress or academic achievement in this academic setting. Furthermore, a combination setting is not appropriate for a student receiving 32 hours of related services. Accordingly, DCPS did not implement the IEP, nor provide Ronnell the recommended 32 hours of specialized instruction at Spingarn High School.

**II Issues presented**

1.  Whether DCPS failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2)?

2.  Whether DCPS failed to provide an appropriate IEP?

3.  Whether DCPS failed to provide an appropriate educational placement?

4.  Whether DCPS shall provide Ronnell with compensatory education services for failing to implement the IEP and for not providing the recommended special education services?

**III.  To the extent known to you at this time, how can this problem be resolved?**

**DCPS shall: ;**

3

1. That DCPS shall fund the following independent assessments: psychoeducational evaluation, Vineland adaptive behavior assessments, speech/language evaluation, and vocational assessment;

2. That DCPS convene an MDT/IEP meeting within fifteen days of receipt of the independent assessments and draft an appropriate IEP;

3. That DCPS place and fund Ronnell in the Kennedy Institute or another appropriate fulltime special education program;

4. That DCPS provide Ronnell with compensatory education services in the form of one on one tutoring in reading and written expression;

5. All meetings shall be scheduled through counsel for the Complainant, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a

4

Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice.

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents  to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

**H.    Signature:**

Legal Representative /Advocate (if applicable)

August 7, 2006
Date

**Mail, fax or deliver this complaint notice to:**

5

# District of Columbia Public Schools
## State Enforcement & Investigation Division
## Confidential

**FREDERICK E. WOODS,** Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Ronnell Fletcher** | ) | |
| **Date of Birth**: 10/13/89 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: August 7, 2006 |
| | ) | **Hearing Date**: October 6, 2006 |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **Home School: Spingarn Sr. High School** | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

2006 OCT 10 PM 2:15

| | |
|---|---|
| **Parent:** | **Lisa Fletcher, Mother**<br>**4406 Quarles Street, N.E.**<br>**Washington, D.C. 20019** |
| **Counsel for the Parent/Student:** | **Christopher L. West, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Katherine G. Rodi, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed on 09/29/06 that lists four witnesses and attached thirteen exhibits sequentially labeled RF-01 through RF-13. No witnesses were present, but one witness testified by-phone: the student's mother.

Respondent:    Admitted, without objection, a disclosure letter filed on 09/29/06 that lists fourteen witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because DCPS rested upon the admitted exhibits and its sealed, 10-Day Settlement Letter.

## IV.    STATEMENT OF THE CASE

Ronnell A. Fletcher (R.F.), born 10/13/89, age 17, is a student with a disability receiving a special education and related services as a 12th-grade, Mentally Retarded (MR) student at Spingarn Senior High School in the District of Columbia. (R. at RF-13.)

Parent's counsel Christopher L. West alleged in the parent's 08/07/06 Due Process Hearing Request that DCPS violated the IDEIA and denied R.F. a Free Appropriate Public Education (FAPE) by failing to provide his triennial reevaluation after making an inquiry about them on July 31, 2006. (R. at RF-01.)

The DCPS Student Hearing Office scheduled the Due Process Hearing at 11:00 a.m., Friday, October 6, 2006 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Katherine G. Rodi appeared in-person for DCPS. Attorney Christopher L. West appeared in-person on behalf of R.F. who was not present; and her mother who also was not present but participated briefly in the hearing by-phone.

## V.    SUMMARY OF THE EVIDENCE

The parent's five-day disclosure exhibits and the testimony of the only witness called to testify: the student's mother, are relied on in reaching the decision. These admitted exhibits are probative on the issue in this case:

| | | |
|---|---|---|
| 1. | RF-01 | The 08/07/06 Due Process Hearing Request |
| 2. | RF-05 | The 07/31/06 Parent's Counsel Inquiry Ltr. To Spingarn SHS' Principal about the Reevaluation Status |
| 3. | RF-10 | The 08/10/06 IEP Meeting Notes |
| 4. | RF-11 | The 08/10/06 Student Evaluation Plan |
| 5. | RF-12 | The 08/10/06 Prior to Action Notice |
| 6. | RF-13 | The 08/10/06 IEP |

### Issue

Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) at 20 U.S.C. §§ 1400 et seq. and deny R.F. a Free Appropriate Public Education (FAPE) by failing to perform his triennial reevaluation?

### Answer

No. Although there is no evidence that the student's agreed to Vocational and Vineland Assessments was performed. That is a procedural violation of the IDEIA. However, there was no evidence presented that the procedural violation resulted in a denial of FAPE.

## VI.    FINDINGS OF FACT:

1.    Ronnell A. Fletcher (R.F.), born 10/13/89, age 17, is a student with a disability receiving a special education and related services as a 12th-grade, Mentally Retarded (MR) student at Spingarn Senior High School (Spingarn SHS) in the District of Columbia. (R. at RF-13.)

2.    On 07/31/06 parent's counsel sent a letter to the principal of Spingarn SHS asking about the status of the student's triennial reevaluations. (R. at RF-05.)

3.    In response to that letter, on 08/10/06 DCPS convened the student's BLMDT/SEP Meeting. According to the meeting notes the team discussed all of the parent's concerns, and concluded the notes stating

3

"the parent desires to review [R.F.'s] progress after the first advisory."
(R. at RF-10.)

4.     At that meeting the BLMTD developed a Student Evaluation Plan (SEP) for R.F. and it states these evaluations will be performed:

    a.   Vineland Adoptive Scales       Due date T.B.D.; and
    b.   Vocational Assessment         Due date T.B.D.
    (R. at RF-11.)

5.     There is no record evidence that the evaluations were performed.

6.     R.F.'s 08/10/06 IEP, signed by his mother evincing agreement with its content, calls for him to receive these special education services to accommodate his disability—

    a.   Specialized Instruction       32-hours/week.
    (R. at RF-13.)

7.     According to the credited testimony of the student's mother, she believes R.F. is not making educational progress because he does have homework.

8.     No testimony, however, was provided about how DCPS' failure to perform the two requested assessments caused the student educational harm.

9.     Nor was there testimony or documentary evidence provided at the due process hearing stating that R.F.'s 08/10/06 IEP was not implemented. And the hearing request did not challenge the appropriateness of his current IEP and placement. (R. at RF-01.)

10.     So although the parent alleges a procedural violation of the IDEIA in R.F.'s 08/07/06 due process hearing request, that violation did not result in a denial of FAPE under the IDEIA.

## VII.   DISCUSSION and CONCLUSIONS OF LAW:

### I

**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

The IDEIA at 20 U.S.C. § 1400 et seq. and 5 D.C.M.R. § 3000.1 (2003) requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

4

Albeit DCPS did not meet its procedural obligation under the IDEIA, that procedural violation did not result in a denial of FAPE to the student. Here is why.

1. Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2. Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is …based on the child's IEP."

3. Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes…an educational placement of the child.

4. Pursuant to the IDEIA at 20 U.S.C. § 1414 (d) (A), (B) Requirement that Program be in Effect—

    1. At the beginning of each school year, each local educational agency … shall have in effect for each child with a disability in the agency's jurisdiction an IEP.

5. DCPS complied with these cited IDEIA obligations based on the parents 08/07/06 hearing request because R.F. has a current IEP and placement; and there was no challenge to the appropriateness of his 08/10/06 IEP and placement. Nor was there a claim that R.F. did not receive his specialized instruction called for in his 08/10/06 IEP. (R. at RF-01.)

6. Pursuant to 34 C.F.R. §§ 300.303(a)(1), (b)(2) Reevaluations, "[a] public agency must ensure that a reevaluation of each child with a disability is conducted … if the public agency determines that the educational or related services needs of the child … warrant a reevaluation. A reevaluation under this section must occur once every three years unless the parent and public agency agree that a reevaluation is unnecessary."

7. There is no record evidence that agreed to assessments were performed.

8. That results in a procedural violation of the IDEIA. But that procedural violation did not result in DCPS denying R.F. a FAPE. Here is why.

9. Pursuant to the IDEIA at 20 U.S.C. § 1414 (E) (ii), and 34 C.F.R. § 300.513 (a) Decision of hearing officer on procedural issues, states that, "[i]n matters alleging a procedural violation, a hearing officer may find that a child did

5

not receive a free appropriate public education [FAPE] only if the procedural inadequacies—

| | | |
|---|---|---|
| (I) | impeded the child's right to a free appropriate public education; |
| (II) | significantly impeded the parent's opportunity to participate in the decision making process regarding the provisions of a FAPE to the parent's child; or the |
| (III) | caused a deprivation of educational benefits." |

10. And pursuant to 34 C.F.R. § 300.513 (3) Hearing Decisions, "[n]othing in paragraph (a) of this section shall be construed to preclude a hearing officer from ordering an LEA to comply with procedural requirements."

11. R.F. was not denied a FAPE because the procedural inadequacy did not impede his right to a FAPE nor deprive his of educational benefit since he remains at his current appropriate placement receiving all of his 08/10/06 IEP called for special education services. And since R.F.'s mother participated in the 08/10/06 MDT/SEP Meeting where the reevaluation was agreed to, the parent's right to participate in the decision making process regarding the provisions of a FAPE was not impeded.

12. Moreover, according to the testimony of the only witness who testified in this case the student's mother, she did not even state, let alone prove, that the outstanding reevaluations either impeded R.F.'s right to a FAPE or deprived him of educational benefit.

13. Moreover, R.F. is already a full-time special education student receiving the maximum allowed 32-hours of specialized instruction. Therefore, based on his reevaluation results it is not even possible to increase his specialized instruction hours.

14. So based on this hearing record, there exists no evidence supporting the parent's claim that R.F. was denied a FAPE.

15. Pursuant to 5 D.C.M.R. § 3030.3, the party filing the hearing request bears the burden of proof based on the evidence and testimony presented at the hearing.

16. The parent, who filed the hearing request, did not meet their burden in this case because the parent failed to prove that DCPS' failure to perform two agreed reevaluation assessments caused educational harm to the student when there is a new IEP signed by the mother being implemented despite the procedural violation.

Therefore, in consideration of the record evidence, the hearing officer finds that DCPS did not deny R.F. a FAPE, and that R.F. is still due two assessments for his triennial reevaluation, and issues this:

## ORDER

1. The parents' 08/07/06 Due Process Hearing Request is dismissed, with prejudice.

2. There is no finding that R.F. was denied a FAPE.

> DCPS shall ……………………..

3. Perform the listed assessments within 30-calendar days after this order's issue date:

> a.) Vineland Adoptive Scales; and
> b.) a Vocational Assessment.

4. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6 or at prevailing market rate for those assessments not covered by the Superintendent Directive, these independent assessments, if DCPS does not comply in whole or in part with paragraph three (3):

> a. Vineland Adoptive Scales; and
> b. a Vocational Assessment.

5. Convene or participate in the BLMDT/IEP/Placement Meeting, scheduled by and at Spingarn SHS at the parties mutually agreed date and time after DCPS completes the ordered assessments or after the Spingarn SHS Special Education Coordinator receives the student's independent assessment results from the parent along with three (3) proposed meeting dates, for this purpose:

> a. To review the assessment reports to determine R.F.'s continued eligibility for special education services;

> b. To determine if any additional assessments are necessary to determine his continued eligibility and if so, either perform them or fund independent assessments;

c. To revise his IEP, if eligible, based on the evaluation review; and

d. To discuss and decide placement, and issue R.F.'s Prior Written Notice of Placement (PNOP) for school year 2006-07 as follows:

    (i)    Issue the PNOP within 5-business days after the BLMDT Meeting if to a public placement; and

    (ii)    Issue the PNOP within 30-calendar days after the BLMDT Meeting if to a non-public placement.

6. Issue a Notice of Ineligibility if R.F.'s BLMDT determine he is no longer eligible for special education services.

7. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

8. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

9. This Order resolves all issues raised in the student's 08/09/06 Due Process Hearing Request that is dismissed, with prejudice; and the hearing officer made no additional findings.

       **This is the FINAL ADMINISTRATIVE DECISION.  An Appeal can be made to a court of competent jurisdiction within ninety (90)-days of this Order's issue date pursuant to 20 U.S.C. § 1415 (i)(1)(A), (i)(2)(B).**

                   **Frederick E. Woods**              10/18/06
                   **Hearing Officer**                  Date

**Issued:**   10/18/06
       **Student Hearing Office, DCPS**

8

# District of Columbia Public Schools

## State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **R.F.** | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| **The District of Columbia Public Schools,** | ) | |
| **Spingarn Senior High School** | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:     Hearing Request Filed: August 7, 2006
**Hearing Date: October 6, 2006**
Held at:  825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: October 13, 1989
Attending School: Spingarn Senior High School
Managing School: Spingarn Senior High School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this 18th day of October, 2006.

_____
Due Process Hearing Officer

9

Re: MATTER OF
**R.F. v. DCPS, SPINGARN SENIOR HIGH SCHOOL**

# RECORD OF PROCEEDINGS

## DATE:          ## DESCRIPTION:

| | |
|---|---|
| 08/07/06 | **Due Process Hearing Request Filed By Parent** |
| 09/12/06 | **Notice of Due Process Hearing Date Sent to Parties** |
| 10/06/06 | **Due Process Hearing Convened; Completed; Recorded in HR-1, Start Time 11:28 a.m. and End Time 12:50 p.m.** |
| 10/18/06 | **Hearing Officer's Decision Filed with the SHO** |
| 10/18/06 | **Hearing Officer's Decision Issued by the SHO** |

**Frederick E. Woods**
**Due Process Hearing Officer**

10/18/06

**Date**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Ronnell Fletcher
DOB: 10/13/89
4406 Quarles St. NE
#11
Washington DC 20019

April 09, 2007

In Reference To:  RE: Ronnell Fletcher
                 DOB: 10/13/89

Invoice #12405

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/5/2006 | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 360.00/hr | 540.00 |
| | BC | Drafted letter to parent and prepared file jacket | 0.75 115.00/hr | 86.25 |
| 6/7/2006 | CMM | Drafted letter requesting records from Spingarn SHS, Office of General, and Office of Special Education | 0.75 115.00/hr | 86.25 |
| | CMM | Drafted letter requesting records from Browne JHS, Office of General, and Office of Special Education | 0.75 115.00/hr | 86.25 |
| | CMM | Drafted letter to parent regarding records requested | 0.50 115.00/hr | 57.50 |
| | CMM | Phone call to parent to discuss case status updated | 0.25 115.00/hr | 28.75 |
| 6/19/2006 | CW | Conference with parent, via telephone, and reviewed IEP; drafted letter to Spingarn HS requesting meeting to review IEP and discuss educational placement; conference with paralegal re: letter to DCPS | 0.92 360.00/hr | 331.20 |
| 6/20/2006 | CMM | Assist attorney in sending correspondence to Spingarn SHS | 0.17 115.00/hr | 19.55 |
| 6/22/2006 | CMM | Drafted letter to parent/enclosed Atty's letter sent to Spingarn SHS requesting MDT/IEP meeting to be convene | 0.58 115.00/hr | 66.70 |

Ronnell Fletcher                                                                                          Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/3/2006 | CM | Phone call to parent (2 times) to schedule MDT meeting.  Not in.  Left messages | 0.42 185.00/hr | 77.70 |
| 7/5/2006 | CM | Phone calls to parent to schedule MDT meeting (3 times).  Not in.  Left messages. | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 5/24/06 IEP | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed school records | 0.67 185.00/hr | 123.95 |
| 7/24/2006 | CM | Phone call to parent (2) to schedule IEP meeting.  Not in.  Left messages. | 0.50 185.00/hr | 92.50 |
| 7/31/2006 | CW | Drafted letter to Spingarn High School requesting evaluations; teleconference with parent and discussed report cards for 2005-06 school year; conference with paralegal re: letter to DCPS | 0.58 360.00/hr | 208.80 |
| 8/2/2006 | CM | Phone calls to Ms. Newman (3 times) re scheduling SEP meeting | 0.58 185.00/hr | 107.30 |
| | CM | Discussion with parent re scheduling SEP meeting and discussion re case status | 0.67 185.00/hr | 123.95 |
| 8/3/2006 | CW | Conference with parent and discussed placement status for 2006-07 school year; discussed filing request for hearing | 1.38 360.00/hr | 496.80 |
| | CMM | Drafted letter to parent/enclosed copy of atty's 7-31-06 sent to Spingarn SHS requesting copies of evaluations | 0.58 115.00/hr | 66.70 |
| | CM | Reviewed file correspondence, school records and 5/24/06 IEP in preparation of IEP meeting | 0.67 185.00/hr | 123.95 |
| 8/4/2006 | CW | Conference with parent, via telephone, and discussed filing complaint; drafted and prepared request for hearing to address DCPS' failure to provide an appropriate IEP, failure to provide an appropriate educational placement, failure to evaluate, and request for compensatory education services; conference with paralegal re: filing complaint | 2.48 360.00/hr | 892.80 |
| 8/7/2006 | CMM | Assisted attorney in preparation of request for hearing | 0.25 115.00/hr | 28.75 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| 8/8/2006 | CMM | Drafted letter to parent/enclosed copy of hearing request filed 8-7-06 | 0.58 115.00/hr | 66.70 |
| | CM | Conference with parent to confirm upcoming IEP meeting | 0.33 185.00/hr | 61.05 |

Ronnell Fletcher                                                                        Page    3

| Date | | Description | Hrs/Rate | Amount |
|------|--|-------------|----------|--------|
| 8/9/2006 | CW | Reviewed request for hearing with educational advocate in preparation for IEP meeting | 0.60 360.00/hr | 216.00 |
| | CM | Conference with parent to confirm IEP meeting.  Not in.  Left message. | 0.33 185.00/hr | 61.05 |
| | CM | Record reviewed and discussion with attorney re upcoming IEP meeting | 0.50 185.00/hr | 92.50 |
| 8/10/2006 | CM | Reviewed clinical evaluation report by Vincent | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychoeducational evaluation by John | 0.50 185.00/hr | 92.50 |
| | CM | Record reviewed and discussion with attorney re outcome of IEP meeting | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed Speech / Language report by Willis | 0.50 185.00/hr | 92.50 |
| | CM | Attended MDT/IEP @ Spingarn SHS | 4.92 185.00/hr | 910.20 |
| | CM | Reviewed psychoeducational evaluation by White | 0.50 185.00/hr | 92.50 |
| | CW | Reviewed MDT meeting notes with advocate; discussed recommendation for Kennedy Institute program | 0.55 360.00/hr | 198.00 |
| 8/11/2006 | CM | Reviewed Speech / Language report by John | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychoeducational evaluation by Wynn | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychoeducational evaluation by Summers | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed 2/13/02 Vineland Assessment | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychological report by Heyman | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed psychological report by McMorris | 0.42 185.00/hr | 77.70 |
| 8/22/2006 | CM | Reviewed 8/10/06 IIEP, school records and 5/24/06 IEP | 1.00 185.00/hr | 185.00 |

Ronnell Fletcher                                                                                   Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/22/2006 | CM | Reviewed psychoeduational evaluation reports by White and Summers | 0.67<br>185.00/hr | 123.95 |
|  | CM | Reviewed school records | 0.42<br>185.00/hr | 77.70 |
|  | CM | Drafted case status report to attorney | 0.58<br>185.00/hr | 107.30 |
| 9/14/2006 | CW | Reviewed complaint, MDT meeting notes, IEP, report cards and progress reports in preparation for hearing; conference with parent and discussed need for appropriate educational placement; reviewed witness questions with parent in preparation for hearing | 2.17<br>360.00/hr | 781.20 |
| 9/19/2006 | CM | Reviewed file correspondence for case update | 0.50<br>185.00/hr | 92.50 |
| 9/25/2006 | CMM | Drafted letter to parent with hearing information | 0.58<br>115.00/hr | 66.70 |
| 9/28/2006 | CW | Reviewed request for hearing, IEP, MDT meeting notes, suspension reports, report cards; conference with parent and discussed status of hearing on 10/6; reviewed DCPS proposal for settlment with parent | 1.25<br>360.00/hr | 450.00 |
|  | CM | Prepared for Due Process Hearing; reviewed due process complaint notice, school records,8/10/06 MDT notes, psychoeducational report by White,psychoeducational report by Summers, speech and language evaluation by John, Developmental evaluation by Fisher, clinical evaluation by Vincent | 1.50<br>185.00/hr | 277.50 |
| 9/29/2006 | CW | Prepare disclosure documents for OGC and SHO in preparation for hearing; conference with paralegal re: filing disclosure documents | 2.08<br>360.00/hr | 748.80 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50<br>115.00/hr | 172.50 |
| 10/4/2006 | CW | Drafted letter to DCPS submitting amendments to proposed settlement agreement; conference with paralegal re: letter to parent; conference with parent and discussed proposed settlement agreement | 0.75<br>360.00/hr | 270.00 |
| 10/5/2006 | CW | Reviewed request for hearing, IEP, MDT meeting notes, teacher reports, report cards, and suspension reports in preparation for hearing; conference with parent and reviewed witness questions in preparation for hearing | 2.00<br>360.00/hr | 720.00 |
| 10/6/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |

Ronnell Fletcher                                                                    Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/6/2006 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Woods | 3.25 360.00/hr | 1,170.00 |
| 10/18/2006 | CW | Reviewed Hearing Officer's Determination with parent; discussed filing motion appeal of the decision | 0.78 360.00/hr | 280.80 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| 10/20/2006 | CM | Record reviewed and discussion with attorney re case status | 0.25 185.00/hr | 46.25 |
| 10/26/2006 | CMM | Review and draft letter to parent with a copy of the Hearing Officer's Determination ("HOD") issued by the Student Hearing Office on 10-18-06; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| | | For professional services rendered | 51.70 | $12,627.35 |

Additional Charges :

| | | |
|---|---|---|
| 6/5/2006 | Copied documents; intake documents | 5.50 |
| | Postage; letter to parent | 0.39 |
| | Copied documents letter | 0.50 |
| 6/7/2006 | Facsimile ltr req. rec'ds to Spingarn SHS/Browne JHS/OGC/OSE. | 12.00 |
| | Copied: records request letter for parent & adv. | 1.50 |
| | Postage; letter to parent | 0.39 |
| 6/20/2006 | Facsimile: letter to OSE & Spingard SHS. | 4.00 |
| 6/22/2006 | Postage; letter to parent re: case status. | 0.39 |
| | Copied: mtg. request letter for parent & adv. | 1.00 |
| 7/24/2006 | Facsimile Received from DCPS re: letter from Spingard SHS. | 2.00 |
| 8/1/2006 | Facsimile: letter to OSE/ Spingarn SHS. | 4.00 |
| 8/3/2006 | Postage; letter to parent re: case status. | 0.39 |
| | copied letter to parent | 0.50 |
| 8/7/2006 | Fax HR to SHO | 7.00 |
| | copied HR | 6.00 |

Ronnell Fletcher                                                                    Page    6

|  |  | Amount |
|---|---|---|
| 8/8/2006 | copied letter to parent | 0.50 |
|  | Postage; letter to parent re: HR. | 0.63 |
| 9/21/2006 | Rec'd fax from OGC; response to complaint | 4.00 |
|  | Rec'd fax from OGC; response to complaint | 4.00 |
| 9/25/2006 | Copied letter with Hearing Date Notice for parent | 0.50 |
|  | Postage; HND w/letter to parent. | 0.39 |
| 9/29/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Rec'd fax from DCPS; disclosures | 3.00 |
|  | copied disclosures to OGC/SHO/ATTY | 45.00 |
| 10/6/2006 | transportation to and from DCPS for hearing | 16.00 |
| 10/18/2006 | Rec'd fax from HOD | 10.00 |
|  | copied HOD | 10.00 |
| 10/25/2006 | Copied HOD | 7.00 |
| 10/27/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $263.46 |
|  | Total amount of this bill | $12,890.81 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.25 | 115.00 | $258.75 |
| Carolyn Monford, Advocate | 20.93 | 185.00 | $3,872.05 |
| Christopher West, Attorney | 20.29 | 360.00 | $7,304.40 |
| Clarence S. Hayes, Paralegal | 0.25 | 115.00 | $28.75 |
| Claudia M.Martinez, Paralegal | 7.07 | 115.00 | $813.05 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |

# Exhibit I



# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:  JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:  JAMES E. BROWN
   Federal Tax ID No.:  52-1500760
   D.C. Bar No.:  61622

2. **Student Information**
   Name:  Christopher Frye
   DOB:  2/28/89
   Date of Determination (HOD/SA):  7/28/06
   Parent/Guardian Name:  Denise Frye
   Parent/Guardian Address:  607 Somerset Pl., NW, WDC 20011
   Current School:  Kennedy Institute
   Home School:  Coolidge SHS

3. **Invoice Information**
   Invoice Number:  06-357
   Date Request Submitted:  8/31/06
   Date(s) Services Rendered  4/27/06 to 8/9/06
   Amount of Payment Request  $ 7,902.13

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.


_____          8/31/06
Signature                                Date

# District of Columbia Public Schools

## State Enforcement & Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | **IMPARTIAL** |
| **CHRISTOPHER FRYE**, student | ) | **DUE PROCESS HEARING** |
| Date of Birth: February 28, 1989 | ) | |
| Petitioner, | ) | **DECISION & ORDER** |
| | ) | |
| versus | ) | Request Date:   May 23, 2006 |
| | ) | Hearing Date:   July 21, 2006 |
| **The District of Columbia Public Schools,** | ) | |
| Home School: Coolidge Senior High School, | ) | Held at:  825 North Capitol Street, NE |
| Attending: the Kennedy Institute, | ) | Eighth Floor, Hearing Room 2 |
| Respondent. | ) | Washington, D.C. 20002 |
| | ) | |

| | |
|---|---|
| **Parent:** | Denise Frye |
| | 607 Somerset Place, NW |
| | Washington, D.C. 20011 |
| | |
| **Counsel for the Parent/Student:** | Roberta L. Gambale, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **District of Columbia Public Schools:** | Tiffany S. Puckett, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

# INDEX of NAMES for Christopher Frye
**Hearing Date:** July 21, 2006

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

    1. Denise Frye, mother
    2. Carrie Pecover, Seeds of Tomorrow, Inc.  *

\* Gave testimony.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

**ISSUE:    Did DCPS violate the April 21, 2006 SETTLEEMET AGREEMENT?**

## STATEMENT of the CASE, SUMMARY of the CASE and FINDINGS of FACT

On May 23, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of breach on the part of DCPS of the SETTLEMENT AGREEMENT entered into by the parties on April 21, 2006 wherein DCPS agreed to convene an MDT/Placement meeting for the student by a date certain and failed to do so. For relief, the parent requested compensatory education.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Friday, July 21, 2006, at DCPS Headquarters, 825 East Capitol Street, NE, 8th Floor, Hearing Room 2, Washington, D.C. 20002. The hearing convened as scheduled.000

By facsimile dated July 14, 2006, DCPS disclosed 15 witnesses and 1 document.

By facsimile dated July 14, 2006, the parent disclosed 8 witnesses and 24 documents.

The documents were placed into the record and are reference/footnoted herein where relevant.

Counsel for the Parent referenced the SETTLEMENT AGREEMENT, Parent Document No 6, and represented that DCPS had not convened the MDT/Placement meeting as agreed. Counsel for the Parent further represented that evaluations of the student over a year old had not been reviewed by the MDT. For relief, Counsel for the Parent requested 14 to 15 hours of compensatory education instruction to be delivered in the home in addition to the placement.

DCPS stated that the agreed upon MDT/Placement meeting had not been convened as of date but represented that an MDT/Placement meeting had been scheduled for the student for July 24, 2006 and rescheduled for August 4, 2006.

The hearing officer noted that during the April 21, 2006 proceeding, the parties stipulated that the student was then in an inappropriate placement. Here, it was noted that the student had been in the inappropriate placement for months and was in the same inappropriate placement as of date. Further noted of the April 21, 2006 proceeding was that the hearing office then declined to award compensatory education to the student because the parent was not then prepared to put on evidence.

The hearing officer directed a **Finding for the Parent: breach on the part of DCPS of the April 21, 2006 SETTLEMENT AGREEMENT in that the agreed upon MDT/ Placement meeting had not been convened as of date**, and ordered the parent forward on the issue of home tutoring.

One of the Owners/Employees of Seeds of Tomorrow, Inc., (SOT) testified to her experience and education in special education and described SOT as a program designed to deliver special education services to students, often in the home; that she was currently a Fairfax County, Virginia public school teacher in addition to being one of the owners/employees of SOT. The Owner testified that she had reviewed the student's file and evaluations, met with the parent and had scheduled a meeting with the student that she had been unable to keep. The Owner testified that SOT would be able to deliver up to two hours of tutoring per school day in the student's home and that the parent had consented to the family home as a delivery point for special education services. The Owner testified that she had designed an instructional plan for the autistic student that would include 10 to 20 hours per week of instruction on vocational skills, travel training, expressive language and specialized instruction to be delivered in the home by an instructor trained in Applied Behavior Analysis (ABA). The Owner testified that she was prepared to cooperate and coordinate with the student's current placement, albeit inappropriate, and that it was her professional opinion that the student would receive educational benefit from the tutoring.

**The hearing officer determined that the student was entitled to special education services and that he would receive educational benefit from special education services delivered in the home and/or at the current placement, albeit inappropriate.**

In consideration of the foregoing, the hearing officer made the following,

## INTERIM ORDER

1.  Beginning Monday, July 24, 2006, and according to Superintendent's Directive 530.6, DCPS will pay for not more than 10 hours of home tutoring for the student per week to be delivered by Seeds of Tomorrow, Inc., in the home or elsewhere in coordination with and in addition to the student's current placement; This award is to continue until DCPS issues a Notice of Placement for the student.

2.  Issues as to compensatory education are reserved.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _July 28, 2006_

H. St. Clair, Esq., Hearing Officer

Issued: _7/28/06_
Student Hearing Office, DCPS

2 of 2 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: July 28, 2006

TO: Roberta L. Gambale

FROM: STUDENT HEARING OFFICE

RE: Frye, Christopher

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracely A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

*State Education Agency for the District of Columbia*
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



## *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Christopher Frye**    Date of Birth: **February 28, 1989**
Address: **607 Somerset Place NW, Washington, D.C. 20011**
Home School:  **Coolidge Senior High School**
Present School of Attendance: **Kennedy Institute**

1

Is this a charter school.  No       (If yes, you must also pr  ide a copy of this
                                     notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Denise Frye**

Address (if different from the student's above): <u>same</u>

**B.**   **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq.  ( James Brown and Associates, PLLC)**

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax)  <u>(202) 742-2098</u>     (e-mail)
Rgambale@jeblaw.biz

Will attorney / legal representative attend the resolution session?  <u>X</u> Yes          ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X** DCPS

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this
process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem.</u>**

**<u>Background</u>**

Christopher Frye, DOB 2/28/89, ( hereinafter "C.F.") is an autistic student currently
attending the Kennedy Institute.  In addition to being autistic he is also mentally
retarded and has been diagnosed with Prader-Willi a genetic disorder.  C.F. has been
attending the Kennedy Institute on an interim basis for well over a year.  Kennedy
Institute has indicated that they are cannot fully meet C.F. needs, however, District of
Columbia Public Schools ("DCPS") has yet to identify a suitable alternate placement.

2

**Issues**

1.  **District of Columbia Public Schools ("DCPS") failed to comply with the Hearing Officer's Determination ("HOD") issued on or about April 25, 2006.**

On or about April 21, 2006 a Hearing Request was filed to address the fact that District of Columbia Public Schools ("DCPS") failed to conduct the annual meeting to develop a review and revise the Individualized Educational Program ("IEP") for C.F. that was developed on or about March 24, 2004. In addition, DCPS failed to provide an appropriate placement for the student.[1].

A Hearing Officer's Determination ("HOD") was issued on or about April 25, 2006 requiring DCPS to convene a meeting to "review evaluations, revise the IEP, discuss and determine placement and issue a Notice of Placement to an appropriate program" In addition, DCPS was supposed to address compensatory education the "form, amount and delivery" was to be determined at the meeting.

DCPS has failed to comply with this order and has failed to address and/or provide for this student's unique needs and he has been denied a Free and Appropriate Public Education ("FAPE"). A suitable placement has still not been located for this student. As a result the funding of a private placement and/or services would be appropriate. See: Burlington v. Dept of Educ. 472 U.S. 359, 105 S Ct. 1996. Florence County School District v. Carter 510 U.S. 7,114 S. Ct. 361.

**II. Issues presented.**

- Whether District of Columbia Public Schools ("DCPS") failed to comply with the April 26, 2006 Hearing Officer Determination ("HOD")?

- Whether C.F. has been denied a Free and Appropriate Education ("FAPE")?

**III. To the extent known to you at this time, how can this problem be resolved?**

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1.  A finding that DCPS denied C.F. FAPE by failing to revise his IEP and/or provide an appropriate change of placement;

2.  That DCPS shall identify a suitable placement for C.F. and/or place the fund the private placement of the student with transportation and/or,

---

[1] parent and current educational placement are in agreement that C.F. requires a placement that can provide , among other things, Applied Behavior Analysis programming. The director of the program at Kennedy has expressed concerns that a new placement be locate C.F. but to date DCPS has yet to respond to the parent and/or program's request. A new placement has yet to be identified

3

3.  DCPS shall conve. a placement meeting within 10 calen. days and issue a Notice of Placement to a suitable program with parent participation within 20 calendar days ;

4.  That DCPS shall convene an MDT meeting within ten (10) calendars days for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education;

5.  That DCPS shall fund private tutoring and/or related services for C.F.;

6.  That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

7.  That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

8.  All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

12. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team

4

considered and the reasons why those options were rejected; iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

5

20. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

- N/A

Dated this 23rd Day of May, 2006

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO              4527
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              05/23 15:02
TIME USE              00'54
PAGES SENT            7
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*

-----------------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:  Ms. Sharon Newsome – DCPS Student Hearing Coordinator

FROM: Roberta L. Gambale, Esq.

DATE:  5/23/06

FAX NO: 442-5556

SUBJECT:  Due Process Hearing Request for Christopher Frye, DOB: 2/28/89

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

<table>
<tr><td>James E. Brown<br>Domiento C.R. Hill<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West</td><td>Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098<br>e-mail: Admin@Jeblaw.biz</td><td>Juan J. Fernandez!<br>Tilman L. Gerald<br>John A. Straus<br>Ann Kreske*</td></tr>
</table>

-----------------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:  Ms. Sharon Newsome – DCPS Student Hearing Coordinator

FROM: Roberta L. Gambale, Esq.

DATE:   5/23/06

FAX NO: 442-5556

SUBJECT:  Due Process Hearing Request for Christopher Frye, DOB: 2/28/89

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

## STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ *Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8); Supervision by Miguel Hull and Christopher West, Members of the D.C. Bar.*

* *Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.*

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Christopher Frye

May 04, 2007

In Reference To:    Christopher F
Invoice #10009

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/27/2006 | YA | tickled compliance deadline in calendar | 0.17 115.00/hr | 19.55 |
| | YA | Drafted letter to parent regarding detailed Hearing Officer's Determination | 0.58 115.00/hr | 66.70 |
| 4/28/2006 | RB | Reviewed HOD; tickled calendar | 0.17 185.00/hr | 31.45 |
| 5/1/2006 | RB | Researched nonpublic programs including St. John's Community Services, DC | 0.33 185.00/hr | 61.05 |
| | RB | Copied packet of evaluations and progress reports; drafted letter; posted packet for St. John's CS DC | 1.50 185.00/hr | 277.50 |
| | RB | Memo to attorney re nonpublic program referral | 0.08 185.00/hr | 14.80 |
| 5/15/2006 | YA | Drafted letter to parent regarding the placement | 0.58 115.00/hr | 66.70 |
| | RB | Phone call from parent re making contact with a nonpublic school that is moving its program to Coolidge HS | 0.25 185.00/hr | 46.25 |
| 5/16/2006 | RB | Memo to attorney re parent's report | 0.17 185.00/hr | 31.45 |
| 5/23/2006 | YA | Assisted attorney in preparation of request for hearing of the hearing request | 0.17 115.00/hr | 19.55 |

Christopher Frye                                                                     Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/23/2006 | RG | Prepared and file due process hearing request to DCPS | 2.00 360.00/hr | 720.00 |
|  | RB | Phone call from parent re meeteing deadline and letter from paralegal | 0.17 185.00/hr | 31.45 |
|  | RB | Memo to attorney re parent's communication | 0.08 185.00/hr | 14.80 |
| 5/25/2006 | YA | Tickled Resolution meeting in calendar | 0.17 115.00/hr | 19.55 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
|  | YA | Drafted letter to parent regarding the Hearing Request | 0.58 115.00/hr | 66.70 |
| 5/26/2006 | YA | Filed back disclosure documents | 1.00 115.00/hr | 115.00 |
|  | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| 5/30/2006 | RB | Reviewed hearing request | 0.08 185.00/hr | 14.80 |
| 6/5/2006 | RG | Discussion with Seeds for Tommorow re possible services for CF and instructions to YA re: packet to send | 0.25 360.00/hr | 90.00 |
|  | YA | Assisted attorney with referral to Seeds Inc; | 0.42 115.00/hr | 48.30 |
| 6/6/2006 | RB | Memo from and attorney re resolution session outcome | 0.08 185.00/hr | 14.80 |
|  | RG | Reviewed HR and case status; discussion with parent | 0.50 360.00/hr | 180.00 |
|  | RG | Appearance to 825 North Capital for dispute resolution session | 1.50 360.00/hr | 540.00 |
|  | RG | Drafted letter to mom | 0.33 360.00/hr | 118.80 |
| 6/26/2006 | YA | Drafted letter to parent regarding the hearing date | 0.58 115.00/hr | 66.70 |

Christopher Frye                                                                                     Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/3/2006 YA | Draft letter to Seeds of Tomorrow regarding the hearing | | 0.42<br>115.00/hr | 48.30 |
| 7/12/2006 CH | Draft letter to letter to school confirming meeting | | 0.42<br>185.00/hr | 77.70 |
| 7/13/2006 RG | Conference with parent; | | 0.33<br>360.00/hr | 118.80 |
| RG | Discussion with school and parent and follow up with advocate | | 0.42<br>360.00/hr | 151.20 |
| 7/14/2006 CH | Phone call to mom to inform of meeting | | 0.08<br>185.00/hr | 14.80 |
| RG | Prepare disclosure to DCPS | | 2.00<br>360.00/hr | 720.00 |
| YA | Assist attorney prepare disclosure to DCPS, office of general counsel and student hearing office and tab disclosure for hearing officer | | 2.00<br>115.00/hr | 230.00 |
| 7/17/2006 YA | Research educational needs for referral for St. Johns for placement | | 0.33<br>115.00/hr | 37.95 |
| RG | Discussion with St Johns' Ms. Roberts; instructions to paralegal re: documents to send | | 0.33<br>360.00/hr | 118.80 |
| YA | Prepared and sent placement package. | | 1.00<br>115.00/hr | 115.00 |
| 7/18/2006 RG | Discussion with Ms. Roberts at St. Johns | | 0.25<br>360.00/hr | 90.00 |
| CH | Phone call to reschedule meeting | | 0.08<br>185.00/hr | 14.80 |
| CH | review 5 day disclosure | | 0.50<br>185.00/hr | 92.50 |
| 7/19/2006 CH | Reviewed five day disclosure | | 0.75<br>185.00/hr | 138.75 |
| 7/20/2006 RG | Prepared for Due Process Hearing | | 1.50<br>360.00/hr | 540.00 |
| RG | Pre-hearing conference with SEEDS | | 0.33<br>360.00/hr | 118.80 |

Christopher Frye                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/21/2006 | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conference with parent and team | 2.00 360.00/hr | 720.00 |
| | RG | Prepared for Due Process Hearing | 1.50 360.00/hr | 540.00 |
| | CSH | Obtained case report for the parent | 0.25 115.00/hr | 28.75 |
| 7/28/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| 7/31/2006 | RG | Reviewed HOD | 0.33 360.00/hr | 118.80 |
| 8/1/2006 | YA | Drafted letter to parent in detailed regarding the Hearing Officer's Determination | 0.58 115.00/hr | 66.70 |
| 8/4/2006 | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| | YA | Phone call to Seeds of Tomorrow regarding the IEP Meeting | 0.17 115.00/hr | 19.55 |
| | CH | Phone call from Eastern regarding mtg | 0.08 185.00/hr | 14.80 |
| 8/7/2006 | CH | Draft letter to school confirming meeting | 0.50 185.00/hr | 92.50 |
| 8/8/2006 | CSH | Filing for parent | 0.08 115.00/hr | 9.20 |
| | | For professional services rendered | 29.54 | $7,501.55 |

Additional Charges :

| | | |
|---|---|---|
| 4/27/2006 | Copied ltr re: HOD for parent. | 0.25 |
| | Copied: HOD letter for parent, adv, file & atty. | 5.00 |
| 4/28/2006 | Postage; letter to parent re: HOD. | 0.39 |
| 5/1/2006 | Postage; letter to parent. | 4.05 |
| 5/15/2006 | Postage; letter to parent re: placement. | 0.39 |
| | Copied ltr re: placement for parent. | 0.25 |

Christopher Frye                                                      Page     5

|  |  | Amount |
|---|---|---|
| 5/15/2006 | Copied response for placement for parent. | 0.50 |
| 5/23/2006 | Facsimile HR to SHO | 7.00 |
|  | Copied documents; HR | 6.00 |
|  | Copied: HR for parent & adv. | 3.50 |
| 5/24/2006 | Facsimile Received from DCPS re: sch. memo. | 3.00 |
| 5/25/2006 | Facsimile Received from DCPS re: corrected sch. memo. | 3.00 |
|  | Copied ltr re: HR for parent. | 0.25 |
|  | Facsimile Received from DCPS re: sche. memo. | 3.00 |
| 5/26/2006 | Postage; letter to parent re: HR. | 0.63 |
| 6/5/2006 | Copied: referral to SEEDS. | 22.25 |
| 6/6/2006 | Postage; letter to parent. | 0.87 |
| 6/26/2006 | Copied: HDN letter for parent. | 0.50 |
| 6/27/2006 | Postage; letter to parent re: HDN. | 0.39 |
| 7/3/2006 | Facsimile: referral to SEEDS. | 2.00 |
| 7/14/2006 | Copied: disclosure for DCPS. | 103.50 |
|  | Facsimile: referral to St. Jones. | 7.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/21/2006 | Facsimile Received from SHO re: HN | 1.00 |
|  | Sedan taxi service to and from  DCPS for hearing | 16.00 |
| 7/28/2006 | Facsimile Received from DCPS; HOD | 5.00 |
|  | Copied documents; HOD | 5.00 |
| 8/1/2006 | Postage; letter to parent re: HOD. | 0.63 |
|  | Facsimile: HOD to SEEDS. | 6.00 |
|  | Copied: HOD for parent. | 0.25 |

Christopher Frye                                                                    Page    6

|                                                              | Amount |
|--------------------------------------------------------------|--------|
| 8/9/2006 File review preparation of bill and invoice audit   | 96.88  |
| Total additional charges                                     | $324.48 |
| Total amount of this bill                                    | $7,826.03 |

## User Summary

| Name                          | Hours | Rate   | Amount     |
|-------------------------------|-------|--------|------------|
| Clarence S. Hayes, Paralegal  | 0.33  | 115.00 | $37.95     |
| Corey Hamilton, Advocate      | 2.41  | 185.00 | $445.85    |
| James E. Brown, Attorney      | 0.91  | 385.00 | $350.35    |
| Roberta Gambale, Attorney     | 14.23 | 360.00 | $5,122.80  |
| Robin Boucher, Advocate       | 2.91  | 185.00 | $538.35    |
| Yamileth Amaya, Paralegal     | 8.75  | 115.00 | $1,006.25  |

# Exhibit J



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:  **James E. Brown & Assoc., PLLC**
    Attorney:  James E. Brown
    Federal Tax ID No:  52-1500760
    D.C. Bar No:  61622

2.  Student Information
    Name:  **William Gass**
    DOB:  03/02/93
    Date Hearing Request Filed:  07/14/06
    Date(s) of Hearing:  09/20/06
    Date of Determination (HOD/SA):  10/02/06
    Parent/Guardian Name:  ~~Connie Barnes~~ Connie Barnes
    Parent/Guardian Address:  46 T St., NW
    Washington DC 20001

3.  Invoice Information
    Invoice Number:  06-465
    Date Request Submitted:  10/13/06
    Date(s) of Services Rendered:  05/23/06 to 09/20/06
    Attorney Hourly Rate:  $ 365.00
    Total Attorney Fees:  $ 4,133.55
    Total Attorney Costs:  $ 332.30
    Total Experts:  $ 3,128.35
    Total Invoice:  $ 7,594.20

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          10/13/06
    Signature                                  Date

    *Revised Nov 2004*



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student:   William Gass   Date of Birth: March 2, 1993

Address: 46 T Street, NW, Washington, DC 20001

Present School of Attendance:    Garnett Patterson Elementary School

Is this a charter school? ___No___    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Connie Barnes___

## B.    Legal Representative/Attorney (if applicable):

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐Non-public    school    or    residential    treatment    facility    (name)

☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing _only_ at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1. DCPS Failed to Timely Comply with the Parent's Request for an Independent Clinical Psychological Evaluations Made Pursuant to 34 C.F.R. Individuals with Disabilities Education Improvement Act. According to Proposed Regulation 34 C.F.R. Sec. 300.502 of the Individuals with Disabilities Education Improvement Act (2004), a parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency, subject to the conditions in paragraphs (b)(2) through (4) of this section. If a parent requests an independent educational evaluation at public expense, the public agency must, without unnecessary delay, either file a due process hearing to show that its evaluation is appropriate or ensure that an independent educational evaluation is provided at public expense . . . . ." In the instant matter, it is clear, DCPS has failed to do this.

Here, a clinical psychological evaluation was conducted on the student on or about March 20th, 2006. See Clinical Psychological Evaluation dated March 28th, 2006. The parent, by and through counsel, after a review of the clinical psychological evaluation, on or about May 5th, 2006, wrote to DCPS requesting an independent clinical psychological evaluation because she disagreed with the findings of said evaluation. See Correspondence dated May 5th, 2006. DCPS never responded.

DCPS, according to the IDEIA is to, without unnecessary delay, either fund the parent's independent evaluation or file an administrative due process hearing complaint. DCPS, to date, has done neither. As of today, DCPS has yet to agree to fund the parent's independent assessment or file a due process hearing complaint.

2. Failure to Comply with Proposed Regulation 34 C.F.R. § 300.503 of the Individuals with Disabilities Education Improvement Act. According to 34 C.F.R. § 300.503 of the Individuals with Disabilities Education Improvement Act, DCPS, as the local education agency, is required to provide written notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the agency proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child, or (1) refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child. In the instant matter it is clear DCPS has failed to comply with this statute.

Here, the parent, by and through counsel, on or about May 5th, 2006, made a written request to DCPS for the student to have an independent clinical psychological evaluation. See Correspondence dated May 5th, 2006. To date, DCPS has yet to file a Prior Written Notice in the matter regarding the parent's request.

## II. Issues presented.

1. Whether or Not DCPS Failed to Comply with the parent's request for an independent clinical psychological evaluation made pursuant to 34 C.F.R. Sec. 300.502 of the IDEIA; and

2. Whether or Not DCPS Failed to Comply with 34 C.F.R. Sec. 300.503 of the IDEIA and issues a Prior Written Notice regarding the parent's request for an independent clinical psychological evaluation.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Failed to Comply with the parent's request for an independent clinical psychological evaluation made pursuant to 34 C.F.R. Sec.

300.502 of the IDEIA;

2.  A finding that DCPS Failed to Comply with 34 C.F.R. Sec. 300.503 of the IDEIA and issues a Prior Written Notice regarding the parent's request for independent clinical psychological evaluation;

3.  DCPS, agrees to fund the student's independent clinical psychological evaluation, and all other recommended assessments for the student;

4.  DCPS, within ten (10) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

5.  If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

6.  DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, for four (4) hours a week, for one year.

7.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP

Team that shall be present at the Resolution Session Meeting for the student and at a minimum these persons should include the DCPS school psychologist who conducted the psycho-educational evaluation on the student and the student's previous and current regular education and special education teacher;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.  <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  ~~Signature~~:

_Legal Representative / Advocate (if applicable)_          7/14/06
                                                           Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

(In the Matter of WG   DOB: 3/12/93   HOD: September 29, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of William Gass | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: March 2, 1993 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner (Student), | ) | Hearing Date: September 20, 2006 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Garnett Patterson | ) | |
| Respondent. | ) | |

Hearing Participants:
Counsel for Student:

> Domiento C.R. Hill, Esq.
> 1220 L Street NW #700
> Washington DC 20002

Counsel for DCPS:

> Quinne Harris Lindsey, Esq.
> Office of General Counsel
> 825 North Capitol St. NE
> Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on September 20, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed August 14, 2006.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

(In the Matter of WG   DOB: 3/12/93   HOD: September 29, 2006)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall fund and the parent shall obtain an independent clinical psychological evaluation consistent with the Superintendent's cost guidelines.[1]
2. DCPS shall, within fifteen (15) school days of its receipt of the above listed independent evaluation, reconvene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluation and review and revise the student's IEP as appropriate.
3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: September 29, 2006**          Issued: __10/2/06__

---

[1] Superintendent Directive 530.6 dated March 20, 2002.

(In the Matter of WG   DOB: 3/12/93   HOD: September 29, 2006)

## In the MATTER of William Gass V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| WG 1-12 | Parent's Disclosures | Yes |
| DCPS 1-5 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

3

(In the Matter of WG    DOB: 3/12/93   HOD: September 29, 2006)

## In the MATTER OF William Gass V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 8/14/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 9/15/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4

(In the Matter of WG   DOB: 3/12/93   HOD: September 29, 2006)

# INDEX OF NAMES

## In the MATTER OF William Gass V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. |
| Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: October 2, 2006

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Gass, William

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
William Gass




May 04, 2007

In Reference To:    William Ga
Invoice #10009


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/23/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>385.00/hr | 127.05 |
| 5/25/2006 | KD | Drafted letter to parent/enclosed copy of 5-23-06 HOD/copy to advc and file/added to case notes | 0.58<br>115.00/hr | 66.70 |
| 6/14/2006 | DH | Draft and send letter to Meridian Public Charter School and DCPS regarding the student's MDT/IEP Meeting. | 0.17<br>235.00/hr | 39.95 |
| | WB | Drafted letter to parent w/ copy of correspondence sent to Marvin Crawford, Special Education Coordinator, Garnet-Patterson MS on 6/14/06 enclosed | 0.58<br>115.00/hr | 66.70 |
| 7/14/2006 | DH | Review the student's educational file to determine DCPS' compliance with the parent's request for an independent educational evaluation, discussion with the parent, conduct educational research, draft and file administrative due process complaint notice. | 1.75<br>235.00/hr | 411.25 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58<br>385.00/hr | 223.30 |
| 7/18/2006 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.17<br>235.00/hr | 39.95 |
| 7/27/2006 | CMM | Reviewed and drafted letter to parent/enclosed copy of hearing request filed 7-14-06 | 0.75<br>115.00/hr | 86.25 |
| 7/28/2006 | CMM | Drafted letter to parent/enclosed atty's 7-18-06 letter sent to Special Education Coordinator at Garnett Patterson rqt MDT/IEP additional dates | 0.58<br>115.00/hr | 66.70 |

William Gass                                                                      Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/28/2006 | KC | Draft letter to Ms. Taylor (Garnet-Patterson Spec. Ed. Coord.) re: advised Ms. Taylor to propose alternative meeting dates for resolution meeting or to confirm with Mr. Hill. Faxed and filed letter. | 0.75 185.00/hr | 138.75 |
| 8/1/2006 | DD | Reviewed the student's file for upcoming meeting. | 2.00 185.00/hr | 370.00 |
|  | DD | Attended MDT/IEP @school | 2.00 185.00/hr | 370.00 |
| 8/3/2006 | WB | Drafted letter to parent w/ copy of correspondence sent on 8/2/06 to Ms. C. Taylor, Special Education Coordinator, Garnett-Patterson MS enclosed | 0.58 115.00/hr | 66.70 |
| 8/9/2006 | KC | Attended MDT/IEP/Resolution Meeting @ Garnett-Patterson JHS. Resolution issues unresolved. Parent and advocate want independent clinical done & DCPS refuses. During MDT/IEP portion of meeting, a comprehensive psycho-educational assessment, an FBA and a BIP were reviewed and discussed.  Student's special ed. services were discontinued to the objections of parent and advocate. | 2.50 185.00/hr | 462.50 |
| 8/10/2006 | CMM | Drafted letter to parent/enclosed upcoming hearing information | 0.58 115.00/hr | 66.70 |
|  | CMM | Phone call to parent to notify and confirm hearing attendance | 0.17 115.00/hr | 19.55 |
| 8/23/2006 | KD | Drafted letter to parent/enclosed copy of Atty's HN/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|  | KC | Reviewed administrative complaint for next week's resolution meeting. | 0.50 185.00/hr | 92.50 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 8-22-06 Ltr to Patterson MS accptng Res Mtng date/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|  | KD | Drafted letter to parent/enclosed copy of Atty's 8-10-06 Stay Put Notice to DCPS/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 8/28/2006 | KC | Phone call to Ms. Connie Barnes re; prep for resolution meeting and MDT/IEP meeting at Garnet Patterson. | 0.08 185.00/hr | 14.80 |
|  | KC | Reviewed client file in preparation for resolution meeting and MDT/IEP meeting. | 1.00 185.00/hr | 185.00 |
|  | KC | Appearance at Garnet Patterson Ed. Center for a resolution meeting. | 1.25 185.00/hr | 231.25 |

William Gass                                                                                                Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/28/2006 | KC | Attended MDT/IEP @ Garnett Patterson EC | 3.50 185.00/hr | 647.50 |
| 8/29/2006 | DD | Reviewed the students file and HOD date offered | 0.50 185.00/hr | 92.50 |
| 8/30/2006 | DD | Reviewed the student file and stay put filed by atty | 0.83 185.00/hr | 153.55 |
| 9/6/2006 | CSH | Filing for parent | 0.08 115.00/hr | 9.20 |
| 9/13/2006 | DH | Review the student's educational file, prepare five day disclosures for the student's upcoming administrative due process hearing. | 1.00 235.00/hr | 235.00 |
|  | KD | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.42 115.00/hr | 163.30 |
| 9/19/2006 | DH | Conduct review of the parent's and DCPS' five-day disclosures, prepare questions for direct examination of parent witnesses, and possible cross examination of DCPS witnesses, prepare opening and closing statements, conduct educational research regarding the parent's right to an independent evaluation, discussion with the parent and educational advocate regarding their testimony at the hearing. | 2.17 235.00/hr | 509.95 |
| 9/20/2006 | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | CSH | Filing for parent | 0.08 115.00/hr | 9.20 |
|  | DH | Conduct final review of the parent's and DCPS' five-day disclosures, review questions for direct examination of parent witnesses, and possible cross examination of DCPS witnesses, review opening and closing statements, conduct last minute educational research, and appearance at the student's administrative due process complaint notice hearing. | 3.00 235.00/hr | 705.00 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered |  | 32.74 | $6,185.70 |

Additional Charges :

| 5/23/2006 | Facsimile Received from DCPS re: HOD from SHO. | 6.00 |
|---|---|---|
| 5/24/2006 | Facsimile Received from DCPS re: detention referral. | 3.00 |

William Gass                                                                Page    4

|  |  | Amount |
|---|---|---|
| 5/25/2006 | Postage; letter to parent re: HOD. | 0.63 |
|  | Copied 5-23-06 HOD with CVR ltr for parent/Adv. | 3.50 |
| 6/14/2006 | Postage; letter to parent. | 0.39 |
|  | copied letter to parent | 0.50 |
| 6/30/2006 | Facsimile: HR to SHO. | 8.00 |
| 7/12/2006 | Messenger Service to and from DCPS (Memorandum of Points) | 20.00 |
| 7/14/2006 | copied hearing complaint notice | 7.00 |
|  | Facsimile: HR to SHO. | 7.00 |
| 7/24/2006 | Facsimile Received from DCPS re: notice from Tri-School. | 2.00 |
| 7/27/2006 | Facsimile Received from OGC re: resp. to compl | 4.00 |
|  | Postage; letter to parent re: HR. | 0.63 |
|  | Copied: HR for parent. | 1.75 |
|  | copied letter to parent | 0.50 |
| 7/28/2006 | Postage; letter to parent re: case status. | 0.63 |
| 8/3/2006 | Postage; letter to parent | 0.39 |
|  | copied letter to parent | 0.50 |
| 8/10/2006 | Facsimile: stay put letter to OMC, OSE, OGC & Garnett Patterson. | 12.00 |
|  | Postage; letter to parent re: HDN. | 0.39 |
|  | copied letter to parent | 0.50 |
| 8/23/2006 | Made Photocopies for parent re: atty ltr to DCPS re stay put | 1.75 |
|  | Made Photocopies for parent re: HN + cur ltr | 0.50 |
|  | Made Photocopies for adv re: HN + cur ltr | 0.50 |
|  | Made Photocopies for adv re: atty ltr to Patterson re meeting date | 1.25 |
|  | Made Photocopies for parent re: atty ltr to Patterson re meeting date | 1.25 |

William Gass                                                                    Page     5

|  |  | Amount |
|---|---|---:|
| 8/23/2006 | Made Photocopies for adv re: atty ltr to DCPS re stay put | 1.75 |
| 8/24/2006 | Facsimile Received from OGC re: disclosures | 44.00 |
| 8/30/2006 | Copied documents for atty/file re: IEP | 3.50 |
| 8/31/2006 | Postage; letter to parent. | 1.11 |
|  | Copied documents for parent re: IEP | 6.00 |
|  | Copied documents for atty re: letter | 0.50 |
| 9/13/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 30.00 |
| 9/14/2006 | Facsimile Received from DCPS re: disclosures | 44.00 |
| 9/20/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $332.30 |
|  | Total amount of this bill | $6,518.00 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Clarence S. Hayes, Paralegal | 0.16 | 115.00 | $18.40 |
| Claudia M.Martinez, Paralegal | 2.08 | 115.00 | $239.20 |
| Domiento Hill, Attorney | 8.26 | 235.00 | $1,941.10 |
| Donte Davis, Advocate | 5.33 | 185.00 | $986.05 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |
| Kelly Dau, Paralegal | 3.26 | 115.00 | $374.90 |
| Kevin Carter, Advocate | 11.58 | 185.00 | $2,142.30 |
| Williams Bautista, Paralegal | 1.16 | 115.00 | $133.40 |

# Exhibit K



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                           James E. Brown & Assoc., PLLC
    Attorney:                           James E. Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  Student Information
    Name:                               Jeremi Glover
    DOB:                                06/18/98
    Date Hearing Request Filed:         06/06/06
    Date(s) of Hearing:                 08/08/06
    Date of Determination (HOD/SA)      08/09/06
    Parent/Guardian Name:               Jerome & Kia Glover
    Parent/Guardian Address:            1215 33rd Pl, SE
                                        Washington DC 20019

3.  Invoice Information
    Invoice Number:                     06-466
    Date Request Submitted:             10/13/06
    Date(s) of Services Rendered:       12/07/05 to 08/10/06
    Attorney Hourly Rate:               $   365.00
    Total Attorney Fees:                $4,428.15
    Total Attorney Costs:               $   211.16
    Total Experts:                      $4,654.60
    Total Invoice:                      $9,293.91

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.


    _____                    10/13/06
    Signature                                     Date

                                                            Revised Nov 2004

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: Jeremi Glover          Date of Birth: June 18, 1998

Address: 1215 33rd Place, S.E., Washington, DC 20019

Home School:    Kimball Elementary School

Present School of Attendance: Davis Elementary School

Is this a charter school? No

Parent/Guardian of the Student: Jerome and Kia Glover

Address (if different from the student's above): 1215 33rd Place, S.E., Washington, DC 20019

## B.    Legal Representative/Attorney (if applicable):

Name: _____John Straus, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II). Pursuant to the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101, § 614(d)(4)(A)(i)(II), DCPS "shall ensure that...the IEP team revises the IEP as appropriate..."

2

2. The student is a student with a disability under the Individuals with Disabilities Education Improvement Act. *See* Individualized Education Program (IEP), dated December 14, 2005.

3. On May 1, 2006, the parent's advocate requested on behalf of the parent that the IEP team convene to review the student Individualized Education Program and his new placement. *See* correspondence, dated May 1, 2006. There is nothing in the record that indicates the IEP team convened.

## II. Issue presented.

Whether DCPS failed to convene an IEP team meeting upon the parent's request.

## III.    Relief Sought.

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to convene an IEP team meeting upon the parent's request.

2. DCPS shall convene an IEP Meeting, to review and review and revise the IEP.

3. *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services the student has missed due to DCPS' failure to evaluate the student in a timely manner until the student's academic performance is commensurate with his grade level.

4. If DCPS  fails to commence the tutoring within thirty (30) calendar days of the development of the student's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS ' expense.

5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS and invited participation, and unilateral placement in an interim school or educational program until such time the DCPS and can come into compliance and properly assess, program and/or participate.

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living.

3

9.      DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

10.     DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

11.     DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS and  proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

12.     In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

13.     DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

14.     DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and  to make such argument at any later date and time.

15.     DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

16.     DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) and any service providers for the student.

4

17.    DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent;

18.    D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

19.    Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

20.    The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    <u>Signature</u>:

_John Stow_____    June 6, 2006
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT: Jeremi Glover**        **DATE OF BIRTH: 6/18/98**

**ADDRESS: 1215 33rd Place, S.E.**
**Washington, D.C.**

**PRESENT SCHOOL ATTENDING: Davis E.S.**
**HOME SCHOOL:  Same**

**DATE OF HEARING: August 3, 2006**



**Student's Representative: John Straus, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C.**
**FAX: 202-742-2097**

**School System's Representative: Tiffany Puckett, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on August 8, 2006, at the request of John Straus, counsel for the parent and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**DISPOSITION OF THE CASE:**

DCPS agrees to convene an MDT meeting before the start of the new school year to address the parent's concerns. An MDT meeting was convened on June 6th 2006 but was cancelled because of the absence of the special education teacher. Because there is amble time to convene an MDT meeting before the start of the new school year, there is no denial of any educational benefit to the student at the present time because of summer recess.

It is hereby **ORDERED** that:

1. **DCPS agrees to convene an MDT meeting by August 24th 2006 to review and revise the student's IEP and discuss any parent's concerns.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: August 9, 2006

Date Issued: 8/9/06

2

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: August 10, 2006

TO:  John Straus

FROM:  STUDENT HEARING OFFICE

RE:  Glover, Jeremi


TOTAL NUMBER OF PAGES, INCLUDING COVER: 3


COMMENTS:


**CONFIDENTIALITY NTOICE:** The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Jeremi Glover




April 20, 2007
In Reference To:    Jeremi Glover

Invoice # 10000


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/7/2005 | JS | Phone call to parent regarding clinical and meeting | 0.33<br>235.00/hr | 77.55 |
| 12/13/2005 | WD | Reviewed file and prepared for MDT meeting. | 0.83<br>185.00/hr | 153.55 |
| 12/14/2005 | WD | Attended MDT/IEP @ Shaed E.S. | 4.00<br>185.00/hr | 740.00 |
| 12/15/2005 | JS | Discussion with Boucher and Daywalt | 0.25<br>235.00/hr | 58.75 |
|  | WD | Reviewed MDT notes.  Sent letter to DCPS requesting assessments and confirming date for MDT.  Phone call to father discussing events of meeting. | 1.25<br>185.00/hr | 231.25 |
|  | WD | Discussion with Dr. Boucher and Attorney Straus regarding meeting outcomes. | 0.25<br>185.00/hr | 46.25 |
|  | RB | Discussion with attorney Straus and advocate Daywalt: IEP for classification | 0.25<br>185.00/hr | 46.25 |
| 12/29/2005 | JS | Conference with parent | 1.75<br>235.00/hr | 411.25 |
| 1/6/2006 | WD | Draft letter to DCPS, faxed. | 0.75<br>185.00/hr | 138.75 |

Jeremi Glover                                                                                      Page      2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/12/2006 | JS | Phone call to parent regarding doctor's appointment | 0.33 235.00/hr | 77.55 |
| 1/18/2006 | WD | Phone call from Ms. Pottinger discussing meeting dates.  Left message with parent. | 0.33 185.00/hr | 61.05 |
| 1/19/2006 | JS | Phone call from parent regarding status | 0.33 235.00/hr | 77.55 |
| 1/25/2006 | WD | Reviewed file and prepared for MDT meeting. | 0.67 185.00/hr | 123.95 |
| 1/26/2006 | WD | Attended MDT/IEP @ Shaed ES.  Postponed upon arrival.  Visited St. John with parent. | 2.50 185.00/hr | 462.50 |
| 1/30/2006 | WD | Draft letter to DCPS, faxed. | 0.75 185.00/hr | 138.75 |
| 2/6/2006 | WD | Reviewed file prior to meeting.  Reviewed progress reports faxed by DCPS. | 0.75 185.00/hr | 138.75 |
| 2/7/2006 | WD | Attended MDT/IEP @ Shaed ES | 3.50 185.00/hr | 647.50 |
| 3/17/2006 | WD | Reviewed file and prepared for MDT meeting. | 0.75 185.00/hr | 138.75 |
| 3/20/2006 | WD | Attended MDT/IEP @ Shaed ES. | 3.50 185.00/hr | 647.50 |
| 4/25/2006 | JS | Phone call to parent regarding implementation | 0.50 235.00/hr | 117.50 |
| 5/1/2006 | WD | Phone call to parent discussing concerns regarding current placement. Drafted letter and faxed to DCPS. | 0.75 185.00/hr | 138.75 |
| 5/2/2006 | WD | Phone call from school discussing meeting dates.  Called parent and confirmed date.  Received Letter of Invitation.  Filed. | 0.75 185.00/hr | 138.75 |
| 5/3/2006 | DP | Drafted letter to parent regarding MDT meting scheduled with DCPS. | 0.58 115.00/hr | 66.70 |
|  | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 5/5/2006 | WD | Phone call to parent discussing placement and meeting date. | 0.33 185.00/hr | 61.05 |
| 5/9/2006 | WD | Phone call from Ms. Williams.  Discussed new meeting dates. | 0.25 185.00/hr | 46.25 |

Jeremi Glover                                                                                          Page        3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/5/2006 | WD | Reviewed file and prepared for meeting. | 1.00 185.00/hr | 185.00 |
| 6/6/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.58 385.00/hr | 223.30 |
|  | JS | Reviewed student's file and conducted research; discussion with parent and advocate; prepared and file due process hearing request to DCPS regarding DCPS' failure to convene a meeting | 2.00 235.00/hr | 470.00 |
|  | JS | Phone call to parent regarding hearing request | 0.33 235.00/hr | 77.55 |
|  | WD | Attended MDT/IEP @ Davis ES | 2.00 185.00/hr | 370.00 |
| 7/18/2006 | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
|  | DP | Drafted letter to parent regarding due process hearing scheduled by the DCPS student hearing office. | 0.75 115.00/hr | 86.25 |
| 8/1/2006 | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retrieved documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 2.00 115.00/hr | 230.00 |
|  | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 235.00/hr | 352.50 |
| 8/7/2006 | JS | Phone call to parent regarding hearing | 0.33 235.00/hr | 77.55 |
|  | DP | Conduct review of the student's parent's and DCPS 5 daay disclosure and prepared for due process hearing | 2.00 115.00/hr | 230.00 |
| 8/8/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 1.50 235.00/hr | 352.50 |
| 8/10/2006 | DP | Drafted letter to parent re: HOD | 0.58 115.00/hr | 66.70 |
|  | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |

Jeremi Glover                                                                    Page     4

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 41.29 | $7,872.45 |
| | Additional Charges : | | |
| 12/15/2005 | Facsimile req. to Shaed ES. | | 8.00 |
| 1/19/2006 | Facsimile: letter to SHO and OGC. | | 4.00 |
| | Facsimile Received from DCPS re: letter. | | 3.00 |
| 1/20/2006 | Facsimile Received from DCPS re: interim order. | | 2.00 |
| 2/7/2006 | Facsimile Received from DCPS re: disclosure. | | 11.00 |
| 3/21/2006 | Received fax from OGC - response to complaint | | 4.00 |
| 5/1/2006 | Facsimile meeting req to DCPS-Davis ES. | | 2.00 |
| 6/6/2006 | Facsimile: HR to SHO. | | 6.00 |
| | copied hearing complaint notice | | 5.00 |
| 6/8/2006 | Facsimile Received from DCPS re: scheduling memo from complaint intake unit. | | 3.00 |
| 7/18/2006 | Copied letter to parent | | 0.50 |
| | Postage; letter to parent re: Hearing notice. | | 0.39 |
| 8/1/2006 | Copied: disclosure for DCPS. | | 22.50 |
| | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| 8/8/2006 | Sedan taxi service to and from  DCPS for hearing | | 16.00 |
| 8/10/2006 | Facsimile Received from SHO re: HOD | | 3.00 |
| | File review preparation of bill and invoice audit | | 96.88 |
| | Copied HOD | | 3.00 |
| | Copied letter to parent | | 0.50 |
| | Postage; letter to parent | | 0.39 |
| | Total costs | | $211.16 |
| | Total amount of this bill | | $8,083.61 |

# Exhibit L



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:  James E. Brown & Assoc., PLLC
    Attorney:  James E. Brown
    Federal Tax ID No:  52-1500760
    D.C. Bar No:  61622

2.  **Student Information**
    Name:  Jeremi Glover
    DOB:  06/18/98
    Date Hearing Request Filed:  07/03/06
    Date(s) of Hearing:  09/07/06
    Date of Determination (HOD/SA)  09/14/06
    Parent/Guardian Name:  Jerome & Kia Glover
    Parent/Guardian Address:  1215 33rd Pl., SE
    Washington DC 20019

3.  **Invoice Information**
    Invoice Number:  06-491
    Date Request Submitted:  10/31/06
    Date(s) of Services Rendered:  7/3/06 to 10/2/06
    Attorney Hourly Rate:  $ 365.00
    Total Attorney Fees:  $4,182.25
    Total Attorney Costs:  $ 832.50
    Total Experts:  $ 212.28
    Total Invoice:  $5,227.03

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    *   All services listed on the enclosed invoices were actually performed;
    *   The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    *   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    *   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    *   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    Signature                                              10/31/06
                                                           Date

    *Revised Nov 2004*

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Jeremi Glover  Date of Birth: June 18, 1998

Address:   1215 33rd Place S.E., Washington, DC 20019

Present School of Attendance:    Davis Elementary School

Parent/Guardian of the Student:  __Ms. Kia Glover and Mr. Jerome Glover____

**B.**  **Legal Representative/Attorney (if applicable):**

Name: _____John Straus, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes          ☐ No

**C.**  **Complaint Made Against (check all that apply):**

**X** DCPS
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.**  **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**PLEASE SCHEDULE AN EXPEDITED HEARING FOR THIS MATTER**

**E.**  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**  **Facts and Reasons for the Complaint:**

### I.  Nature of the Problem.

1. Pursuant to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 602(a)(9), a Free and Appropriate Public Education includes the "special education and related services that… are provided in conformity with the individualized education program [IEP]." DCPS shall implement an IEP for each student with a disability. *See id.* at § 614(d)(2). Pursuant to D.C. MUN. REGS. tit. 5, § 3010.2 (2003), DCPS "shall implement an IEP as soon as possible after the meeting where the IEP is developed..." *Harris v. District of Columbia* states that students

2

with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA."

2. On or about December 14, 2005, the IEP team determined that the student requires compensatory services in the form of 33 hours of occupational therapy to be provided by an occupational therapist. *See* compensatory education plan, dated December 14, 2005. There is nothing in the record that indicates DCPS implemented the student's compensatory education plan.

## II. Issue presented

Whether DCPS failed to adhere to the rules and regulations in the IDEA by failing to implement the student's compensatory education plan.

## III.    Relief Sought.

1. A finding that DCPS denied the student a free and appropriate public education by failing to implement the student's compensatory education plan as required by the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 602(a)(9).

2. DCPS shall immediately implement the student's compensatory education plan.

3. DCPS shall provide 1:1 occupational therapy services for each day of services the student missed due to DCPS' failure to provide compensatory education.

4. If DCPS  fails to commence the occupational therapy services within thirty (30) calendar days, the complainant shall have the right to get independent occupational therapy at DCPS ' expense.

5. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

6. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to DCPS and initiate an IEP with the DCPS and invited participation, and unilateral placement in an interim school or educational program until such time the DCPS and can come into compliance and properly assess, program and/or participate.

8. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the

3

student no later than sixteen (16) business hours prior to the convening of any meeting.

9. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

10. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following:  i) an explanation of why DCPS and  proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

11. In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

12. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

13. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and  to make such argument at any later date and time.

14. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

15. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint.  That the relevant

members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, and 4) any service providers for the student.

16. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent;

17. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

18. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

19. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_John Stew____ July 6, 2006_
Legal Representative / Advocate (if applicable)          Date

5

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| **JEREMI GLOVER,** Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 06-18-98 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: September 9, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Davis Elementary School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## DECISION AND ORDER

**Parent:**    Mr & Mrs. Jerome & Kia Glover
1215 33rd Place, S.E
Washington, D.C. 20019

**Counsel for Parent:**    John A. Straus, Esq.
James E. Brown & Associates, PLLC
1220 L. Street, N.W.
Suite 700
Washington, D.C. 20005

**Counsel for School:**    Saurabh Gupta, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On July 7, 2006, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, John A. Straus, Esq. The request alleges DCPS failed to timely implement a Compensatory Education Plan for the student.

A Due Process Hearing was convened on September 9, 2006, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Saurabh Gupta, Esq., Attorney-Advisor represented DCPS. John A. Straus, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated August 29, 2006: JG-1 through JG-8. On behalf of DCPS: Disclosure Letter dated August 2, 2006: DCPS-01 through DCPS-03. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for the parent: Kia Glover and Jerome Glover. Witnesses for DCPS: Roz Williams.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to timely implement the student's Compensatory Education Plan?

2.

**IV.    SUMMARY OF RELEVANT EVIDENCE**

In this case, petitioner, through parent's counsel, asserts and alleges that the District of Columbia Public Schools (hereinafter "DCPS") has failed to provide J.G. a free appropriate public education (FAPE). According to parent's counsel, DCPS had failed to implement an approved Compensatory Education Plan, which required DCPS to provide specific amounts of Occupational Therapy services and Speech and Language services to the student. It is alleged that the OT services were not timely or completely provided to the student. As a result DCPS failure to complete the Plan, the student has been unable to obtain educational progress, as the student's disability is autism and the failure to provide warranted services has had a significant and negative educational impact. DCPS alleges that the student has received a free appropriate public education. Respondent's counsel alleges that the Compensatory Education Plan, dated February 7, 2005, has been implemented. While the Plan has not been completely implemented, DCPS alleged that the Plan did not have any specific deadlines for implementation; therefore, there has not been any denial of FAPE.

**V.    FINDINGS OF FACT**

The Hearing Officer makes the following findings of fact:[1]

1.    J.G. is an eighteen- (18) year old District of Columbia resident and a student whose present school of attendance is Davis Elementary School.

2.    J.G. is eligible for special education and related services. According to the student's most recent Individualized Educational Program ("IEP") dated December 14, 2005, the student's disability classification is autism (A).

3.    On or about February 7, 2006 DCPS entered into a Compensatory Education Plan, which required DCPS to provide twenty-five- (25) hours of Speech and Language services and thirty-three- (33) hours of Occupational Therapy services to J.G.[2]

3.

---

[1] Exhibit: JG-4.
[2] Exhibit: DCPS-03.

4.      DCPS has completed the Speech and Language services; therefore, these services are not at issue in this matter.

5.      Roz Williams, Special Education Coordinator Davis ES, testified and concluded that J.G had been provided OT and S/L services under the Compensatory Education Plan agreed to by DCPS.[3]  The Plan did not have any timelines for completion.

6.      According to Ms. Williams, the student was receiving his OT services, as Ms. Shanae Hale, an OT therapist, was providing those services.  The OT therapist had provided approximately five- (5) hours of OT services.[4]

7.      DCPS would continue to provide OT services during the 2006-2007 school years pursuant to the Compensation Education Plan for J.G., as the OT service provider would provide these services twice a week.   The OT sessions were scheduled for 30-60 minutes per session.

8.      Ms. Shanae Hale, Occupational Therapist for DCPS and J.G., testified and concluded that she had provided OT services to J.G. during the 2005-2006 school years, as the student was attending a school within the cluster of schools that she provided services.  Specifically, she had provided J.G. a total of four – (4) hours and forty-five- (45) minutes of OT services.[5]

9.      Ms. Shanae Hale further testified that she that did not have Davis ES, as one of the schools in her cluster; therefore, she would no longer be providing services to the student.  Additionally, she had missed several days of providing services under the special arrangement plan at Davis ES.  However, the student had also misses some of the scheduled days due to conflicts in schedule.

10.     Kia Glover, parent of J.G., testified and stated that her son had been promised compensatory services by DCPS, but these services were not being performed most of the time.  The services were to be provided after school, but the OT provider frequently missed the scheduled dates.

4.

---

[3] Exhibit: DCPS-01
[4] Testimony of Roz Williams at the Due Process hearing.
[5] Testimony of Shanae Hale at the Due Process hearing.

11.    According to Ms. Glover, the OT service provider did not provide services on three- (3) separate occasions and DCPS failed to provide any services during ESY.[6]

## VI.    DECISION AND CONCLUSION OF LAW

In this matter, DCPS has sustained its burden of proof.  The critical and sole issue in this case is whether DCPS timely implemented the student's Compensatory Education Plan, which required OT services.  A preponderance of the evidence supports the contention of DCPS that the OT services were being provided to J.G.  Undisputed evidence on the record clearly indicated that DCPS implemented the Compensatory Education Plan for J.G by providing OT services required by the Plan.  In fact, the OT service provider testified that she had provided approximately 4 hours and 45 minutes of services.  This fact was not disputed.  Additionally, the OT service provider stated that she and the student had missed several sessions.  However, the Plan did not have any deadlines for implementation or completion.  Under this set of circumstances, DCPS has provided a free appropriate public education (FAPE).

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is DENIED in part and GRANTED in part.**

2) **Petitioner's request to find a denial of FAPE is DENIED.**

3) **Petitioner's request to immediately resume implementation of OT services is GRANTED.**

4) **In the event DCPS has not resumed the provision of OT services, DCPS shall, within ten- (10) school days of the issuance of the HOD, provide the remainder of OT services by providing at least one- (1) hour of services per week until the remainder of the OT services has been provided.**

5.

---

[6] Testimony of Kia Glover at the Due Process hearing.

5) In the event DCPS fails to provide the services on three successive occasions, the parent is authorized to obtain independent OT services at DCPS expense pursuant to the Superintendent's Directive on the cost of outside consultant fees.

6) All communications and notices shall be sent through the parent's counsel.

7) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Charles R. Jones, Esq., Hearing Officer          Date Filed: 09 - 14 - 06

Date Issued: 9/14/06

6.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jeremi Glover

April 09, 2007

In Reference To:    Jeremi Glov

Invoice #12404

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/3/2006 | JS | Reviewed student's educational file; conducted educational research and prepared due process hearing complaint notice to DCPS | 2.00 235.00/hr | 470.00 |
| 7/5/2006 | JS | Phone call to parent regarding hearing request | 0.33 235.00/hr | 77.55 |
| 7/6/2006 | JS | Filed due process hearing complaint to DCPS | 0.08 235.00/hr | 18.80 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| 7/28/2006 | DP | Drafted letter to parent regarding hearing request filed with DCPS. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 8/8/2006 | JS | Conference with parent | 0.75 235.00/hr | 176.25 |
| | JS | Draft letters to Office of Special Education, Office of General Counsel and parent | 0.42 235.00/hr | 98.70 |
| 8/11/2006 | WD | Reviewed correspondence from DCPS.  Reviewed file.  Called parent to arrange meeting.  Left message. | 0.75 185.00/hr | 138.75 |
| 8/14/2006 | WD | Phone call to parent.  Left message. | 0.08 185.00/hr | 14.80 |

# Exhibit M



**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:            James Brown & Assoc., PLLC
    Attorney:            James Brown
    Federal Tax ID No:    52-1500760
    D.C. Bar No:         61622

2.  **Student Information**
    Name:                Harris, Anthony
    DOB:                 6/11/97
    Date Hearing Request Filed:    9/27/06
    Date(s) of Hearing:          11/27/06
    Date of Determination (HOD/SA): 11/28/06
    Parent/Guardian Name:    Mary Jane Faltz-Harris
    Parent/Guardian Address:   1236 18th St., NE, #1
                             Washington, D.C. 20019

3.  **Invoice Information**
    Invoice Number:          06-569
    Date Request Submitted:    12/12/06
    Date(s) of Services Rendered:   3/9/06 to 12/8/06
    Attorney Hourly Rate:       $ 365.00
    Total Attorney Fees:        $ 16,461.05
    Total Attorney Costs:      $ 516.92
    Total Experts:             $ 4,760.05
    Total Invoice:             $ 21,738.02

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____      12/12/06
    Signature                               Date

    *Revised Nov. 2004*

*State Educ. ..on Agency for the District of Co. ..bia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: __Anthony Harris__ Date of Birth: June 11, 1997

Address: ___1236 18th Street, NE #1 Washington, DC 20019___

Present School of Attendance: __Webb Elementary School__

     Is this a charter school? No     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Mr. Anthony Harris and Mrs. Mary Jane Faltz-Harris

Address (if different from the student's above): _____

## B. Legal Representative/Attorney:

1

Name:  Christopher West, Esq.

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098  (e-mail) _____

Will attorney / legal representative attend the resolution session?  __X__ Yes          ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.    Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

Nature of the problem.

1.    **Denial of a Free and Appropriate Public Education – Failure to Provide an Appropriate Educational Placement.**

July 21, 2006, the District of Columbia Public Schools (DCPS) convened a Resolution Session meeting/MDT meeting to address the issues in the request for hearing, dated July 5, 2006.

DCPS convened an MDT/IEP/Placement meeting at Webb Elementary School on May 10, 2006, for the purpose of reviewing a psychiatric evaluation.  At the meeting the IEP team changed Anthony's classification from learning disabled to multiple disabilities (emotional disturbance/learning disabled). Also, the IEP team increased his related services from 15 hours to 30 hours per week in specialized instruction, occupational therapy, and counseling.  At the meeting, the IEP team recommended the IEP implemented in an out of general education, full time therapeutic program.  The proposed placements were Taft Center and Jackie Robinson Center.  On June 19th, the District of Columbia

2

or refused action, ...d    a description of the other facto... ... ...re relevant to the agency's proposed or refused action;

7. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting; and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

8. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.   No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

9. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

10. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

11. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

12. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

13. Issue a finding that the Parent is the prevailing party in this action.

4

**G.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.    Signature:**

_____          July 5, 2006
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

5

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION

**STUDENT: Anthony Harris**          **DATE OF BIRTH: June 11, 1997**

**ADDRESS: 1236 18th Street, N.E.**
**Washington, D.C.**

**PRESENT SCHOOL ATTENDING: Moten Center**
**HOME SCHOOL: Webb E.S.**

**DATE OF HEARING: November 27, 2006**

**Student's Representative: Christopher West, Esq.**
**Address: 1220 L Street, N.W.**
**Washington, D.C.**
**FAX: 202-742-2098**

**School System's Representative: Tiffany Puckett, Esq.**
**Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002**

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on November 27, 2006, at the request of Christopher West, counsel for the parent and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## ISSUES:

1.    Has DCPS failed to implement the compensatory education plan?

## DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:

**None**

## DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:

**AH-1-AH-14**

## FINDINGS OF FACT:

1.    A compensatory education plan was developed where DCPS agreed that the student is entitled to 255 hours of specialized instruction and 8.5 hours of counseling services. The services were to begin during summer school 2005-2006. Remaining hours to be provided in one on one tutoring during the 2006-2007 School Year.(AH-10)

2.    DCPS provided the owed counseling services to the student and provided some specialized instruction during 2006 summer school. To the date of this hearing DCPS has not begun to provide the one on one tutoring for the remaining hours owed.

2

DISCUSSION AND CONCLUSIONS OF LAW:

There is no disagreement that the student's compensatory education plan requires remaining hours to be provided on one to one tutoring. Because the student has transferred to Moten Center, DCPS is requesting more time to provide the tutoring and a Moten representative has informed counsel for DCPS that tutoring should begin in two weeks at the student's home.

It is hereby **ORDERED** that:

1.    **DCPS has until December 15th 2006 to begin to provide individual tutoring to this student at his home pursuant to his compensatory education plan. If DCPS does not commence the above owed compensatory education services by December 15th 2006, than DCPS shall fund independent tutoring in specialized instruction at a rate not to exceed sixty ($60) dollars an hour.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: November 28, 2006

Date Issued:  11/28/06

3

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Anthony Harris Jr




April 04, 2007

In Reference To:    Anthony Harris
Invoice #12401


Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/9/2006 | HR | Draft letter to parent regarding the Hearing Officer's Determination (HOD) | 0.58 115.00/hr | 66.70 |
| 3/22/2006 | CS | Discussion with DCPS staff (Dostert) re psychiatric eval and mdt mtg | 0.33 185.00/hr | 61.05 |
| 4/10/2006 | GMH | Records review | 0.78 185.00/hr | 144.30 |
| | GMH | Discussion with Cheron Brock advocate | 0.25 185.00/hr | 46.25 |
| | GMH | Typed short review | 0.22 185.00/hr | 40.70 |
| | GMH | Reviewed  evaluation, Psychiatric | 0.50 185.00/hr | 92.50 |
| | GMH | Reviewed  evaluation, Psycho Ed | 0.50 185.00/hr | 92.50 |
| | GMH | Phone call to WEBB ES | 0.33 185.00/hr | 61.05 |
| | GMH | Reviewed MDT notes | 0.42 185.00/hr | 77.70 |
| 4/19/2006 | RG | Prepared and file due process hearing request to DCPS | 2.00 360.00/hr | 720.00 |

Anthony Harris Jr                                                                                          Page      2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/25/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50<br>185.00/hr | 92.50 |
| 4/26/2006 | CS | Attended MDT/IEP @ Webb ES | 3.00<br>185.00/hr | 555.00 |
| 5/8/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50<br>185.00/hr | 92.50 |
| 5/10/2006 | CS | Attend mdt mtg @ Webb ES | 4.00<br>185.00/hr | 740.00 |
| 5/12/2006 | CS | Draft letter to attorney re case status and mdt meeting | 0.42<br>185.00/hr | 77.70 |
| 5/18/2006 | CS | Discussion with DCPS staff (Dostert) re question about placement and residency | 0.33<br>185.00/hr | 61.05 |
| 5/31/2006 | CMM | Prepared and sent placement package to Rock Creek Academy | 1.00<br>115.00/hr | 115.00 |
| | CMM | Prepared and sent placement package to Accotink Academy | 1.00<br>115.00/hr | 115.00 |
| | CMM | Prepared and sent placement package to Phillips School | 1.00<br>115.00/hr | 115.00 |
| | CMM | Prepared and sent placement package to Foundations | 1.00<br>115.00/hr | 115.00 |
| | CMM | Drafted letter to parent with placement referral information | 0.50<br>115.00/hr | 57.50 |
| | CMM | Phone call to parent to discuss placement referrals to parent | 0.17<br>115.00/hr | 19.55 |
| 6/5/2006 | CW | Reviewed HOD with parent; discussed status of convening IEP meeting and educational placement | 0.92<br>360.00/hr | 331.20 |
| 6/8/2006 | BC | File Review and sent letter to parent/student | 0.25<br>115.00/hr | 28.75 |
| 6/16/2006 | CW | Conference with Ms. Dostert, via telephone, re; MDT meeting; drafted letter to Webb Elementary School requesting to convene MDT meeting and review psychiatric evaluation; conference with paralegal re: letter to Webb | 1.18<br>360.00/hr | 424.80 |
| 6/20/2006 | CMM | Drafted letter to parent/enclosed atty's 6-16-06 letter sent to Webb Elementary School requesting MDT meeting to be convene | 0.58<br>115.00/hr | 66.70 |

Anthony Harris Jr                                                                 Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/22/2006 | CM | Reviewed psychiatric evaluation report by Joshi | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed clinical evaluation report by Allegra | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed psychologial report by King | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed 5/10/06 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed 12/8/05 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed speech and language report by Gibson | 0.33 185.00/hr | 61.05 |
|  | CM | Reviewed 11/7/05 resolution meeting notes | 0.17 185.00/hr | 31.45 |
|  | CM | Reviewed 5/10/06 MDT notes and 12/8/05 SEP notes | 0.58 185.00/hr | 107.30 |
|  | CM | Reviewed file correspondence | 0.75 185.00/hr | 138.75 |
|  | CM | Reviewed FBA by Farrow | 0.50 185.00/hr | 92.50 |
| 6/23/2006 | CM | Reviewed 3/8/05 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed OT report by White | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed school records | 0.75 185.00/hr | 138.75 |
| 7/5/2006 | CMM | Assisted attorney in preparation of request for hearing | 0.25 115.00/hr | 28.75 |
|  | CW | Conference with parent and discussed visitation to Rock Creek Academy, discussed filing request for hearing; drafted and prepared request for due process hearing to address failure to provide the recommended educational placement; request for compensatory education | 2.28 360.00/hr | 820.80 |
| 7/10/2006 | CW | Reviewed request for hearing with parent; discussed placement at Taft Center and Jackie Robinson program | 0.58 360.00/hr | 208.80 |

Anthony Harris Jr                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/14/2006 | CMM | Drafted letter to parent with hearing request filed 7-5-06 | 0.58 115.00/hr | 66.70 |
| 7/18/2006 | CW | Appearance to Webb Elementary School for resolution meeting with parent; meeting rescheduled to 7/21 | 1.42 360.00/hr | 511.20 |
|  | CW | Conference with guardian and reviewed request for hearing in preparation for resolution meeting | 0.42 360.00/hr | 151.20 |
| 7/20/2006 | CW | Conference with parent, via telephone, and reviewed documents in preparation for resolution meeting | 0.35 360.00/hr | 126.00 |
| 7/21/2006 | CW | Appearance to Webb Elementary School for resolution meeting session with parent to discuss issues in request for hearing | 2.92 360.00/hr | 1,051.20 |
| 7/25/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
|  | CW | Prepared and filed request for due process hearing to address DCPS' failure to provide appropriate educational placement; conference with paralegal re: filing request for hearing | 2.17 360.00/hr | 781.20 |
|  | CMM | Assisted attorney in preparation of request for hearing | 0.25 115.00/hr | 28.75 |
| 7/26/2006 | CMM | Drafted letter to parent detailing hearing request filed 7-24-06 | 0.58 115.00/hr | 66.70 |
| 7/28/2006 | CMM | Discussion with Julie Oaks at Accotink Academy regarding setting an interview with student and parent for placement consideration. | 0.25 115.00/hr | 28.75 |
| 7/31/2006 | CMM | Discussion with parent regarding placement | 0.25 115.00/hr | 28.75 |
|  | CMM | Phone call to Ms. Oaks, Accotink Academy to discuss placement | 0.25 115.00/hr | 28.75 |
| 8/3/2006 | CW | Reviewed request for hearing with parent in preparation for resolution session meeting | 0.75 360.00/hr | 270.00 |
| 8/4/2006 | CW | Appearance to Webb Elementary School with parent for resolution session meeting to discuss issues in filed complaint | 2.60 360.00/hr | 936.00 |
| 8/10/2006 | CW | Reviewed request for hearing; conference with parent and discussed visitation to Hamilton Center | 0.63 360.00/hr | 226.80 |
|  | CMM | Drafted letter to parent/enclosed upcoming hearing information | 0.58 115.00/hr | 66.70 |
|  | CMM | Phone call to parent to notify and confirm hearing attendance | 0.17 115.00/hr | 19.55 |

Anthony Harris Jr                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/25/2006 | CW | Reviewed request for hearing, MDT meeting notes, and IEP in preparation for hearing; teleconference with parent and reviewed witness questions | 1.18 360.00/hr | 424.80 |
| 8/30/2006 | CMM | Assisted attorney to prepare disclosure to DCPS | 2.00 115.00/hr | 230.00 |
|  | CW | Reviewed MDT meeting notes; drafted disclosure documents for OGC and SHO in preparation for hearing; conference with parent and reviewed witness questions in preparation for hearing; conference with paralegal re: submitting disclosure documents | 2.63 360.00/hr | 946.80 |
| 9/5/2006 | CMM | Phone call to parent regarding upcoming hearing | 0.17 115.00/hr | 19.55 |
| 9/6/2006 | CMM | Phone call to parent to notify and confirm hearing | 0.17 115.00/hr | 19.55 |
|  | CMM | Drafted letter to parent with hearing notice | 0.58 115.00/hr | 66.70 |
| 9/21/2006 | CM | Discussion with Julie Oaks at Accotink Academy re status of admissions (2 times) | 0.58 185.00/hr | 107.30 |
|  | CW | Teleconference with parents and discussed student missing days of school because of DCPS' failure to provide transportation | 0.45 360.00/hr | 162.00 |
| 9/22/2006 | CMM | Assist attorney in sending correspondence to Office of Mediation Compliance and Moten Center requesting one-one tutoring | 0.17 115.00/hr | 19.55 |
|  | CW | Conference with parent and reviewed progress reports from the Moten Center; drafted letter to Moten Center and Office of Special Education requesting that DCPS provide student with the compensatory education services and service provider logs detailing compensatory education services; conference with paralegal re: letter to DCPS | 1.20 360.00/hr | 432.00 |
| 9/25/2006 | CSH | Obtained case report for the parent | 0.25 115.00/hr | 28.75 |
|  | CW | Conference with parent and discussed student's lack of compensatory education services to be provided by independent service provider; reviewed compensatory education plan | 0.75 360.00/hr | 270.00 |
| 9/27/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
|  | CW | Reviewed IEP; drafted and prepared request for due process hearing to address DCPS' failure to provide compensatory education services; failure for DCPS to implement IEP services; and request for independent service provider to provide tutoring services; conference with paralegal re: submitting complaint | 2.75 360.00/hr | 990.00 |

Anthony Harris Jr                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/27/2006 | CMM | Assisted attorney in preparation of request for hearing | 0.25 115.00/hr | 28.75 |
|  | CFC | hearing request review C. West | 0.58 235.00/hr | 136.30 |
| 10/2/2006 | CMM | Drafted letter to parent/enclosed hearing request dated 9-27-06 | 0.58 115.00/hr | 66.70 |
| 10/10/2006 | CMM | Drafted letter to parent/enclosed copy of atty's 9-22-06 letter to school requesting that comp ed service to begging ASAP | 0.58 115.00/hr | 66.70 |
| 10/16/2006 | CMM | Phone call to parent to discuss case status and update our records | 0.17 115.00/hr | 19.55 |
| 10/19/2006 | GMH | Discussion with Dr. Mosely at Moten Center | 0.25 185.00/hr | 46.25 |
| 10/24/2006 | CW | Reviewed progress report with parent and discussed resolution session meeting | 0.42 360.00/hr | 151.20 |
| 10/26/2006 | GMH | Attended MDT/IEP @ Moten ES/Observation as well | 3.83 185.00/hr | 708.55 |
| 10/30/2006 | CW | Reviewed witness questions with parent in preparation for hearing; reviewed request for hearing, MDT meeting notes, clinical evaluation, IEP, and psychoeducational evaluation in preparation for hearing | 2.17 360.00/hr | 781.20 |
| 11/17/2006 | CMM | Review and draft letter to parent with a copy of the due process hearing notice date sent  by the Student Hearing Office; includes copying and mailed | 0.58 115.00/hr | 66.70 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
|  | CMM | Phone call to parent to notify and confirm hearing attendance | 0.17 115.00/hr | 19.55 |
|  | CM | Reviewed 5/10/06 IEP and 12/18/05 IEP | 0.83 185.00/hr | 153.55 |
|  | CM | Reviewed Psychological evaluation report by Farrow | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed Psychological evaluation report by Joshi | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed Psychological evaluation report by King | 0.50 185.00/hr | 92.50 |

Anthony Harris Jr                                                                          Page    7

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/17/2006 | CW | Prepare disclosure documents for SHO and OGC in preparation for hearing; reviewed MDT meeting notes, IEP, resolution meeting notes, and psychiatric evaluation in preparation for hearing; conference with paralegal re: filing disclosure documents | 2.65 360.00/hr | 954.00 |
| 11/22/2006 | CMM | Phone call to parent to discuss case status | 0.17 115.00/hr | 19.55 |
| 11/26/2006 | CW | Prepare for the student's administrative due process hearing by performing final review of the student's educational file, conduct final educational research regarding issues contained in the complaint, draft questions for direct examination of parent, educational advocate and review DCPS' disclosure in preparation for hearing | 2.00 360.00/hr | 720.00 |
| 11/27/2006 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Dubow | 2.77 360.00/hr | 997.20 |
| 11/28/2006 | CW | Conference with parent and reviewed HOD; | 0.33 360.00/hr | 118.80 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent . | 0.33 385.00/hr | 127.05 |
| 11/29/2006 | CMM | Review and draft letter to parent with a copy of the (HOD/SA) issued by the Student Hearing Office on 11-28-06; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| 12/5/2006 | CM | Discussion with Kendra Hill, RCA re status of school placement | 0.08 185.00/hr | 14.80 |
| | | For professional services rendered | 82.48 | $20,950.60 |

Additional Charges :

| | | |
|---|---|---|
| 3/9/2006 | Copied: HOD letter for parent. | 1.75 |
| | Postage; letter to parent re: HOD. . | 0.63 |
| 3/13/2006 | Copied: LOI for adv. | 0.50 |
| | Facsimile Received from DCPS re: letter from Webb ES. | 3.00 |
| 4/3/2006 | Copied psychiatric eval for file. | 2.25 |
| 5/9/2006 | Facsimile Received from Webb ES re: records. | 4.00 |
| 5/10/2006 | Facsimile Received from Webb ES re:IEP. | 10.00 |
| 5/15/2006 | Copied: MDT IEP for atty & file. | 7.50 |

Anthony Harris Jr                                                                    Page     8

|  |  | Amount |
|---|---|---|
| 5/31/2006 | Copied placement referral for RCA. | 16.25 |
|  | Copied placement referral for Phillips School. | 16.25 |
|  | Copied placement referral for Foundation School. | 16.25 |
|  | Copied placement referral for Accotink Academy. | 16.25 |
| 6/2/2006 | Postage: Placement referral to Accotink, Foundations, Phillips & RCA. | 12.16 |
|  | Postage: letter to parent re: case status. | 0.63 |
| 6/6/2006 | Facsimile Received from Webb ES re: ltr. | 2.00 |
| 6/8/2006 | Postage; letter to parent | 0.39 |
| 6/16/2006 | Facsimile: letter to Webb ES, OMC, OGC. | 6.00 |
| 6/20/2006 | Postage; letter to parent re: case status. | 0.39 |
| 7/5/2006 | Fax HR to SHO | 6.00 |
| 7/14/2006 | Postage; letter to parent re: HR. | 0.63 |
| 7/21/2006 | Facsimile Received from OGC re: resp. to complaint | 2.00 |
| 7/24/2006 | Facsimile: HR to SHO. | 7.00 |
| 7/26/2006 | Postage; letter to parent re: HR. | 0.63 |
|  | Copied: HR for parent & adv. | 1.75 |
| 8/11/2006 | Postage; letter to parent re: HDN. | 0.39 |
|  | copied hearing request | 0.50 |
| 8/30/2006 | Copied documents for atty re: 5 day disclosure | 34.25 |
|  | Copied documents for OGC re: 5 day disclosure | 34.25 |
|  | Copied documents for SHO re: 5 day disclosure | 34.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/31/2006 | Facsimile Received from OGC re: 5 day disclosure | 26.00 |
| 9/6/2006 | Postage; HND w/letter to parent. | 0.39 |
|  | copied hearing request | 0.50 |

Anthony Harris Jr                                                                 Page      9

|  |  | Amount |
|---|---|---|
| 9/18/2006 | Facsimile Received from OGC re: disclosure | 2.00 |
| 9/22/2006 | Facsimile; Letter to OMC and Moten Center. | 4.00 |
| 9/27/2006 | Fax HR to SHO | 5.00 |
| 10/2/2006 | Postage; HR w/letter to parent. | 0.63 |
|  | copied letter with HR to parent and advocate | 3.00 |
| 10/10/2006 | copied letter to parent | 1.25 |
|  | Postage; letter to parent. | 0.39 |
| 10/13/2006 | Rec'd fax from OGC; response to complaint | 2.00 |
| 11/17/2006 | copied hearing request | 0.50 |
|  | Copied; Disclosure for SHO, OGC and attorney. | 66.75 |
|  | Postage; HDN w/letter to parent. | 0.39 |
|  | Facsimile; Disclosure from DCPS | 2.00 |
|  | Messenger Service to and from DCPS | 20.00 |
| 11/27/2006 | Copied;  Letter for parent | 1.00 |
|  | Transportation to and from DCPS for hearing | 16.00 |
| 11/28/2006 | Copied; HOD for parent and file. | 3.00 |
|  | Rec'd fax from SHO: HOD | 4.00 |
|  | copied HOD | 3.00 |
| 11/29/2006 | Postage; HOD w/letter to parent. | 0.39 |
| 12/8/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $516.92 |
|  | Total amount of this bill | $21,467.52 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.25 | 115.00 | $28.75 |
| Carolyn Monford, Advocate | 9.57 | 185.00 | $1,770.45 |
| Cheron Sutton-Brock, Advocate | 9.08 | 185.00 | $1,679.80 |

Anthony Harris Jr

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Christie Fontaine-Covington, Attorney | 0.58 | 235.00 | $136.30 |
| Christopher West, Attorney | 35.52 | 360.00 | $12,787.20 |
| Clarence S. Hayes, Paralegal | 0.25 | 115.00 | $28.75 |
| Claudia M.Martinez, Paralegal | 16.08 | 115.00 | $1,849.20 |
| Garield M Hohman, Advocate | 7.08 | 185.00 | $1,309.80 |
| Heidi Romero, Paralegal | 0.58 | 115.00 | $66.70 |
| James E. Brown, Attorney | 1.49 | 385.00 | $573.65 |
| Roberta Gambale, Attorney | 2.00 | 360.00 | $720.00 |

# Exhibit N

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS



**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:          52-1500760
    D.C. Bar No:                    61622

2.  **Student Information**
    Name:                             Holmes, Nina-Simone
    DOB:                               6/16/01
    Date Hearing Request Filed:    8/4/06
    Date(s) of Hearing:           10/5/06 and 11/2/06
    Date of Determination (HOD/SA)   11/13/06
    Parent/Guardian Name:     Paulette Holmes
    Parent/Guardian Address:   3407 13ᵗʰ Pl., SE, #104
                                          Washington DC 20032

3.  **Invoice Information**
    Invoice Number:               06-570
    Date Request Submitted:    12/12/06
    Date(s) of Services Rendered:   7/24/06 to 11/20/06
    Attorney Hourly Rate:        $       365.00
    Total Attorney Fees:          $     7,568.70
    Total Attorney Costs:         $       245.95
    Total Experts:                   $     3,805.45
    Total Invoice:                   $    11,620.10

4.   Certification (must be signed by principal attorney)

     I certify that all of the following statements are true and correct:

     • All services listed on the enclosed invoices were actually performed;
     • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
     • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
     • No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
     • I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

     _____        12/12/06
     Signature                                               Date

     *Revised Nov. 2004*

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: Nina-Simone Holmes Date of Birth: 06/16/01

Address: 3407 13th Place SE, Apt 104, Washington, DC 20032

Present School of Attendance: Malcolm X Elementary School

Parent/Guardian of the Student: Paulette Holmes

**B.    Legal Representative/Attorney (if applicable):**

Name: <u>Omar Karram, Esq.</u>

Address: <u>1220 L Street, NW, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>202-742-2000</u> (Fax) <u>202-742-2097</u>   (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
Charter    school    (name    of    the    charter    school    if    different    from    page
one)_____

☐Non-public    school    or    residential    treatment    facility    (name)
_____

☐Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.    Facts**

1.  Nina-Simone Holmes (hereinafter "N.H.") is going to kindergartner at Malcolm X in the District of Columbia.

2.  According to the Psycho educational Evaluation made on or about March 14, 2005, N.H.'s Performance IQ (PIQ), which consists of fluid reasoning, spatial processing, attentiveness to detail, and visual motor integration are in the extremely low area. The evaluation also reveals that she may experience great difficulty keeping up with her peers in a wide variety of situations that require age-appropriate thinking and reasoning. The psychologist recommended that N.H. receive an occupational therapy evaluation to assess her visual motor abilities.

3.  On or about April 6, 2005, the MDT/IEP team met to discuss and review evaluations and reports to determine N.H's legibility for special education. In the Speech-Language section, the MDT/IEP team reaffirmed the psychologist's recommendation. In the meeting notes dated April 6, 2006, the MDT/IEP team stated that N.H.'s speech will be reviewed within a year. This recommendation was made in

2

conjunction with the finding that N.H.'s personal skills were moderately low possibly due to occupational therapy factors and N.H.'s request.

4. Upon information and belief from the parent, no subsequent evaluation have ever been conducted and DCPS has had over one year (April 6,2005-April 6,2006) to fully assess the possibility for a learning disability. DCPS has failed to timely conduct the recommended evaluation and in violation of the IDEIA.

## G.    Reasons for the Complaint:

### I.    Denial of a Free and Appropriate Public Education – Failure to Comprehensively Evaluate within the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,Sec. 101, § 614(b)(3)(B) and 34 C.F.R. Sec. 300.532 (g) and D.C. Mun. Regs. tit. 5 § 3019.4

5. Complainant re-alleges paragraphs 1-4.

6. Her mother, now respectfully asserts that in failing to conduct DCPS has inappropriately failed to comprehensively evaluate in all areas of suspected disability. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (b) (3) (B) (public agency to evaluate in all areas of suspected disability); Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (b) (3) (C) ("each local education agency shall ensure that assessment tools and strategies that provide relevant information that directly assists persons in determining the educational needs of the child are provided."); Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 612 (a) (3) (state must have procedures in place to ensure that all students in the school district who may need special education services are identified, located, and *evaluated*); 34 C.F.R. Sec. 300.532 (g) ("Each public agency shall ensure that [ . . . ] the child is assessed in all areas related to the suspected disability [ . . . ]"); 34 C.F.R. Sec. 300.532 (h) ("Each public agency shall ensure that "the evaluation is sufficiently comprehensive so as to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."); 34 C.F.R. Sec. 300.125 (public agency must identify, locate and evaluate all students in the school district who may need special education services); 34 C.F.R. § 300.300(a); 34 C.F.R. § 300.320 (**"Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"**); D.C. Mun. Regs. tit. 5 § 3005.9 (g) ("The LEA shall ensure that: the child is assessed in all areas related to the suspected disability [ . . . ]"); and D.C. Mun. Regs. tit. 5 § 3005.9 (h) (The LEA shall ensure that: in evaluating a child with a disability, the evaluation is sufficiently comprehensive to identify all of the child's special education and services needs, whether or not commonly linked to the disability category in which the child has been classified."). (emphasis added).

3

7. According to the Psycho Educational Evaluation made on or about March 14, 2005, N.H.'s Performance IQ (PIQ), which consists of fluid reasoning, spatial processing, attentiveness to detail, and visual motor integration are in the extremely low area. The evaluation also reveals that she may experience great difficulty keeping up with her peers in a wide variety of situations that require age-appropriate thinking and reasoning.

8. In the March 14, 2005 Psycho Educational Evaluation report, the psychologist recommended that N.H. receive an occupational therapy (OT) evaluation to assess her visual motor abilities. Upon information and belief from the parent, no subsequent evaluation have ever been conducted and DCPS has had over one year (April 6,2005-April 6,2006) to fully assess the possibility for a learning disability.

9. Upon information and belief from the parent, DCPS has not conducted an OT, DCPS has failed to timely conduct the recommended evaluation(s).

10. The results of the above-mentioned evaluations are indicative that N.H. requires additional evaluation, the OT, to assess all areas of disability. DCPS has clearly failed to do so.

## II. Issue(s) presented.

1. Whether DCPS denied the student with a Free and Appropriate Public Education by failing to conduct additional evaluation(s), an OT, as required by the Individuals with Disabilities and conduct Comprehensive Evaluations within the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,Sec. 101, § 614(b)(3)(B) and 34 C.F.R. Sec. 300.532 (g) and D.C. Mun. Regs. tit. 5 § 3019.4.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied N.H. a Free and Appropriate Public Education by failing to evaluate and conduct evaluations to assess D.B of suspected disabilities pursuant to the requirements of the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-614(b)(3)(B) and 34 C.F.R. Sec. 300.532 (g) and D.C. Mun. Regs. tit. 5 § 3019.4;

2. DCPS shall immediately conduct and fund the requested evaluation(s), OT, and any other evaluations resulting from untimely action and assess N.H. of any suspected disabilities;

4

3. DCPS shall convene an IEP Team meeting immediately to review the evaluations conducted on N.H.

4. DCPS agrees to fund compensatory education services for all denials of a FAPE from failure to evaluate N.H. in a timely manner to determine eligibility and conduct the requested evaluations;

5. DCPS, agrees to schedule all meetings through the parent's counsel, Omar Karram, Esq., via facsimile, at 202-742-2097;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self-help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education, including special education, transportation (5 DCMR 3000.3), and other related services as defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Omar Karram, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA. Furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B),within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), Convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;  within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C),respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,Sec.101, § 615(f)(1)(B) constitutes joint waiver between DCPS and the parent to have such meeting, and the forty-five(45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

**H.    <u>Accommodations and Assistance Needed</u>:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**I.    <u>Signature</u>:**

_____    August 4, 2006
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

7

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              1560
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              08/04 16:41
TIME USE              01'01
PAGES SENT            8
RESULT                OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ----------------------------- | e-mail: Admin@Jeblaw.biz | --------------------------------- |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           August 4, 2006

TO:             Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:        202-442-5556

FROM:           Williams Bautista

SUBJECT:        **Nina Simone-Holmes / DOB: 6-16-01**

NUMBER OF PAGES INCLUDING COVER SHEET:        **8**

COMMENTS:        **ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE**

# District of Columbia Public Schools

## Office of Management Services

**Tonya M. Butler-Truesdale, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| NINA-SIMONE HOLMES, STUDENT | ) | |
| | ) | |
| Date of Birth: June 16, 2001 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: October 5, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

2006 NOV 13 AM 8:30
DC PUBLIC SCHOOL SYSTEM

## INTERIM HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Paulette Holmes |
| | 3407 13th Place SE, Apt. #104 |
| | Washington, D.C. 20032 |
| | |
| **Counsel for Petitioner:** | Omar Karram, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Tiffany Puckett, Sr., Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

*In the matter of N.H.*

## I.   JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.   DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURE

Petitioner: Presented Mark Hohman as a witness and submitted disclosures labeled NH1-NH11.

Respondent: No witnesses were present or called to testify because the parties settled. Respondent submitted a disclosure letter.

## IV.   STATEMENT OF THE CASE

The Student Hearing Office of DCPS received a hearing request on August 4, 2006 and scheduled a Due Process Hearing for October 5, 2006 at 3:00 pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The Hearing was convened as scheduled. Petitioner alleges that DCPS failed to comprehensively evaluate the Petitioner when it failed to conduct an Occupational Therapy evaluation. Attorney Advisor Tiffany Puckett appeared in person for DCPS. Attorney Omar Karram appeared in person on behalf of Petitioner.

## V.   FINDINGS OF FACT

1. A psycho-educational evaluation completed by DCPS contains a summary finding that Petitioner is ineligible for special education services despite some uneven testing results and composite test scores in the Low Average, Extremely Low and Borderline range. See NH5.

2. A review of the psycho-educational reveals that the summary finding the Petitioner ineligible for services could simple be a typo given the assessment results and diagnostic impressions.

2

3. There is insufficient information in the meeting notes to determine if the team members read more than the evaluation summary which is inconsistent with the test cores and diagnostic impressions.

4. The psycho-educational recommends an occupational therapy evaluation.

5. Petitioner's hearing request simply requests relief in the form of an occupational evaluation and it appears that Petitioner's attorney did not craft a hearing request properly identifying the components of the alleged denial of FAPE.

## VI.   CONCLUSIONS OF LAW

The public trust invested in a hearing officer requires that a possible violation of FAPE be investigated/adjudicated even if Petitioner's counsel fails to properly identify or comprehensively identify the possible violation. In fact, the tragic fact pattern apparent from a review of the evidentiary record requires immediate injunctive relief as this Petitioner's status may have been critically impeded by both Petitioner's Counsel and DCPS. An interim order in this matter is warranted in order to determine the validity of the March 10, 2005 psycho-educational evaluation and assess the impact of any occupational therapy issues identified by an occupational therapy evaluation.

## VI.   ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 11th day of November, 2006 it is hereby

**ORDERED**, that there is **no prevailing party** in this matter.

**IT IS FURTHER ORDERED**, that DCPS shall fund an independent Psycho-Educational and Occupational Therapy Evaluation within the Superintendent's cost guidelines. The Petitioner shall assure that the psychologist who performs the evaluation shall have a copy of the March 14, 2005 Psycho-Educational evaluation prior to performing the test.

**IT IS FURTHER ORDERED**, that within ten days of the completion of the last evaluation, DCPS shall re-convene a BLMDT meeting to review the evaluation(s) and re-determine eligibility. If Petitioner is found eligible the team shall develop and IEP and discuss and determine placement. If the Petitioner is found ineligible, the team shall issue a notice of ineligibility.

**IT IS ALSO ORDERED**, if a subsequent change of placement is warranted to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement. If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement.

**IT IS ALSO ORDERED**, that all meetings will be scheduled through parent's counsel and, DCPS will be granted a day for day extension for any delay caused by counsel for the parent/guardian, the parent/guardian, the student, or the educational advocate.

**IT IS FURTHER ORDERED**, both parties shall submit status reports to this hearing officer within five business days of the BLMDT meeting. The status report shall include the meeting notes, suggested findings of fact and conclusions of law for the issuance of the final order.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

Tonya M. Butler-Truesdale
Hearing Officer

Date: November 11, 2006

Issued: _____ 11/13/06 _____

Copies to:

Omar Karram, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  November 13, 2006

TO:  Omar Karram

FROM:  STUDENT HEARING OFFICE

RE:  Holmes, Nina-Simone

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Nina-Simone Holmes
DOB: 6/16/01
3407 13th Pl SE
#104
Washington DC  20032


April 09, 2007

In Reference To:   Nina-Simone Holmes
                   DOB: 6/16/01

Invoice #12406


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/24/2006 | WB | Drafted letter to parent re: case status and records requested on 7/24/06 from Malcolm X Elementary and DCPS | 0.25 115.00/hr | 28.75 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 0.75 115.00/hr | 86.25 |
|  | OK | Consultation with parent and legal assistant, research and case preparation. | 2.75 235.00/hr | 646.25 |
|  | WB | Telephone call to DCPS school staff @ Malcolm X Elementary School for records inquiry | 0.25 115.00/hr | 28.75 |
|  | WB | Drafted letter requesting records from Malcolm X Elementary School and DCPS | 0.58 115.00/hr | 66.70 |
| 7/25/2006 | BC | Drafted letter to parent and prepared file jacket | 0.58 115.00/hr | 66.70 |
| 8/4/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
|  | OK | Reviewed student's educational file, conducted research, prepared and filed request for due process hearing to address DCPS' failure to comprehensively evaluate the student | 2.00 235.00/hr | 470.00 |
| 8/14/2006 | GMH | Examined HR | 0.58 185.00/hr | 107.30 |
|  | GMH | Records review misc school documents, report card and sample work... | 0.78 185.00/hr | 144.30 |

Nina-Simone Holmes                                                                                      Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/15/2006 | GMH | Reviewed  evaluation, Speech and lang.... dated 03-11-05 | 0.50<br>185.00/hr | 92.50 |
| | GMH | Reviewed  evaluation, Adaptive Assessment | 0.83<br>185.00/hr | 153.55 |
| | GMH | Reviewed  MDT notes.... dated 4/6/05 | 0.58<br>185.00/hr | 107.30 |
| | GMH | Reviewed  evaluation, Psycho Educational | 0.50<br>185.00/hr | 92.50 |
| | GMH | Researched placement issues via internet, LD online | 1.00<br>185.00/hr | 185.00 |
| | GMH | Reviewed  evaluation, Educational dated 3/14/05 | 0.50<br>185.00/hr | 92.50 |
| 8/16/2006 | GMH | Attended MDT/IEP @ the Care Center | 3.83<br>185.00/hr | 708.55 |
| 9/13/2006 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 10/5/06 @ 3:00 PM enclosed | 0.25<br>115.00/hr | 28.75 |
| 9/27/2006 | OK | Review of case and preparation of 5 day disclosure, review of the documents | 1.67<br>235.00/hr | 392.45 |
| 9/28/2006 | BDL | Assisted attorney to prepare disclosure to DCPS. | 1.50<br>115.00/hr | 172.50 |
| 10/4/2006 | GMH | Observation of student at Malcom X ES | 3.00<br>185.00/hr | 555.00 |
| | OK | Preparation for due process hearing, TC meeting with parent for preparation, drafting direct question, cross questions for opposing counsel's witnesses, re-direct questions, opening statements,review of evaluations and child's records | 2.00<br>235.00/hr | 470.00 |
| | OK | Discussion with advocate re: the classroom observation and additional drafting of questions for due process hearing | 0.67<br>235.00/hr | 157.45 |
| | GMH | Discussion with the child's attorney | 0.67<br>185.00/hr | 123.95 |
| | GMH | Discussion with teacher, Ms. Ruffin | 0.58<br>185.00/hr | 107.30 |
| 10/5/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |

Nina-Simone Holmes

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/5/2006 | OK | Appearance to 825 North Capital for due process hearing | 2.83<br>235.00/hr | 665.05 |
| | OK | case review/ statute review and review of 2006 August Consent decree re: compulsion of witnesses. | 1.00<br>235.00/hr | 235.00 |
| | GMH | Preparation for hearing | 0.78<br>185.00/hr | 144.30 |
| | GMH | Appearance to 825 North Capital for due process hearing | 2.83<br>185.00/hr | 523.55 |
| 10/11/2006 | WB | Drafted letter to parent with Hearing Date Notice enclosed for hearing on 11/2/06 at 3:00 PM | 0.58<br>115.00/hr | 66.70 |
| 11/1/2006 | OK | Review of records, conduct final research regarding issues contained in the complaint and preparation for due process hearing | 1.67<br>235.00/hr | 392.45 |
| 11/2/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |
| | GMH | Records review and disclosure for hearing prep | 0.78<br>185.00/hr | 144.30 |
| | OK | Appearance to 825 North Capital for due process hearing | 2.83<br>235.00/hr | 665.05 |
| | GMH | Appearance to 825 North Capital for due process hearing | 2.83<br>185.00/hr | 523.55 |
| 11/12/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>385.00/hr | 127.05 |
| 11/15/2006 | WB | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on 11/13/06; includes copying and mailed | 0.25<br>115.00/hr | 28.75 |
| | WB | Conference with parent re: vital records update for independent evaluations referral | 0.17<br>115.00/hr | 19.55 |
| | WB | Prepared independent evaluations/assessments referral packet to Interdynamics; includes reviewing file, retrieving evaluations, IEP, school records and draft letter; copied documents and faxed | 1.00<br>115.00/hr | 115.00 |
| | WB | Drafted letter to parent re: independent evaluations referral to Interdynamics on 11/15/06 | 0.58<br>115.00/hr | 66.70 |
| | | For professional services rendered | 46.14 | $9,082.10 |

Nina-Simone Holmes                                                        Page      4

Additional Charges :

| | | Amount |
|---|---|---|
| 7/24/2006 | Copied documents; intake documents | 25.50 |
| | Facsimile: records request to Malcolm X ES, OSE & OGC. | 12.00 |
| | copied letter to parent | 0.50 |
| | Postage; letter to parent | 0.39 |
| 7/25/2006 | Postage; letter to parent | 0.39 |
| | copied letter to parent | 0.50 |
| 8/3/2006 | Facsimile Received from DCPS re: letter. | 4.00 |
| 8/4/2006 | Postage; letter to parent re: HR. | 0.63 |
| | Facsimile: HR to SHO. | 8.00 |
| | Copied: HR letter for parent. | 2.25 |
| | copied HR | 7.00 |
| 8/7/2006 | Facsimile | 3.00 |
| 9/13/2006 | copied letter to parent | 0.50 |
| | Postage; HDN w/letter to parent. | 0.39 |
| 9/28/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | copied 5 day disclosures | 27.00 |
| 10/5/2006 | transportation to and from DCPS for hearing | 16.00 |
| 10/6/2006 | Fax rec'd from SHO; interim order | 2.00 |
| | Rec'd fax from SHO: Interim Order | 2.00 |
| 10/11/2006 | Postage; letter to parent | 0.39 |
| | copied letter to parent | 0.50 |
| 11/2/2006 | Fax Interim Order dated 10/6/06 to SHO and OGC | 5.00 |
| 11/12/2006 | copied HOD | 5.00 |
| | Rec'd fax from SHO: HOD | 5.00 |

Nina-Simone Holmes

Page   5

| | | Amount |
|---|---|---:|
| 11/15/2006 | copied letter to parent | 0.50 |
| | Postage; letter to parent | 0.63 |
| 11/20/2006 | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $245.95 |
| | Total amount of this bill | $9,328.05 |

User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Blair Copeland, Paralegal | 1.33 | 115.00 | $152.95 |
| Blanca De La Sancha, Paralegal | 1.50 | 115.00 | $172.50 |
| Clarence S. Hayes, Paralegal | 0.50 | 115.00 | $57.50 |
| Garield M Hohman, Advocate | 20.57 | 185.00 | $3,805.45 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |
| Omar Karram, Attorney | 17.42 | 235.00 | $4,093.70 |
| Williams Bautista, Paralegal | 3.91 | 115.00 | $449.65 |

# Exhibit O



# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Rico Lewis
   DOB: 6-21-96
   Date of Determination (HOD/SA): 7-25-06
   Parent/Guardian Name: Debra Wilson
   Parent/Guardian Address: 1514 First St., Apt 12 SW, WDC 20024
   Current School: Moten Center
   Home School: Bowen ES

3. **Invoice Information**
   Invoice Number: 06-339
   Date Request Submitted: 7-31-06
   Date(s) Services Rendered: 3-31-05 to 7-14-06
   Amount of Payment Request: $ 20,689.98

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses
  represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees,
  costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2)
  will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
  pecuniary interest, either through an attorney, officer or employee of the firm, in any special
  education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is
  punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          July 31, 2006
Signature                                 Date

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | | |
|---|---|---|---|
| In the Matter of Rico Lewis | ) | **IMPARTIAL DUE PROCESS** | |
| Date of Birth: June 21, 1996 | ) | | |
| | ) | **HEARING OFFICER'S DECISION** | |
| | ) | | |
| Petitioner, | ) | Hearing Date: July 12, 2006 | |
| | ) | | |
| v. | ) | Held at: 825 North Capitol St. NE | |
| | ) | . Washington, DC | |
| | ) | | |
| District of Columbia Public Schools | ) | | |
| ("DCPS" or "District") | ) | | |
| Attending School: Moten Center | ) | | |
| Respondent. | ) | | |
| | ) | | |
| | ) | | |

Counsel for Student:                              Miguel Hull, Esq.
                                                 1220 L Street NW #700
                                                 Washington, DC 20005

Counsel for DCPS:                                Tiffany Puckett, Esq.
                                                 Office of General Counsel
                                                 825 North Capitol St. NE
                                                 Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on July 12, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed March 29, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (MH 1-3 and DCPS 1-4) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of multiply disabled (MD) which includes emotional disturbance (ED) and other health impaired (OHI) for the condition of Attention Deficit Hyperactivity Disorder (ADHD).  (DCPS 3)

The student's most recent IEP was developed November 3, 2005, while the student attended Bowen Elementary School.  It prescribes the following weekly services: 25.5 hours of specialized instruction, 1 hour of psychological services and 1 hour of speech/language therapy.  The IEP does not indicate extended school year (ESY) services.  (DCPS 3)

The IEP has a behavior intervention plan to address the following behaviors:
- disrespectful to adult authority
- Verbal aggress towards adults/peers
- Out of this seat
- Not completing school work.

The least restrictive environment (LRE) listed in the IEP is out of general education because the student's "behavior and emotional concerns require full time therapeutic intervention." (DCPS 3)

The student began attending the Moten Center (Moten) in mid November 2005. Moten is a special education school for students with the primary disability classification of ED and with various secondary disabilities.  The school is self contained and students are in the classrooms for the entire school day.  Related services, including counseling, are provided to the students by social workers and a school psychologist.  There is a school-wide behavior plan in addition to individualized behavior plans for most of the students. The student's classroom has approximately ten students along with one special education classroom teacher and a behavioral aide.  (Dr. Mosley's testimony)

The student's IEP has been implemented since he began attending Moten.  Moten provided specialized instruction.  The student's psychological services were provided by an art therapist.  However, the school has qualified psychologist and social workers who provide psychological services to other students.  The student's classroom for school year (SY) 2006-07 has not yet been decided; however, the student will be in a classroom with approximately ten students, a special education teacher and behavioral aide.  (Dr. Mosley's testimony)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

When the student arrived at Moten he displayed few behavior concerns. In the second semester of SY 2005-06 the student began to display significant disruptive behavior. He had temper tantrums at least twice per week. During March, April and May, 2006, the student's tantrums were at their peak, but lessened in June 2006. When he had tantrums the student was usually out of the classroom 1 to 2 hours receiving personal intervention. The student was also suspended from Moten for three days for fighting with another student and leaving the school building. DCPS tried to address the student's behavior by having the classroom aide closely monitor him. (Dr. Mosley's testimony)

The student had poor attendance during his year at Moten. He was absent on average two to three days per week. There were several requests by Moten for the student's guardian to meet with the Moten staff to address the student's attendance. However, the guardian rarely came to the school to address the student's attendance or behavior. (Dr. Mosley's testimony)

On April 19, 2006, DCPS convened a multidisciplinary team (MDT) meeting to address the student's behavior. The MDT determined the student the student would benefit with a dedicated aide. The MDT notes indicate:

> "[The student] becomes easily frustrated when attempting to complete his work. Often displaying temper tantrums in which he yells, curses, is disrespectful towards others, will tear paper and work, run out of his classroom and the school building, instigate verbal and physical altercations with other students and disrupt a positive learning environment. The amount of time and attention that he requires to contain and maintain appropriate behavior is too great for the Special Education Teacher and Behavior Technician to manage while also providing appropriate educational and behavioral support to the remaining students in the class. [The student] from more individual, intensive intervention/attention. He requires someone dedicated to maintaining his safety and the safety of others, monitoring his location and behavior at all times. This is evidenced by: Current Documented Observation, Daily Progress Reports, IEP Report cards, IEP dated 11/03/05."
> (DCPS 2)

Moten assigned a behavior technician to assist with the student on occasion until the dedicated aide was assigned. The April 19, 2006, Dedicated Aide plan indicates the aide would be assigned to the student "from now to throughout the 2006-07 school year." Moten staff agreed with the parent's educational advocate DCPS would put the aide in place by the start of the next school year. (Dr. Mosley's testimony, DCPS 2)

The student's guardian attempted to and often notified Moten staff regarding the student absences. The guardian had occasional telephone conversations with Moten staff regarding the student's behavior and visited the school on a couple of occasions. However, the guardian did not attend the parent/teacher conferences and did not receive the student's IEP report cards until after the complaint was filed. (Guardian's testimony)

The student has been interviewed and accepted at High Road School. Mr. Axel rod, the admissions director, reviewed the student's evaluations and IEP. There are nine students

3

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

per class with a special education teacher and assistant in each classroom. The school has
a behavior program with a point system. Students receive money and rewards for good
behavior. The school special education teachers are certified. Social workers are on site
to provide counseling services and speech language specialists to provide
speech/language therapy. There are 55 total students at High Road. (Mr. Axelrod's
testimony)

## ISSUE(S):

Did DCPS deny the student FAPE by:

1. Failing to provide the student an appropriate placement? The parent contends the
   student's current placement - Moten Center - is inappropriate for the student.
2. Failing to provide the parent periodic IEP progress reports while the student
   attended Moten Center?

## CONCLUSIONS OF LAW:

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be
made on substantive grounds based on a determination of whether the child received a
free appropriate public education (FAPE).

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the
evidence and testimony presented at the hearing, that the action or proposed placement is
adequate to meet the educational needs of the student. [2]

1. Did DCPS deny the student FAPE by failing to provide the student an appropriate
placement?  Conclusion: DCPS sustained its burden of proof.

The evidence also indicates Moten can provide the student the services prescribed by his
IEP.[3] Although the student has displayed significant behavioral concerns while attending
Moten, the MDT determined the student's needs could be met at Moten and the
placement would remain appropriate with the appropriate supports in place. The MDT
has determined a dedicated aide would help to effectively address the student's
behavioral concerns without the need for a more restrictive school setting. The Hearing
Officer concludes the dedicated aide must first be provided before reaching a conclusion
that Moten is inappropriate based on the student's behavior concerns. DCPS has

---

[2] Although the DC Board of Education has finalized rulemaking placing the burden of proof on the
individual/entity filing the complaint and seeking relief, that rulemaking was not in effect at the time this
complaint was filed.

[3] Although there was testimony the student's psychological services were provided by an art therapist and
not a social worker or psychologist the Hearing Officer concluded the services were provided at Moten.
The evidence indicated Moten has a psychologist and social worker on staff to deliver the services if it is
later determined that only these professionals could or should deliver the services. A remedy is available to
the guardian by filing another complaint specifically raising this issue if the services were not appropriately
provided.

4

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

indicated the aide will be in place at the start of SY 2006-07. The IEP does not prescribe
ESY services, therefore, there is no continuing loss to the student for not yet having the
dedicated aide.

Despite the conclusion that Moten is an inappropriate placement, the Hearing Officer
concludes that the action by the MDT effectively amended the student's IEP to include
the dedicated aide. It was apparent from the language of the dedicated aide justification
the aide should be in place from the April 19, 2006, meeting through SY 2006-07.
Despite the Dr. Mosley's testimony that the dedicated aide was to be in place at the start
of the next school year, it was apparent from her testimony the student's disruptive
behavior continued without the dedicated aide. Consequently, the Hearing Officer
concludes the student was harmed by there being no dedicated aide in place from April
19, 2006, until the end of SY 2006-07 and the student was denied FAPE.

2. Did DCPS deny the student FAPE by failing to provide the parent periodic IEP
progress reports?   Conclusion: DPCS sustained its burden of proof.

The evidence indicates the IEP report cards were developed and were ultimately provided
the guardian. The guardian indicated she did not receive the reports until after the
complaint was filed. She also acknowledged that she did not attend parent/teacher
conferences. The Hearing Officer takes administrative notice that student report cards
are typically provided at the parent/teacher conferences. There is clear evidence the
reports were prepared and available to the guardian had she come to the school to obtain
them.

**ORDER:**

1. DCPS shall provide the student a dedicated aide by the start of SY 2006-07.
2. DCPS shall, within thirty (30) calendar days of the start of 2006-07 convene a
   multi-disciplinary team/individualized educational program (MDT/IEP) meeting
   to review the student's behavior with the dedicated aide and discuss
   compensatory education and develop a compensatory education plan if warranted
   for the time after April 19, 2006, until the end of SY 2005-06 the student did not
   have a dedicated aide.
3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames
   in this Order for any delay caused by the student, the parent and/or their
   representative(s).

5

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be
made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____
**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: July 24, 2006**

Issued: _7/25/06_____

6

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

## In the MATTER OF Rico Lewis V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| RL 1-9 | Parent's Disclosures | Yes |
| DCPS 1-3 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

7

(In the Matter of RL  DOB: 6/21/96  HOD July 24, 2006)

## In the MATTER OF Rico Lewis V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 3/29/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 5/4/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of RL DOB: 6/21/96 HOD July 24, 2006)

# INDEX OF NAMES

## In the MATTER OF Rico Lewis V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Dr. Debra Mosley |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Debra Carr Wilson (Guardian) |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | Mr. Juan Fernandez |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

9

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



# *ADMINISTRATIVE DUE PROCESS* *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT**:

Student Name:  Rico Lewis                         DOB:  June 21, 1996

Address:     1514 First Street, Apt. #12, SW, Washington, D.C. 20024

Present School of Attendance:        Moten Center

Home School:            Bowen Elementary School
                                       (Neighborhood school where child is registered)

          Parent/Guardian of the Student: __Debra Wilson_____

## B.    Legal Representative/Attorney (if applicable):

Name: __Miguel A. Hull, Esq.___      Phone: (W) _202 742-2015____   (Fax) _202 742-2098_____

Address: 1220 L St., NW, #700, Washington, D.C. 20005_____

Will attorney / legal representative attend the resolution session?      **X** Yes            ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**Parent is requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

Rico Lewis is a nine-year-old student who began at the Moten Center in or about early November 2005. He previously attended Bowen Elementary School, which is also his home school. He is classified as other health impaired and is entitled to fifteen hours of specialized instruction per week; one hour of speech & language therapy per week; and thirty minutes of

2

psychological counseling per week. His mother now respectfully asserts the following violations of her and Rico's rights:

1. **Inappropriate placement**. The parent does not believe that Rico's placement at Moten is appropriate. Since being at Moten, Rico has been acting out behaviorally to the point that the parent is receiving calls about one or twice a week regarding his behavior. He fights and has trouble focusing. This behavior, which the school is not capable of dealing with on its own has had a negative impact on his academic progress. Moten does not have the staff or facilities to deal with Rico's behavioral needs.

2. **Failure to provide IEP progress reports.** The parent has not received an IEP progress report for the entire time that Rico has been at Moten. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (III); 34 C.F.R. § 300.347 (a) (7) ("The IEP for each child with a disability must include a statement of how the child's progress toward the annual goals [ . . ] will be measured; and how the child's parents will be regularly informed (through such means as periodic report cards), at least as often as parents are informed of their non-disabled children's progress, of their child's progress toward the annual goals; and the extent to which the progress is sufficient to enable the child to achieve the goals by the end of the year."); D.C. Mun. Regs. tit. 5 § 3009.1 (i); See also Hoing v. Doe, 484 U.S. 305, 327 (1988) (In Hoing the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12); Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148

## II.    Issues presented.

1) Whether Moten is appropriate for Rico?
2) Whether DCPS has inappropriately failed / refused to provide IEP progress reports to the parent for the entire time that Rico has been at Moten?

## III.    Relief Sought.

1) a finding that DCPS has inappropriately failed / refused to
   a) Moten is not an appropriate school for Rico; and
   b) provide IEP progress reports to the parent for the entire time that Rico has been at Moten

2) that DCPS be ordered to:
    a) provide funding for interim / permanent placement at one of the following: Rock Creek Academy, High Roads Academy, or some other appropriate school;
    b) provide the parent with IEP progress reports for the entire time that Rico has been at Moten; and
    c) in the event that the IEP progress reports were never prepared, that DCPS then convene an MDT meeting to develop appropriate statements of present levels of functioning for the parent to be incorporated into Rico's IEP and to determine if any compensatory education is warranted as result of there not being any progress reports.

3) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

4) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

5) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

8) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and

act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

11) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

13) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15) A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.** **Signature:**

_____        March 29, 2006_____
Legal Representative / Advocate (if applicable)        Date


**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Rico Lewis

April 24, 2007
In Reference To:    Rico Lewis

Invoice # 10000

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/31/2005 | RB | Reviewed 3/21/05 HOD | 0.17<br>185.00/hr | 31.45 |
| | RB | Memo from attorney re school visit/observation | 0.17<br>185.00/hr | 31.45 |
| 4/1/2005 | RB | Drafted and faxed letter to Bowen ES re observation; called school about receipt of letter | 0.42<br>185.00/hr | 77.70 |
| | RB | Drafted and faxed note to Bowen ES sped coordinator proposing alternate observation date per spring testing | 0.25<br>185.00/hr | 46.25 |
| 4/5/2005 | HR | Draft case status letter to parent regarding the hearing officer's determination | 0.50<br>110.00/hr | 55.00 |
| 4/11/2005 | RB | Drafted and faxed letter to Bowen ES re observation date, parent's authorization, and length of observation | 0.42<br>185.00/hr | 77.70 |
| 4/13/2005 | RG | Reviewed prior HOD and discussion with attorney about appeal | 0.58<br>360.00/hr | 208.80 |
| 4/27/2005 | RB | Discussion with attorney: observation | 0.17<br>185.00/hr | 31.45 |
| | RB | Prepared for observation: reviewed behavior plan | 0.25<br>185.00/hr | 46.25 |
| | RB | Memo to attorney re parent's report about nonpublic school visits and observation | 0.17<br>185.00/hr | 31.45 |

Rico Lewis                                                                                          Page      2

|            |    |                                                                                     | Hrs/Rate | Amount |
|------------|----|-------------------------------------------------------------------------------------|----------|--------|
| 4/27/2005  | RB | School visit; classroom observation                                                 | 2.33 185.00/hr | 431.05 |
|            | RB | Phone call to parent about observation and nonpublic school visits                  | 0.25 185.00/hr | 46.25 |
| 4/28/2005  | RB | Compared IEP objectives with observations in classroom; memo to attorney re observation concerns | 0.75 185.00/hr | 138.75 |
| 5/4/2005   | YA | Draft status letter to parent re: status of case                                    | 0.58 110.00/hr | 63.80 |
| 5/10/2005  | RG | Reviewed file ; memo foradvocate                                                    | 0.42 360.00/hr | 151.20 |
|            | JF | Educational research was conducted in this case, reviewed all evaluaitons, HOD's and Settlement Agreements, drafted case status to child's attorney and educational advocate, contacted parent. | 1.17 185.00/hr | 216.45 |
| 6/15/2005  | HR | Created B File                                                                      | 0.58 115.00/hr | 66.70 |
| 9/7/2005   | MH | Reviewed file to determine case status and develop plan for new school year.        | 0.17 235.00/hr | 39.95 |
| 11/2/2005  | JF | Prepared for MDT/IEP meeting at Bowen ES. Discussion with Child's attorney regarding placement issue and strategy to follow at the meeting | 1.50 185.00/hr | 277.50 |
| 11/3/2005  | JF | Attended MDT/IEP @ Bowen ES was an annual IEP                                        | 4.83 185.00/hr | 893.55 |
| 11/4/2005  | HR | Draft letter to parent regarding evaluation requested                               | 0.50 115.00/hr | 57.50 |
|            | HR | Discussion with advocate regarding requesting evaluation                            | 0.25 115.00/hr | 28.75 |
|            | HR | Draft letter to Bowen Elementary School requesting a Tri-annual psychoeducational evaluation to be conducted. | 0.50 115.00/hr | 57.50 |
| 11/10/2005 | MH | Prepared draft of due process hearing request to DCPS.                              | 1.92 235.00/hr | 451.20 |
| 11/17/2005 | HR | File Review and sent letter to parent/student                                       | 0.17 115.00/hr | 19.55 |
|            | HR | Draft letter to parent regarding resolution conference                              | 0.50 115.00/hr | 57.50 |
|            | HR | Draft letter to parent detailing the due process hearing compliant                  | 0.50 115.00/hr | 57.50 |

Rico Lewis                                                                                          Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/29/2005 | JF | dispute Resolution Meeting at Bowen ES with parent | 3.17 185.00/hr | 586.45 |
| 12/21/2005 | HR | Draft letter to parent regaridng the notice of hearing | 0.42 115.00/hr | 48.30 |
| 1/12/2006 | MH | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses; prepared exhibit packet and cover letter; and supervised delivery to DCPS counsel. | 1.25 235.00/hr | 293.75 |
|  | HR | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
| 1/19/2006 | HR | Draft letter to the Student Hearing Office withdrawing the Due Process Hearing Complaint | 0.50 115.00/hr | 57.50 |
|  | JF | Prepared for Due Process Hearing by discussing issues with all parties involved. Reviewed all educational data on file, reviewed MDT/IEP eligibility notes from last IEP meeting and all assesments completed on this student. | 1.50 185.00/hr | 277.50 |
|  | MH | Conference with parent regarding case status and strategy. | 0.42 235.00/hr | 98.70 |
| 1/20/2006 | HR | Draft letter to Moten Center requesting MDT meeting | 0.50 115.00/hr | 57.50 |
|  | HR | Draft letter to parent regarding meeting requested | 0.50 115.00/hr | 57.50 |
| 1/31/2006 | JF | Discussion with Moten Center's Special Ed. Coordinator regarding 30 day review meeting to be set up as soon as possible | 0.25 185.00/hr | 46.25 |
| 3/2/2006 | CMM | Drafted letter to parent regarding tutoring services | 0.42 115.00/hr | 48.30 |
| 3/24/2006 | MH | Reviewed file to determine case status and plan strategy. | 0.25 235.00/hr | 58.75 |
| 3/28/2006 | HR | Draft letter to parent regarding case status | 0.50 115.00/hr | 57.50 |
| 3/29/2006 | MH | Prepared and file due process hearing request to DCPS.  Includes research on issues raised and drafting and revising of claims made. | 1.25 235.00/hr | 293.75 |
| 3/30/2006 | HR | Prepared and sent placement package to Rock Creek Academy | 0.75 115.00/hr | 86.25 |
|  | HR | Draft letter to parent detailing the Due Process Complaint | 0.50 115.00/hr | 57.50 |

Rico Lewis                                                                                          Page      4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/30/2006 HR | Prepared and sent placement package to High Roads School | | 0.75 115.00/hr | 86.25 |
| 3/31/2006 HR | Draft letter to parent regarding placement packets sent out for consideration | | 0.50 115.00/hr | 57.50 |
| 4/11/2006 HR | Phone call from Dr. Mosley regarding resolution conference | | 0.25 115.00/hr | 28.75 |
| HR | Phone call to mom regarding resolution conference | | 0.08 115.00/hr | 9.20 |
| HR | Phone call to advocate regarding resolution conference | | 0.25 115.00/hr | 28.75 |
| 4/13/2006 JF | Attended MDT/IEP @ Moten Center with parent | | 3.83 185.00/hr | 708.55 |
| 4/18/2006 HR | Draft letter to parent regarding the resolution conference notes | | 0.42 115.00/hr | 48.30 |
| 4/19/2006 HR | Phone call from Mr. Howard at High Road School in PG County regarding referral | | 0.17 115.00/hr | 19.55 |
| 4/20/2006 HR | Draft letter to parent regarding placement | | 0.50 115.00/hr | 57.50 |
| 4/25/2006 HR | Draft letter to parent regarding authorization forms | | 0.50 115.00/hr | 57.50 |
| MH | Reviewed file to determine current case status and plan case strategy. | | 0.25 235.00/hr | 58.75 |
| 5/3/2006 MH | Reviewed file to determine status and plan strategy. | | 0.25 235.00/hr | 58.75 |
| 5/10/2006 JF | Discussion with Special Ed. Coordinator at Moten EC regarding MDT/IEP meeting | | 0.25 185.00/hr | 46.25 |
| JF | Discussion with parent | | 0.25 185.00/hr | 46.25 |
| 5/11/2006 JF | Prepared for MDT/IEP meeitng by reviewing Psycho-educational and Hearing officer's determination. Contacted parent and child's attorney to discuss issues and strategy to follow in case | | 1.50 185.00/hr | 277.50 |
| 5/16/2006 HR | Draft letter to parent regarding letter from High Road School concerning placement | | 0.50 115.00/hr | 57.50 |
| 5/17/2006 JF | Attended MDT/IEP @ Moten EC | | 2.83 185.00/hr | 523.55 |

Rico Lewis                                                                                           Page     5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/17/2006 MH | Reviewed file to begin preparing strategy for upcomming hearing. | 0.33<br>235.00/hr | 77.55 |
| 5/19/2006 HR | Draft letter to parent regarding the notice of hearing | 0.50<br>115.00/hr | 57.50 |
| 5/23/2006 HR | Researched  case for status of placement considered, called High Road School, and Rock Creek Academy for update | 0.50<br>115.00/hr | 57.50 |
| HR | Draft memo to attorney and advocate regarding status of placement and updated case notes with information | 0.25<br>115.00/hr | 28.75 |
| 5/24/2006 HR | Assisted attorney to prepare disclosure to DCPS | 1.17<br>115.00/hr | 134.55 |
| HR | Discussion with educational advocate regarding meeting and contacting parent | 0.17<br>115.00/hr | 19.55 |
| HR | Phone call to parent regarding MDT meeting scheduled | 0.17<br>115.00/hr | 19.55 |
| HR | Draft letter to parent regarding meeting scheduled | 0.50<br>115.00/hr | 57.50 |
| 5/30/2006 MH | Prepared strategy for MDT meeting.  Includes file review. | 0.33<br>235.00/hr | 77.55 |
| JF | Attended MDT/IEP @ Moten Center with parent | 2.83<br>185.00/hr | 523.55 |
| 5/31/2006 MH | Prepared for Due Process Hearing.  Includes review of DCPS and parent's disclosure materials, legal research on issues raised, discussion with parent, and preparation of possible witness questions and legal arguments for hearing. | 1.33<br>235.00/hr | 312.55 |
| 6/8/2006 HR | Phone call from Kendra Hill at Rock Creek Academy regarding status of placement | 0.25<br>115.00/hr | 28.75 |
| 6/9/2006 BC | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 6/21/2006 YA | Drafted letter to parent regarding the hearing date | 0.58<br>115.00/hr | 66.70 |
| 7/5/2006 MH | Pre-hearing conference with attorney and parent to review issues and strategy for hearing and discuss any new concerns that have arrisen since filing of complaint. | 0.42<br>235.00/hr | 98.70 |
| 7/10/2006 MH | Prepared for Due Process Hearing.  Reviewed disclosure materials, research issues raised, discussed case with parent, and prepared potential witness questions and legal arguments. | 1.17<br>235.00/hr | 274.95 |

Rico Lewis

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2006 | JF | Prepared for Due Process Hearing | 1.50<br>185.00/hr | 277.50 |
| | MH | Additional preparation for Due Process Hearing. Reviewed disclosure materials, prepared witnesses, and prepared legal arguments. | 0.83<br>235.00/hr | 195.05 |
| 7/12/2006 | MH | Appearance to 825 North Capital for due process hearing. | 4.00<br>235.00/hr | 940.00 |
| | JF | Appearance to 825 North Capital for due process hearing | 4.00<br>185.00/hr | 740.00 |
| 7/14/2006 | MH | Prepared written closing statement for hearing that was on 7/12/06. | 2.67<br>235.00/hr | 627.45 |
| | | For professional services rendered | 70.45 | $12,797.90 |

Additional Charges :

| | | |
|---|---|---|
| 4/5/2005 | Copied documents (HOD with letter) | 4.50 |
| 4/6/2005 | Postage; letter to parent<br>status report | 0.83 |
| 4/7/2005 | File review preparation of bill and invoice audit | 96.88 |
| 4/8/2005 | Copied documents | 1.20 |
| 4/11/2005 | Facsimile letter to Bowen ES re: observation and parent auth. | 3.00 |
| | Copied documents | 0.50 |
| 5/4/2005 | Postage; letter to parent | 0.37 |
| | Copied letter change of team for parent. | 0.25 |
| 11/4/2005 | Copied documents; letter to DCPS req. evals | 0.50 |
| | Facsimile: evaluations request to school. | 2.00 |
| | Postage; letter to parent re: case status. | 0.37 |
| 11/5/2005 | Postage; letter to parent re: case status. | 0.37 |
| 11/7/2005 | Copied: request for evaluations for Brown ES. | 0.25 |
| 11/17/2005 | Postage; letter to parent re: hearing notice. | 0.97 |
| | Copied: DPH complaint and mtg. letter for parent. | 2.50 |

Rico Lewis                                                                        Page    7

|  |  | Amount |
|---|---|---|
| 12/20/2005 | Copied NOH with letter with interim order for parent. | 0.50 |
| 1/12/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied DISC. for SHO,OGC. | 40.00 |
| 1/19/2006 | Facsimile: DPH withdrawal to SHO and OGC. | 4.00 |
| 1/20/2006 | Postage; letter to parent re: case status. | 0.39 |
|  | Copied ltr. to DCPS req. mtg with lcase status letter for parent. | 0.50 |
|  | Facsimile: MDT mtg notes to Moten Center. | 2.00 |
| 3/2/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent re: tutoring services | 0.39 |
| 3/28/2006 | Postage; letter to parent. | 0.39 |
|  | Copied: case status letter for parent. | 0.25 |
| 3/30/2006 | Copied: placement packet for RCA and High Rds. | 24.50 |
|  | Copied: DPH complaint for parent. | 1.75 |
|  | Postage; letter to parent. | 0.63 |
|  | Postage; Placement packages. | 4.62 |
| 3/31/2006 | Postage; letter to parent. | 0.39 |
|  | Facsimile Received from DCPS re: scheduling memo. | 3.00 |
|  | Copied: placement with case status letter for parent. | 0.75 |
| 4/11/2006 | Postage; letter to parent. | 0.39 |
|  | Copied documents; letter re: resolution confirmation | 0.50 |
| 4/18/2006 | Copied resolution conf. mtg. notes with ltr for parent. | 0.75 |
|  | Postage; letter to parent. | 0.39 |
| 4/20/2006 | Postage; letter to parent. | 0.39 |
|  | Copied ltr re: referral to High Roads for parent. | 0.25 |
| 4/25/2006 | Copied authorization forms with ltr's for parent. | 1.50 |

Rico Lewis                                                                                    Page      8

|  | | Amount |
|---|---|---|
| 4/25/2006 | Postage; letter to parent re: authorization forms. | 0.78 |
| 5/4/2006 | Facsimile: res. mtg. to Wilkinson. | 2.00 |
| 5/16/2006 | Postage; letter to parent. | 0.39 |
|  | Facsimile Received from Moten Center re:ltr. | 2.00 |
|  | Copied placement ltr from High Road with ltr for parent. | 0.75 |
| 5/19/2006 | Postage; letter to parent. | 0.39 |
|  | Copied: NOH letter for parent. | 0.25 |
| 5/24/2006 | Postage; letter to parent. | 0.39 |
|  | Copied disc. for SHO,OGC. | 35.50 |
|  | Copied ltr to parent re: MDT mtg for parent. | 0.25 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 6/9/2006 | Postage; letter to parent | 0.39 |
| 6/21/2006 | Copied: HDN letter for parent. | 0.50 |
| 6/22/2006 | Postage; letter to parent re: HDN. | 0.39 |
| 7/14/2006 | Messenger Service to and from DCPS (Guardian's Closing Statement) | 20.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $404.08 |
|  | Total amount of this bill | $13,201.98 |

# Exhibit P



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                              James E. Brown & Assoc., PLLC
    Attorney:                              James E. Brown
    Federal Tax ID No:                     52-1500760
    D.C. Bar No:                           61622

2.  **Student Information**
    Name:                                  Lloyd, Jualow
    DOB:                                   11/15/94
    Date Hearing Request Filed:            8/9/06
    Date(s) of Hearing:                    10/10/06
    Date of Determination (HOD/SA):        10/25/06
    Parent/Guardian Name:                  Edwina Lloyd
    Parent/Guardian Address:               3137 Newton St., NE
                                           Washington, D.C. 20018

3.  **Invoice Information**
    Invoice Number:                        06-521
    Date Request Submitted:                10/31/06
    Date(s) of Services Rendered:          4/14/05 to 10/25/06
    Attorney Hourly Rate:                  $      365.00
    Total Attorney Fees:                   $   23,350.70
    Total Attorney Costs:                  $      674.05
    Total Experts:                         $   11,242.45
    Total Invoice:                         $   35,267.20

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

*   All services listed on the enclosed invoices were actually performed;
*   The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
*   The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
*   No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
*   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

Signature                                  10/31/06
                                           Date

Revised Nov. 2004

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: Jualow Lloyd  Date of Birth: November 15, 1994

Address: 3137 Newton Street, N.E., Washington, DC 20018

Home School:     Thurgood Marshall Education Center

Present School of Attendance: Thurgood Marshall Education Center

     Is this a charter school? No

Parent/Guardian of the Student: Edwina Lloyd

Address (if different from the student's above): Newton Street, N.E., Washington, DC 20018

1

**B.**  **Legal Representative / Attorney:**

Name: John Straus, Esq.

Address: 1220 L Street, N.W., Suite 700

Washington, DC 20002

Phone: (w) (202) 742-2000 (Fax) (202) 742-2098

Will attorney / legal representative attend the resolution session?  **X** Yes  ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.  Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

## E.  Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.  Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

1. Pursuant to Pub. L. No. 108-446, Sec. 101, § 615(k)(1)(D), "a child with a disability who is removed from the child's current placement...shall continue to receive educational services...so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and receive, as appropriate, a functional behavioral assessment, behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not recur." Pursuant to P.L. 108-446, Sec. 101, § 615(k)(1)(E), within 10 school days of any decision to change

2

conduct, [DCPS], the parent, and relevant members of the IEP Team (as determined by the parent and [DCPS]) shall review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parent to determine if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or if the conduct in question was the direct result of [DCPS's] failure to implement the IEP."

2. The student is a student with an emotional disturbance under the IDEIA. *See* Individualized Educational Program (hereinafter "IEP"), dated June 7, 2006.

3. On March 9, 2006, the student was suspended for one day. *See* student discipline referral, dated March 9, 2006. On April 26, 2006, the student was suspended for 5 days. *See* student notice of student disciplinary action, dated April 26, 2006. On June 1, 2006, the student was suspended for five days. *See* student notice of student disciplinary action, dated June 1, 2006. There is nothing in the record that indicates DCPS convened an IEP team meeting to conduct a manifestation determination and determine the student's interim alternative setting.

**II. Issues presented.**

Whether DCPS denied the student a free and appropriate public education by failing to follow proper procedures in suspending the student

**III. To the extent known to you at this time, how can this problem be resolved?**

1. The hearing officer shall find that DCPS denied the student a free and appropriate public education by failing to follow proper procedures in suspending the student

2. DCPS shall convene an IEP meeting to conduct a manifestation determination and determine the student's interim alternative setting.

3. If DCPS fails to commence the tutoring within fifteen (15) calendar days of the development of the student's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS' expense.

4. DCPS agrees to pay counsel for the parent reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS shall provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have.

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation,

3

and unilateral place in an informal school or educational program until such time
the DCPS can come into compliance and properly assess, program and/or participate.

8. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS.
   tit. 3021.8 (2003), of all evaluation reports and all educational records on the student
   no later than sixteen (16) business hours prior to the convening of any meeting.

9. DCPS shall send all notices to counsel for the parent with copies of such to the parent
   and in the parent's native language.

10. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the
    Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-
    446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through
    John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why
    DCPS proposed or refused to take the action raised in the complaint; ii) a description
    of other options that the IEP team considered and the reasons why those options were
    rejected, iii) a description of each evaluation procedure, assessment, record, or report
    the agency used as the basis for the proposed or refused action, and iv) a description
    of the other factors that are relevant to the agency's proposed or refused action.

11. In the event DCPS fails to answer/respond to the issues alleged in the complainant's
    administrative due process hearing complaint, within ten (10) calendar days, the
    arguments and facts as averred by the complainant will be deemed true and accurate
    and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session
    Meeting, and the complainant's administrative due process hearing will be scheduled
    pursuant to the applicable timelines contained in the IDEIA;

12. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint,
    pursuant to the Individuals with Disabilities Education Improvement Act of 2004,
    Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's
    request alleging any insufficiency of notice.

13. DCPS' failure to comply with the Individuals with Disabilities Education
    Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege
    any insufficiency of the complainant's administrative due process complaint, will
    constitute waiver on the part of DCPS to make such argument at any later date and
    time.

14. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of
    2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar
    days of receiving the complainant's administrative due process complaint, shall
    contact the complainant's representative, in writing, via facsimile, at 202-742-2098,
    to schedule and convene a Resolution Session Meeting.

15. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of
    2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution
    Session Meeting, with the complainant, the complainant's representative, and all
    necessary/relevant members of the student's MDT/IEP Team that have specific
    knowledge about the child and the facts contained in the complaint. The relevant
    members of the MDT/IEP Team that shall be present at the Resolution Session

4

Meeting for the student shall include the following person the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student.

16. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

17. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the complainant with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

18. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that Larry's rights and the complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

19. The hearing officer shall find that the parent is the prevailing party in this action.

## G.   <u>Accommodations and Assistance Needed:</u>

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.   <u>Signature:</u>

_____     June 8, 2006
Legal Representative / Advocate (if applicable)        Date

5

State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

6

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| JUALOW LLOYD,    Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 11-15-94 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: October 10, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Thurgood Marshall EC | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

Parent:                          Ms. Edwina Lloyd
                                 3137 Newton Street, N.E..
                                 Washington, D.C. 20018

Counsel for Parent:              John A. Straus, Esq.
                                 James Brown & Associates
                                 1220 L Street, N.W.
                                 Suite 700
                                 Washington, D.C. 20005

Counsel for School:              Tiffany S. Puckett, Attorney- Advisor
                                 Office of the General Counsel, DCPS
                                 825 North Capitol Street, N.E., 9th Floor
                                 Washington, D.C. 20002

2006 OCT 25 AM 10: 59
DC PUBLIC
SCHOOL SYSTEM

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On August 9, 2006, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, John A. Straus, Esq. The request alleges DCPS failed to evaluate the student in all areas of suspected disabilities..

A Due Process Hearing was convened on October 10, 2006 at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Tiffany S. Puckett, Esq., Attorney-Advisor represented DCPS. John A. Straus, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated October 2, 2006: JL-1 through JL-13. On behalf of DCPS: Disclosure Letter dated October 2, 2006: DCPS-01 through DCPS-19. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for the parent: Edwina Lloyd. Witnesses for DCPS: No Witnesses were called to testify on behalf of DCPS.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

**Whether DCPS denied the student FAPE by failing to evaluate the student in all areas of suspected disabilities and by failing to provide an appropriate IEP?**

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case it is alleged by and through parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide J. L. a free appropriate public education (TAPE).    Counsel for the parent alleges that the student was not evaluated in all areas of suspected, as a Psycho-Educational Evaluation and a Clinical Psychological Evaluation was warranted.  The student had been involved in several incidences resulting in suspensions . is alleged the absence of these evaluations the student's IEP is inappropriate.  DCPS alleges that the student has been provided a free appropriate public education, as warranted evaluations had been performed by DCPS.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    J.L. is an eleven (11) year old resident and student who attending Thurgood Marshall Elementary School during the 2005-2006 school years.

2.    J.L. is eligible for special education and related services according to his most recent Individualized Educational Program ("IEP") dated June 7, 2006, the student's disability classification is learning disable (LD).[1]

3.    On or about June 7, 2006, DCPS convened a MDT/IEP team meeting, which consisted of qualified education officials to determine the student's appropriate educational needs.  The team determined that the student should be in a combination general education and resource classroom.  The parent participated in the development of the IEP and agreed with the contents of the IEP, as she did sign her name indicated that she did approve of the IEP.[2]

3

---

[1] Exhibit: JL-5
[2] Exhibit: JL-5

4.       The MDT/IEP team also determined that the student requires a Behavior Intervention Plan.

5.       Edwina Lloyd, the parent of J.L., testified and concluded that she had travel to Thurgood Marshall ES to attend several MDT/IEP meetings on or about June 7, 2006 and June 19, 2006. DCPS failed to have the appropriate education officials at the meeting and as a result of the absence of appropriate officials the meetings were cancelled.

6.       According to the parent, DCPS did not provide her with an assessment questionnaire. While DCPS may have provided the questionnaire to her son, the parent indicated that he never gave it to her and she only received the assessment questionnaire last week on or about October 3, 2006.

7.       The parent was very angry and concerned about DCPS delivering the assessment questionnaire by her son, as she was never contacted by DCPS to inform her that her son was carrying this important information.  The parent stated that she was constantly at the school and it would have been much easier if DCPS had informed her of the questionnaire.

8.       Tiffany Batson, Special Education Specialist at Thurgood Marshall Elementary School, testified and concluded that Thurgood Marshall Elementary School had been flooded as a result of a rainstorm.  Due to the flooded condition of the school, DCPS officials were not allowed to enter into the school to obtain any records.  This catastrophe had a significant impact because the Psychological report was completed but unavailable due to the storm damage.

9.       Ms. Batson further testified that school officials would not be able to enter into the building for at least one month, therefore there would be no access to any documents. Additionally, DCPS would not be able to move forward and convene the MDT/IEP meeting to review evaluations, review and revise the IEP as warranted.

## VI.    DISCUSSION AND CONCLUSION OF LAW

In this case, petitioner has not sustained its burden of proof. The sole issue in this matter is whether DCPS had evaluated the student in all areas of suspected disabilities and identified all the child's special education and related services needs. A preponderance of the evidence does not support the parent's position that DCPS failed to evaluate the student in all areas of suspected disabilities. Undisputed evidence on the record clearly indicated that warranted evaluations had been completed but were inaccessible due to the flooded condition of the school building. The flooded conditions prevented DCPS from accessing its records. Under these set of circumstances DCPS has provided the student a free and appropriate education. Not withstanding this determination, DCPS was ordered to immediately supply the parent with the assessment questionnaire and the parent was ordered to immediately complete and return the questionnaire to DCPS.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED in part and DENIED in part.**

2) **Petitioner's request to have the Assessment Questionnaire immediately provided to the parent is GRANTED, as the Hearing Officer directed to provide the document to the parent on October 10, 2006.**

3) **Petitioner's request to find a denial of FAPE because DCPS failed to evaluated the student in all areas of suspected disabilities is DENIED**

4) **The parent shall immediately complete the Assessment Questionnaire and provide the document to DCPS on or immediately after October 10, 2006**

5) **In the event that DCPS and the parent failed to adhere to the above order, the parties shall jointly provide and complete the Assessment Questionnaire on or before October 12, 2006.**

5.

6) DCPS shall, on or before October 27, 2006, convene a MDT/ IEP meeting to review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement for the 2006-2007 school years.

7) If the appropriate placement is to a public school, DCPS shall issue a notice of placement within five- (5) schools days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

8) All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.      APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _10 -25-06_

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _10|25|06_

6.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  October 25, 2006

TO:  John Straus

FROM:  STUDENT HEARING OFFICE

RE:  Lloyd, Jualow

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Jualow Lloyd

April 13, 2007

In Reference To:    Jualow Llo
Invoice #10004

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/14/2005 | ML | Consultation with parent and legal assistant, research and case preparation. | 1.58 195.00/hr | 308.10 |
|  | CS | Discussion with the child's attorney re new case and status of parent at the school (currently banned from entering building) | 0.33 185.00/hr | 61.05 |
|  | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.58 110.00/hr | 173.80 |
| 4/18/2005 | ML | Prepared and file due process hearing request to DCPS. | 2.00 195.00/hr | 390.00 |
|  | CS | Record review | 1.50 185.00/hr | 277.50 |
|  | CS | Reviewed MDT/IEP | 1.00 185.00/hr | 185.00 |
| 4/19/2005 | CS | Examined hearing request filed by attorney | 0.42 185.00/hr | 77.70 |
| 4/20/2005 | ML | Draft letter to Bruce Monroe Principal, re: visitation by mother to classroom. | 0.42 195.00/hr | 81.90 |
|  | ML | Drafted letter requesting records. | 0.33 195.00/hr | 64.35 |
| 4/25/2005 | ML | Phone call from parent, questions records and mother had new information about communications with principal. | 0.33 195.00/hr | 64.35 |

Jualow Lloyd

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/26/2005 | CS | Record review | 1.00<br>185.00/hr | 185.00 |
| | ML | Reviewed student's school records. | 0.42<br>195.00/hr | 81.90 |
| 4/27/2005 | ML | Phone call to parent, re: parent's concerns and status update. | 0.33<br>195.00/hr | 64.35 |
| 4/28/2005 | CS | Discussion with the child's attorney re status | 0.33<br>185.00/hr | 61.05 |
| 5/3/2005 | CMM | Prepared and sent placement package to The Lab School of Washington | 1.00<br>115.00/hr | 115.00 |
| | ML | Drafted letter to parent re: hearing and communications with school principal. | 0.42<br>195.00/hr | 81.90 |
| | CMM | Prepared and sent placement package to Kingsbury School | 1.00<br>115.00/hr | 115.00 |
| 5/9/2005 | CMM | Drafted letter to parent to notify them of placement package sent out and notice of hearing schedule | 0.58<br>115.00/hr | 66.70 |
| | CMM | Phone call to parent to notify them of hearing schedule | 0.17<br>115.00/hr | 19.55 |
| 5/11/2005 | ML | Conference with advocate Sutton-Brock, re: hearing date and class observation issues. | 0.33<br>195.00/hr | 64.35 |
| | CS | Discussion with the child's attorney re advocate to complete an observation | 0.17<br>185.00/hr | 31.45 |
| | CS | Prepared for upcoming classroom observation | 0.50<br>185.00/hr | 92.50 |
| 5/12/2005 | CS | Prepared for upcoming MDT/IEP meeting | 0.50<br>185.00/hr | 92.50 |
| | CS | School visit; classroom observation @ Marshall EC | 3.00<br>185.00/hr | 555.00 |
| 5/13/2005 | ML | Phone call from parent re: school's many letter of invitation sent after the meeting was scheduled. | 0.33<br>195.00/hr | 64.35 |
| | CS | Attended MDT/IEP @ Marshall EC | 3.25<br>185.00/hr | 601.25 |

Jualow Lloyd                                                                        Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/16/2005 | CS | Discussion with the child's attorney re parent being upset with recent meeting and the school not permitting her to observe her son | 0.33 185.00/hr | 61.05 |
| 5/17/2005 | ML | Prepare disclosure to DCPS. | 0.75 195.00/hr | 146.25 |
|  | ML | Prepared and file amended due process hearing request to DCPS | 1.00 195.00/hr | 195.00 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
|  | CS | Phone call from parent | 0.17 185.00/hr | 31.45 |
| 5/18/2005 | CS | Attended MDT/IEP @ Marshall EC | 3.00 185.00/hr | 555.00 |
| 5/19/2005 | CS | Draft letter to attorney re recent IEP mtg | 0.42 185.00/hr | 77.70 |
| 5/20/2005 | ML | Reviewed MDT/IEP notes and evaluations | 0.42 195.00/hr | 81.90 |
| 5/23/2005 | CS | Prepared for Due Process Hearing | 1.00 185.00/hr | 185.00 |
| 5/24/2005 | ML | Appearance to 825 North Capital for due process hearing. | 2.50 195.00/hr | 487.50 |
|  | ML | Prepared for Due Process Hearing. | 1.50 195.00/hr | 292.50 |
|  | CS | Appearance to 825 North Capital for due process hearing | 3.00 185.00/hr | 555.00 |
| 5/25/2005 | ML | Draft brief for hearing officer St. Clair, re: bar status | 2.00 195.00/hr | 390.00 |
| 6/8/2005 | ML | Prepared and file due process hearing request to DCPS. | 2.00 195.00/hr | 390.00 |
|  | CS | Phone call from parent | 0.17 185.00/hr | 31.45 |
|  | CS | Examined hearing request filed by attorney | 0.42 185.00/hr | 77.70 |

Jualow Lloyd                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/9/2005 | ML | Phone call from parent, re: student missing special education services, and problems with the school. | 0.50 195.00/hr | 97.50 |
| 6/10/2005 | CS | Conference with parent re problems at school and upcoming meeting with Ms. Plummer at 825 re teacher complaints | 0.42 185.00/hr | 77.70 |
| 6/14/2005 | CS | Phone call from parent | 0.17 185.00/hr | 31.45 |
|  | ML | Drafted letter to parent, re: hearing request issues and remedies. | 0.42 195.00/hr | 81.90 |
| 6/15/2005 | ML | Phone call from parent, re: disciplinary meeting. | 0.33 195.00/hr | 64.35 |
| 6/16/2005 | ML | Phone call to parent, re: discplinary meeting with school. | 0.50 195.00/hr | 97.50 |
| 6/22/2005 | CMM | Drafted letter to parent with hearing information | 0.50 115.00/hr | 57.50 |
| 6/28/2005 | ML | Prepare disclosure to DCPS. | 0.75 195.00/hr | 146.25 |
| 6/29/2005 | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
| 7/6/2005 | RG | Prepared for Due Process Hearing | 1.00 360.00/hr | 360.00 |
|  | CS | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
|  | ML | Prepared for Due Process Hearing. | 1.50 195.00/hr | 292.50 |
| 7/7/2005 | CS | Appearance to 825 North Capital for due process hearing | 3.00 185.00/hr | 555.00 |
|  | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conf wi th witnesses | 3.00 360.00/hr | 1,080.00 |
| 7/12/2005 | RG | Reviewed HOD and discussio with ML re: motion | 0.50 360.00/hr | 180.00 |
|  | ML | Researched the retroactive application of law to preexisting claims. | 2.25 195.00/hr | 438.75 |

Jualow Lloyd

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/12/2005 | ML | Draft brief to Hearing Officer Woods of application on new IDEIA to claims filed before enactment. | 1.42<br>195.00/hr | 276.90 |
| 7/18/2005 | CMM | Review and drafted letter to parent detailing HOD | 0.58<br>115.00/hr | 66.70 |
| 7/19/2005 | CS | Examined HOD | 0.33<br>185.00/hr | 61.05 |
| | ML | Phone call from parent, re: HOD and options for placement left. | 0.33<br>195.00/hr | 64.35 |
| 8/3/2005 | CMM | Case status update letter to parent/ enclosed rejection placement letter from The Lab School of Washington | 0.58<br>115.00/hr | 66.70 |
| 8/9/2005 | CS | Discussion with the child's attorney re placement options for the fall and need to discuss options with the parent | 0.25<br>185.00/hr | 46.25 |
| 8/10/2005 | CS | Research educational needs re extensive file review and case status w/ written report to Atty. | 1.00<br>185.00/hr | 185.00 |
| | CS | Conference with parent re case status and update | 0.42<br>185.00/hr | 77.70 |
| 8/22/2005 | CMM | Assist attorney in sending correspondence to parent/ enclosed tutorial services information | 0.33<br>115.00/hr | 37.95 |
| 11/22/2005 | ML | Draft letter to parent, re: case status is now closed. | 0.42<br>195.00/hr | 81.90 |
| 12/2/2005 | ML | Draft letter to DCPS re: IEP meeting. | 0.42<br>195.00/hr | 81.90 |
| | ML | Phone call from parent, re: problems with classroom and behavior. | 0.33<br>195.00/hr | 64.35 |
| 12/13/2005 | CMM | Drafted letter to parent/enclosed letter sent to Marshall EC re: meeting to be schedule to our office | 0.50<br>115.00/hr | 57.50 |
| | CMM | File Review and sent letter to parent/student | 0.25<br>115.00/hr | 28.75 |
| 12/15/2005 | CS | Conference with parent re current issues with the school and scheduling mtg | 0.33<br>185.00/hr | 61.05 |
| | CS | Draft letter to Marshall EC | 0.42<br>185.00/hr | 77.70 |

Jualow Lloyd                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/20/2005 | CMM | Drafted letter to parent/enclosed with MDT invitation letter received | 0.50<br>115.00/hr | 57.50 |
| 1/18/2006 | CMM | Drafted letter to parent re: case status | 0.42<br>115.00/hr | 48.30 |
| 1/20/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50<br>185.00/hr | 92.50 |
| 1/23/2006 | CS | School visit in anticpation of MDT mtg but it was ultimately cancelled since all appropriate team members were not available | 2.00<br>185.00/hr | 370.00 |
|  | CS | Phone call to parent (2x) | 0.33<br>185.00/hr | 61.05 |
|  | CS | Research educational needs via extensive file review in order to determine any record/documentation of ADHD.   Parent requesting a new observation and mtg based on a possible ADHD diagnosis. | 1.00<br>185.00/hr | 185.00 |
|  | CS | Discussion with the child's attorney re mtg, ADHD testing and parent concerns | 0.33<br>185.00/hr | 61.05 |
|  | CS | Discussion with paralegal | 0.33<br>185.00/hr | 61.05 |
|  | CMM | Assist attorney in sending correspondence in request FBA evaluation to Thurgood Marshall EC | 0.17<br>115.00/hr | 19.55 |
|  | CMM | Drafted case status letter to parent/enclosed letter sent to Thurgood Marshall EC | 0.50<br>115.00/hr | 57.50 |
|  | RG | Conference with parent; memo to advocate and paralegal re: follow up and status ; drafted lettter to school | 1.00<br>360.00/hr | 360.00 |
| 1/24/2006 | RG | Discussion with CB re: meeting | 0.25<br>360.00/hr | 90.00 |
|  | CMM | Discussion with advocate re: case status | 0.33<br>115.00/hr | 37.95 |
| 1/25/2006 | CS | Conference with parent re Dr. Appt and mtg reschedule | 0.25<br>185.00/hr | 46.25 |
| 1/31/2006 | JS | Record reviewed and discussion with Cheron | 0.08<br>235.00/hr | 18.80 |
|  | CS | Discussion with the child's attorney re need to conduct observation | 0.08<br>185.00/hr | 14.80 |

Jualow Lloyd                                             .                                             Page     7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/6/2006 | CS | Draft letter to Marshall EC re observation | 0.42 185.00/hr | 77.70 |
| 2/8/2006 | CS | Prepared for upcoming classroom observation | 0.50 185.00/hr | 92.50 |
| 2/9/2006 | CS | School visit; classroom observation @ Marshall. | 3.50 185.00/hr | 647.50 |
| 2/13/2006 | CS | Drafted letter to parent re student observation report | 0.42 185.00/hr | 77.70 |
|  | CS | Conference with parent re student's suspension and my observation | 0.33 185.00/hr | 61.05 |
|  | CS | Draft letter to attorney re observation report | 0.42 185.00/hr | 77.70 |
| 2/21/2006 | CS | Conference with parent re status of pediatrician visit | 0.25 185.00/hr | 46.25 |
| 2/22/2006 | RG | Discussion with CB | 0.17 360.00/hr | 61.20 |
|  | CS | Discussion with the child's attorney re completion of observation | 0.17 185.00/hr | 31.45 |
| 3/21/2006 | JS | Prepared and file due process hearing request to DCPS | 2.00 235.00/hr | 470.00 |
| 3/23/2006 | JS | Reviewed letter to Marshall Education Center, Office of General, and Parent | 0.08 235.00/hr | 18.80 |
| 4/3/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50 185.00/hr | 92.50 |
| 4/4/2006 | CS | Attended MDT/IEP and Resolution mtg @ Marshall EC | 4.00 185.00/hr | 740.00 |
|  | CS | Conference with parent re issues related to recent MDT/resolution meeting and course of future action | 1.00 185.00/hr | 185.00 |
| 4/6/2006 | CS | Draft letter to attorney re resolution mtg and recent MDT mtg | 0.42 185.00/hr | 77.70 |
|  | DP | Prepared and sent to DCPS a withdrawal of hearing request. | 0.50 115.00/hr | 57.50 |

Jualow Lloyd                                                                                                    Page    8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/6/2006 | JS | Reviewed letter to Office of General Counsel, Student Hearing Office and parent | 0.08 235.00/hr | 18.80 |
| 4/13/2006 | CS | Research educational needs   via file review and update | 1.00 185.00/hr | 185.00 |
| 5/15/2006 | CS | Prepared for upcoming MDT/IEP meeting | 0.50 185.00/hr | 92.50 |
| 5/16/2006 | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
|  | DP | Drafted letter to parent regarding hearing notice sent to this office from the DCPS student hearing office. | 0.42 115.00/hr | 48.30 |
|  | CS | Attended MDT/IEP @ Marshall EC | 2.75 185.00/hr | 508.75 |
|  | CS | Draft letter to attorney re school visit | 0.42 185.00/hr | 77.70 |
|  | CS | Research educational needs via alternative placement options within/out DCPS | 1.25 185.00/hr | 231.25 |
| 5/17/2006 | JS | Phone call to parent regarding meeting | 0.33 235.00/hr | 77.55 |
| 5/19/2006 | JS | Conference with parent | 0.75 235.00/hr | 176.25 |
|  | JS | Prepared and file due process hearing request to DCPS | 2.00 235.00/hr | 470.00 |
| 6/1/2006 | JS | Phone call to parent regarding meeting | 0.33 235.00/hr | 77.55 |
| 6/7/2006 | JS | Prepared and file due process hearing request to DCPS | 2.00 235.00/hr | 470.00 |
|  | WD | Attended MDT/IEP @ Thurgood Marshall EC | 4.50 185.00/hr | 832.50 |
| 6/8/2006 | JS | Phone call to parent regarding hearing request | 0.33 235.00/hr | 77.55 |
| 6/9/2006 | WD | Reviewed assessment sent from school.  Called parent to discuss meeting date. | 0.50 185.00/hr | 92.50 |

Jualow Lloyd                                                                                          Page    9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/12/2006 | WD | Draft letter to school regarding meeting request. Faxed | 0.50 185.00/hr | 92.50 |
| 6/19/2006 | WD | Reviewed file and prepared forresolution meeting | 0.75 185.00/hr | 138.75 |
| 6/20/2006 | WD | Conference with parent at resolution meeting. | 2.00 185.00/hr | 370.00 |
| 6/22/2006 | WD | Draft letter to school. Faxed. | 0.50 185.00/hr | 92.50 |
| 6/23/2006 | CMM | Drafted letter to parent with hearing request filed 6-19-06 | 0.58 115.00/hr | 66.70 |
| 7/12/2006 | WD | Discussion with the child's attorney regarding hearing request. | 0.75 185.00/hr | 138.75 |
| | DP | Assisted attorney to prepare disclosure to DCPS. | 1.50 115.00/hr | 172.50 |
| | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 235.00/hr | 352.50 |
| 7/13/2006 | DP | Drafted letter to parent regarding notice of hearing sent by DCPS. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| | JS | Phone call from parent regarding hearing date | 0.33 235.00/hr | 77.55 |
| 7/17/2006 | DP | Drafted letter to parent regarding due process hearing scheduled by the DCPS student hearing office. | 0.42 115.00/hr | 48.30 |
| 7/18/2006 | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 7/19/2006 | CSH | Obtained case report for the parent | 0.25 115.00/hr | 28.75 |
| | JS | Phone call to parent regarding hearing | 0.33 235.00/hr | 77.55 |
| | JS | Prepared and sent to DCPS a withdrawal of hearing request | 0.50 235.00/hr | 117.50 |

Jualow Lloyd                                                                                            Page     10

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/28/2006 | JS | Draft letter to letter to Thurgood Marshall, Office General Counsel, and parent | 0.33<br>235.00/hr | 77.55 |
| | JS | Phone call to parent regarding letter | 0.33<br>235.00/hr | 77.55 |
| 8/1/2006 | WD | Reviewed file prior to 5 day. | 0.75<br>185.00/hr | 138.75 |
| 8/2/2006 | DP | Assisted attorney to prepare disclosure to DCPS. | 2.00<br>115.00/hr | 230.00 |
| | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50<br>235.00/hr | 352.50 |
| 8/9/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |
| | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 2.00<br>235.00/hr | 470.00 |
| | JS | Prepared and file due process hearing request to DCPS addressing DCPS' failure to follow proper procedures in suspending the student; includes research and discussion with parent | 2.00<br>235.00/hr | 470.00 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58<br>385.00/hr | 223.30 |
| 8/10/2006 | WD | Reviewed hearing request. | 0.17<br>185.00/hr | 31.45 |
| 8/11/2006 | JS | Phone call to parent regarding Hearing Officers Determination | 0.33<br>235.00/hr | 77.55 |
| 9/8/2006 | DP | Drafted letter to parent regarding hearing request filed with DCPS. | 0.58<br>115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08<br>235.00/hr | 18.80 |
| 9/25/2006 | JS | Reviewed letter to parent | 0.08<br>235.00/hr | 18.80 |

Jualow Lloyd                                                                    Page    11

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/25/2006 | DP | Drafted letter to parent re: HN | 0.58<br>115.00/hr | 66.70 |
| 10/2/2006 | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50<br>235.00/hr | 352.50 |
|  | WB | Conference with parent re: upcoming hearing on 10/10/06 @ 11:00 AM | 0.17<br>115.00/hr | 19.55 |
|  | WB | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50<br>115.00/hr | 172.50 |
| 10/9/2006 | JS | Prepare for the student's administrative due process hearing by performing review of the student's educational file, conduct educational research, draft questions for direct examination of the parent, educational advocate, review DCPS' and the parent's five-day disclosure | 1.50<br>235.00/hr | 352.50 |
| 10/10/2006 | CSH | Obtained case report for the parent | 0.25<br>115.00/hr | 28.75 |
|  | JS | Conduct final review of the parent's and DCPS' five-day disclosures, review questions for direct examination of parent witnesses, and possible cross examination of DCPS witnesses, review opening and closing statements, conduct last minute educational research and appearance at the student's administrative due process complaint notice hearing | 3.00<br>235.00/hr | 705.00 |
|  | JS | Conference with parent | 0.50<br>235.00/hr | 117.50 |
| 10/16/2006 | JS | Phone call from parent regarding suspension | 0.33<br>235.00/hr | 77.55 |
| 10/24/2006 | JS | Phone call to parent regarding suspension | 0.33<br>235.00/hr | 77.55 |
| 10/25/2006 | WD | Reviewed file. Called parent to discuss meeting dates. Left message. | 0.33<br>185.00/hr | 61.05 |
|  | MT | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>115.00/hr | 37.95 |
|  |  | For professional services rendered | 139.69 | $26,946.55 |

Jualow Lloyd                                                                    Page    12

     Additional Charges :

|  |  | Amount |
|---|---|---|
| 4/14/2005 | Copied documents; intake | 3.00 |
| 4/18/2005 | Copied HR for the parent, advocate and attorney. | 6.00 |
| 4/21/2005 | Copied school records for the parent and the advocate. | 7.50 |
| 4/25/2005 | Copied school records for the parent and the advocate. | 31.00 |
| 5/2/2005 | Copied letter with HND and placement for parent. | 1.00 |
| 5/3/2005 | Postage; letter to parent re: records and HR. | 3.85 |
|  | Postage; letter to parent<br>1) Lab School of Washington<br>2) Kingsbury School | 3.96 |
|  | Copied documents<br>package placement Kingsbury and the Lab School | 20.50 |
| 5/9/2005 | Postage;  case status letter to parent re: placement letter sent out and HND. | 0.37 |
| 5/11/2005 | Facsimile: meeting confirmation to Marshall CC. | 2.00 |
| 5/17/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for OGC, SHO, and Atty. | 87.75 |
|  | Copied:  Amend letter for parent, advocate, and attorney. | 4.50 |
| 5/24/2005 | Parking at  DCPS for hearing | 13.00 |
| 5/25/2005 | Taxi service from  DCPS for hearing | 6.50 |
| 6/15/2005 | Postage; letter to parent. | 0.60 |
| 6/22/2005 | Copied: HND letter for parent. | 0.50 |
| 6/23/2005 | Postage; HND letter to parent | 0.37 |
| 6/29/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for attorney, SHO, and OGC. | 79.50 |
| 7/7/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 7/13/2005 | Parking at DCPS for hearing | 13.00 |

Jualow Lloyd                                                                Page    13

|  |  | Amount |
|---|---|---|
| 7/19/2005 | Postage; HOD letter to parent. | 0.83 |
| 8/3/2005 | Copied documents; letter to parent re: Lab School | 0.50 |
| 8/4/2005 | Postage; letter to parent re: case status. | 0.37 |
| 8/22/2005 | Postage; letter to parent re: tutorial service. | 0.60 |
| 11/22/2005 | Postage; letter to parent. | 0.37 |
|  | Postage; letter to parent re: christmas card. | 0.37 |
| 12/14/2005 | Postage; letter to parent re: case status. | 0.37 |
| 12/15/2005 | Facsimile mtg conf. to Marshall ES. | 2.00 |
| 12/20/2005 | Postage; letter to parent/ MDT | 0.37 |
| 1/18/2006 | Copied: letter for parent re: change of atty. | 0.25 |
|  | Postage; letter to parent re: change of atty. | 0.39 |
| 1/23/2006 | Facsimile: letter to Marshall EC. | 3.00 |
|  | Postage; letter to parent re: case status. | 0.39 |
|  | Copied ltr. with ltr. sent to school for parent/adv. | 1.50 |
| 2/6/2006 | Facsimile: letter to Marshall Es. | 1.00 |
| 2/15/2006 | Postage; letter to parent. | 0.39 |
| 4/6/2006 | Copied resolution notes for file. | 3.75 |
| 5/17/2006 | Postage; letter to parent re: hearing dates. | 0.39 |
| 5/30/2006 | Facsimile Received from DCPS re: LOI. | 6.00 |
| 6/12/2006 | Facsimile ltr to Thurgood Mars. | 2.00 |
| 6/22/2006 | Facsimile: letter to Marshall ES. | 4.00 |
| 6/23/2006 | Postage; letter to parent re: HR. | 0.63 |
| 7/12/2006 | Copied: disclosure for DCPS. | 34.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Jualow Lloyd                                                                                   Page    14

|  | | Amount |
|---|---|---|
| 7/14/2006 | Postage; letter to parent re: HND. | 0.39 |
| 7/19/2006 | Postage; letter to parent re: Hearing notice. | 0.39 |
| 8/2/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: disclosure for DCPS. | 40.50 |
| 9/8/2006 | Postage; Letter to parent. | 0.63 |
|  | copied letter to parent | 0.50 |
| 9/25/2006 | Postage; HN w/letter to parent. | 0.39 |
|  | copied letter to parent | 0.50 |
| 10/2/2006 | messenger service to and from DCPS (5 day disclosure) | 20.00 |
|  | copied disclosures to DCPS | 35.00 |
| 10/10/2006 | transportation to and from DCPS for hearing | 16.00 |
| 10/16/2006 | Rec'd fax from Marshall Ctr; psycho-ed report | 6.00 |
| 10/25/2006 | Rec'd fax from SHO: HOD | 7.00 |
|  | copied HOD | 7.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $674.05 |
|  | Total amount of this bill | $27,620.60 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Aracelly A. Gonzalez, Paralegal | 1.58 | 110.00 | $173.80 |
| Cheron Sutton-Brock, Advocate | 50.02 | 185.00 | $9,253.70 |
| Clarence S. Hayes, Paralegal | 0.75 | 115.00 | $86.25 |
| Claudia M.Martinez, Paralegal | 10.99 | 115.00 | $1,263.85 |
| David Proctor, Paralegal | 6.58 | 115.00 | $756.70 |
| James E. Brown, Attorney | 0.58 | 385.00 | $223.30 |
| John Straus, Attorney | 24.69 | 235.00 | $5,802.15 |
| Marshall Lammers, Attorney | 25.83 | 195.00 | $5,036.85 |
| Michele Torry, Paralegal | 0.33 | 115.00 | $37.95 |
| Roberta Gambale, Attorney | 5.92 | 360.00 | $2,131.20 |
| Williams Bautista, Paralegal | 1.67 | 115.00 | $192.05 |
| Williams Daywalt Jr., Advocate | 10.75 | 185.00 | $1,988.75 |

# Exhibit Q

# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Antonio Lowery
   DOB: 4-28-90
   Date of Determination (HOD/SA): 7-31-06
   Parent/Guardian Name: Antoinette Keys
   Parent/Guardian Address: 5810 Blair Rd, NW#301, WDC 20001
   Current School: Deal JHS
   Home School:

3. **Invoice Information**
   Invoice Number: 06-340
   Date Request Submitted: 7-31-06
   Date(s) Services Rendered: 4-28-06 to 7-21-06
   Amount of Payment Request: $4,272.32

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____        July 31, 2006
Signature                                Date

(In the Matter of AL DOB: 4/28/90 HOD July 19, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## State Enforcement and Investigation Division
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Antonio Lowery )<br>Date of Birth: April 28, 1990 )<br> )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br> )<br>District of Columbia Public Schools )<br>("DCPS" or "District") )<br>Attending School: Deale JHS )<br>Respondent. )<br> )<br>_____ ) | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Date: June 30, 2006<br><br>Held at: 825 North Capitol St. NE<br> Washington, DC |

Counsel for Student:    Domiento C.R. Hill, Esq.
                        1220 L Street NW #700
                        Washington, DC 20005

Counsel for DCPS:       Karen Jones Herbert, Esq.
                        Office of General Counsel
                        825 North Capitol St. NE
                        Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on June 30, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed May 1, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of AL  DOB: 4/28/90  HOD July 19, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (AL 1-8 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of learning disabled (LD). The student attended Deale Junior High School (Deale) during school year (SY) 2005-06. (AL 7)

The student's most recent individualized educational program (IEP) was developed on November 1, 2005. The IEP did not contain transition goals. (AL 7)

The student turned age sixteen (16) on his last birthday, April 28, 2006. DCPS has not yet conducted a vocational assessment of the student. (Stipulation)

On May 1, 2006, the parent's counsel filed the current complaint alleging the student's IEP was inappropriate because it did not contain transition goals and no vocational assessment had been completed. (AL 2)

DCPS convened a multi-disciplinary team/individualized educational program (MDT/IEP) meeting on May 18, 2006, to review the student's IEP. The MDT discussed conducting the vocational assessment and a functional behavior assessment. DCPS offered to conduct the assessments but did not agree to independent assessments. (AL 5)

## ISSUE(S): [2]

Did DCPS deny the student FAPE by failing to conduct a vocational assessment and develop and include transition goals in the student's IEP?

## CONTENTIONS OF THE PARTIES:[3]

DCPS counsel asserted the following:

1. The student turned sixteen days before the complaint was filed.
2. The vocational assessment and transitional goals are to be included in the IEP developed after the student turns sixteen.

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] Although the complaint outlined additional allegations the parent's counsel withdrew some other claims and the parties agreed the only issue to be adjudicated were the issue outlined here.

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

2

3. This student's IEP was not due to be updated until November 2006. That is when the transition goals are due to be included in the IEP.

The parent's counsel asserted IDEIA requires the vocational assessment and transitional goals in the IEP on the date the student turns sixteen.

**CONCLUSIONS OF LAW:**

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [4]

Did DCPS deny the student FAPE by failing to conduct a vocational assessment and develop and include transition goals in the student's IEP? Conclusion: DCPS sustained its burden of proof.

IDEA Sec. 1414 (d)(1)(A)(i)(VIII) provides that a student's IEP should include:

> "beginning not later than the first IEP to be in effect when the child is 16, and updated annually thereafter,
> (aa) appropriate measurable postsecondary goals based upon age appropriate transition assessments related to training, education, employment, and, where appropriate, independent living skills;
> (bb) the transition services (including courses of study) needed to assist the child in reaching those goals;…"

It is unclear from the plain language of the statute whether the IEP is to include transition goals on the date the student turns sixteen. If this is the case the student's most recent IEP should have included transition goals when it was developed in November 2005 or should have been amended prior to the student's sixteenth birthday. The Hearing Officer takes administrative notice of the fact that the DCPS IEP form indicates that transition goals are to be included in the IEP that is in effect on the date the student turns sixteen.

Technically, the student's IEP did not comply with this requirement. Parent's counsel filed a complaint of violation within days of the student reaching age sixteen. Although this is a technical violation, the Hearing Officer does not find the violation impeded the student's right to FAPE, significantly impeded the parents opportunity to participate in the decision making process regarding provision of FAPE to the student, or caused the student deprivation of educational benefits.

---

[4] Although the DC Board of Education has finalized rulemaking placing the burden of proof on the individual/entity filing the complaint and seeking relief, that rulemaking was not in effect at the time this complaint was filed.

3

(In the Matter of AL  DOB: 4/28/90  HOD July 19, 2006)

DCPS offered to promptly conduct the vocational assessment and amend the student's IEP. At the time the student turned sixteen he was still attending middle school and the school year was close to concluding. There was, and there continues to be, sufficient time prior to the student resuming school and beginning to attend high school (at the start of school year (SY) 2006-07) for DCPS to complete the required assessment and for the IEP to include transition goals.

**ORDER:**

1. DCPS is the prevailing party is this matter.

2. DCPS shall, within forty-five (45) calendar days of the issuance of this Order, conduct a vocational assessment of the student and convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's vocational assessment and any other evaluations, review and revise the student's IEP to include transition goals and discuss and determine placement.

3. If DCPS does not conduct the vocational assessment within the required time frame the parent may obtain the assessment independently at DCPS expense consistent with the DCPS approved rates. In that case DCPS shall convene the MDT/IEP meeting within fifteen (15) school days of its receipt of the vocational assessment.

4. DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

5. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

4

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: July 19, 2006**

Issued: _7/20/06_

(In the Matter of AL  DOB: 4/28/90  HOD July 19, 2006)

## In the MATTER OF Antonio Lowery V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| AL 1-8 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosure | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(In the Matter of AL   DOB: 4/28/90   HOD July 19, 2006)

## In the MATTER OF Antonio Lowery V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/1/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 6/7/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

(In the Matter of AL DOB: 4/28/90 HOD July 19, 2006)

# INDEX OF NAMES

## In the MATTER OF Antonio Lowery V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | Mr. Donte Davis |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: July 20, 2006

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Lowery, Antonio

TOTAL NUMBER OF PAGES, INCLUDING COVER: 9

COMMENTS:

***CONFIDENTIALITY NTOICE***: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Antonio Lowery   Date of Birth: April 28, 1990

Address: 5810 Blair Road, NW, #301, Washington, DC 20001

Present School of Attendance: Deal Junior High School

Parent/Guardian of the Student: ____Ms. Antonette Keys__

## B. Legal Representative/Attorney (if applicable):

Name: __Domiento C.R. Hill, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C. Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____ _____

☐Non-public    school    or    residential    treatment    facility    (name) _____

☐Parent

## D. Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E. Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F. Facts and Reasons for the Complaint:

1. <u>DCPS Failed to Conduct a Vocational Assessment on the Student in Order to Develop His Transition Goals and Objectives.</u>  According to the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614, is required to have, as part of a student's IEP, when the student turns 16 years of age, transition goals and objectives.   In order to develop transition goals and objectives, DCPS is required to vocational assessment.   Here, DCPS has yet to conduct the student's vocational assessment despite the fact the student is sixteen (16) years of age.

2. <u>DCPS Failed to Comply with the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614 and Develop an Appropriate Individualized Educational Program.</u> According to the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § 614, is required to have, as part of a student's IEP, when the student turns 16 years of

2

age, transition goals and objectives. In the instant matter, it is clear the student's IEP does not comport with the requirements of the IDEIA.

Here, the last IEP developed for the student on or about November 1, 2005 does not contain any transition goals or objectives for the student.

3. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Develop a Behavior Intervention Plan, as Part of the Student's IEP as Required under IDEIA § 614 (d)(3)(B)(i).** According to the IDEIA § 614 (d)(3)(B)(i), DCPS as the state and local education agency, is to make certain that appropriate IEPs are developed for all student eligible to receive special education and its related services. This necessarily includes the development of a behavior intervention plan when the child's behavior impedes the child's learning or the learning of other students. In the instant matter, it is clear DCPS has failed to do this.

Specifically, the student is eligible to receive special education from DCPS as a result of his emotional disturbance and other health impairment. As a result of his emotional disturbance, DCPS is required to provide the student a behavior intervention plan as part of his IEP. To date, DCPS has yet to develop a behavior intervention plan for the student.

4. **DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With His Necessary Special Education Instruction and Related Services.** Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and

one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, since the start of the 2003-2004 school year, has failed to receive most, if any of his special education instruction and related services. Indeed, one of the student's suspensions by DCPS was for 180 days. As a result, the student missed much of his special education instruction and related services. To date, because DCPS has failed to timely evaluate, reconvene, revise and update the student's IEP as necessary, the student has missed a tremendous amount of special education instruction and related services. DCPS' failure to provide the student with his necessary special education instruction and related services amounts to a denial of a FAPE.

## II. Issues presented.

1. Whether or Not DCPS Failed to Comply with Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 614 and conduct the student's vocational assessment in order to develop transition goals and objectives;

2. Whether or Not DCPS Failed to Comply with Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 614 and develop an appropriate Individualized Educational Program;

3. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Develop a Behavior Intervention Plan, as Part of the Student's IEP as Required under IDEIA § 614 (d)(3)(B)(i); and

4. Whether or Not the student is entitled to compensatory education.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Failed to Comply with Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 614 and conduct the student's vocational assessment in order to develop transition goals and objectives;

2. A finding that DCPS Failed to Comply with Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 614 and develop an appropriate Individualized Educational Program;

3. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Develop a Behavior Intervention Plan, as Part of the Student's IEP as Required under IDEIA § 614 (d)(3)(B)(i);

4. A finding that the student is entitled to compensatory education;

5. DCPS agrees to fund the student's vocational level II or III evaluation and functional behavior assessment;

6. DCPS, within ten (10) school days upon receipt of the parent's independent evaluations, agrees to reconvene the student's MDT/IEP Meeting to review the evaluations and revise/update the student's IEP as necessary;

7. DCPS, agrees to schedule all meetings through the parent's counsel, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the

agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision

will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

19.  DCPS agrees to fund four (4) years of compensatory education, for four (4) hours a week in the form of after school tutoring in math and reading; and

20.  A finding that the parent is the prevailing party in this action.

**G.    Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.    Signature:**

_____          4/28/06
Legal Representative/Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

7

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Antonio Lowery

April 24, 2007
In Reference To:     Antonio Lowery
                     DOB: 4-28-90
                     School: Randle Highland ES

Invoice # 10000

         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/28/2006 | DH | Review the student's educational file to determine whether or not DCPS complied with the IDEIA's requirements to have a transition plan and vocational assessment, draft and file administrative due process complaint notice. | 2.00 235.00/hr | 470.00 |
| 5/2/2006 | WB | Conference with parent re: Administrative Due Process Complaint Notice filed on 4/28/06 | 0.17 115.00/hr | 19.55 |
|  | WB | Drafted letter to parent w/ Administrative Due Process Complaint Notice filed on 4/28/06 enclosed | 0.58 115.00/hr | 66.70 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| 6/19/2006 | WB | Drafted letter to parent w/ HDN enclosed for hearing on 6/30/06 @ 9:00 AM | 0.58 115.00/hr | 66.70 |
| 6/20/2006 | CMM | Phone call to parent to notify and confirm hearing attendance | 0.25 115.00/hr | 28.75 |
| 6/23/2006 | WB | Conference with parent re: case status and upcoming hearing on 6/30/06 @ 9:00 AM | 0.17 115.00/hr | 19.55 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 2.00 115.00/hr | 230.00 |
|  | KD | Requested evaluations to Interdynamics (Clinical) | 0.67 115.00/hr | 77.05 |

Antonio Lowery                                                                                           Page      2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/23/2006 KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst to Interdynamics/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| KD | Reviewed Overflow Files for Consent to Evaluate Form signed by parent | 0.33 115.00/hr | 37.95 |
| DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 2.00 235.00/hr | 470.00 |
| 6/29/2006 DH | Review the student's educational file,review the parent's and the District of Columbia's five-day disclosures, prepare questions for direct and possible cross examination, discussion with the parent and educational advocate, prepare opening and possible closing for the student's upcoming due process hearing. | 2.00 235.00/hr | 470.00 |
| 6/30/2006 DH | Prepare for the student's administrative due process hearing by reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, conducting educational research, discussion with the parent and educational advocate regarding their testimony, review questions for direct and possible redirect, transportation to and appearance at the student's administrative due process hearing. | 2.25 235.00/hr | 528.75 |
| 7/20/2006 JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| 7/21/2006 WB | Drafted letter to parent w/ HOD issued on 7/20/06 enclosed | 0.58 115.00/hr | 66.70 |
| | For professional services rendered | 14.91 | $2,950.35 |

Additional Charges :

| | | |
|---|---|---|
| 4/28/2006 | Copied documents; HR. | 8.00 |
| | Facsimile HR to SHO. | 8.00 |
| 5/1/2006 | Facsimile Received from DCPS re: Scheduling memo. | 3.00 |
| 5/2/2006 | Postage; letter to parent re: HR | 0.63 |
| | Copied documents; letter to parent. | 0.50 |
| 6/8/2006 | Facsimile Received from DCPS re: HN from SHO. | 1.00 |
| 6/19/2006 | Copied documents; letter to parent. | 0.50 |
| | Postage; letter to parent | 0.39 |
| 6/23/2006 | Postage; Independent eval request to Interdynaics. | 4.05 |

Antonio Lowery                                                                    Page      3

|  |  | Amount |
|---|---|---|
| 6/23/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Postage; letter to parent re: Independent eval request. | 0.39 |
| | Facsimile Recieved from DCPS re: disclosure from OGC. | 9.00 |
| | Copied: Disclosure for DCPS. | 30.50 |
| | Copied: Indepdnet Eval request for Interdynamics & letter for parent. | 41.50 |
| | Facsimile: independent eval request to OSE, Med & Compliance. | 6.00 |
| 7/20/2006 | Facsimile Received from DCPS re: HOD from SHO. | 9.00 |
| | Postage; letter to parent (HOD) | 0.63 |
| 7/21/2006 | Copied documents; HOD. | 9.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Copied documents; letter to parent | 0.50 |
| | Total costs | $249.47 |
| | Total amount of this bill | $3,199.82 |

# Exhibit R

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.**  **Attorney Information**
   Law Firm:  JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:  JAMES E. BROWN
   Federal Tax ID No.:  52-1500760
   D.C. Bar No.:  61622

**2.**  **Student Information**
   Name:  Tony Matthews
   DOB:  1/17/90
   Date of Determination (HOD/SA):  6/21/06
   Parent/Guardian Name:  Carol Coleman
   Parent/Guardian Address:  5225 Clay St., NE, WDC 20019
   Current School:  Kelly Miller MS
   Home School:

**3.**  **Invoice Information**
   Invoice Number:  06-295
   Date Request Submitted:  6/30/06
   Date(s) Services Rendered  4/5/06 to 6/21/06
   Amount of Payment Request  $ 9,389.66

**4.**  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          June 30, 2006
Signature                                                      Date

*State Education Agency for the District of Columbia*

**State Enforcement and Investigation Division (SEID)**

**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Tony Matthews        Date of Birth: January 17, 1990

Address:    5225 Clay Street, NE  Washington, DC 20019

Present School of Attendance:   Kelly Miller Middle School

Is this a charter school? No          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Carol Coleman

Address (if different from the student's above): _____

## B.    Legal Representative/Attorney:

1

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003     (Fax) 202-742-2098  (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes          ☐ No

## C.     Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.     Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E.     Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.     Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

> **1.     Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a) and conduct the recommended evaluations.**
> According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a), DCPS, as the local and state education agency, shall conduct full and individual assessments in all suspected areas of disability.
>
> Tony Matthews is a **(16) sixteen year old, 8th grade student at Kelly Miller Middle School.**  He was retained twice and repeated the 2nd grade and the 7th grade.  In April 2005, Tony was referred to be tested for special education services.  On November 9, 2005, the District of Columbia Public Schools convened an eligibility meeting to review a psychoeducational evaluation, dated May 26, 2005.  The psychoeducational

2

evaluation recommended an occupational therapy evaluation. During the meeting, the team recommended an occupational therapy evaluation and behavior intervention plan (functional behavior assessment). To date, and well over 120 days have passed and DCPS has yet to conduct the recommended evaluations.

DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and D.C. Municipal Code § 38-2501(a) and conduct the recommended occupational therapy evaluation and functional behavior assessment amount to a denial of a Free and Appropriate Public Education.

### 2.    Denial of a Free and Appropriate Public Education – Failure to Conduct a Clinical Evaluation.

Tony Matthews is a **(16) sixteen year old, 8th grade student at Kelly Miller Middle School.** On November 9, 2005, the District of Columbia Public Schools (DCPS) convened  an eligibility meeting at Kelly Miller Middle School.  The MDT team reviewed a psychoeducational evaluation, dated May 26, 2005.  The assessment    did not completely address the student's social/emotional awareness and its relationship to the student's academics.  However, the one social/assessment screener that was conducted did indicate a significantly high level of executive dysfunction.  Although, DCPS found the student not eligible for special education services as a learning disabled student, they failed to conduct/recommend a clinical evaluation when clearly warranted.  In addition, DCPS did not have the appropriate personnel to recommend the clinical evaluation.

### 3.    Compensatory Education Services

Tony Matthews is a **(16) sixteen year old, 8th grade student at Kelly Miller Middle School.**  He was retained twice and repeated the 2nd grade and the 7th grade.  In April 2005, Tony was referred to be tested for special education services to address his academic and behavior deficits in the classroom setting.  DCPS conducted a psychoeducational evaluation in May 2005.  However it was not until November 9, 2005, that DCPS convened an eligibility meeting.  Consequently, DCPS did not complete the special education eligibility meeting within the 120 day timeline.

## II  Issues presented

1.  Whether DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct a recommended occupational therapy evaluation and functional behavior assessment?

2.  Whether DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct a clinical evaluation when clearly warranted?

3.  Whether DCPS shall provide the student with compensatory education failing to complete the special education eligibility process within the mandated timeline?

4.  Whether the parent is the prevailing party in this matter?

3

1. Issue a finding DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct the occupational therapy evaluation and functional behavior assessment;

2. Issue a finding DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct the a clinical evaluation when clearly warranted;

3. That DCPS fund the following independent assessments: occupational therapy evaluation, functional behavior assessment, behavior intervention plan and clinical psychological evaluation;

4. That within fifteen (15) business days of receipt of the last independent assessment, DCPS shall convene an MDT/IEP meeting, review all assessments, and draft an appropriate IEP;

5. That DCPS place and fund Tony in the Rock Creek Academy, on an interim basis;

6. That DCPS provide Tony with three hours of tutoring per week for the remainder of the 2005-2006 and entire 2006-2007 school year for violating the IDEIA and denial of a free and appropriate public education;

7. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the

4

following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.   No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.   No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via

5

facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

18. Issue a finding that the Parent is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.   **Signature:**

_____          April 15, 2006
Legal Representative / Advocate (if applicable)       Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. 7/01/05

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2178
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             04/18 10:14
USAGE T              01'02
PGS. SENT               7
RESULT               OK
```

*School psychology?*

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

-------------------------------

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE:       April 18, 2006

TO:         Sharon Newsome, Hearing Coordinator

PHONE:      202-442-5432

FAX NO.:    202-442-5556

FROM:       Christopher West, Esq. / Claudia Martinez, Legal Assistant

SUBJECT:    **Tony Matthews / DOB: 1-17-90**

NUMBER OF PAGES INCLUDING COVER SHEET: 7

COMMENTS: **Due Process Complaint Notice**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Tony Matthews ("Student") ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: January 17, 1990 ) | |
| Petitioner, ) | Hearing Date: |
| ) | June 20, 2006 |
| v. ) | Held at: 825 North Capitol Street, NW |
| ) | 8th Floor |
| ) | Washington, DC 20002 |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | Attending School: |
| Washington, DC 20002 ) | Kelly Miller MS |
| ("DCPS" or "District") ) | |
| ) | Due Process Complaint Notice: |
| Respondent. ) | April 15, 2006 |

Counsel for Parent:

Christopher West, Esq.
1220 L Street
Suite 700
Washington, D.C. 20005

Counsel for DCPS:

Katherine Rodi, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

## INDEX OF NAMES

Tony Martin v. DCPS

| Parent/Student's Representative | Christopher West, Esq. |
|---|---|
| Parent: | Ms. Carol Coleman |
| Observer: | Omar Karran, Esq. |
| School System's Representative | Katherine Rodi, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## IMPARTIAL DUE PROCESS HEARING

## INTRODUCTION:

A Due Process Hearing was convened on June 20, 2006. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a Due Process Complaint Notice submitted by counsel for the parent dated April 15, 2006.

## JURISDICTION:

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

## DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the due process rights.

## FINDINGS OF FACT:

The parties discussed the case on the record and were able to resolve the matter as indicated below as an Order.

## ORDER:

1. DCPS will fund an independent occupational therapy evaluation and a Functional Behavior Assessment, the cost of which will be within the Superintendent's cost guidelines.

2. Within 30 days of the issuance of this HOD, DCPS will complete a comprehensive psychological evaluation, with emphasis on social emotional goals and an ADHD screening. In the event that DCPS does not complete the evaluation, the parent may obtain an independent evaluation at DCPS expense, within the Superintendent's cost guidelines.

3. Within 15 business days of the completion and or receipt of the last evaluation referred to herein, DCPS will convene an MDT/IEP meeting. The purpose of the meeting will be to review the evaluations, review and if necessary, revise the student's IEP, discuss and determine placement and discuss and determine compensatory education, if warranted.

4. All meetings are to be scheduled through parent's counsel and any delay in any timeline caused by the parent, student or parent's counsel shall extend the applicable timeline by one day for each day of delay.

**APPEAL PROCESS:**

      This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 6-20-16

Issued: 6/20/06

4

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: June 21, 2006

TO:   Christopher West

FROM: STUDENT HEARING OFFICE

RE:   Matthews, Tony

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @  $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Tony Matthews
DOB: 1/17/90
5225 Clay St NE
Washington DC 20019

April 09, 2007

In Reference To:  RE: Tony Matthews
                  DOB: 1/17/90

Invoice #12407

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/5/2006 | BC | Drafted letter to parent; prepared file jacket | 0.42 115.00/hr | 48.30 |
| | CW | Conference with parent and conducted client intake; reviewed report cards, teacher reports, and MDT meeting notes; reviewed psychoeducational evaluation | 1.50 360.00/hr | 540.00 |
| | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| 4/10/2006 | CW | Discussion with advocate | 0.50 360.00/hr | 180.00 |
| | CMM | Assist attorney in requesting evaluations from Kelly Miller ES, Office of Special Education, and Office of General Counsel | 0.25 115.00/hr | 28.75 |
| | CMM | Drafted letter requesting records from Kelly Miller ES, Office of Special Education, and Office of General Counsel | 0.75 115.00/hr | 86.25 |
| | CMM | Drafted letter to parent regarding records and evaluations request | 0.50 115.00/hr | 57.50 |
| | CW | Reviewed report card; drafted letter to Kelly Miller School, Office of Special Education, and OGC requesting copies of the following completed assessments: occupational therapy, functional behavior assessment and clinical psychological evaluation; conference with paralegal re: letter to DCPS | 1.18 360.00/hr | 424.80 |
| | CM | Reviewed Psychological evaluation report by King | 0.50 185.00/hr | 92.50 |

Tony Matthews

Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/10/2006 CM | Reviewed social history by Moore | | 0.50<br>185.00/hr | 92.50 |
| CM | Reviewed 11/9/05 MDT notes | | 0.50<br>185.00/hr | 92.50 |
| CM | Reviewed record with attorney and interpreted evaluation results | | 0.50<br>185.00/hr | 92.50 |
| 4/15/2006 CW | Prepared and filed request for due process hearing to address DCPS' failure to conduct occupational therapy evaluation, functional behavior assessment, and clinical evaluation; conference with paralegal re: filing request for hearing | | 2.18<br>360.00/hr | 784.80 |
| 4/18/2006 CMM | Drafted letter to parent detailing hearing request filed 4-15-06 | | 0.58<br>115.00/hr | 66.70 |
| JEB | Examined and certified hearing request filed by attorney | | 0.58<br>385.00/hr | 223.30 |
| CMM | Assisted attorney in resending hearing request notice to SHO | | 0.25<br>115.00/hr | 28.75 |
| 4/25/2006 CM | Prepared for Due Process Hearing; reviewed file correspondence, due process hearing complaint, 11/9/05 MDT notes, psychoeducational evaluation by King, social work evlaution by Moore and school records | | 1.50<br>185.00/hr | 277.50 |
| 4/26/2006 CW | Reviewed request for hearing; teleconference with parent and discussed scheduling of resolution session meeting | | 0.78<br>360.00/hr | 280.80 |
| 5/2/2006 CW | Teleconference with Ms. Smith re: rescheduling of resolution meeting to 5/17; drafted letter to Peggy Smith re: rescheduling of resolution session meeting; conference with paralegal re: letter to DCPS | | 0.90<br>360.00/hr | 324.00 |
| CMM | Assist attorney in sending correspondence to Kelly Miller MS in request for rescheduling of meeting | | 0.17<br>115.00/hr | 19.55 |
| CMM | Drafted resolution confirmation letter to parent | | 0.50<br>115.00/hr | 57.50 |
| 5/16/2006 CW | Teleconference with Ms. Smith (Brent ES) and discussed resolution meeting; teleconference with parent and reviewed request for hearing in preparation for resolution meeting session | | 0.55<br>360.00/hr | 198.00 |
| 5/17/2006 CW | Appearance to Kelly Miller ES for resolution meeting to address issues in filed request for hearing; | | 2.78<br>360.00/hr | 1,000.80 |
| 5/24/2006 CMM | Prepared and sent records received from Kelly Miller MS | | 0.67<br>115.00/hr | 77.05 |

Tony Matthews

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/25/2006 | CMM | Phone call to parent to discuss case status and notify of hearing scheduled | 0.25<br>115.00/hr | 28.75 |
| | CMM | Drafted letter to parent with hearing information | 0.50<br>115.00/hr | 57.50 |
| 6/1/2006 | CM | Reviewed Psychological evaluation report by King | 0.50<br>185.00/hr | 92.50 |
| | CM | Reviewed social history by Moore | 0.50<br>185.00/hr | 92.50 |
| 6/9/2006 | CW | Conference with parent and reviewed witness questions in preparation for hearing; discussed filing | 1.20<br>360.00/hr | 432.00 |
| 6/13/2006 | CW | Reviewed educational records; prepared disclosure documents for OGC and SHO in preparation for hearing; conference with paralegal re: submitting disclosure documents | 2.22<br>360.00/hr | 799.20 |
| | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>115.00/hr | 172.50 |
| 6/19/2006 | CW | Reviewed request for hearing, MDT meeting notes, teacher report and report cards in preparation for hearing; conference with parent and witness questions in preparation for hearing | 1.18<br>360.00/hr | 424.80 |
| 6/20/2006 | OK | Appearance to 825 North Capital for due process hearing with CW | 2.10<br>235.00/hr | 493.50 |
| | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Smith | 2.10<br>360.00/hr | 756.00 |
| 6/21/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>385.00/hr | 127.05 |
| | | For professional services rendered | 32.42 | $8,723.15 |
| | | Additional Charges : | | |
| 4/5/2006 | | Copied documents; HR | | 7.00 |
| | | Postage; letter to parent | | 0.39 |
| | | Copied documents letter | | 0.50 |
| | | Copied documents; intake documents | | 11.50 |
| 4/10/2006 | | Postage; letter to parent re: case status. | | 0.63 |

Tony Matthews                                                                                    Page      4

|  |  | Amount |
|---|---|---|
| 4/10/2006 | Copied: records and evals request for parent. | 1.25 |
|  | Facsimile: records and evals request to Kelly MS, OGC and OSE. | 15.00 |
| 4/15/2006 | Facsimile: HG request to SHO. | 7.00 |
| 4/18/2006 | Postage; letter to parent re: HR. | 0.63 |
|  | Copied: HR letter for parent & adv. | 3.00 |
|  | Facsimile: HR to SHO. | 7.00 |
| 4/20/2006 | Facsimile Received from OSE re: certificate of no records. | 3.00 |
| 5/2/2006 | Postage; letter to parent re: res. mtg. conf. | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 5/12/2006 | Facsimile Received from DCPS re: disclosure. | 4.00 |
| 5/22/2006 | Facsimile Received from DCPS re: HN from SHO. | 1.00 |
| 5/24/2006 | Copied rec'ds received for parent/Adv. | 28.00 |
|  | Postage; letter to parent re: records received. | 2.55 |
| 5/25/2006 | Postage; letter to parent re: HND. | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 6/13/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied 5 day disc. for OGC/SHO/Attny. | 50.25 |
| 6/20/2006 | Sedan taxi service  from  DCPS for hearing.(attny.) | 8.00 |
| 6/21/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Facsimile Received from DCPS; HOD | 5.00 |
|  | Copied documents; HOD | 5.00 |
|  | Total additional charges | $279.36 |
|  | Total amount of this bill | $9,002.51 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 1.92 | 115.00 | $220.80 |

Tony Matthews                                                                    Page    5

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Carolyn Monford, Advocate | 4.50 | 185.00 | $832.50 |
| Christopher West, Attorney | 17.07 | 360.00 | $6,145.20 |
| Claudia M.Martinez, Paralegal | 5.92 | 115.00 | $680.80 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |
| Omar Karram, Attorney | 2.10 | 235.00 | $493.50 |

# Exhibit S



**District of Columbia Public Schools**

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:                JAMES E. BROWN
   Federal Tax ID No.:      52-1500760
   D.C. Bar No.:            61622

2. **Student Information**
   Name:                    Dion McClure
   DOB:                     4/14/91
   Date of Determination (HOD/SA):  3/27/06
   Parent/Guardian Name:    Olivia McClure
   Parent/Guardian Address: 360 Taylor St., NE, #R33, WDC 20017
   Current School:          Roosevelt SHS
   Home School:

3. **Invoice Information**
   Invoice Number:          06-167
   Date Request Submitted:  4/7/06
   Date(s) Services Rendered: 8/23/05 to 3/28/06
   Amount of Payment Request:  $ 13,439.17

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          4/7/06
Signature                                Date

*State Education Agency for the District of Columbia*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act.**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT**:

Name of the Student: **Dion McClure**    Date of Birth: **4/14/91**
Address: **360 Taylor Street, NE, Washington, D.C. 20017**
Home School: **Roosevelt Senior High School**
Present School of Attendance:  **Same**

1

Is this a charter school? <u>No</u>        (If yes, you must also provide a copy of this
                                                        notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Olivia McClure**

Address (if different from the student's above): <u>same</u>

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>     (e-mail)
<u>Rgambale@jeblaw.biz</u>

Will attorney / legal representative attend the resolution session?  **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also
understand that I may voluntarily waive this right if I choose. (Note: All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this
process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent. Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all
that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem.</u>**

**<u>Background</u>**

Dion McClure ( hereinafter "D.M.") DOB: 4/14/91 is a 9th grade learning disabled student
who currently attends Roosevelt Senior High School. During the 2004/2005 school year he
attended Backus Middle School. The last IEP for D.L. was drafted on or about 12/14/05.
There was also an IEP drafted on 2/3/05.

2

**Issues**

**1.     District of Columbia Public Schools (DCPS") failed to Develop an Appropriate Individualized Educational Program ("IEP") for D.L. on or about February 3, 2005**

District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for A.W., DOB: 6/15/92. at the meeting held on or about May 10, 2005.    According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,  the local and state education agency, is required to make certain that the each IEP for each child contains: 1)  a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), as well as, D.C. MUN. REGS. tit. 5, § 3011 (2003).

Because the IEP is the mechanism through which a free and appropriate public education ("FAPE") is delivered to disabled students, failure to develop an appropriate IEP amounts to a denial of FAPE. [1] Furthermore without an appropriate IEP essential and important issues such as placement cannot be adequately addressed. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(3)(B) where behavior impedes the education of a student, the IEP must contain appropriate behavior strategies. According to the court in Rome School Committee v. Mrs. B. No. 00-1746 (1st Cir. 04/26/2001):

> "States accepting federal funding must assure all learning disabled children the right to a "free **appropriate** public education," 20 U.S.C. § 1400(d)(1)(A), by providing "access to specialized instruction and related services . . . individually designed to provide **educational** benefit to the handicapped child," Rowley, 458 U.S. at 201. Under the requirement of access to "related services," a school district's special education **program** must include psychological services if a learning disabled child's emotional disturbances interfere with his ability to learn. See Roland M. v. Concord Sch. Comm., 910 F.2d 983, 991-92 (1st Cir. 1990); 20 U.S.C. § 1401(3) (defining the term "child with a disability"); 20 U.S.C. § 1401(22) (listing "psychological services, . . . social work services, [and] counseling services" as "related services"). The IDEA recognizes that a "serious emotional disturbance" constitutes a disability if "by reason thereof, [the child] needs special education and related services." Id. § 1401(3)(A)."

In the instant matter, DCPS has failed to comply with the requirements of the IDEIA in that:

---

[1] See Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276,102S.Ct.3034 (1982)

3

- Complete p. sent levels of performance information .as not included in the IEP in the areas of math reasoning, written expression, speech and language, social emotional, cognitive functioning. [2]
- IEP goals are not appropriate for this student  in that they were either too advanced, over broad ( see written expression goals) and/or not measurable.[3]
- The IEP does not contain the level of services that D.L. requires and he has not made demonstrable progress.

At the MDT meeting that was held in December 2005,  it was determined that the IEP goals established in February 2005 were too difficult and/or otherwise inappropriate and should be revised.  It was noted by the advocate at the meeting that the special education teacher was not fully aware of D.L. 's phonics skills.  During time period between 2/3/05 and 12/14/05 D.L. did not have an appropriate program and has been denied a Free and Appropriate Public Education ("FAPE").   It was determined that D.L. had not made demonstrable progress in reading sine 2/3/05. He is eight grade levels below in reading.

## 2.    District of Columbia Public Schools (DCPS") failed to Develop an Appropriate Individualized Educational Program ("IEP") for  D.L. on or about December 14, 2005

District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for A.W., DOB: 6/15/92. at the meeting held on or about  December 14, 2005.  According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,   the local and state education agency, is required to make certain that the each IEP for each child contains: 1)  a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), as well as, D.C. Mun. Regs. tit. 5, § 3011 (2003).

In the instant matter, DCPS has failed to comply with the requirements of the IDEIA in that:

- Complete present levels of performance information was not included in the IEP in the areas of math reasoning, written expression.[4]
- IEP goals are not appropriate for this student  in that   written language and reading goals are not measurable.
- The IEP does not contain the level of services that D.L. requires and he has not made demonstrable progress.

---

[2] See pg 2 of the 2/3/05 IEP

[3] See goals # 1, 2,4 pg 3 of the 2/3/05 IEP

[4] DCPS did amend earlier IEP to include PLOP in the areas of speech, social emotional and cognitive behavior.

4

At the MDT meeting that was held in December 2005, it was determined that D.L. needed assistance in the area of written expression but sufficient data regarding his functioning was not provided.   D.L. does not have an appropriate program and has been denied a Free and Appropriate Public Education ("FAPE").

### 3.      District of Columbia Public Schools (DCPS") failed to comprehensively evaluate and/or review evaluations in a timely manner so as to timely identify all of the student's related service needs.

Psycho-educational Evaluation ( Written Expression)

District of Columbia Public Schools ("DCPS") failed to conduct a comprehensive  psycho-educational evaluation for D.L. in that the psycho-educational completed did not address written expression, it merely tested for spelling.   The MDT that convened on or about December 14, 2005 agreed that D.L. needed assistance in the area of written expression. Broad goals were drafted at the meeting but due to lack of data available are not measurable or individualized so as to meet this child's unique special education needs.    Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(3)(B) the public agency has an obligation to ensure that testing is sufficiently comprehensive so as to enable the team to identify all of the student's instructional and/or related service needs. DCPS failed to do that for D.L. and as a result, he has been denied a Free and Appropriate Public Education ("FAPE").

### 4.  District of Columbia Public Schools ("DCPS") failed to implement the IEP for the student by failing to provide the full extent of related and instructional services

District of Columbia Public Schools ("DCPS ) failed to implement D.L.'s  IEP and/or provide D.L. with the full extent of related services contained in his IEP during the 2004/2005 school year and during the 2005/2006 school year.

Speech and Language

At the December 14, 2005 meeting it was discovered that DCPS could verify that only 2 sessions of speech and language services had been delivered from 2/3/05 through 10/28/05 when the speech pathologist at Roosevelt commenced services for the student. Since the 2005/2006 school year began, D.L. has received only 4 hours of services. The school was unable to document any progress and/or support progress made towards achievement of his speech aims.

Counseling

Because the counselor left he December 14, 2005 meeting earlier, whether or not D.L. had received the full extent of counseling services this school year could not be verified. Furthermore, the MDT  did not have service logs, progress reports or

5

tracking forms to support the services had in fact been provided duri. 2004/2005. However, it was determined that absolutely none of D.L.'s social emotional IEP aims had been met

### 5.  District of Columbia Public Schools ("DCPS") failed to provide an appropriate placement for the student

District of Columbia Public Schools ("DCPS ) failed  provide D.L. DOB; 4/14/91 with an appropriate  placement where his IEP might be implemented and/or he can receive the type of academic support he requires in light of his individualized needs and disabilities.    See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).   The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring  :

> "[T]hat all children with disabilities have available to them a free
> and appropriate public education that emphasizes special education
> and related services designed to meet their unique needs and
> prepare them for further education, employment, and independent
> living"

D.L. has made no demonstrable progress in academic areas such as reading since the commencement of the school year. He is eight grade levels below in reading. His present special education teacher did not demonstrate a command of D.L.'s specific skills strength and weaknesses and/or his specific academic and/or instructional needs in this area. DCPS encouraged mom to explore the possibility of alternate placements such as out of boundary placements at the last meeting because of the lack of progress. As a result of the failure to provide an appropriate placement,  D.L. has been denied a Free and Appropriate Public Education ("FAPE").

### 6.        District of Columbia Public Schools (DCPS") failed to convene an meeting pursuant to the recommendations/ agreement of the MDT

District of Columbia Public Schools ("DCPS") failed to convene a timely evaluation review meeting for D.L.., DOB: 4/14/91. Re-evaluations were completed in October 2005 and the parent was available for a meeting at that time.  DCPS did not convene a meeting until December 2005.  Pursuant to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(4)(A), as well as, D.C. Mun. Regs. tit. 5, § 3008 (2003) the public agency shall convene the MDT on periodic basis to review the students program and/or as warranted to address the student's needs. DCPS has been on notice since August that the student had educational needs that still warranted discussion and consideration by the MDT. Given these circumstances, as well as, the prior agreement of the MDT, failure to convene under these circumstances amounted to a denial of FAPE.

6

**7.    District of Colum...a Public Schools ("DCPS") should p.. .ide Compensatory Education to this student for past denials of FAPE**

Compensatory education is an appropriate remedy to help place a child in the position he would have been in had he received an appropriate education. There are varieties of forms of compensation that the courts have held to be appropriate such as the funding of indepndent services and/or the funding of private placements and programs. [5]

Given the large gap between achievement and ability in the area of reading, as well as, the failure to address written expression, this student would benefit form individualized instruction in these areas. Furthermore, it would be appropriate to fund the private placement of the student and for the team to consider the funding of a summer program for D.L..

## II. Issues presented.

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for D.L. on or about 2/3/05?

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for D.L. on or about 12/14/05?

- Whether or not Charter School/District of Columbia Public Schools ("DCPS") failed to comprehensively evaluate D.L.. by failing to address written expression needs?

- 

- Whether or not District of Columbia Public Schools ("DCPS") failed to reconvene to review evaluation results in a timely manner?

- Whether or not Roosevelt Senior High School is an appropriate placement for this student?

- Whether or not D.L. has been provided with related service during the 2003/2004 school year, the 2004/2005 school year and/or the 2005/2006 school year?

- Whether D.L. has been denied a Free and Appropriate Education ("FAPE") and should be awarded compensatory relief?

## III. To the extent known to you at this time, how can this problem be resolved?

---

[5]Board of Education v. Hendrick Hudson School. Distr v. Rowley, 533 IDELR 656 (1981-82); School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Florence County v. Shannon, 510 US 7 (1993); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991) Harris v. District of Columbia, 19 IDELR 105(1992);.

SEID DPCN Rev'd. 7/01/05

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1. A finding that DCPS/Charter School denied D.L. FAPE by failing to identify, evaluate, program , and/or place him in a timely manner;

2. That DCPS shall fund the private placement of the student;

3. That DCPS shall fund a psycho-educational evaluation that addresses written language needs;

4. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; and/or discussing and determining placement if placement has not been determined at that time;

5. A notice of placement shall be issued to an appropriate program with parent participation, in five (5) calendar days for a public placement and/or within thirty (30) calendar days for a private placement;

6. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

7. That D.L. shall be provided compensatory education for denials of FAPE and an individualized compensatory education plan shall be drafted to compensate D.L.. for denials of FAPE for the past 2 years that includes the funding of independent tutoring services of up to five hours per week, the funding of a summer program and/or a private placement;

8. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

9. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8

12. Provide counsel for the parent with copies, pursuant to DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

13. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

14. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

16. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

17. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific

9

knowledge abou. .ne child and the facts contained in t. complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

20. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

21. A finding that the parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

- N/A

Dated this 22nd day of December, 2005

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8ᵗʰ Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

10

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO                 1506
RECIPIENT ADDRESS        94425556
DESTINATION ID
ST. TIME                 12/22 16:57
TIME USE                 01'28
PAGES SENT               11
RESULT                   OK
```

# James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◦
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Dolores Scott McKnight
Marshall Lammers

-----------------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO: DCPS Student Hearing Coordinator, Ms. Newsome

FROM: Roberta L. Gambale, Esq.

DATE: December 22, 2005

FAX NO: ( 202) 698-2188

SUBJECT:   Due Process Hearing Request for Dion McClure

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1507 |
| RECIPIENT ADDRESS | 94425556 |
| DESTINATION ID | |
| ST. TIME | 12/22 17:06 |
| TIME USE | 01'32 |
| PAGES SENT | 11 |
| RESULT | OK |

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:  DCPS Student Hearing Coordinator, Ms. Newsome

FROM: Roberta L. Gambale, Esq.

DATE:  December 22, 2005

FAX NO: ( 202) 698-2188

SUBJECT:   Due Process Hearing Request for Dion McClure

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**

(In the Matter of DM   DOB: 4/14/91   HOD: March 27, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Dion McClure ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: April 14, 1991 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner (Student), ) | Hearing Date: March 17, 2006 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Roosevelt SHS ) | |
| Respondent. ) | |
| _____ ) | |

Hearing Participants:
Counsel for Student:                          Roberta Gambale, Esq.
                                              1220 L Street  NW  #700
                                              Washington DC  20002

Counsel for DCPS:                             Michael Levy, Esq.
                                              Office of General Counsel
                                              825 North Capitol St. NE
                                              Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on March 17, 2006, at the headquarters of
the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC
20002. The hearing was held pursuant to a hearing request submitted by the counsel for
the student filed December 22, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the
*Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17
and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.),
the Rules of the Board of Education of the District of Columbia and the DC
Appropriations Act, Section 145, effective October 21, 1998.

(In the Matter of DM   DOB: 4/14/91   HOD: March 27, 2006)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record.  The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, within thirty (30) calendar days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP)/Placement meeting to develop a compensatory education plan and to discuss and determine placement.
2. If the student's placement is changed for school year (SY) 2006-07 DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

2

(In the Matter of       DOB:        HOD: March 27, 2006)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: March 27, 2006

Issued: _3·27·06_____

(In the Matter of DM DOB: 4/14/91 HOD: March 27, 2006)

# In the MATTER of Dion McClure V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| DM 1-27 | Parent's Disclosures | Yes |
| DCPS 1-3 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(In the Matter of DM   DOB: 4/14/91  HOD: March 27, 2006)

## In the MATTER OF Dion McClure V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 12/22/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 2/22/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of DM DOB: 4/14/91 HOD: March 27, 2006)

# INDEX OF NAMES

## In the MATTER OF Dion McClure V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Michael Levy, Esq. |
| Educational Advocate | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  March 27, 2006

TO:  Roberta Gambale

FROM:  STUDENT HEARING OFFICE

RE:  McClure, Dion

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

COMMENTS:

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Dion McClure
Olivia McClure
360 Taylor Street, NE
R33
Washington DC 20017

May 10, 2007
In Reference To:     Dion McClure
                     DOB: 4/14/91
                     School: Buckus MS

Invoice # 10000

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/23/2005 | MM | File review and developed monthly case status report | 0.67 185.00/hr | 123.95 |
| | WB | Drafted letter to parent w/ HOD issued on 8/22/05 enclosed | 0.50 115.00/hr | 57.50 |
| 8/25/2005 | RB | Reviewed 5/30/97 IEP | 0.25 185.00/hr | 46.25 |
| | RB | Reviewed 6/17/05 hearing request | 0.17 185.00/hr | 31.45 |
| | RB | Memo to attorney re issues found and attempts to reach parent | 0.25 185.00/hr | 46.25 |
| | RB | Phone call to parent re meeting dates | 0.08 185.00/hr | 14.80 |
| | RB | Reviewed 6/95 psychological and Vineland evaluations and 2/3/05 IEP | 0.67 185.00/hr | 123.95 |
| 8/29/2005 | RB | Phone call to parent re meeting dates | 0.17 185.00/hr | 31.45 |
| 8/30/2005 | RB | Drafted and mailed letter to parent re need to discuss meeting dates pursuant to 8/20/05 HOD | 0.33 185.00/hr | 61.05 |

Dion McClure                                                              Page    2

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 8/30/2005 | RB | Memo to attorney re parent contact | 0.17 185.00/hr | 31.45 |
| 9/1/2005 | RB | Phone call to parent re possible meeting dates/times; meeting agenda; progress so far at Roosevelt SHS; need for class schedule | 0.33 185.00/hr | 61.05 |
| | RB | Phone call from parent | 0.08 185.00/hr | 14.80 |
| 9/2/2005 | RB | Telephone call to Roosevelt SHS re meeting dates | 0.17 185.00/hr | 31.45 |
| | RB | Phone call to parent re possible school meeting dates negotiated with school | 0.17 185.00/hr | 31.45 |
| 9/7/2005 | RB | Telephone call from Roosevelt HS SEC re meeting date/time | 0.17 185.00/hr | 31.45 |
| | RB | Phone call to parent about school's proposed meeting date/time | 0.17 185.00/hr | 31.45 |
| 9/9/2005 | RB | Memo to attorney re school meeting date/time | 0.08 185.00/hr | 14.80 |
| 9/15/2005 | WB | Drafted letter to parent w/ Confirmation of Meeting Notice for 10/4/05 @ 9:30 am | 0.50 115.00/hr | 57.50 |
| 9/19/2005 | RB | Received and reviewed meeting notice from Roosevelt SHS SEC | 0.08 185.00/hr | 14.80 |
| | MM | Drafted letter to private school | 0.50 185.00/hr | 92.50 |
| 9/29/2005 | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25 115.00/hr | 28.75 |
| | JEB | Reviewed advocate's report and discussed with paralegal | 0.25 385.00/hr | 96.25 |
| 10/3/2005 | RB | Reviewed HOD and 2/3/05 IEP and developed and printed 10/4/05 meeting agenda | 1.00 185.00/hr | 185.00 |
| 10/4/2005 | RB | Memo to attorney re meeting outcomes | 0.42 185.00/hr | 77.70 |
| | RB | Collated meeting documents and asked paralegal to copy and file | 0.17 185.00/hr | 31.45 |
| | RB | Attended MDT meeting at Roosevelt SHS with parent and grandparent | 3.83 185.00/hr | 708.55 |

Dion McClure                                                                                  Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/2/2005 | RB | Reviewed case notes re evaluations due date and evaluations outstanding | 0.08 185.00/hr | 14.80 |
|  | RB | Drafted and faxed letter to Roosevelt SHS SEC re status of evaluations | 0.33 185.00/hr | 61.05 |
|  | RB | Memo to attorney re letter to Roosevelt SES re evaluations | 0.08 185.00/hr | 14.80 |
|  | WB | Drafted letter to parent re: case status | 0.50 115.00/hr | 57.50 |
| 11/4/2005 | WB | Drafted letter to parent re: case status w/ copy of correspondence sent to Roosevelt SHS on 11/2/05 | 0.42 115.00/hr | 48.30 |
| 11/15/2005 | RB | Phone call from parent inquiring about evaluations status and her participation in process at school | 0.17 185.00/hr | 31.45 |
|  | RB | Memo to attorney re parent's report | 0.08 185.00/hr | 14.80 |
| 11/21/2005 | RB | Asked paralegal to file meeting acceptance and fax receipt | 0.08 185.00/hr | 14.80 |
|  | RB | Received and reviewed meeting invitation with two dates and three times; faxed back acceptance | 0.17 185.00/hr | 31.45 |
|  | RB | Phone call to parent re meeting dates proposed by Roosevelt SHS | 0.17 185.00/hr | 31.45 |
| 11/29/2005 | RB | Phone call from parent re need to change meeting date | 0.08 185.00/hr | 14.80 |
|  | RB | Drafted and faxed note to Roosevelt SHS SEC requesting change of meeting date | 0.17 185.00/hr | 31.45 |
| 12/2/2005 | RB | Phone calls (2) to parent re meeting date/time | 0.17 185.00/hr | 31.45 |
|  | MT | File Review and sent letter to parent/student | 0.17 115.00/hr | 19.55 |
| 12/6/2005 | DSM | Outlined complaint issues in connection with DCPS' failure to implement IEP (Provide S/L) | 1.17 360.00/hr | 421.20 |
|  | DSM | Reviewed file in connection with DCPS not implementing IEP (Failure to provide speech and language services.) | 0.42 360.00/hr | 151.20 |
| 12/13/2005 | RB | Preparation for 12/14/05 meeting: reviewed case notes and 10/05 meeting agenda/notes; printed all | 0.25 185.00/hr | 46.25 |

Dion McClure                                                                                   Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2005 | RB | Attended MDT/IEP meeting at Roosevelt SHS with family | 4.75<br>185.00/hr | 878.75 |
|  | RB | Memo to attorney re meeting outcomes | 1.17<br>185.00/hr | 216.45 |
| 12/15/2005 | DSM | Will review file in conneciton with transferring case. | 0.42<br>360.00/hr | 151.20 |
|  | RB | Collated meeting documents and asked paralegal to file | 0.17<br>185.00/hr | 31.45 |
| 12/16/2005 | RB | Printed case notes for new attorney; set up case notes folder for new attorney; asked paralegal to file case notes | 0.25<br>185.00/hr | 46.25 |
| 12/22/2005 | RB | Drafted letters to Chelsea School and SunRise Academy; copied evaluations and IEP; mailed packets | 0.67<br>185.00/hr | 123.95 |
|  | RB | Memo to attorney re two referral packets sent | 0.08<br>185.00/hr | 14.80 |
|  | RG | Discussion with RB & review of file ( 1) discussion with parent and draft HR (2) | 3.00<br>360.00/hr | 1,080.00 |
|  | RB | Discussion with attorney re  need for referrals to two nonpublic schools | 0.17<br>185.00/hr | 31.45 |
| 12/29/2005 | JEB | Examined and certified hearing request filed by attorney | 0.58<br>385.00/hr | 223.30 |
|  | YA | Drafted letter to parent re, detailed Hearing Request | 0.58<br>115.00/hr | 66.70 |
| 1/3/2006 | RG | Discussion with advocate: pending dispute resolution session | 0.17<br>360.00/hr | 61.20 |
|  | RB | Drafted and faxed letter to Roosevelt SHS with attorney's signature re DRS and representation | 0.42<br>185.00/hr | 77.70 |
|  | RB | Memo to attorney re meeting scheduled and letter sent | 0.17<br>185.00/hr | 31.45 |
|  | RB | Discussion with attorney: pending dispute resolution session | 0.17<br>185.00/hr | 31.45 |
|  | RB | Prepared outline of issues per hearing request for 1/5/06 DRS | 0.50<br>185.00/hr | 92.50 |
|  | RB | Phone call from parent about dispute resolution session scheduled at Roosevelt SHS | 0.25<br>185.00/hr | 46.25 |

Dion McClure                                                                                     Page     5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/5/2006 | YA | Drafted letter to parent re, deadline for resolution meeting | 0.58<br>115.00/hr | 66.70 |
|  | RB | Attended dispute resolution session with parent and student at T. Roosevelt SHS | 2.83<br>185.00/hr | 523.55 |
| 1/6/2006 | RB | Memo to attorney re DRS outcomes with analysis of S/L encounter tracking forms from 2/05 to 12/05 | 1.50<br>185.00/hr | 277.50 |
|  | RG | Discussion with RB re:  settlement agreement (20) reviewed agreement and discussion with parent re: settlement agreement (30) drafted letter rescinding agreement to DCPS (30) and drafted letter to parent (30) | 1.83<br>360.00/hr | 658.80 |
|  | RB | Discussion with attorney: DRS outcomes and pending meeting | 0.33<br>185.00/hr | 61.05 |
| 1/11/2006 | RB | Telephone call from and to Chelsea School re information needed for application completion | 0.25<br>185.00/hr | 46.25 |
|  | RB | Phone call to student re current class schedule to provide to Chelsea School | 0.25<br>185.00/hr | 46.25 |
|  | RB | Memo to attorney re nonpublic application status | 0.17<br>185.00/hr | 31.45 |
| 1/18/2006 | RB | Phone call from parent re SunRise Academy appointment; memo to attorney | 0.17<br>185.00/hr | 31.45 |
| 1/20/2006 | RB | Asked paralegal to file meeting acceptance and fax receipt | 0.08<br>185.00/hr | 14.80 |
|  | RB | Faxed meeting acceptance and requested copy of evaluation | 0.25<br>185.00/hr | 46.25 |
|  | RB | Phone calls (2) to parent to re-confirm 1/23/06 meeting and to change school's proposed meeting time | 0.17<br>185.00/hr | 31.45 |
| 1/23/2006 | RB | Memo to attorney re 1/23/06 meeting outcomes with documents | 0.75<br>185.00/hr | 138.75 |
|  | RB | Attended MDT meeting at Roosevelt SHS with family | 2.75<br>185.00/hr | 508.75 |
|  | RB | Reviewed educational evaluation update by psychologist Rodriguez | 0.33<br>185.00/hr | 61.05 |
| 1/24/2006 | RG | Reviewed mtg notes from advocate | 0.50<br>360.00/hr | 180.00 |
| 1/25/2006 | RB | Phone call from parent re status of nonpublic school applications and visit to SunRise Academy | 0.17<br>185.00/hr | 31.45 |

Dion McClure                                                                    Page      6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/25/2006 | RB | Memo to attorney re status of nonpublic school applications | 0.17 185.00/hr | 31.45 |
| 1/26/2006 | RB | Memo from attorney re case status | 0.17 185.00/hr | 31.45 |
| 1/31/2006 | RB | Scheduling memo from attorney re hearing; calendarized | 0.08 185.00/hr | 14.80 |
|  | YA | Drafted letter to parent regarding the Hearing Date Notice | 0.58 115.00/hr | 66.70 |
| 2/1/2006 | RB | Received and reviewed addendum to psychological report; memo to attorney; asked paralegal to file | 0.25 185.00/hr | 46.25 |
| 2/2/2006 | RG | Prepare disclosure to DCPS | 1.00 360.00/hr | 360.00 |
| 2/10/2006 | RB | Asked paralegal to file SunRise Academy acceptance | 0.08 185.00/hr | 14.80 |
|  | RB | Received and reviewed SunRise Academy acceptance; memo to attorney | 0.25 185.00/hr | 46.25 |
| 2/14/2006 | YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel and tab disclosure for Hearing Officer | 1.50 115.00/hr | 172.50 |
|  | RG | Prepare disclosure to DCPS | 1.00 360.00/hr | 360.00 |
| 2/21/2006 | RG | Conference with parent | 0.33 360.00/hr | 118.80 |
| 2/22/2006 | RB | Discussion with attorney: hearing continued | 0.08 185.00/hr | 14.80 |
|  | RG | Discussion with DC Attorney; parent; and advocate re: DCPS's motion for a continuance.  drafted folow up letter to SHO | 0.75 360.00/hr | 270.00 |
| 2/23/2006 | YA | Assist attorney with supplemental disclosure to Student Hearing Office and Office of General Counsel | 1.00 115.00/hr | 115.00 |
|  | RG | Conference with parent via telephone to discuss new hearing date rec'd | 0.33 360.00/hr | 118.80 |
| 2/27/2006 | YA | Drafted letter to parent regarding the hearing date notice | 0.58 115.00/hr | 66.70 |
| 2/28/2006 | RB | Discussion with attorney: hearing status | 0.08 185.00/hr | 14.80 |

Dion McClure                                                                    Page    7

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/28/2006 RG | Prepared and file motion for continuance; call to attorney advisor and discussion with advocate | 0.75 360.00/hr | 270.00 |
| 3/1/2006 YA | Drafted letter to parent regarding the Petitioner's Motion for Continuance for the hearing | 0.42 115.00/hr | 48.30 |
| 3/3/2006 YA | Drafted letter to parent regarding Hearing Date Notice | 0.42 115.00/hr | 48.30 |
| 3/10/2006 RG | Reviewed Status | 0.33 360.00/hr | 118.80 |
| 3/16/2006 RG | Prepared for Due Process Hearing | 1.50 360.00/hr | 540.00 |
| YA | Phone call to parent to remind of hearing | 0.17 115.00/hr | 19.55 |
| 3/17/2006 RG | Appearance to 825 North Capital for due process hearing | 1.00 360.00/hr | 360.00 |
| 3/20/2006 RB | Memo from attorney | 0.08 185.00/hr | 14.80 |
| 3/22/2006 YA | Filed back disclosure documents | 1.50 115.00/hr | 172.50 |
| 3/27/2006 JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| 3/28/2006 YA | Drafted letter to parent regarding the detailed Hearing Officer' s Determination | 0.58 115.00/hr | 66.70 |
| YA | Tickled compliance deadline | 0.17 115.00/hr | 19.55 |
| JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| | For professional services rendered | 58.18 | $12,869.40 |

Additional Charges :

| | |
|---|---|
| 8/23/2005 Copied documents; status report | 0.50 |
| Copied documents; letter to parent | 0.50 |
| Postage; letter to parent | 0.37 |

Dion McClure                                                                        Page     8

                                                                                  Amount

| Date | Description | Amount |
|---|---|---|
| 8/29/2005 | Copied: Letter to parent for advocate. | 0.25 |
| | Postage; letter to parent. | 0.37 |
| 8/30/2005 | Postage; letter to parent | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 9/15/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 9/19/2005 | Facsimile Received from Roosevelt SHS | 3.00 |
| 10/3/2005 | Copied: Meeting agenda for advocate. | 0.25 |
| 11/2/2005 | Facsimile letter to Roosevelt SHS | 2.00 |
| | Postage; letter to parent | 0.37 |
| | Copied documents; letter to parent | 0.50 |
| 11/4/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 11/29/2005 | Facsimile note req. meeting date change to Roosevelt HS. | 1.00 |
| 12/1/2005 | Facsimile Received from Roosevelt SHS | 2.00 |
| 12/2/2005 | Postage; letter to parent | 0.37 |
| 12/13/2005 | Copied case notes for adv. | 0.75 |
| 12/21/2005 | Postage; letter to parent | 3.50 |
| 12/22/2005 | Copied: referral packagesfor school. | 17.00 |
| | Copied documents; HR | 5.50 |
| | Facsimile HR to SHO | 11.00 |
| 12/23/2005 | Facsimile Received from DCPS; scheduling memorandum | 3.00 |
| 12/27/2005 | Copied: HR for parent and advocate. | 5.50 |
| 12/29/2005 | Copied: evals request letter for parent. | 0.25 |
| 12/30/2005 | Postage; letter to parent re: HR. | 0.83 |

Dion McClure                                                    Page    9

                                                                 Amount

1/3/2006 Facsimile letter re: DRS to Roosevelt SHS.               2.00

1/4/2006 Copied resolution deadline for parent/adv.               1.50

1/5/2006 Copied: mtg. letter for parent.                          0.25

         Postage; letter to parent re: mtg deadline.              0.37

1/6/2006 Facsimile: resend SA to DCPS.                            6.00

1/19/2006 Facsimile Received from DCPS re: LOI.                   2.00

1/20/2006 Facsimile: mtg. acceptance to Roosevelt SHS.           2.00

1/27/2006 Facsimile Received from DCPS re: HN.                    1.00

1/31/2006 Copied HDN with ltr for parent/adv.                     1.00

         Postage; letter to parent re: HND.                       0.39

2/1/2006 Facsimile Received from DCPS; Dunbar                     3.00

2/10/2006 Facsimile Received from Sunrise Academy re: letter.     2.00

2/14/2006 Facsimile Received from DCPS re: 5 day from OGC.        26.00

         Messenger Service to and from DCPS (5-day Disclosures)   20.00

         Copied 5 day disc. for OGC,SHO,ATTNY.                   155.25

2/15/2006 Facsimile Received from Sunrise Academy re: acceptance letter.    12.00

2/16/2006 Facsimile Received from DCPS; amended disclosures       33.00

2/22/2006 Facsimile: letter to SHO and OGC.                       4.00

         Facsimile Received from DCPS re: mtg. notice from OGC.   3.00

         Facsimile Received from DCPS re: motion for continuance.  3.00

2/23/2006 Facsimile Received from DCPS (HN)                       1.00

         Facsimile Received from DCPS re: hearing memo from SHO.  1.00

         Facsimile: supplemental 5 day to SHO and OGC.           12.00

2/27/2006 Postage; letter to parent re: HDN.                      0.39

         Copied: HDN letter for parent & adv.                     4.00

Dion McClure                                                      Page    10

                                                                    Amount

2/28/2006 Facsimile motion to OGC/SHO.                                3.00

          Copied: petition letter for parent.                        0.25

          Copied: petition letter for parent.                        0.25

3/1/2006 Facsimile Received from DCPS                                 4.00

          Facsimile Received from DCPS; HN                            1.00

          Copied: motion for continuance letter for parent.          1.50

          Postage; letter to parent re: motion to continuance.       0.63

3/3/2006 Postage; letter to parent re: HDN.                          0.39

          Copied: HND letter for parent.                             1.00

3/10/2006 Facsimile Received from DCPS; disclosures                   6.00

3/17/2006 Sedan taxi service to DCPS for hearing.(attny.)            8.00

3/27/2006 Facsimile Received from DCPS re: HOD from SHO.             7.00

3/28/2006 Copied HOD for parent,file,Adv.                            7.00

          Copied ltr re: HOD for parent.                             0.25

          File review preparation of bill and invoice audit        96.88

          Total costs                                            $494.72

          Total amount of this bill                            $13,364.12

# Exhibit T



**District of Columbia Public Schools**

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9ᵗʰ Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Miguel Quintanilla
   DOB: 9/11/93
   Date of Determination (HOD/SA): 8/29/06
   Parent/Guardian Name: Jose G. Mejia & Olinda Quintanilla
   Parent/Guardian Address: 1840 Vernon St., NW, #33, WDC 20009
   Current School: Francis JHS
   Home School: Francis JHS

3. **Invoice Information**
   Invoice Number: 06-444
   Date Request Submitted: 9/29/06
   Date(s) Services Rendered: 6/5/06 to 8/17/06
   Amount of Payment Request: $7,622.65

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E. Brown_
Signature

9/29/06
Date

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Student Name:  Miguel Quintanilla                    DOB:  September 11, 1993

Address:     1840 Vernon St., #33, NW, Washington, D.C. 20009

Present School of Attendance:     Francis Junior High School

[prior notice to Hardy MS issued 6/14/06]

Home School:                          Francis Junior High School
                                      (Neighborhood school where child is registered)

Parent/Guardian of the Student:    Jose Guillermo Mejia and Olinda Quintanilla

Phone:        (H) 202 332-0581    (W) _____    (C) _____

## B.    Legal Representative/Attorney (if applicable):

Name:    Miguel A. Hull, Esq.     Phone: (W)  202 742-2015     (Fax)  202 742-2098

Address: 1220 L St., NW, #700, Washington, D.C. 20005

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

Miguel Quintanilla is a fifteen-year-old student at Francis Junior High School in the District of Columbia. According to his most recent Individualized Educational Program ("IEP"), dated May 23, 2006, he is classified with multiple disabilities and entitled to 24.5 hours of specialized instruction per week, and 2.5 hours of psychological counseling per week. On June 14, 2006, District of Columbia Public Schools ("DCPS") convened an MDT/placement meeting for Miguel during which compensatory education was discussed for services missed during the 2005-2006 school year and during which placement was determined for the 2006-2007 school year. The parents now respectfully assert that DCPS has committed the following violations of Miguel's rights:

1. **Inappropriate placement to Hardy Middle School**. During the MDT meeting on June 14, 2006, the DCPS-members of the team issued placement to Hardy Middle School. The parent objects to that placement because it is not appropriate. Miguel requires a small, structured, full-time program geared towards students with ADHD. Hardy does not have such a program. 34 C.F.R. § 300.503 (prior notice required for change in placement); and 34 C.F.R. § 300.552 (LEA to ensure that child's placement is in the least restrictive environment, based on his IEP as determined by team including the parents); D.C. Mun. Regs. tit. 5 § 3013.1-7 (LEA to ensure that child's placement is in the least restrictive environment, based on his IEP as determined by team including the parents)

2. **Failure/refusal to allow parent reasonable participation in placement decision [failure to have person at MDT meeting with knowledge regarding proposed placement].** DCPS did not have anyone present at the MDT meeting on June 14, 2006, who was familiar with the program at Hardy Middle School in violation of the parent's rights. This omission resulted in a denial of the parent's right to fully participate in the placement decision since no one at the meeting could answer her specific questions regarding Hardy. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (e); 34 C.F.R. Sec. 300.552 (a) (1) ("placement decision is made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and placement options."); D.C. Mun. Regs. tit. 5 § 3013.1 (a); W.G. v. Board of Trustees of Target Range School District No. 23, 960 F.2d 1479 (9th Cir. 1992) (in order to fulfill the goal of parental participation in the IEP process, the school district was required to conduct, not just an IEP meeting, but a meaningful IEP meeting); Speilberg v. Henrico County Public Schools, 853 F.2d 256, 258-59 (4th Cir. 1988) (placement must be based on the IEP, and parent's after the fact involvement in the placement decision does not satisfy the obligation to provide a meaningful opportunity to participate in the placement decision).

3. **Placement at Hardy no based on consensus**. The parent and her advocate objected to the placement at Hardy and instead requested placement at Rock Creek Academy of other schools. DCPS, nevertheless, issued a prior notice to Hardy over the parent's objections. DCPS action of issuing placement to Hardy without a team consensus is inappropriate. Appendix A to 34 C.F.R. Part 300, Question 9:

It is not appropriate to make IEP decisions based upon a
majority 'vote.' If the team cannot reach consensus, the
public agency must provide the parent with prior written
notice of the agency's proposal's or refusals, or both,
regarding the child's educational program, and the parents
have the right to seek resolution of any disagreements *by*
*initiating an impartial due process hearing*.

Doe v. Maher IDELR 353 (EHLR 557:353) (9th Cir. 1999) (In Doe, the court
considered a parent's claim that decisions at an IEP team meeting must be made
by a majority vote of the individuals present at the meetings, with each individual
having one vote. After noting that there was no express support for decision by
majority vote –or any other system– in the IDEA, the court concluded that
majority voting would be inconsistent with the law. Noting that the number of
participants at an IEP team meeting is indeterminate, the court concluded that
having a majority-vote rule would give parties an incentive to select participants
in order to gain a numerical majority. The court found that creating opportunities
for such gamesmanship would defeat the intent of the IDEA to have the IEP
meeting be a cooperative, non-adversarial proceeding. Moving on to consider
possible alternatives to a majority-vote rule, the court in Doe selected a consensus
rule as most consistent with the IDEA. The court acknowledged that it would not
always be possible for parents and school districts to achieve a consensus and that
this is why the law provides for due process hearings.)

4. **Failure to provide appropriate written notice regarding reasons for rejecting**
   **parent's proposed placements**. During the MDT meeting on June 14, 2006, and
   during a previous MDT meeting on May 8, 2006, the parent explicitly requested
   placement at either Rock Creek Academy in the District of Columbia, High Road
   School in Maryland, or Accotink Academy in Virginia. The DCPS-members of
   the team at both meetings rejected those proposed placements but completely
   failed to provide the parent with any sort of justification, either written or oral, for
   the rejection. Such an omission constitutes a violation of the parent's rights.
   ndividuals with Disabilities Education Improvement Act of 2004, Pub. L. No.
   108-446, Sec. 101, § 614(b)(1) and § 615 (b)(3), (b)(4), a public agency required
   to provide written notice to the parents concerning a proposal or refusal to change
   the placement of a student. Such notice must include description of options
   considered and reasons for accepting or rejecting such options. See also 34
   C.F.R. Sec. 300.503; D.C. Mun. Regs. tit. 5 § 3024. Hoing v. Doe, 484 U.S. 305,
   327 (1988), (Supreme Court of the United States concluded that the clear intent of
   Congress was to make parental involvement the cornerstone of the process under
   the IDEA. In so finding, the Court stressed the importance of a parent's right to
   be notified of each step of a child's educational development: "Envisioning the
   IEP as the centerpiece of the statute's education system for disabled children, and
   aware that schools had all too often denied such children appropriate educations
   without in any way consulting the parents; Congress repeatedly emphasized
   through the Act the importance and indeed the necessity of parental participation
   in both the development of the IEP and any subsequent assessments of its
   effectiveness. Accordingly, the Act establishes various procedural safeguards that

guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." Id. at 311-12.); See also Burlington School Comm. v. Massachusetts Dept. of Education, 471 U.S. 359, 373 (1985); Zvl D. By Shirley D. v. District of Columbia Public Schools, 828 F. Supp. at 88-89; Nikita Petties, et. al. v. The District of Columbia Public Schools, Civil Action No. 95-0148.

5. **Failure/refusal to provide appropriate amount of compensatory education**. During the MDT meeting on June 14, 2006, the team discussed and attempted to reach a consensus regarding compensatory education owed for failure to provide specialized instruction during the 2005-2006 school year.[1]  Both sides were able to agree that the student needed 130 hours of compensatory specialized instruction[2].  Initially, DCPS and the parent considered the possibility of the student receiving 65 hours of the compensatory education as one-on-one tutoring and the other 65 hours in group tutoring.  One of the DCPS-members of the team made a call to DCPS Central Offices to see about such an arrangement.  After that call, the DCPS-members of the team changed there position and offered that all of the 130 hours be provided in a group setting.  The parent rejects that offer on the grounds that prior to the telephone call to the central offices, the team had reached a tentative consensus that the student need at least 65 hours of him 130 hours of compensatory education to be in the form of one-on-one tutoring.  See MDT notes 6/14/06.

## II. Issues presented.

1. Whether Hardy Middle School is an appropriate placement for the student?
2. Whether the decision to place the student at Hardy was inappropriate in that it was not based on a consensus of the team members present?
3. Whether DCPS has inappropriately failed / refused to:
   a. to allow the parent the opportunity to fully participate in the placement decision on June 14, 2006 given that there was no one at the meeting knowledgeable enough to describe the program at Hardy for the parent; and
   b. provide the parent with appropriate written notice regarding her placement suggestions made during the MDT meetings on May 8, 2006 and June 14, 2006?
4. Whether the compensatory education awarded by DCPS [130 hours of group tutoring] is appropriate or whether the student requires at least 65 hours of one-on-one tutoring?

## III.    Relief Sought.

---

[1] The discussion regarding compensatory education was in part the result of a settlement agreement executed by the parents and DCPS on June 2, 2006, wherein DCPS agreed to convene an MDT meeting by June 14, 2006 to, among other things, discuss and determine compensatory education.

[2] The entire team agreed that from approximately November until the end of the school year, the student had only received 15 hours a week of specialized instruction per week when he should have received 20 hours per week from November to May 23, 2006, when the current IEP was developed, and 24.5 hours per week from May 23, 2006 to the end of the school year.

1. a finding in the parents' favor as to each of the issues raised above;

2. That DCPS be ordered or agree to:
   a. Fund placement and provide transportation for the student to attend either Rock Creek Academy, Accotinck Academy, or High Road School in either D.C or Maryland;
   b. Convene an MDT meeting within 30 days of the student beginning classes at his new school, whichever it may be, in the fall of 2006;
   c. Provide funding for 65 hours, or some other reasonable amount, of one-on-one tutoring as compensatory education for services missed;
   d. Provide 65 hours of group tutoring as compensatory education for services missed.
   e. Alternatively, that DCPS convene an MDT meeting for the student within 30 days to discuss appropriateness of placement and the compensatory education plan that was developed on June 14, 2006.

3. that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

4. All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

5. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

8. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A.

6

Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the

forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

## G.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## G.   Signature:

_Mhgul Mul_____              June 15, 2006_____
Legal Representative / Advocate (if applicable)              Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E. 8th Floor
### Washington, D.C. 20002
### Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| MIGUEL QUINTANILLA,    Student,) | | HEARING OFFICER'S DECISION |
| Date of Birth: 09-11-93 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: August 17, 2006 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending: Francis Junior High School | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## <u>DECISION AND ORDER</u>

**Parent(s)**          Jose G. Mejia & Olinda Quintanilla
                       1840 Vernon Street, N.W #33.
                       Washington, D.C. 20009

**Counsel for Parent:**    Miguel A. Hull, Esq.
                           James Brown & Associates
                           1220 L Street, N.W.
                           Suite 700
                           Washington, D.C. 20005

**Counsel for School:**    Aaron E. Price, Sr., Attorney- Advisor
                           Office of the General Counsel, DCPS
                           825 North Capitol Street, N.E., 9th Floor
                           Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On June 16, 2006, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Miguel A. Hull, Esq. The request alleges DCPS, inter alia, failed to provide the parent an opportunity to participate in the placement decision-making process, failed to provide an appropriate educational placement for the student and failed to provide an appropriate amount of compensatory education.

A Due Process Hearing was convened on August 17, 2006, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Aaron E. Price, Sr., Esq.; Attorney-Advisor represented DCPS. Miguel A. Hull, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated August 10, 2006: MQ-1 through MQ-44. On behalf of DCPS: Disclosure Letter dated August 11, 2006: DCPS #1. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for DCPS: John A. Carson. Witnesses for the parent: Juan Fernandez, Olinda Quintanilla and Karen Plowden.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004,* 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to provide an opportunity for the parent to participate in the placement decision-making process, by failing to provide an appropriate educational placement for the student and by failing to provide an appropriate Compensatory Education Plan for M.Q.?

2.

IV.    SUMMARY OF RELEVANT EVIDENCE

This case concerns allegations, by counsel for the parent that the District of Columbia Public Schools (hereinafter "DCPS") failed to provide M.Q. a free appropriate public education (FAPE). According to parent's counsel, the student's Individualized Education Program ("IEP") requires a full-time special education placement within a small structured setting, as the student's IEP classified the student as multiply disabled entitled to 24.5 hours of specialized instructions and 2.5 hours of psychological counseling. On or about June 14, 2006, it is alleges that DCPS convened a MDT/IEP placement meeting and proposed as an appropriate educational placement Hardy Middle School. Parent's counsel alleges that Hardy Middle School does not have a full-time special education program, which could implement the student's IEP. It is further alleged that DCPS failed to have an appropriate DCPS official at the meeting who was capable and familiar with the program at Hardy Middle School. As a result, the parent was denied the right to participate in the placement decision-making process because DCPS officials were unable to answer material questions concerning the proposed placement. Lastly, parent's counsel alleges and asserts that the parties had agreed upon a reasonable Compensatory Education Plan, which required DCPS to provide 130 hours of compensatory education including 65 hours of one-on-one tutoring and 65 hours of group tutoring. It is alleged that the parties had agreed to this plan. However, DCPS' central office did not approve of the Plan, as a result DCPS is offering 130 hours of group counseling.

DCPS asserts that Hardy Middle School is an appropriate educational placement for M.Q., as the student would receive the appropriate amount of specialized instructions via pullout services. Further, DCPS can provide the appropriate amount of psychological counseling. DCPS strongly asserts that the student's IEP can be implemented at Hardy Middle School and he can receive educational benefit at this placement, as the Hardy Middle School has, among other things, certified special education teacher, a low student-to-teacher ratio and a self-contained therapeutic setting.

V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    M.Q. is a twelve- (12) year old District of Columbia resident and a student who was enrolled at Francis Junior High School during the 2005-2006 school years.

3.

2.      M.Q. is eligible for special education and related services. According to his most recent Individualized Educational Program ("IEP") dated May 23, 2006, the student has multiple disabilities. His primary disability is learning disabled (LD) and he is other health impaired (OHI)[1]

3.      On or about May 23, 2006, DCPS convened a MDT/IEP meeting to develop an appropriate IEP for the student. The parent and DCPS educational officials were in agreement with the student's IEP. The parent signed the IEP, as she approved of the contents of the IEP.[2]

4.      According to the student's IEP, the student's least restrictive environment (LRE) is out of general education classroom, as a combination general education and resource classes was rejected.[3] The team determined that Francis JHS was inappropriate.

5.      John A. Carson, Special Education Coordinator/Teacher at Hardy Middle School, testified and concluded that Hardy MS has a full-time special education program for LD students. The program consists of the following: certified special education teachers, clinicians including licensed social workers and a psychologist, a small student: teacher ratio (3 students: 2 teachers). Mr. Carson testified that Hardy MS could implement the student's IEP and provide educational benefit to the student. [4]

6.      Additionally informational factors concerning Hardy MS as outlined by Mr. Carson are as follows:  the LD program is within a self-contained classroom, there are no regular education students in the classroom, the approximate age of the students are between 11-14 which is within the age range of M.Q. and the maximum capacity of the classroom is twelve students.

7.      The Special Education Coordinator/ Special Education Teacher stated that he had not attended any of the MDT meetings concerning M.Q. and he had not reviewed the student's IEP.

4.

---

[1] Exhibit: MQ-14.
[2] Exhibit: MQ-14.
[3] Exhibit: MQ-14 page 4.
[4] Testimony of John A. Carson at the Due Process Hearing.

8.     The LD program had recently temporarily moved to the Hamilton Center to allow for more space in the classroom. The student would be involved with general education students in art, music and physical education.

9.     Juan Fernandez, Special Education Advocate on behalf of the student, testified and concluded that he had attended the MDT/IEP placement meeting concerning M.Q. Mr. Fernandez was familiar with Hardy Middle School, as Hardy MS does have a self-contained program.

10.     Karen Plowden, Director of Student Services at Rock Creek Academy, testified and concluded that the student's IEP could be implemented at Rock Creek Academy. The LD program at Rock Creek consisted of the following: certified special education teachers, on-staff clinicians who would assist in medication management, full- time nurse, total school population of 255, and self-contained classroom. [5]

11.     Rock Creek Academy can provide Carnegie units to enable the student to obtain a High School diploma and the student would be entering the eighth grade.

12.     Olinda Quitanilla, the parent of M.Q., testified and concluded that her son had not obtained any educational benefit during the 2005-2006 school years, as Francis JHS was not appropriate placement for M.Q.[6]

13.     The parent described M.Q., as a student who did not like to attend school because he did not know how to read.   The student was also inattentive, had emotional breakdowns and hyperactivity, which significantly impacts his ability to focus.[7]

14.     The student was unhappy at Francis JHS and he would be late or skip school. He was absent approximately fifty- (50) times[8] and he was suspended on numerous times.[9]                         5.

---

[5] Testimony of Karen Plowden at the Due Process hearing.
[6] Testimony of Olinda Quitanilla at the Due Process hearing.
[7] Exhibit: MQ-14.
[8] Exhibit: DCPS#1
[9] Exhibit: MQ-36 & 37.

15.    According to Ms. Quitanilla, DCPS failed to have any official at the MDT/IEP placement meeting to discuss the proposed placement at Hardy MS. This fact was not disputed.[10]

## VI.    DECISION AND CONCLUSION OF LAW

The initial issue in this matter is whether DCPS provided the student an appropriate educational placement by proposing Hardy Middle School. A preponderance of the evidence supports the contention of DCPS that Hardy Middle School is an appropriate educational placement for M.Q. The DCPS Special Education Coordinator/ Special Education Teacher described the LD program at the school, which consist of certified special education teachers, a self–contained educational environment, clinicians including a licensed social worker and a psychologist, low student: teacher ratio, a classroom with age appropriate students, and a full-time special education program without any general education students. According to the Special Education Coordinator/Teacher, the Hardy Middle School could implement the student's IEP and provide educational benefit for the student. This fact was not rebutted by any credible testimony offered by the petitioner.

IDEA mandates that the local educational agency ("LEA") provide an educational program tailored to meet the student's specific education needs. In this instance, DCPS and the parent agreed with the IEP developed for the student. Moreover, pursuant to the Supreme Court's decision in *Board of Education of the Hendrick Hudson Central School District, Westchester County* v *Rowley*, 458 U.S. 176 (1982), the IEP must, at a minimum, provide personalized instructions with sufficient support services to permit the child to benefit educationally from that instructions. *See id.* at 203. This standard has been met in this matter, as DCPS developed an appropriate IEP and proposed an educational placement that can provide the necessary and requisite support services to ensure some educational benefit to the student.

The petitioner also challenged the placement decision-making process employed by DCPS. The issue is whether DCPS provided the parent the opportunity to participate in the placement decision-making process, as required by IDEA. Undisputed evidence on the record and DCPS's own admission clearly support the petitioner's contention that a DCPS official, knowledgeable about the proposed placement, was not available to answer questions concerning the proposed placement. Petitioner's argues that the absence of this official denied the parent the right to meaningfully participate in the placement decision-making process. Notwithstanding the absence of this official, the relevant issue is whether this violation amounts to a denial of FAPE. In this instance, this Hearing Officer has not been persuaded that a denial of FAPE occurred.

6.

---

[10] Testimony of the Olinda Quitanilla at the Due Process hearing.

Pursuant to the new amended IDEA of 2004, a technical violation, such as here, must satisfy a new standard. The new standard mandates a clear showing of educational injury, as a direct result of the technical violation. Here, in this matter, there has been no showing of any educational injury as a result of the technical violation. Clearly, if the proposed placement was inappropriate another outcome would occur. Consequently, the absence of the appropriate DCPS official to describe the program, while not being condoned, does not represent a denial of FAPE in this particularly instance.

The last issue in this matter concerns the amount of warranted compensatory education for this student due to the failure of DCPS to provide any educational benefit for the 2005-2006 school years at Francis JHS. This fact was not disputed. The parties had agreed upon a proposed Compensatory Education Plan that provided the student with 130 hours of compensatory relief in the form of specialized instructions with 65 hours of one-on-one tutoring and 65 hours of group tutoring. DCPS later rejected the proposed plan, and offered the same number of hours within a group setting.

Under the requirements of IDEA and _Reid_ v _District of Columbia,_ 401 F. 3d 516 (D.C. Cir. 2005), the standard for determining a compensatory education award is not a cookie-cutter approach but " the ultimate (compensatory) award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place," _Reid,_ 401 F. 3d at 524. The student's records including: 6th grade report card, progress reports and other educational records clearly indicate the student was not obtaining any educational benefit, as a direct result of the inappropriate placement. The student is capable of educational benefit and his math interest certainly underscore that he has an ability to obtain educational benefit. In light of these records, the student's Compensatory Educational Plan should consist of the 130 hours in the form of 65 hours of one-on-one tutoring and 65 hours of group tutoring.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is DENIED in part and GRANTED in part.**

2) **Petitioner's request to find a denial of FAPE due to an inappropriate placement is DENIED.**

3) **Petitioner's request to find a denial of FAPE based upon the parent being denied an opportunity to participate in the placement decision-making process is DENIED.**

7.

4) **Petitioner's request to be awarded a Compensatory Education Plan consisting of 65 hours of one-on-one tutoring and 65 hours of group tutoring is GRANTED.**

5) **DCPS shall, within ten- (10) calendar days of the issuance of the HOD, convene a MDT/IEP placement team to discuss with the parent the LD program at Hardy.**

6) **All communications and notices shall be sent through the parent's counsel.**

7) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _08-29-06_

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _8|29|06_

8.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Miguel Quintanilla
DOB: 9/11/93
1840 Vernon St NW
#33
Washington DC 20009

April 13, 2007
In Reference To:   Miguel Quintanilla
                   DOB: 9/11/93

Invoice #10005

     Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/5/2006 HR | Phone call to parent regarding case status and updated contact information | 0.25 115.00/hr | 28.75 |
| 6/8/2006 HR | Phone call from Kendra Hill at Rock Creek Academy regarding status of placement | 0.25 115.00/hr | 28.75 |
| 6/12/2006 MH | Conference with parent in office regarding plan for case. | 0.33 290.00/hr | 95.70 |
| 6/14/2006 MH | Attended MDT meeting at school with parent. | 2.67 290.00/hr | 774.30 |
| 6/15/2006 WB | Conference with parent re: case status and Administrative Due Process Complaint Notice filed on 6/15/06 | 0.17 115.00/hr | 19.55 |
| WB | Drafted letter to parent w/ Administrative Due Process Complaint Notice filed on 6/15/06 enclosed | 0.58 115.00/hr | 66.70 |
| MH | Prepared and file due process hearing request to DCPS | 2.00 290.00/hr | 580.00 |
| 6/16/2006 JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| 6/26/2006 MH | Conference with staff at Rock Creek Academy regarding possible placement there and need for interview. | 0.33 290.00/hr | 95.70 |
| 6/30/2006 JF | Attended MDT/IEP @ Francis JHS | 4.83 185.00/hr | 893.55 |

Miguel Quintanilla                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/24/2006 MH | Reviewed file to determine case status and plan strategy. | | 0.50<br>290.00/hr | 145.00 |
| 7/27/2006 HR | Draft letter to parent regarding notice of Hearing | | 0.50<br>115.00/hr | 57.50 |
| 7/28/2006 HR | Phone call to parent regarding hearing | | 0.17<br>115.00/hr | 19.55 |
| 8/10/2006 HR | Assisted attorney to prepare disclosure to DCPS | | 2.33<br>115.00/hr | 267.95 |
| HR | Draft letter to the Student Hearing Office requesting interpreter | | 0.50<br>115.00/hr | 57.50 |
| MH | Prepare disclosure to DCPS.  Reviewed entire file and identified potential exhibits and witnesses.  Prepared exhibit packet and cover letter and supervised delivery to DCPS counsel. | | 1.58<br>290.00/hr | 458.20 |
| 8/11/2006 MH | Prepared for Due Process Hearing.  Includes review of file; research on issues raised; discussion with parentl; and preperation of possible witnesses questions and legal arguments for hearing. | | 0.83<br>290.00/hr | 240.70 |
| 8/15/2006 MH | Prepared for Due Process Hearing.  Includes review of file; research on issues raised; discussion with parentl; and preperation of possible witnesses questions and legal arguments for hearing. | | 1.08<br>290.00/hr | 313.20 |
| 8/17/2006 MH | Appearance to 825 North Capital for due process hearing | | 3.00<br>290.00/hr | 870.00 |
| CSH | Obtained case report for the parent | | 0.25<br>130.00/hr | 32.50 |
| JF | Appearance to 825 North Capital for due process hearing | | 0.83<br>185.00/hr | 153.55 |
| | For professional services rendered | | 23.56 | $5,421.95 |
| | Additional Charges : | | | |
| 6/15/2006 | Postage; letter to parent re: HR. | | | 0.63 |
| | Facsimile HR to SHO | | | 9.00 |
| | Copied documents; HR | | | 8.00 |
| | Copied: HR letter for parent. | | | 2.00 |

Miguel Quintanilla                                                        Page    3

|  |  | Amount |
|---|---|---|
| 7/18/2006 | Facsimile Received from DCPS re: HN from SHO. | 1.00 |
| 7/28/2006 | Postage; letter to parent re: case status. | 0.39 |
|  | Copied: NOH letter for parent. | 0.50 |
| 8/3/2006 | Copied: SA form for parent. | 0.50 |
| 8/9/2006 | Facsimile: request for interpreter for SHO & OGC. | 4.00 |
| 8/10/2006 | Copied: disclosure for DCPS. | 99.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/17/2006 | Sedan taxi service to and from  DCPS for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $257.90 |
|  | Total amount of this bill | $5,679.85 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Clarence S. Hayes, Paralegal | 0.25 | 130.00 | $32.50 |
| Heidi Romero, Paralegal | 4.00 | 115.00 | $460.00 |
| James E. Brown, Attorney | 0.58 | 385.00 | $223.30 |
| Juan Fernandez, Attorney | 5.66 | 185.00 | $1,047.10 |
| Miguel Hull, Attorney | 12.32 | 290.00 | $3,572.80 |
| Williams Bautista, Paralegal | 0.75 | 115.00 | $86.25 |

# Exhibit U

# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney: JAMES E. BROWN
    Federal Tax ID No.: 52-1500760
    D.C. Bar No.: 61622

2.  **Student Information**
    Name: James Ridgeway
    DOB: 9/28/91
    Date of Determination (HOD/SA): 8/11/06
    Parent/Guardian Name: Diana Ridgeway
    Parent/Guardian Address: 256 37th St., SE, WDC 20019
    Current School: Spingarn SHS
    Home School:

3.  **Invoice Information**
    Invoice Number: 06-372
    Date Request Submitted: 8/31/06
    Date(s) Services Rendered: 3/7/06 to 8/1/06
    Amount of Payment Request: $ 7,198.29

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                    8/31/06
Signature                          Date

(In the Matter of JR   DOB: 9/28/91   HOD: August 11, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of James Ridgeway | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: September 28, 1991 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner (Student), | ) | Hearing Date: August 1, 2006 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Spingarn SHS | ) | |
| Respondent. | ) | |

Hearing Participants:
Counsel for Student:

> Domiento C.R. Hill, Esq.
> 1220 L Street NW #700
> Washington DC 20002

Counsel for DCPS:

> Katherine G. Rodi, Esq.
> Office of General Counsel
> 825 North Capitol St. NE
> Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on August 1, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a due process complaint submitted by the counsel for the student filed May 30, 2006.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

(In the Matter of JR   DOB: 9/28/91   HOD: August 11, 2006)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, on or before September 8, 2006, reconvene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP as appropriate, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan if warranted. [1]
2. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: August 11, 2006                    Issued: _8/11/06_____

---

[1] The period for which the MDT shall consider whether compensatory education is warranted is school year (SY) 2005-06 for any missed services.

(In the Matter of JR   DOB: 9/28/91   HOD: August 11, 2006)

# In the MATTER of James Ridgeway V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| JR1-14 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosure | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

3

(In the Matter of JR   DOB: 9/28/91   HOD: August 11, 2006)

## In the MATTER OF James Ridgeway V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/30/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 6/30/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(In the Matter of JR    DOB: 9/28/91    HOD: August 11, 2006)

# INDEX OF NAMES

## In the MATTER OF James Ridgeway V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Katherine G. Rodi, Esq. |
| Educational Advocate | Mr. Donte Davis |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: August 11, 2006

TO: Domiento C.R. Hill

FROM: STUDENT HEARING OFFICE

RE: Ridgeway, James

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

***CONFIDENTIALITY NTOICE***: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
James Paul Ridgeway
Diana M. Ridgeway
256 37th St., SE
Washington DC 20019

April 24, 2007
In Reference To:   James Paul Ridgeway
                   DOB: 9/28/91

Invoice # 10000

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/7/2006 WB | Prepared and sent referral packet to Interdynamics for independent Psychoeducational, Speech & Language, Social History, Classroom Observation, Vision & Hearing Screening, a Clinical reevaluations | 1.00 115.00/hr | 115.00 |
| WB | Drafted letter to parent re: case status and referral to Interdynamics for independent evaluations | 0.50 115.00/hr | 57.50 |
| WB | Conference with parent re: independent evaluations referral to Interdynamics and vital records update | 0.17 115.00/hr | 19.55 |
| 4/10/2006 DH | Discussion with the mother regarding the status of the student's case. | 0.08 235.00/hr | 18.80 |
| 4/18/2006 KD | Phone call from parent re Evals done at Interdynamics on 4-10-06 | 0.08 115.00/hr | 9.20 |
| KD | email to Attorney Hill re phone call from parent re Evals done at Interdynamics on 4-10-06 | 0.08 115.00/hr | 9.20 |
| 4/21/2006 DH | Receive and review the student's formal classroom observation from Interdynamics. | 0.25 235.00/hr | 58.75 |
| 4/24/2006 KD | Phone call from parent re Forms mailed and IEP Meeting Dates | 0.17 115.00/hr | 19.55 |
| 5/1/2006 DH | Receive and review the student's social work evaluation. | 0.33 235.00/hr | 77.55 |

James Paul Ridgeway                                                      Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/1/2006 | DH | Receive and review the student's speech and language evaluation. | 0.50 235.00/hr | 117.50 |
| | DH | Receive and review the student's clinical psychological evaluation. | 0.50 235.00/hr | 117.50 |
| | DH | Receive and review the student's psycho-educational evaluation. | 0.67 235.00/hr | 157.45 |
| | DH | Draft and send letter to DCPS providing a copy of all of the student's completed evaluations, HOD, and request to reconvene. | 0.33 235.00/hr | 77.55 |
| | WB | Prepared and sent packet to parent w/ copy of correspondence sent to Janelle Johnson, S.E.C., Spingarn SHS, HOD (2/13/06), and independent Classroom Observation (3/14/06), Psychoeducational Evaluation (4/11/06), Social Work Evaluation (4/11/06), Speech and Language Evaluation Report (4/11/06), Clinical Psychological Evaluation (4/11/06). | 1.00 115.00/hr | 115.00 |
| 5/4/2006 | DH | Discussion with the mother regarding the status of the student's case. | 0.17 235.00/hr | 39.95 |
| 5/24/2006 | DD | Reviewed the student's file for upcoming meeting | 2.00 185.00/hr | 370.00 |
| | DD | Attended MDT/IEP @school | 2.00 185.00/hr | 370.00 |
| 5/26/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 5-24-06 Ltr to DCPS re MDT or HR to be filed/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
| 5/30/2006 | WB | Drafted letter to parent w/ Administrative Due Process Complaint Notice filed on 5/30/06 | 0.58 115.00/hr | 66.70 |
| | DH | Review the student's educational file to determine, inter alia, DCPS compliance with the parent's request for reevaluations, discussion with the mother and educational advocate, conduct educational research, draft and file administrative due process complaint notice. | 2.67 235.00/hr | 627.45 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| | WB | Conference with parent re: case status and Administrative Due Process Complaint Notice filed on 5/30/06 | 0.17 115.00/hr | 19.55 |
| 6/5/2006 | KD | Phone call to Spingarn re rescheduling of MDT/IEP Meeting per Advocate | 0.08 115.00/hr | 9.20 |
| 6/8/2006 | WB | Drafted letter to parent w/ copy of correspondence sent to Janelle Johnson, Special Education Coordinator, Spingarn SHS on 6/8/06 enclosed | 0.50 115.00/hr | 57.50 |

James Paul Ridgeway                                                                     Page      3

|  | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/8/2006 DH | Draft and send letter to DCPS responding to Letter of Invitation. | | 0.17<br>235.00/hr | 39.95 |
| 7/6/2006 KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc<br>and file/added to case notes/posted same to Desk Calendar | | 0.58<br>115.00/hr | 66.70 |
| 7/13/2006 DD | Reviewed the student's file. | | 0.83<br>185.00/hr | 153.55 |
| KD | Drafted letter to parent/enclosed copy of LOIs/copy to advc and<br>file/added to case notes | | 0.58<br>115.00/hr | 66.70 |
| 7/17/2006 CSH | Filing for parent | | 0.08<br>115.00/hr | 9.20 |
| 7/18/2006 DD | Reviewed the student's file for upcoming meeting. | | 1.50<br>185.00/hr | 277.50 |
| DD | Attended MDT/IEP @ school. | | 2.83<br>185.00/hr | 523.55 |
| 7/25/2006 WB | Conference with parent re: case status and upcoming hearing on 8/1/06<br>@ 9:00 AM | | 0.17<br>115.00/hr | 19.55 |
| WB | Assisted attorney to prepare disclosure to DCPS | | 1.50<br>115.00/hr | 172.50 |
| DH | Review the student's educational file, prepare five-day disclosures for the<br>student's upcoming administrative due process hearing. | | 1.00<br>235.00/hr | 235.00 |
| 7/26/2006 DD | Attended MDT/IEP @ school via phone. | | 0.83<br>185.00/hr | 153.55 |
| 7/31/2006 DH | Review the student's educational file, conduct educational research for<br>issues involved in the upcoming due process hearing, discussion with<br>the mother and educational advocate to discuss their testimony in the<br>upcoming administrative due process hearing, prepare questions for<br>direct, prepare opening statement, review the parent's and DCPS'<br>five-day disclosures, and prepare questions for possible cross<br>examination questions of the DCPS witnesses. | | 1.00<br>235.00/hr | 235.00 |
| 8/1/2006 DH | Conduct last minute educational research, conduct final review of the<br>parent's and DCPS' five-day disclosures, review questions with the parent<br>and educational advocate regarding their testimony, transportation to,<br>and appearance at the student's administrative due process hearing. | | 2.00<br>235.00/hr | 470.00 |
| DD | Reviewed the student's file for upcoming hearing. | | 1.50<br>185.00/hr | 277.50 |
| DD | Appearance to 825 North Capital for due process hearing | | 1.00<br>185.00/hr | 185.00 |

James Paul Ridgeway                                                      Page     4

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 30.56 | $5,705.70 |
| | Additional Charges : | | |
| 3/7/2006 | Facsimile to Interdynamics for independent evaluations referral | | 17.00 |
| | Copied documents; letter to parent | | 0.50 |
| | Postage; letter to parent | | 0.39 |
| 5/1/2006 | Facsimile Received from DCPS re: psycho ed from Interdynamics. | | 10.00 |
| | Facsimile ltr with evals to Spingarn SHS. | | 33.00 |
| 5/2/2006 | Postage; letter to parent re: independent eval & HOD. | | 1.59 |
| | Copied documents; HOD | | 2.50 |
| 5/8/2006 | Facsimile Received from DCPS re: LOI from Spingard. | | 2.00 |
| 5/26/2006 | Postage; letter to parent re: HR to be filed. | | 0.39 |
| | Copied Attny's  5-24-06 ltr to DCPS req. MDT mtng for parent/Adv. | | 2.00 |
| 5/30/2006 | Copied documents; HR letter to parent | | 0.50 |
| | Copied documents; HR | | 7.00 |
| | Postage; letter to parent | | 0.39 |
| | Facsimile: HR to SHO. | | 7.00 |
| 6/8/2006 | Facsimile Received from DCPS re: letter from Spingarn SHS. | | 2.00 |
| 6/9/2006 | Postage; letter to parent. | | 0.63 |
| | Copied documents; letter to parent | | 0.50 |
| 6/14/2006 | Facsimile Received from DCPS re: response from OGC. | | 4.00 |
| 6/30/2006 | Facsimile Received from DCPS re: HN from SHO. | | 1.00 |
| 7/6/2006 | Postage; letter to parent re: HN. | | 0.39 |
| | Copied: letter for parent & adv. re: HN. | | 1.00 |
| 7/13/2006 | Postage; letter to parent re: LOI. | | 0.63 |
| | Copied: letter for parent & adv. re: LOI. | | 2.50 |

James Paul Ridgeway                                                    Page      5

|  |  | Amount |
|---|---|---|
| 7/25/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/28/2006 | Facsimile: letter to DCPS. | 2.00 |
| 7/31/2006 | Copied: IEP for adv. | 2.50 |
| 8/1/2006 | Sedan taxi service to and from DCPS for hearing | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $234.29 |
|  | Total amount of this bill | $5,939.99 |

Is this a charter school? ___No___     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___Ms. Diane Ridgeway____

## B.    Legal Representative/Attorney (if applicable):

Name: _Domiento C.R. Hill Esq._

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes    ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page    one)_____

☐ Non-public    school    or    residential    treatment    facility    (name)
_____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

1.    DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the February 13, 2006 Order of the Impartial Due Process Hearing Officer and do, Inter Alia, Reconvene the Student's MDT/IEP Meeting to Review the Student's Evaluations, Revise His IEP as Necessary, Discuss Placement, and Discuss and Determine What Amount of Compensatory Education, If Any, the Student Is Entitled to Receive.

2

The student currently attends Spingarn Senior High School in the District of Columbia. The student is currently eligible to receive special education and its' related services as a student with a learning disability.

The parent, by and through counsel, on or about July 21st, 2005, made a written request to the student's home school, as well as the DCPS Office of Special Education, and the DCPS Office of the General Counsel, requesting that the student be reevaluated for special education and its related services. See Request for Initial Evaluation (July 8, 2005). The request for reevaluations included a psycho-educational to include research based intervention, a speech and language, a social history, a clinical psychological, a formal classroom observation, and a vision and hearing screening. Id. The parent made the request as a result of concern about the student's lack of educational progress and possible social emotional issues affecting the student's academics.

On November 23rd, 2005, counsel for the parent wrote to DCPS requesting copies of the student's evaluations by the close of business Monday, November 28th, 2005. See Correspondence dated November 28th, 2005. DCPS provided no evaluations. As a result, an administrative due process complaint notice was filed on the student's behalf, by and through the parent's counsel.

An administrative due process hearing was held for the student on or about February 1, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued an administrative due process order, on or about February 13, 2006, in which DCPS was ordered to do, among other things, either conduct or fund the student's psycho-educational, speech and language, social history, a formal classroom observation, a vision and hearing screening, and a clinical psychological evaluation. The Order went on to state that DCPS shall reconvene the student's MDT/IEP Meeting within fifteen (15) days upon receipt of the last of the evaluations.

Copies of the parent's independently completed evaluations were forwarded to DCPS on or about May 1, 2006. See Correspondence dated May 1, 2006. Additionally, counsel for the parent requested that DCPS reconvene the student's MDT/IEP Meeting within fifteen (15) days. Id.

An MDT/IEP Meeting was scheduled to take place for the student on May 24, 2006. When the parent, via telephone, and her educational advocate, in person, appeared to take part in the MDT/IEP Meeting, they were informed that the meeting could not go forward because no persons were present to participate.

Counsel for the parent, on or about May 24th, 2006, wrote to DCPS informing them that they were out of compliance and that the parent, as a result of DCPS' noncompliance with the Order intended to file a due process complaint notice. See Correspondence dated May 24, 2006. DCPS never responded. To date, DCPS has yet to reconvene the student's MDT/IEP Meeting.

## II. Issues presented.

1. Whether or not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the February 13, 2006 Order of the independent hearing officer.

3



**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  James Ridgeway   Date of Birth: September 28th, 1991

Address:  256 37th Street, SE, Washington, DC 20019

Present School of Attendance:  Spingarn Senior High School

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS denied the student a Free and Appropriate Public Education by failing to comply with the February 13, 2006 Order of the independent hearing officer;

2.  DCPS, within five (5) business days of their receipt of the evaluation(s) agrees to reconvene the student's BLMDT/IEP Meeting, to review all outstanding evaluations, revise and update the student's IEP to reflect the need for a full-time special education program, discuss and determine if a change in placement is necessary, and, and discuss and determine placement;

3.  DCPS agrees to provide the student with four (4) hours of compensatory education services a week, in the form of one-on-one tutoring, for three years;

4.  DCPS agrees to pay counsel for the parent reasonable attorney's fees;

5.  All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6.  DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

7.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the

following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's regular education teacher, 2) the school counselor, 3) a special education teacher, 4) a representative of the local education agency with decision making authority, 5) a person who can interpret the data, 6) any person(s) who conducted any assessments on the student, and 7) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.   <u>Accommodations and Assistance Needed:</u>

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special              Communication              (please           describe           the type)_____
- Special         Accommodations       for        Disability      (please       be specific)_____
- Other_____

## H.   <u>Signature:</u>

_____     5/30/06
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              4667
RECIPIENT ADDRESS     92024425556
DESTINATION ID
ST. TIME              05/30 07:36
TIME USE              00'53
PAGES SENT               7
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Ann Kre·ke* |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne D. Neloms |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**TO:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  May 30, 2006

**FAX NO:** 202-442-5556

**SUBJECT:** J.R., DOB: 9/28/91

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process hearing complaint notice. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit V



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: <u>JAMES E. BROWN & ASSOCIATES, PLLC</u>
   Attorney: <u>JAMES E. BROWN</u>
   Federal Tax ID No.: <u>52-1500760</u>
   D.C. Bar No.: <u>61622</u>

2. **Student Information**
   Name: <u>Jarid Shields</u>
   DOB: <u>3/23/98</u>
   Date of Determination (HOD/SA): <u>5/8/06</u>
   Parent/Guardian Name: <u>Michelle Hood</u>
   Parent/Guardian Address: <u>5437 Central Ave., SE, #1, WDC 20019</u>
   Current School: <u>Lowdlow-Taylor ES</u>
   Home School: <u>Watkins ES</u>

3. **Invoice Information**
   Invoice Number: <u>06-238</u>
   Date Request Submitted: <u>5/30/06</u>
   Date(s) Services Rendered <u>10/24/05 to 5/15/06</u>
   Amount of Payment Request <u>$ 8,084.10</u>

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____       <u>5/30/06</u>
**Signature**                          **Date**

# District of Columbia Public Schools

## Office of Management Services

**Tonya M. Butler-Truesdale, Esquire, Due Process Hearing Officer**

825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| **JARID SHIELDS, STUDENT** | ) | |
| | ) | |
| **Date of Birth: March 23, 1998** | ) | |
| | ) | |
| **Petitioner,** | ) | Hearing Date: April 28, 2006 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **PUBLIC SCHOOLS** | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| **Respondent.** | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

### INTERIM HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Michelle Hood |
| | 5437 Central Avenue, SE |
| | Apartment , #1 |
| | Washington, D.C. 20019 |
| | |
| **Counsel for Petitioner:** | Robert Straus, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| | |
| **Counsel for DCPS:** | Tiffany Puckett, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

*In the Matter of J.S.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant
to Public Law 108-446, the *Individuals with Disabilities Education
Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34
C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C.
Appropriations Act, effective October 21, 1998; and the Rules of the Board
of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: Petitioner submitted disclosures labeled JS1-JS27 and presented the parent,
Michelle Hood for testimony.

Respondent:  Respondent submitted DCPS01-DCPS10 and presented Dr. Donald
Presswood, principal of Petitioner's present school of enrollment and Crystal King,
school psychologist were called to testify.

## IV.    STATEMENT OF THE CASE

The Student Hearing Office, DCPS, received a hearing request on February 24, 2006
and scheduled a Due Process Hearing for April 28, 2006 at 9:00am at DCPS
Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.  The
Hearing convened as scheduled.  Petitioner alleges that DCPS failed to evaluate
Petitioner in all suspected areas of disability.  Attorney Advisor Tiffany Puckett appeared
in person for DCPS.   Attorney John Strauss appeared in person on behalf of Petitioner.

## V.    FINDINGS OF FACT

The issue of whether DCPS failed to evaluate Petitioner in all areas of suspected
disability is reserved until after hearing is reconvened on June 5, 2006 with the benefit of
all evaluations performed by DCPS and the additional independent evaluations to be
obtained pursuant to this Order.

The credible testimony of Respondent's witnesses and the serious concerns
alleged by Petitioner's parent are best resolved with the benefit of more evaluative data
and further findings of fact will be made pursuant to the MDT meeting to be convened on
June 5, 2006 held in the attendance of this hearing officer.

*In the Matter of J.S.*

Both parties agree to that the continuance date is the earliest possible date available permitting Petitioner to sufficient time to acquire the independent evaluations.

**VI.   ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 6th day of May 2006, it is hereby

**ORDERED,** that DCPS shall fund an independent psychoeducational within the Superintendent's cost guidelines. The assessor shall use form B of the Woodcock Johnson. If the psychoeducational recommends a clinical psychiatric evaluation, DCPS shall also fund an independent clinical psychiatric within the Superintendent's cost guidelines.

**IT IS FURTHER ORDERED,** that DCPS shall also complete a psychoeducational, a functional behavioral assessment and a social history.

**IT IS FURTHER ORDERED,** that DCPS shall provide weekly status reports to the attorney advisor, Petitioner's counsel and this hearing officer. These status reports shall be a weekly compilation of daily reports regarding any incidents relative to Petitioner's behavior relevant to a determination regarding a possible disability.

**IT IS FURTHER ORDERED,** that DCPS shall convene an eligibility meeting before this hearing officer on June 5, 2006, at 9:00am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002 to determine Petitioner's eligibility.

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: May 6, 2006
Issued: _S)g boo(y_

Copies to:
John Strauss, Esquire

3

*In the Matter of J.S.*

James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Jarid Shields
Michelle Hoods
5437 Central Ave, SE
Washington DC 20019

May 04, 2007
In Reference To:      Jarid Shields
                      DOB: 3/23/98
                      School: Lawdlow-Taylor ES
                      Homeschool: Watkins ES

Invoice # 10000

          Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2005 | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.58 115.00/hr | 181.70 |
|  | JS | Consultation with parent and legal assistant, research and case preparation. | 1.58 235.00/hr | 371.30 |
|  | JS | Reviewed letter to Ludlow-Taylor, Office of General Counsel, Office of Special Education, Records office and parent | 0.08 235.00/hr | 18.80 |
| 10/25/2005 | AAG | Drafted letter to parent and prepared new file jacket | 0.58 115.00/hr | 66.70 |
|  | WD | Reviewed intake. | 0.33 185.00/hr | 61.05 |
| 11/2/2005 | WD | Phone call to parent. Left message regarding MDT meeting. | 0.17 185.00/hr | 31.45 |
| 11/3/2005 | WD | Phone call from parent discussing status and MDT meeting. | 0.33 185.00/hr | 61.05 |
| 11/4/2005 | WD | Phone call to parent discussing MDT meeting and status. Confirmed date and faxed to DCPS. | 0.50 185.00/hr | 92.50 |
| 11/7/2005 | WD | Reviewed file preparing for MDT meeting. Called parent. | 1.00 185.00/hr | 185.00 |

Jarid Shields                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/8/2005 | WD | Attended MDT/IEP @ Ludlow-Taylor ES. | 4.00<br>185.00/hr | 740.00 |
| 12/8/2005 | JS | Phone call from parent regarding incidents at school | 0.33<br>235.00/hr | 77.55 |
| 2/9/2006 | WD | Phone call from parent discussing concerns at school. | 0.33<br>185.00/hr | 61.05 |
| 2/17/2006 | WD | Phone call to parent discussing concerns. Called school and left message for Ms. Clark. | 0.33<br>185.00/hr | 61.05 |
| 2/22/2006 | WD | Reviewed file and prepared for MDt meeting. Call parent and discussed meeting concerns. | 0.33<br>185.00/hr | 61.05 |
| 2/23/2006 | WD | Attended MDT/IEP @ Ludlow Taylor ES | 3.00<br>185.00/hr | 555.00 |
| 2/24/2006 | JS | Prepared and file due process hearing request to DCPS | 1.50<br>235.00/hr | 352.50 |
| 2/28/2006 | RB | Discussion with advocate Daywalt: School's CPS referral | 0.17<br>185.00/hr | 31.45 |
|  | JS | Phone call to parent regarding Department of Social Services investigation | 0.33<br>235.00/hr | 77.55 |
|  | WD | Discussion with Dr. Boucher regarding medication and reporting to CPS | 0.17<br>185.00/hr | 31.45 |
|  | WD | Phone call to parent discussing concerns at school. | 0.33<br>185.00/hr | 61.05 |
| 3/1/2006 | WD | Draft letter to DCPS. Faxed. Called parent and discussed concerns. | 0.42<br>185.00/hr | 77.70 |
|  | DP | Drafted letter to DCPS / Attorney regarding filing of due process hearing request. | 0.50<br>115.00/hr | 57.50 |
|  | JS | Reviewed letter to parent | 0.08<br>235.00/hr | 18.80 |
| 3/2/2006 | JS | Reviewed letter to parent | 0.08<br>235.00/hr | 18.80 |
|  | DP | Drafted letter to parent regarding requested article from this office. | 0.50<br>115.00/hr | 57.50 |
|  | DP | Drafted letter to parent regarding hearing request and settlement authorization letter. | 0.50<br>115.00/hr | 57.50 |

Jarid Shields                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/8/2006 | JS | Phone call from parent regarding dispute resolution | 0.33<br>235.00/hr | 77.55 |
| 3/10/2006 | JS | Conference with parent regarding dispute resolution | 1.50<br>235.00/hr | 352.50 |
| 3/15/2006 | WD | Phone call from parent. Discussed concerns at school. | 0.33<br>185.00/hr | 61.05 |
| 3/17/2006 | WD | Draft letter to school requesting meeting. Faxed. | 0.50<br>185.00/hr | 92.50 |
| 4/11/2006 | JS | Reviewed letter to parent | 0.08<br>235.00/hr | 18.80 |
| 4/21/2006 | DP | Assisted attorney to prepare disclosure to DCPS. | 1.50<br>115.00/hr | 172.50 |
|  | WD | Prepared for Due Process Hearing | 1.00<br>185.00/hr | 185.00 |
|  | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50<br>235.00/hr | 352.50 |
|  | JS | Phone call to parent regarding hearing on April 28, 2006 | 0.33<br>235.00/hr | 77.55 |
| 4/27/2006 | JS | Phone call to parent regarding incident and hearing | 0.33<br>235.00/hr | 77.55 |
| 4/28/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. Discussed school visit with Hearing Officer. | 4.00<br>235.00/hr | 940.00 |
|  | JS | Phone call to parent regarding hearing | 0.33<br>235.00/hr | 77.55 |
| 5/2/2006 | DP | Phone call to High Roads regarding possible placement at school. | 0.25<br>115.00/hr | 28.75 |
| 5/9/2006 | DP | Drafted letter to parent regading evaluation referral sent to interdynamics and notice of intent to evaluate sent to DCPS. | 0.50<br>115.00/hr | 57.50 |
|  | DP | Drafted letter to DCPS / Attorney notifying them of the referral of evaluations by this office. | 0.50<br>115.00/hr | 57.50 |

Jarid Shields                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2006 | DP | Draft letter to Interdynamics regarding evaluaiton referral. | 0.50<br>115.00/hr | 57.50 |
|  | DP | Drafted letter to parent regarding HOD sent from DCPS. | 0.50<br>115.00/hr | 57.50 |
|  | JS | Reviewed letter to Interdynamics, Mediation and Compliance, Office of General Counsel and parent | 0.08<br>235.00/hr | 18.80 |
|  |  | For professional services rendered | 33.11 | $6,229.65 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 10/24/2005 | Copied: intake forms. | 7.00 |
| 10/25/2005 | Copied documents | 0.50 |
|  | Postage; letter to parent | 0.37 |
| 10/26/2005 | Postage; letter to parent re: RR and evaluations. | 0.60 |
| 2/17/2006 | Facsimile Received from DCPS re: letter. | 2.00 |
| 2/21/2006 | Facsimile Received from DCPS re: mtg. notice from Taylor ES. | 2.00 |
| 2/24/2006 | Facsimile Received from DCPS re: SEP from Taylor ES. | 7.00 |
| 3/1/2006 | Facsimile: letter to school. | 2.00 |
| 3/3/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent re; case status. | 0.39 |
|  | Postage; letter to parent re; HR and settlement authorization form. | 0.63 |
|  | Copied documents; letter to parent | 0.50 |
| 3/23/2006 | Facsimile Received from DCPS re: notice of testing from Taylor ES. | 2.00 |
| 4/21/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: disclosure for DCPS. | 58.50 |
| 4/28/2006 | Facsimile ltr to DCPS. | 4.00 |
|  | Sedan taxi service to and from  DCPS for hearing.(attny.) | 16.00 |
| 5/8/2006 | Facsimile Received from DCPS; HOD | 6.00 |

Jarid Shields                                                    Page     5

|  |  | Amount |
|---|---|---|
| 5/8/2006 | Copied documents; HOD | 6.00 |
| 5/9/2006 | Postage; letter to parent re: evals request. | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 5/10/2006 | Postage; letter to parent re: HOD. | 0.39 |
|  | Copied documents; letter to parent | 0.50 |
| 5/15/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $234.65 |
|  | Total amount of this bill | $6,464.30 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS* *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: _Jared Shields_ Date of Birth: March 23, 1998

Address: _5437 Central Avenue, S.E., Washington, DC 20019_

Present School of Attendance: __Ludlow-Taylor Elementary School__

Parent/Guardian of the Student: __Michelle Hood__

**B.**   **Legal Representative/Attorney (if applicable):**

Name: _____John Straus, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes      ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**   **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

**F.**   **Facts and Reasons for the Complaint:**

### I.   Nature of the Problem.

1. The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 612(a)(3)(A), requires DCPS, as the State Education Agency to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private school, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and a practical method is developed and

implemented to determine which children with disabilities are currently receiving needed special education and related services.

Moreover, DCPS is not relieved of its duty by the parents' failure to request an identification or evaluation, since the child find obligation is an affirmative one. *Lincoln County Sch. Dist. v. A. A.*, 39 IDELR 185 (D. Or. 2003). *Wise v. Ohio Dept. of Education*, 80 F.3d 177, 181 (6th Cir. 1996); *Robertson County Sch. System v. King*, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts–not parents–to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services). DCPS' unawareness of a Student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the Student might have such a disability. *Reid v. District of Columbia*, 310 F. Supp. 2d 137 (D.D.C. 2004); D.C. MUN. REGS. tit. 5, § 3004.1(a) (2003) (child with a suspected disability to be referred to the IEP team by school staff). The regulation at 34 C.F.R. § 300.125(a)(2)(ii) restates the statutory requirement and makes it applicable to all children who are suspected of being a child with a disability . . . even though they are advancing from grade to grade." *See also* Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35843 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300).     State must ensure through policies and procedures that it identifies, locates and evaluates all children with disabilities residing in the State. *See also* Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35843 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300). The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

    (a) The severity of the disability;
    (b) Whether the child is on the custody or under the jurisdiction of a public or
        private agency or institution;
    (c) Whether the child has never attended or will never attend public school; and
    (d) Whether the District of Columbia serves infants and toddlers under Part C or
        preschool children under Part B of IDEIA.

Likewise, D.C. MUN. REGS. tit. 5, § 3002.1(d)(2003) requires that the local education authority ensure procedures are implemented to identify, locate, and evaluate children with disabilities residing in the District of Columbia. Additionally, pursuant to D.C. MUN. REGS. tit. 5, § 3005.1 (2003), DCPS "shall ensure that a full and individual evaluation is conducted for each child being considered for special education and related services in order to determine if the child is a 'child with a disability'...; and the educational needs of the child." Further, pursuant to D.C. MUN. REGS. tit. 5, § 3005.2 (2003), "the IEP team shall conduct an initial evaluation of a child within a reasonable time of receiving a written referral and parental consent to proceed and within timelines consistent with Federal law and D.C. Code § 38-2501(a)." Under the D.C. Code, DCPS and "shall assess or evaluate a student, who may have a disability and who may require special education services, within 120 days from the date that the student was referred for an evaluation or assessment." (D.C. Code § 38-2501(a)) *See also* Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35862-3 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), DCPS and "must ensure that...the child is assessed in all areas related to the suspected disability, including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities [and] in evaluating each child with a disability...the evaluation is sufficiently comprehensive to identify all of the

child's special education and related services needs..."   In this case, it is painstakingly clear that the DCPS failed to adhere to the applicable rules and regulations of the IDEIA in not only this jurisdiction but also nationwide.

2.  On October, 24, 2005, the parent, through counsel, sent a request for an evaluation of the student in all areas of suspected disability via facsimile.  A Teacher Assistance Team (TAT) form and a General Authorization letter were attached.  *See* correspondence from this office, dated October, 24, 2005.  Over 120 days have passed since the request was sent.

3.  On November 8, 2005, DCPS convened a Multidisciplinary Team meeting.  Ms. Houghton, the student's classroom teacher,

> stated that she has been defiant and has walked out of the classroom.  Jared also has difficulty getting along with peers.  Teacher described making accommodations to help deal with Jarid's behavior.  Teacher stated that Jarid has hit her several times in the classroom...Jared has been seeing a school-based social worker for support (2 times/weekly)

The team determined that the student would receive a Functional Behavioral Assessment. Notwithstanding the teacher's statements, DCPS refused to conduct further assessments.  *See* multidisciplinary team (MDT) meeting notes, dated November 8, 2005.

4.  On February 23, 2006, the IEP team determined that the student required a psycho-educational assessment and a functional behavior assessment.  *See* MDT meeting notes, dated February 23, 2006.

5.  There is nothing in the record that indicates DCPS conducted either a Functional Behavioral Assessment or a psycho-educational assessment.

6.  DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35843 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300) and D.C. MUN. REGS. tit. 5, § 3005 (2003) and failure to evaluate a student with a suspected disability under the Individuals with Disabilities Education Improvement Act of 2004, is, in and of itself, a denial of FAPE.

## II. Issue presented.

Whether the District of Columbia Public Schools (DCPS) evaluated the student in all areas of suspected disability

## III.    Relief Sought

1.  A finding that DCPS denied the student a free and appropriate public education by failing to evaluate the student in all areas of suspected disability.

2.  DCPS shall evaluate the student in all areas of suspected disability, including a functional behavioral assessment, psychoeducational assessment, social history assessment, neuropsychological assessment and a clinical psychological assessment.

3.  DCPS shall convene an IEP team meeting to review the assessments and determine whether the student is a student with a disability under the IDEIA.  If the team determines that the student is a student with a disability under the IDEIA, the team must develop an IEP consistent with the assessments.

4.  *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA."  DCPS shall provide 1:1 tutoring for each day of services the student missed due to DCPS' failure to evaluate the student in a timely manner until she demonstrates academic performance commensurate with her age.

5.  If DCPS fails to commence the tutoring within fifteen (15) calendar days of the development of the student's compensatory education plan, that the complainant shall have the right to get independent tutoring at DCPS ' expense.

6.  DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

7.  All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

8.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to DCPS and initiate an IEP with the DCPS and invited participation, and unilateral placement in an interim school or educational program until such time the DCPS and can come into compliance and properly assess, program and/or participate.

9.  DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

10. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living.

12. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS and proposed or refused to take the action raised in the complaint; ii) a description of other options that the

5

IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

13. In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

14. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

15. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and to make such argument at any later date and time.

16. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

17. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student.

18. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent.

19. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the

assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

20. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

21. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  **Signature:**

_John Sm_ February 24, 2006
Legal Representative / Advocate (if applicable)    Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# Exhibit W

# District of Columbia Public Schools
## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Jared Shields
   DOB: 3/23/98
   Date of Determination (HOD/SA): 6/12/06
   Parent/Guardian Name: Michelle Hood
   Parent/Guardian Address: 5437 Central Ave., SE, #1, WDC 20019
   Current School: Lowdlow-Taylor ES
   Home School: Watkins ES

3. **Invoice Information**
   Invoice Number: 06-276
   Date Request Submitted: 6/30/06
   Date(s) Services Rendered: 5/24/06 to 6/27/06
   Amount of Payment Request: $ 4,418.97

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

Signature                                    June 30, 2006
                                             Date

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  June 12, 2006

TO:    John Straus

FROM:  STUDENT HEARING OFFICE

RE:   Shields, Jared

TOTAL NUMBER OF PAGES, INCLUDING COVER: 4


COMMENTS: Some of the pages are missing from the order.  The HO can be reached on her cell phone if you have any questions.  Apologize for the inconvenience.

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

*In the Matter of J.S.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant
to Public Law 108-446, the *Individuals with Disabilities Education
Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34
C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C.
Appropriations Act, effective October 21, 1998; and the Rules of the Board
of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: Petitioner submitted disclosures labeled JS1-JS27 and presented the parent,
Michelle Hood for testimony.

Respondent: Respondent submitted DCPS01-DCPS10 and presented Dr. Donald
Presswood, principal of Petitioner's present school of enrollment and Crystal King,
school psychologist were called to testify.

## IV.    STATEMENT OF THE CASE

The Student Hearing Office, DCPS, received a hearing request on February 24, 2006
and scheduled a Due Process Hearing for April 28, 2006 at 9:00am at DCPS
Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The
Hearing convened as scheduled. The hearing was reconvened on June 5, 2006 in order to
allow Petitioner the opportunity to acquire independent evaluations which would
facilitate a determination of whether DCPS failed to evaluate Petitioner in all suspected
areas of disability. Attorney Advisor Tiffany Puckett appeared in person for DCPS.
Attorney John Strauss appeared in person on behalf of Petitioner.

## V.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 28, 2006, a site visit of Petitioner's school of enrollment was completed by
this hearing officer. The site visit was performed to assess Petitioner's physical safety
while the interim order terms were fulfilled. While an interim order was issued on May 8,
2006 granting Petitioner the opportunity to acquire independent evaluations. Petitioner
was not evaluated until May 23, 2006. On the date of the June 5, 2006 hearing, the
evaluation reports were not completed and the team was not able to review them.
Petitioner's counsel failed to alert this hearing officer or Respondent that the evaluation

2

*In the Matter of J.S.*

reports were not complete. Four DCPS essential staff witnesses were present and prepared to convene an MDT meeting.

As a result of Petitioner's failure to obtain the evaluation reports in time for the June 5, 2006 MDT meeting which was scheduled on April 28, 2006, the issues presented in Petitioner's hearing request can not be resolved by an Order granting the relief requested and the meeting which this hearing officer anticipated completion of on June 5, 2006 must be convened during the summer.

There is no finding of fact with respect to a denial of FAPE since no evaluations were presented to determine when DCPS should have been on notice of an alleged disability pursuant to childfind.

## VI.   ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 10th day of June 2006, it is hereby

**ORDERED,** that DCPS shall convene an eligibility meeting within ninety-one calendar days of the issuance of this Order assuming the completion of Petitioner's Independent Evaluation Reports.

**IT IS FURTHER ORDERED,** that DCPS shall review all evaluations and, discuss and determine eligibility. If Petitioner is found eligible, the team shall develop an IEP, discuss and determine placement and determine if Petitioner is entitled to compensatory education. If a compensatory education plan is deemed warranted, the team shall develop one.

**IT IS FURTHER ORDERED,** that all scheduling will be done through Petitioner's counsel, John Strauss, Esquire, (202) 742-2000.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

2

*In the Matter of J.S.*

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: June 10, 2006
Issued: 6/12/06

Copies to:
John Strauss, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: June 22, 2006

TO:     John Straus

FROM: STUDENT HEARING OFFICE

RE:     Shields, Jared

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS: **REVISED COPY!!!!!! OF HOD**

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Esquire, Due Process Hearing Officer

825 North Capitol Street, N.E.; Room 8076

Washington, D.C. 20002

(202) 518-6867

Facsimile: (202) 442-5556

DC PUBLIC
SCHOOL SYSTEM
2006 JUN 20 AM 8 28

### Confidential

| | | |
|---|---|---|
| JARID SHIELDS, STUDENT | ) | |
| | ) | |
| Date of Birth: March 23, 1998 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: June 5, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

## INTERIM HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Michelle Hood |
| | 5437 Central Avenue, SE |
| | Apartment, #1 |
| | Washington, D.C. 20019 |
| | |
| **Counsel for Petitioner:** | Robert Straus, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| | |
| **Counsel for DCPS:** | Tiffany Puckett, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

*In the Matter of J.S.*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant
to Public Law 108-446, the *Individuals with Disabilities Education
Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34
C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C.
Appropriations Act, effective October 21, 1998; and the Rules of the Board
of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: Petitioner submitted disclosures labeled JS1-JS27 and presented the parent,
Michelle Hood for testimony.

Respondent: Respondent submitted DCPS01-DCPS10 and presented Dr. Donald
Presswood, principal of Petitioner's present school of enrollment and Crystal King,
school psychologist were called to testify.

## IV.    STATEMENT OF THE CASE

The Student Hearing Office, DCPS, received a hearing request on February 24, 2006
and scheduled a Due Process Hearing for April 28, 2006 at 9:00am at DCPS
Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. The
Hearing convened as scheduled. The hearing was reconvened on June 5, 2006 in order to
allow Petitioner the opportunity to acquire independent evaluations which would
facilitate a determination of whether DCPS failed to evaluate Petitioner in all suspected
areas of disability. Attorney Advisor Tiffany Puckett appeared in person for DCPS.
Attorney John Strauss appeared in person on behalf of Petitioner.

## V.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 28, 2006, a site visit of Petitioner's school of enrollment was completed by
this hearing officer.   The site visit was performed to assess Petitioner's physical safety
while the interim order terms were fulfilled. While an interim order was issued on May 8,
2006 granting Petitioner the opportunity to acquire independent evaluations. Petitioner
was not evaluated until May 23, 2006. On the date of the June 5, 2006 hearing, the
evaluation reports were not completed and the team was not able to review them.
Petitioner's counsel failed to alert this hearing officer or Respondent that the evaluation

2

*In the Matter of J.S.*

reports were not complete. Four DCPS essential staff witnesses were present and prepared to convene an MDT meeting.

As a result of Petitioner's failure to obtain the evaluation reports in time for the June 5, 2006 MDT meeting which was scheduled on April 28, 2006, the issues presented in Petitioner's hearing request can not be resolved by an Order granting the relief requested and the meeting which this hearing officer anticipated completion of on June 5, 2006 must be convened during the summer.

There is no finding of fact with respect to a denial of FAPE since no evaluations were presented to determine when DCPS should have been on notice of an alleged disability pursuant to childfind.

## VI.   ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 10th day of June 2006, it is hereby

**ORDERED,** that DCPS shall convene an eligibility meeting within ninety-one calendar days of the issuance of this Order assuming the completion of Petitioner's Independent Evaluation Reports.

**IT IS FURTHER ORDERED,** that DCPS shall review all evaluations and, discuss and determine eligibility. If Petitioner is found eligible, the team shall develop an IEP, discuss and determine placement, and determine if Petitioner is entitled to compensatory education. If a compensatory education plan is deemed warranted, the team shall develop one.

**IT IS FURTHER ORDERED,** that all scheduling will be done through Petitioner's counsel, John Strauss, Esquire, (202) 742-2000.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

3

*In the Matter of J.S.*

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: June 10, 2006
Issued: _____ 6/20/06

Copies to:
John Strauss, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

4

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Jarid Shields_ Date of Birth: _March 23, 1998_

Address: _5437 Central Avenue, S.E., Washington, DC 20019_

Present School of Attendance:  __Ludlow-Taylor Elementary School__

Parent/Guardian of the Student: __Michelle Hood_

## B.     <u>Legal Representative/Attorney (if applicable)</u>:

Name: _____John Straus, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097__ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes          ☐ No

## C.     <u>Complaint Made Against (check all that apply)</u>:

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.     <u>Resolution Session Meeting Between Parent and LEA</u>:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.     <u>Mediation Process</u>:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## F.     <u>Facts and Reasons for the Complaint</u>:

### I.   Nature of the Problem.

1. On October, 24, 2005, the parent, through counsel, sent a request for an evaluation of the student in all areas of suspected disability via facsimile. A Teacher Assistance Team (TAT) form and a General Authorization letter were attached. *See* correspondence from this office, dated October, 24, 2005. Over 120 days have passed since the request was sent.

2. On November 8, 2005, DCPS convened a Multidisciplinary Team meeting. Ms. Houghton, the student's classroom teacher,

2

> stated that she has been defiant and has walked out of the classroom. Jared also has difficulty getting along with peers. Teacher described making accommodations to help deal with Jarid's behavior. Teacher stated that Jarid has hit her several times in the classroom...Jared has been seeing a school-based social worker for support (2 times/weekly)

The team determined that the student would receive a Functional Behavioral Assessment. Notwithstanding the teacher's statements, DCPS refused to conduct further assessments. *See* multidisciplinary team (MDT) meeting notes, dated November 8, 2005.

3. On February 23, 2006, the IEP team determined that the student required a psycho-educational assessment and a functional behavior assessment. *See* MDT meeting notes, dated February 23, 2006.

4. DCPS failed to complete the assessments in a timely manner. The parent filed a due process hearing complaint. A Hearing Officer's Determination (HOD) was issued on May 8, 2006. The HOD states, in part, "DCPS shall fund an independent psychoeducational... The assessor shall use form B of the Woodcock Johnson. If the psychoeducational recommends a clinical psychiatric evaluation, DCPS shall also fund an independent clinical psychiatric...DCPS shall also complete a psychoeducational, a functional behavioral assessment and a social history." *See* HOD, dated May 8, 2006.

5. On May 31, 2006, the IEP team convened to review a functional behavioral assessment and develop a behavior intervention plan. *See* MDT meeting notes, dated May 31, 2006.

6. The student received a psychoeducational assessment on May 23, 2006. The report recommends that the student receive a clinical evaluation to further assess emotional and social functioning and a psychiatric evaluation. *See* Psychoeducational evaluation, dated May 31, 2006.

7. On July 27, 2006, the student received a psychiatric evaluation. The report states that the student is a student with Attention Deficit Disorder with Hyperactivity and recommends that the student receive a neuropsychological evaluation and an occupational therapy evaluation with a focus on sensory motor integration. *See* Psychiatric Evaluation, dated July 27, 2006.

8. On November 7, 2006 the parent, through counsel, provided a copy of the evaluation report and requested that DCPS provide a notice of intent to evaluate the student so that the student may receive a neuropsychological assessment, a clinical psychological assessment and an occupational therapy assessment with a focus on sensory motor integration. *See* correspondence, dated November 7, 2006.

3

9. On December 15, 2006 the parent made a second request for a neuropsychological assessment, a clinical psychological assessment and an occupational therapy assessment with a focus on sensory motor integration. *See* correspondence, dated December 15, 2006.

10. To date, to the best of the parent's knowledge and understanding, DCPS has yet to complete neuropsychological assessment, a clinical psychological assessment or an occupational therapy assessment with a focus on sensory motor integration or convened an IEP meeting to review the assessments and determine whether the student is a student with a disability who requires special education.

## II. Issue presented.

### DCPS failed to evaluate the student in all areas of suspected disability

D.C. MUN. REGS. tit. 5, § 3002.1(d)(2003) requires that the local education authority ensure procedures are implemented to identify, locate, and evaluate children with disabilities residing in the District of Columbia. Additionally, pursuant to D.C. MUN. REGS. tit. 5, § 3005.1 (2003), DCPS "shall ensure that a full and individual evaluation is conducted for each child being considered for special education and related services in order to determine if the child is a 'child with a disability'...; and the educational needs of the child." Further, pursuant to D.C. MUN. REGS. tit. 5, § 3005.2 (2003), "the IEP team shall conduct an initial evaluation of a child within a reasonable time of receiving a written referral and parental consent to proceed and within timelines consistent with Federal law and D.C. Code § 38-2501(a)." Under the D.C. Code, DCPS and "shall assess or evaluate a student, who may have a disability and who may require special education services, within 120 days from the date that the student was referred for an evaluation or assessment." (D.C. Code § 38-2501(a)) *See also* 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability...[and] in evaluating each child with a disability...the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."

The parent, through counsel, request a comprehensive evaluation of the student on October 24, 2005 to determine whether the student is a student with a disability and requires special education and related services. DCPS initially refused to evaluate the student and then agreed to evaluate on February 23, 2006. On May 8, 2006, DCPS was ordered to fund further independent evaluations. Those evaluations indicate that the student is a student with Attention Deficit Disorder with Hyperactivity and recommended that the student receive further assessments. On November 7, 2006, the parent requested DCPS complete further evaluations. A second request was made on December 15, 2006. To date to the best of the parent's knowledge and understanding DCPS has yet to complete the evaluations.

## III.    Relief Sought

1. A finding that DCPS denied the student a free and appropriate public education by failing to evaluate the student in all areas of suspected disability.

2. DCPS shall fund independent evaluations of the student in all areas of suspected disability, including a neuropsychological assessment, a clinical psychological assessment and an occupational therapy assessment with a focus on sensory motor integration.

3. DCPS shall convene an IEP team meeting within five days of receipt of the evaluation reports to review the assessments and determine whether the student is a student with a disability under the IDEIA. If the team determines that the student is a student with a disability under the IDEIA, the team must develop an IEP consistent with the assessments. All issues with respect to compensatory services are reserved.

4. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

5. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

6. DCPS shall provide counsel for the parent with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

7. DCPS send all notices to counsel for the parent with copies of such to the parent and in the parent's native language.

8. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), shall provide the complainant's representative, through John Straus, via facsimile, at 202-742-2098, the following: i) an explanation of why DCPS and  proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

9. In the event DCPS fails to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

10. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), shall respond to the complainant's request alleging any insufficiency of notice.

11. DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS and to make such argument at any later date and time.

12. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

13. DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's regular education teacher, 2) a representative of the local education agency with decision making authority, 3) any person(s) who conducted any assessments on the student, and 4) any service providers for the student.

14. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent.

15. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

16. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that BP's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

17. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    <u>Signature</u>:

_John Stt_     _December 26, 2006_
Legal Representative / Advocate (if applicable)              Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Jarid Shields
Michelle Hoods
5437 Central Ave, SE
Washington DC 20019


June 27, 2006
In Reference To:    Jarid Shields
                    DOB: 3/23/98
                    School: Ludlow-Taylor ES

Invoice #11542

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/24/2006 | JS | Phone call to parent regarding meeting | 0.33<br>365.00/hr | 120.45 |
| 5/30/2006 | KC | Reviewed client file in preparation for MDT/IEP meeting at Ludlow Taylor. | 2.50<br>185.00/hr | 462.50 |
|  | KC | Reviewed Psychological evaluation report (DCPS) | 1.00<br>185.00/hr | 185.00 |
| 6/2/2006 | KC | REviewed psychoeducational assessment (DCPS) | 1.00<br>185.00/hr | 185.00 |
| 6/4/2006 | JS | Prepared for Due Process Hearing | 1.00<br>365.00/hr | 365.00 |
| 6/5/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 4.75<br>365.00/hr | 1,733.75 |
|  | KC | Appearance to 825 North Capital for due process hearing | 3.00<br>185.00/hr | 555.00 |
|  | KC | Prepared for Due Process Hearing with attorney and parent | 1.75<br>185.00/hr | 323.75 |

Jarid Shields                                                                 Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/12/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>385.00/hr | 127.05 |
| 6/22/2006 | DP | Call to SHO for revised copy of HOD (2X) | 0.17<br>115.00/hr | 19.55 |
|  | JS | Reviewed HOD dated 6/22/06 | 0.33<br>365.00/hr | 120.45 |
| 6/23/2006 | DP | Drafted letter to parent regarding Hearing Officer's Determination. | 0.50<br>115.00/hr | 57.50 |
|  | JS | Reviewed letter to parent | 0.08<br>365.00/hr | 29.20 |
|  |  | For professional services rendered | 16.74 | $4,284.20 |

Additional Charges :

| 5/31/2006 | Copied MDT notes for file/Attny. | 3.00 |
|---|---|---|
| 6/5/2006 | Sedan taxi service to and from  DCPS for hearing(attny.) | 16.00 |
| 6/12/2006 | Facsimile Received from DCPS re: HOD from SHO. | 4.00 |
|  | Copied documents; HOD | 4.00 |
| 6/22/2006 | Facsimile Received from DCPS; revised HOD | 5.00 |
|  | Copied documents; revised HOD | 5.00 |
| 6/23/2006 | Copied documents; letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 6/27/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $134.77 |

Total amount of this bill                                                    $4,418.97

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jarid Shields
Michelle Hoods
5437 Central Ave, SE
Washington DC 20019

April 04, 2007

In Reference To:     Jarid Shields
                     DOB: 3/23/98
                     School: Ludlow-Taylor

Invoice #12403

           Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/24/2006 | JS | Phone call to parent regarding meeting | 0.33 235.00/hr | 77.55 |
| 5/30/2006 | KC | Reviewed client file in preparation for MDT/IEP meeting at Ludlow Taylor. | 2.50 185.00/hr | 462.50 |
|  | KC | Reviewed Psychological evaluation report (DCPS) | 1.00 185.00/hr | 185.00 |
| 6/2/2006 | KC | REviewed psychoeducational assessment (DCPS | 1.00 185.00/hr | 185.00 |
| 6/4/2006 | JS | Prepared for Due Process Hearing | 1.00 235.00/hr | 235.00 |
| 6/5/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 4.75 235.00/hr | 1,116.25 |
|  | KC | Appearance to 825 North Capital for due process hearing | 3.00 185.00/hr | 555.00 |
|  | KC | Prepared for Due Process Hearing with attorney and parent | 1.75 185.00/hr | 323.75 |

Jarid Shields

Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/12/2006 JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | | 0.33<br>385.00/hr | 127.05 |
| 6/22/2006 DP | Call to SHO for revised copy of HOD (2X) | | 0.17<br>115.00/hr | 19.55 |
| JS | Reviewed HOD dated 6/22/06 | | 0.33<br>235.00/hr | 77.55 |
| 6/23/2006 DP | Drafted letter to parent regarding Hearing Officer's Determination. | | 0.50<br>115.00/hr | 57.50 |
| JS | Reviewed letter to parent | | 0.08<br>235.00/hr | 18.80 |

|  | Hrs/Rate | Amount |
|---|---|---|
| For professional services rendered | 16.74 | $3,440.50 |

Additional Charges :

|  |  | Amount |
|---|---|---|
| 5/31/2006 | Copied MDT notes for file/Attny. | 3.00 |
| 6/5/2006 | Sedan taxi service to and from  DCPS for hearing(attny.) | 16.00 |
| 6/12/2006 | Facsimile Received from DCPS re: HOD from SHO. | 4.00 |
| | Copied documents; HOD | 4.00 |
| 6/22/2006 | Facsimile Received from DCPS; revised HOD | 5.00 |
| | Copied documents; revised HOD | 5.00 |
| 6/23/2006 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.39 |
| 6/27/2006 | File review preparation of bill and invoice audit | 96.88 |

|  | Amount |
|---|---|
| Total additional charges | $134.77 |

|  | Amount |
|---|---|
| Total amount of this bill | $3,575.27 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 0.67 | 115.00 | $77.05 |
| James E. Brown, Attorney | 0.33 | 385.00 | $127.05 |
| John Straus, Attorney | 6.49 | 235.00 | $1,525.15 |
| Kevin Carter, Advocate | 9.25 | 185.00 | $1,711.25 |

# Exhibit X

# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                       JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                       JAMES E. BROWN
    Federal Tax ID No.:             52-1500760
    D.C. Bar No.:                   61622

2.  **Student Information**
    Name:                           Robert West
    DOB:                            3/25/90
    Date of Determination (HOD/SA): 10/28/05
    Parent/Guardian Name:           Terry Johnson
    Parent/Guardian Address:        737 Irving St., NW, WDC 20020
    Current School:                 Shaw JHS
    Home School:                    Shaw JHS

3.  **Invoice Information**
    Invoice Number:                 05-543
    Date Request Submitted:         12/5/05
    Date(s) Services Rendered       6/3/05 to 10/17/05
    Amount of Payment Request       $ 9,353.70

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____                     December 5, 2005
Signature                                            Date

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Robert West** | ) | |
| **Date of Birth:** 03/25/90 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: August 17, 2005 |
| | ) | Hearing Date: October 17, 2005 |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **Home School: Shaw Jr. High School** | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

| | |
|---|---|
| **Parent:** | **Terry Johnson, Grandmother**<br>**737 Irving Street, N.W.**<br>**Washington, D.C. 20020** |
| **Counsel for the Parent/Student:** | **Roberta L. Gambale, Esq.**<br>**James E. Brown & Associates, PLLC**<br>**Attorneys at Law**<br>**1220 L Street N.W., Suite 700**<br>**Washington, D.C. 20005** |
| **District of Columbia Public Schools:** | **Tiffany S. Puckett, Esq.**<br>**Attorney Advisor**<br>**Office of the General Counsel, DCPS**<br>**825 North Capitol Street, N.E., 9th Floor**<br>**Washington, D.C. 20002** |

1

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed 10/07/05 that lists seven witnesses and attached twenty-eight exhibits sequentially labeled and tabbed RW-01 through RW-28. Two witnesses were present: Terry Johnson, the student's grandmother; and Michele Moody, the student's Education Advocate.

Respondent:    Admitted, without objection, a disclosure letter filed 10/07/05 that lists ten witnesses and attached sixteen exhibits sequentially labeled DCPS-01 through DCPS-16. Four witnesses were present: Robert W. Barnes, Ph.D., School Psychologist; Donna J. Cherry, Social Worker; Madonna A. Pittman, Shaw JHS Special Education Teacher; and Annette L. White, Shaw JHS Special Education Teacher.

## IV.    STATEMENT OF THE CASE

Robert West (R.W.), born 03/25/90, age 15-years 7-months, is a child with a disability receiving a special education and related services as an 8th grade, 17% out-of-general education, Emotionally Disturbed (ED), student at Shaw Junior High School (Shaw JHS) in the District of Columbia. (R. at DCPS-01.)

Parent's counsel Roberta L. Gambale alleged in the parent's 08/17/05 Due Process Hearing Request that DCPS violated the IDEIA and denied R.W. a Free Appropriate Public Education (FAPE) by failing to develop an appropriate IEP; failing to provide his correct level of counseling; and failing to provide him the correct IDEIA disability code. (R. at RW-01.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing, for 1:00 p.m., Monday, October 17, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Tiffany S. Puckett appeared in-person for DCPS. Attorney Roberta L. Gambale appeared in-person for R.W. who was not present; and his grandmother who was present.

## IV.  PRELIMINARY MATTER

Parent's counsel asked the hearing officer to recuse himself from this case. But when asked by the hearing officer for both the case specific legal and factual basis for the request, parent's counsel offered not one reason let alone a specific reason vis-à-vis this case or its parties for the recusal.

After giving counsel an opportunity to make arguments for the request, parent's counsel made no arguments for the recusal. Instead counsel just repeated the recusal request. So the hearing officer denied the request. And here are further reasons why the request was denied—

1.    Parent's counsel proffered no reason whatsoever for the recusal pursuant to existing law governing such request;

2.    Counsel proffered no basis for hearing officer bias or conflict of interest in this case as to the parties or facts; and

3.    Counsel, once again, failed to comply with the requirement of the IDEIA and applicable case law governing filing a motion to recuse a hearing officer. That's particularly important when these same points were made by this hearing officer in recent HODs where parent's counsel was also record counsel.

Based on these findings the hearing officer concludes that parent counsel's unsubstantiated request for recusal is just that, a request without merit; and a request that may violate the D.C. Rules of Professional Conduct, Rule 3.5, Impartiality and Decorum of the Tribunal. It states, in pertinent part, that:

"A lawyer shall not—(c) engage in conduct intended to disrupt a tribunal."

This hearing officer shall not countenance parent counsel's adhominem attacks. Counsel may, however, file a motion to recuse a hearing officer by simply complying with the IDEIA and case law governing such requests. But requests made that do not comply with the IDEIA are legally ineffective and, arguendo, serve only one purpose—to disrupt the tribunal. That purpose is an axiomatic violation of Rule 3.5.

So parent's counsel is hereby admonished to comply with the requirements of the IDEIA when requesting that a hearing officer recuse himself or this matter shall be referred to the D.C. Board on Professional Responsibility for resolution.

3

After denying parent counsel's request, the parties were asked to present their claims and defenses and, each did.

But after discussing the parent's two preliminary oral motions, the nature of the problem, proposed solution, clarifying the issues, and evacuating the hearing room and building for a fire drill, there was not enough time to take testimony within the two-hours scheduled by parent's counsel for the hearing. So DCPS made an oral Motion to Continue the Case that was objected to by the parent.

After hearing arguments for and against the Motion, DCPS' Motion was granted. And the parties, through their respective counsel, agreed to reconvene on **Friday, November 18, 2005 from 1:00 p.m. – 5:00 p.m. to take the testimony.**

And based on the hearing record the hearing finds it in the best interest of the child to grant relief that may resolve this case, without finding the child was denied a FAPE, and issues this

## ORDER

DCPS shall ...................................................

1. Perform the following assessments on R.W. within 10-calendar days of this Order's issue date:

    a. Psychiatric.

2. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6, or at prevailing market rate if not covered by the costs guidelines this independent assessment if DCPS fails to comply with paragraph one:

    a. Psychiatric.

3. Convene R.W.'s BLMDT/IEP/Placement Meeting at Shaw JHS within 10-school days after DCPS completes the ordered assessments or after the Shaw JHS Special Education Coordinator receives from the parent R.W.'s independent assessment results along with three proposed meeting dates, for this purpose:

    a. To review and discuss R.W.'s assessment report to determine if he is still eligible for special education services;
    b. To determine if any additional assessments are necessary to determine his continued eligibility and if so, either perform them or fund independent assessments;
    c. To revise his IEP, if necessary, based on the evaluation review; and

4

d. To discuss and decide placement; and issue R. W.'s Prior Written Notice of Change in Placement, if necessary (PNCOP) for school year 2005-06, as follows:

    (i)    Issue the PNCOP within 5-school days of the BLMDT Meeting if to a public placement; and

    (ii)    Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

4. Issue R.W.'s Notice of Ineligibility if his BLMDT decides he is now ineligible for special education services.

5. Schedule all meetings at a mutually agreeable time through the parent and her counsel. And provide counsel a copy of the meeting notice by facsimile at (202) 742-2098.

6. There is no finding R.W. was denied a FAPE.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. This Order may resolve some or all issues raised in the student's 08/17/05 Due Process Hearing Request; only unresolved issues shall be resolved at the continued hearing date; and the hearing officer made no additional findings.

    This is **THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

Frederick E. Woods
**Hearing Officer**

10/27/05
Date

Issued: 10/28/05

**Student Hearing Office, DCPS**

5

# District of Columbia Public Schools
## State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Robert West | ) | |
| Petitioner, | ) | **IMPARTIAL** |
| vs. | ) | **DUE PROCESS HEARING** |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Shaw Junior High School | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 et seq.

Case Information:     Hearing Request Date: August 17, 2005
Hearing Date: October 17, 2005
Held at:  825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: March 25, 1990
Attending School: Shaw Junior High School
Managing School: Shaw Junior High School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's SHO file are either the

original or true copy of the original documents submitted in this matter.

Executed this 27th day of October, 2005.

_____
Due Process Hearing Officer

6

Re: **MATTER OF**
## ROBERT WEST v. DCPS, SHAW JUNIOR HIGH SCHOOL

# RECORD OF PROCEEDINGS

## DATE:          ## DESCRIPTION:

08/17/05          **Due Process Hearing Request Filed by Parents**

09/16/05          **Notice of Due Process Hearing Date Sent to Parties**

10/17/05          **Due Process Hearing Convened; Completed; Audio
                  Tapped in—HR # 4, Start Time 1:35 p.m. – End Time
                  3:20 p.m.; and the Cases was Continued.**

10/27/05          **Hearing Officer's Decision Filed with the SHO**

10/27/05          **Hearing Officer's Decision Issued by the SHO**


_____               _____
Frederick E. Woods                      10/27/05
**Due Process Hearing Officer**              **Date**

7

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Cornesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.    Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.    You will be contacted by a representative of the Local Educational Agency to schedule the meeting.    **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

### A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Robert West**    Date of Birth: **March 25, 1990**
Address: **737 Irving Street, N.W., Washington, DC 20020**
Home School:    **Shaw Junior High School**
Present School of Attendance: **Shaw Junior High School**

   Is this a charter school? No    (If yes, you must also provide a copy of this notice to the charter school principal or director)
Parent/Guardian of the Student: **Ms. Terry Johnson**
Address (if different from the student's above): same

1

**B.**    **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>  (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?      **X** Yes               ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

   **I.**    **Nature of the problem.**


**A. District of Columbia Public Schools ("DCPS") DCPS failed to develop an appropriate Individualized Educational Program ("IEP") for Robert West**

On or about August 11, 2005, District of Columbia Public Schools ("DCPS") convened a meeting to review evaluations for Robert West, DOB: 3/25/90 and revise Robert's Individualized Educational Program ("IEP").  Ms. Terry Johnson, the legal guardian and/or grandmother of the parent, as well as the advocate working with the family,  strongly objected to the IEP developed.  The IEP was inappropriate for reasons to include but not limited to:

- The IEP fails to properly identify the student's disability classification.  Despite the objection of the guardian and the findings of the 2005 clinical evaluation which diagnosis Robert with an Anxiety Disorder/ Dysthmic Disorder and Attention Deficit Hyperactive Disorder ("ADHD"), Robert's disability classification was changed from Emotionally Disturbed ("ED") to Learning Disabled ("LD").  Parent and advocate contend that that student should be identified as a student with multiple disabilities (LD/ED/OHI). *Parent and advocate*

2

requested that the student be designated as OHI as a result of the ADL... diagnosis at a *March 2005 meeting but DCPS refused to consider it at that that time due to the fact that the clinical evaluation was outdated. After the clinical was obtained independently in June 2005, DCPS still failed to consider the OHI designation despite the report findings.*

- Present Levels of Performance information is incomplete specifically social emotional behavioral, written expression and/or reading comprehension are not addressed despite the fact that these are all areas in which Robert is supposed to be receiving specialized instruction and/or assistance. In addition, there are no performance levels for math reasoning despite the fact that Robert is at least two years behind his current grade level in math and has been retained once.

- There are no goals and/or objectives in the area of math despite the fact that according to his most recent testing he is at least three years below his current grade level in math and he has been retained at least once and prior evaluations specifically recommend remediation in math.

- The IEP fails to provide Robert with the full amount of counseling services required. Specifically the clinical evaluation recommends one hour of individualized counseling and one hour of group counseling and DCPS would only agree to provide one hour of unspecified counseling per week.

- The IEP fails to provide Robert with the level of service that he requires given the fact that he has been retained, is in the ninth grade and still functions on a third grade level in writing, a fourth grade level in reading and a sixth grade level in math.

- IEP fails to specify how progress made towards goals and objectives will be measured.

- IEP fails to include an updated behavior plan and still utilizes the plan developed when the student was in the seventh grade.

- IEP fails to provide Robert with the accommodations and modifications recommended in the Speech and Language Assessment completed in 2005.

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,   the local and state education agency, is required to make certain that the each IEP for each child contains a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).  In the instant matter, DCPS has failed to comply with the requirements of the IDEIA.

*It should be noted that the testing conducted by DCPS in July 2005 was invalid due to duplication of testing instrument administered in June 2005.*

## B.  DCPS failed to provide compensatory education services for Robert West despite extensive past denials of FAPE.

District of Columbia Public Schools ("DCPS") has failed to develop and/or implement a compensatory education plan for Robert West, DOB: 3/25/90 for   past denials of a Free and Appropriate Public Education ("FAPE"). Robert was denied FAPE when DCPS failed to conduct triennial evaluations, failed to provide him with the level of services required by

3

disabilities, failed to provide recommended services such as speech and language and/or specialized instruction in key areas such as math despite the recommendations of initial evaluations for this student and/or failed to program for this child so as to address the impact of ADHD in the academic setting. In March 2005, the parent specifically requested that that DCPS increase service levels for Robert due to his lack of progress and DCPS ignored this request pending the result of a clinical evaluation that DCPS never completed and had to be obtained independently. Parent's request for compensatory education to be addressed by the team was denied.

Compensatory education is an appropriate remedy to remediate denials of FAPE and place this student in this position he would have been in had he been receiving appropriate services over the past two years. (See: School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991) ).

## C. **DCPS failed to provide an appropriate placement for Robert West and/or designate an appropriate location for services**.

District of Columbia Public Schools ("DCPS") failed to identify an appropriate placement and/or location for services for Robert West, DOB: 3/25/90 for either the 2004/2005 school year and/or the 2005/2006 school year.

According to the most recent clinical evaluation completed for Robert: "*Robert would benefit from transitioning into different educational setting which is better equipped to address his social, emotional, and behavioral needs. He appears to require a more therapeutic educational setting, where he feels safe and is therefore more capable of achieving academically and establishing and maintaining more positive social relationships with his peers*" (pg 10).

It was also determined by the team that Robert needs a closed space setting for the 2005/2006 school year as a result of his ADHD. A location for services has yet to be identified by DCPS for 2005/006. Shaw Junior High School was not an appropriate setting for Robert during the 2004/2005 school year. Parent requested a full time therapeutic setting for Robert in March 2005. Initial evaluations recommend a more structured program than Robert has been able to receive at Shaw JHS. Robert has been accepted at Pathways School. The parent

## D.    District of Columbia Public Schools failed to comply with a Hearing Officer's Determination issued on or about June 2,2005

On or about June 2, 2005, a Hearing Officer's Determination ("HOD") was issued on behalf of Robert West, DOB: 3/25/90. The HOD required that DCPS conduct a psychiatric evaluation for Robert and fund an independent clinical evaluation and reconvene a meeting. DCPS failed to conduct a psychiatric evaluation. A meeting was held on August 11,2005, however, issues such as placement were not resolved due to the absence of the psychiatric evaluation for this student. As a result of the failure to conduct the evaluation, this student does not have a completed program and/or placement and the 2005/2006 school year is about to commence.

## E.   **District of Columbia Public Schools ("DCPS") failed to conduct a functional behavioral assessment for this student.**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A) DCPS, as the local and state education agency responsible for ensuring that a student is evaluated so as to "gather relevant functional, developmental

4

and academic information .... To assist in developing the content of tl. .nild's indivualized
education program". See Individuals with Disabilities Education Improvement Act of 2004,
Pub. L. No. 108-446, Sec. 101, § 614(b)(2)(A)(ii). Furthermore there is an obligation to
ensure that a child is "assessed in all areas of suspected disability" Individuals with
Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, §
614(b)(3)(v)(B)In the instant matter, it is clear DCPS failed to do this. Specifically, DCPS
ailed to conduct a functional behavioral assessment. This assessment is needed to develop a
behavior plan which would be appropriate based upon the recommendations of the most
recent evaluations for this student as well as the evaluations previously conducted for this
child.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") failed to develop an appropriate
  Individualized Educational Program ("IEP") for Robert West or whether based upon
  evaluation recommendations additional counseling services, present levels of performance,
  appropriate disability classification, appropriate accommodations and modifications,
  appropriate goals and objectives, math goals and/or an updated IBP should have been
  included in his program?

- Whether District of Columbia Public Schools ("DCPS") failed to develop a compensatory
  education program to compensate Robert for past denials of FAPE?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct a functional
  behavioral assessment for Robert West?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with a
  Free and Appropriate Public Education?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with
  an appropriate placement for 2004/2005 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to provide Robert West with
  an appropriate closed setting, therapeutic placement for 2005/2006 school year?

- Whether District of Columbia Public Schools ("DCPS") failed to conduct a psychiatric
  evaluation for Robert West?

- Whether District of Columbia Public Schools ("DCPS") failed to comply with the June 2,
  2005 Hearing Officer's Determination?

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied Robert West FAPE by failing to develop and/or implement
   an Individualized Educational Program ("IEP") for this student as required under the
   Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,
   Sec. 101, § 614(d)(1)(A);

5

2. A finding that DCPS denied Robert West FAPE by failing to conduct a FBA and/or psychiatric evaluation for Robert as ordered and/or pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(b);

3. A finding that DCPS failed to provide Ayonnah with an appropriate placemen t for either the 2004/2005 school year and/or the 2005/2006 school year;

4. That DCPS shall amend Robert's IEP to include one hour of group counseling and one hour of individualized counseling per week;

5. That DCPS shall amend Robert's IEP to include present levels of performance in all service areas, math goals and objectives; measurable goals and objectives in all areas; accommodations and modifications as recommended in the 2005 speech and language assessment conducted, as well as, new disability classification of ED/LD/OHI;

6. That DCPS shall provide Robert with compensatory counseling services and compensatory instructional services for denials of FAPE occurring over the past two years;

7. That DCPS shall conduct a psychiatric evaluation within fifteen calendar days and/or a comprehensive functional behavioral assessment for the student on or before October 1, 2005;

8. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the assessment for the purpose of reviewing the assessment; revising the IEP to include a IBP if appropriate; discussing compensatory education; discussing and determining placement;

9. A Notice of Placement shall be issued to a full time therapeutic setting for Robert such as the Pathways School;

10. That DCPS shall provide compensatory education for other denials of a FAPE as may be appropriate;

11. That if DCPS fails to develop a compensatory education plan and/or commence the tutoring within thirty (30) calendar days that the parent shall have the right to get independent tutoring and/or counseling at DCPS' expense ( of up to five hours per week);

12. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

13. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

14. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

15. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and

6

unilateral placement in an interim school or educational progr. . until such time the DCPS can come into compliance and properly assess, program and/or participate;

16. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

17. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

18. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

19. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

20. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

21. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

22. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

23. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who

7

conducted any assessments on the student and/or would be q̲.ified to conduct the evaluations requested in the parent's complaint.

24. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

25. A finding that the parent is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed</u>:

- N/A

Dated this 16th day of August, 2005

_____
Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent/Legal Guardian

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

8

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Student Name:  Rico Lewis            DOB:  June 21, 1996

Address:     1514 First Street, Apt. #12, SW, Washington, D.C. 20024

Present School of Attendance:      Moten Center

Home School:          Bowen Elementary School
                                  (Neighborhood school where child is registered)

          Parent/Guardian of the Student:  __Debra Wilson__

## B.   Legal Representative/Attorney (if applicable):

Name:  __Miguel A. Hull, Esq.__     Phone: (W) _202 742-2015_   (Fax) _202 742-2098_

Address: _1220 L St., NW, #700, Washington, D.C. 20005_

Will attorney / legal representative attend the resolution session?     X Yes         ☐ No

## C.   Complaint Made Against (check all that apply):

**X** DCPS

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)
_____

☐ Parent

## D.   Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**Parent is requesting an administrative due process hearing only at this time.**

## F.   Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

Rico Lewis is a nine-year-old student who began at the Moten Center in or about early November 2005. He previously attended Bowen Elementary School, which is also his home school. He is classified as other health impaired and is entitled to fifteen hours of specialized instruction per week; one hour of speech & language therapy per week; and thirty minutes of

2

psychological counseling per week. His mother now respectfully asserts the following violations of her and Rico's rights:

1. **Inappropriate placement**. The parent does not believe that Rico's placement at Moten is appropriate. Since being at Moten, Rico has been acting out behaviorally to the point that the parent is receiving calls about once or twice a week regarding his behavior. He fights and has trouble focusing. This behavior, which the school is not capable of dealing with on its own has had a negative impact on his academic progress. Moten does not have the staff or facilities to deal with Rico's behavioral needs.

2. **Failure to provide IEP progress reports**. The parent has not received an IEP progress report for the entire time that Rico has been at Moten. <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (d) (1) (A) (i) (III)</u>; <u>34 C.F.R. § 300.347 (a) (7)</u> ("The IEP for each child with a disability must include a statement of how the child's progress toward the annual goals [ . . ] will be measured; and how the child's parents will be regularly informed (through such means as periodic report cards), at least as often as parents are informed of their non-disabled children's progress, of their child's progress toward the annual goals; and the extent to which the progress is sufficient to enable the child to achieve the goals by the end of the year."); <u>D.C. Mun. Regs. tit. 5 § 3009.1 (i)</u>; <u>See also</u> <u>Hoing v. Doe</u>, 484 U.S. 305, 327 (1988) (In <u>Hoing</u> the Supreme Court of the United States concluded that the clear intent of Congress was to make parental involvement the cornerstone of the process under the IDEA. In so finding, the Court stressed the importance of a parent's right to be notified of each step of a child's educational development: "Envisioning the IEP as the centerpiece of the statute's education system for disabled children, and aware that schools had all too often denied such children appropriate educations without in any way consulting the parents; Congress repeatedly emphasized through the Act the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness. Accordingly, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decision they think inappropriate." <u>Id.</u> at 311-12); <u>Burlington School Comm. v. Massachusetts Dept. of Education</u>, 471 U.S. 359, 373 (1985); <u>Zvl D. By Shirley D. v. District of Columbia Public Schools</u>, 828 F. Supp. at 88-89; <u>Nikita Petties, et. al. v. The</u> <u>District of Columbia Public Schools, Civil Action No. 95-0148</u>

## II.   Issues presented.

1) Whether Moten is appropriate for Rico?
2) Whether DCPS has inappropriately failed / refused to provide IEP progress reports to the parent for the entire time that Rico has been at Moten?

## III.   Relief Sought.

1) a finding that DCPS has inappropriately failed / refused to
   a) Moten is not an appropriate school for Rico; and
   b) provide IEP progress reports to the parent for the entire time that Rico has been at Moten

3

2) that DCPS be ordered to:

    a) provide funding for interim / permanent placement at one of the following: Rock Creek Academy, High Roads Academy, or some other appropriate school;

    b) provide the parent with IEP progress reports for the entire time that Rico has been at Moten; and

    c) in the event that the IEP progress reports were never prepared, that DCPS then convene an MDT meeting to develop appropriate statements of present levels of functioning for the parent to be incorporated into Rico's IEP and to determine if any compensatory education is warranted as result of there not being any progress reports.

3) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

4) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

5) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and Other related services as are defined at 34 C.F.R. § 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

7) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

8) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and

act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, respond to the parent's request alleging any insufficiency of notice;

11) That DCPS' failure to comply with the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

13) That DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

15) A finding that the parent is the prevailing party in this action.

## G.    <u>Accommodations and Assistance Needed:</u>

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**H.**   **Signature:**

_____          March 29, 2006
Legal Representative / Advocate (if applicable)      Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO              1855
CONNECTION TEL                  94425556
CONNECTION ID
ST. TIME             03/29 17:02
USAGE T              00'55
PGS. SENT            7
RESULT               OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:         March 29, 2006

TO:           Student Hearing Office
              District of Columbia Public Schools

TEL NO.:      202 442-5432

FAX NO.:      202 442-5556

FROM:         Miguel A. Hull, Esq.

SUBJECT:      **Rico Lewis DOB: 6/21/96 – Due Process Complaint**

NUMBER OF PAGES INCLUDING COVER SHEET:    SEVEN

COMMENTS:

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Robert West
737 Irvin Street, NW
Washington DC 20010



April 10, 2007
In Reference To:    Robert West
                    DOB: 3/25/90
                    School"

Invoice #10000

      Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2005 | YA | Prepared and sent referral package to Interdynamics for independent evaluation | 1.00 105.00/hr | 105.00 |
| 6/10/2005 | MM | Reviewed hod and documented timelines dated 6/2/05 | 0.33 175.00/hr | 57.75 |
| 6/13/2005 | RG | Conference with parent re: evaluations scheduled for the 16th | 0.33 280.00/hr | 92.40 |
| 6/28/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58 175.00/hr | 101.50 |
| 7/12/2005 | RG | Conference with parent telephone call about evals and discussion w MM | 0.42 280.00/hr | 117.60 |
| 7/14/2005 | YA | send deadline to attorney and advocate | 0.17 105.00/hr | 17.85 |
| 7/15/2005 | YA | Draft letter to Shaw Junior High School re, status of evaluations | 0.75 105.00/hr | 78.75 |
| | YA | Telephone call to DCPS, Shaw Junior High School  staff re, letter to be sent | 0.17 105.00/hr | 17.85 |
| 7/18/2005 | YA | Discussion with the child's attorney re, amend letter to follow up on evaluation | 0.25 105.00/hr | 26.25 |
| | RG | Discussion with paralegal re: follow up letter for school | 0.25 280.00/hr | 70.00 |

Robert West                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 7/20/2005 YA | Log in case note receipt of Clinical /Psycho-Educational Evaluation and copied for advocate,attorney and parent | 0.25 105.00/hr | 26.25 |
| YA | Drafted letter to parent re, Clinical/ psycho-Educational enclosed | 0.58 105.00/hr | 60.90 |
| 7/21/2005 MM | Discussion with interdynamics ms zeggowitz | 0.17 150.00/hr | 25.50 |
| 7/22/2005 MM | Conference with parent | 0.33 150.00/hr | 49.50 |
| 7/25/2005 YA | log in case note receipt of Clinical | 0.17 105.00/hr | 17.85 |
| 7/26/2005 RG | Reviewed  evaluations ( clinical) reviewed file to ascertain DCPS compliance deadlines Per last HOD and discussed with paralegal re: follow up letters to be sent and deadlines | 0.75 280.00/hr | 210.00 |
| YA | Discussion with the child's attorney | 0.33 105.00/hr | 34.65 |
| 7/27/2005 YA | Draft letter to Shaw JHS and Mediation & Compliance re, independent Clinical Evaluation | 0.42 105.00/hr | 44.10 |
| 7/28/2005 MM | File review and developed  monthly case status report and devleoped a report regarding the communication  with the parent  the school and list the latest thing that occurred and what needs to be done next. | 0.75 150.00/hr | 112.50 |
| YA | Drafted letter to parent re, enclosed Clinical Evaluation | 0.58 105.00/hr | 60.90 |
| 7/29/2005 YA | Research educational needs re, pending evaluations | 0.33 105.00/hr | 34.65 |
| YA | Tickle deadline pursuant the HOD | 0.17 105.00/hr | 17.85 |
| 7/31/2005 MM | Reviewed clincial psych dates 7/12/05 | 0.50 150.00/hr | 75.00 |
| 8/2/2005 MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| MM | Reviewed clinical eval dated 7/5/05 and documented results | 0.67 150.00/hr | 100.50 |
| 8/5/2005 YA | Phone call to parent re, status of pending evaluations (left message) | 0.17 105.00/hr | 17.85 |
| YA | Phone call from parent re, DCPS completed the Speech and Language evaluation | 0.33 105.00/hr | 34.65 |

Robert West                                                                                    Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/11/2005 | YA | Discussion with advocate and assist with meeting | 0.33<br>105.00/hr | 34.65 |
|  | YA | Draft letter to Shaw JHS re, Heairng Officer's Determination | 0.33<br>105.00/hr | 34.65 |
|  | MM | Reviewed information for mdt | 1.00<br>150.00/hr | 150.00 |
|  | MM | Attended MDT/IEP @ school | 4.00<br>150.00/hr | 600.00 |
| 8/12/2005 | MM | File review and developed  monthly case status report develop hearing request regarding vilationd form meeting. developed hearing request notice for atty. | 3.00<br>150.00/hr | 450.00 |
| 8/16/2005 | RG | Prepared and file due process hearing request to DCPS | 3.00<br>280.00/hr | 840.00 |
| 8/17/2005 | MM | File review and developed  monthly case status report update the latest communications between myself and the parent and the school and the status of evals and the next step i the case. | 0.58<br>150.00/hr | 87.00 |
|  | YA | Assisted attorney in preparation of request for hearing to the student hearing office | 0.33<br>105.00/hr | 34.65 |
|  | YA | Drafted letter to parent re, Hearing Request | 0.58<br>105.00/hr | 60.90 |
| 8/25/2005 | YA | Research educational needs re, request for records and evaluations | 0.25<br>105.00/hr | 26.25 |
| 8/31/2005 | RG | Conference with parent | 0.33<br>280.00/hr | 92.40 |
|  | MM | File review and developed  monthly case status report | 0.58<br>150.00/hr | 87.00 |
| 9/6/2005 | YA | Discussion with the child's attorney | 0.17<br>105.00/hr | 17.85 |
|  | YA | Assisted attorney with request for hearing date | 0.25<br>105.00/hr | 26.25 |
|  | YA | Assist attorney with letter to Shaw JHS re, retention | 0.25<br>105.00/hr | 26.25 |
|  | RG | Drafted letter to DCPS / Attorney to request hearing date; telephone call with mom; follow up lettr to DCPS re: demotion | 0.67<br>280.00/hr | 187.60 |
| 9/19/2005 | RG | Reviewed upcoming dates and dealdines | 0.17<br>280.00/hr | 47.60 |

Robert West                                                                                          Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/19/2005 | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
|  | YA | tickle disclosure deadline | 0.17 105.00/hr | 17.85 |
| 9/21/2005 | MM | File review and developed  monthly case status report and identified what next step was and documented parent  and school communication. | 0.42 150.00/hr | 63.00 |
| 9/23/2005 | MM | Drafted letter to private school | 0.42 150.00/hr | 63.00 |
| 9/26/2005 | MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| 9/28/2005 | RG | Conference with parent | 0.33 280.00/hr | 92.40 |
|  | RG | Drafted letter to DCPS / Attorney | 0.33 280.00/hr | 92.40 |
|  | YA | Assist attorney with letter to DCPS, Shaw JHS re, resolution meeting | 0.25 105.00/hr | 26.25 |
|  | YA | Log in calendar, re, resolution meeting | 0.17 105.00/hr | 17.85 |
| 9/30/2005 | JEB | Reviewed advocate's report, file review and discussion with paralegal | 0.25 350.00/hr | 87.50 |
|  | AAG | Reviewed advocate's report, file review and discussion with attorney Brown | 0.25 105.00/hr | 26.25 |
| 10/3/2005 | RG | Conference with parent | 0.33 280.00/hr | 92.40 |
|  | MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| 10/5/2005 | MM | Reviewed information for mdt | 0.33 150.00/hr | 49.50 |
| 10/6/2005 | RG | Discussion with MM | 0.25 280.00/hr | 70.00 |
|  | MM | Attended resolution meeting | 4.00 150.00/hr | 600.00 |
| 10/7/2005 | YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel | 2.00 105.00/hr | 210.00 |

Robert West                                                                                          Page     5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/7/2005 | RG | Prepare disclosure to DCPS | 1.00 280.00/hr | 280.00 |
| 10/10/2005 | MM | File review and developed  monthly case status report | 0.58 150.00/hr | 87.00 |
| 10/13/2005 | MM | File review and developed  monthly case status report and developed a report regarding the most recent activity on the case and what needs to be done next. | 0.58 150.00/hr | 87.00 |
| 10/14/2005 | MM | Prepared for Due Process Hearing | 1.50 150.00/hr | 225.00 |
| 10/17/2005 | RG | Prepared for Due Process Hearing | 1.50 280.00/hr | 420.00 |
|  | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conferene with parent and expert | 2.50 280.00/hr | 700.00 |
|  | YA | Discussion with the child's attorney | 0.25 105.00/hr | 26.25 |
|  |  | For professional services rendered | 46.30 | $8,066.20 |

Additional Charges :

| | | |
|---|---|---|
| 6/3/2005 | Facsimile: Clinical to interdynamics. | 38.00 |
|  | Copied: HOD letter for parent, administration, file, and advocate. HOD letter for parent. | 7.25 |
| 6/6/2005 | Postage; HOD letter to parent. | 0.37 |
| 7/18/2005 | Facsimile: follow up on evaluation to Shaw JHS. | 2.00 |
| 7/20/2005 | Postage;  letter to parent. | 0.83 |
|  | Copied: Clinical and psycho ed for parent, file, and advocate. | 9.00 |
|  | Copied: evaluations letter for parent. | 0.25 |
| 7/27/2005 | Facsimile- clinical | 11.00 |
|  | Facsimile- clinical | 11.00 |
| 7/28/2005 | Copied: Clinical letter for parent. | 3.00 |
|  | Postage; letter to parent | 0.60 |
| 8/11/2005 | Facsimile: HOD to Shaw JHS. | 6.00 |

Robert West                                                            Page      6

                                                                          Amount

| | | |
|---|---|---:|
| 8/17/2005 | Copied: HR letter for parent. | 0.50 |
| | Facsimile: HR to SHO. | 8.00 |
| | Copied: Letter for parent and advocate. | 4.50 |
| 8/18/2005 | Postage; letter to parent re: HR. | 0.37 |
| 9/6/2005 | Facsimile letter to Shaw JHS | 2.00 |
| | Facsimile request for hearing date to SHO | 2.00 |
| 9/19/2005 | Copied documents; HDN | 1.00 |
| | Postage; letter to parent re: HDN. | 0.37 |
| 9/28/2005 | Facsimile: meeting letter to school. | 2.00 |
| 10/5/2005 | File review preparation of bill and invoice audit | 96.88 |
| 10/7/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied 5-day disclosure | 112.50 |
| 10/17/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $436.30 |
| | Total amount of this bill | $8,502.50 |

# Exhibit Y



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm: James E. Brown & Assoc., PLLC
   Attorney: James E. Brown
   Federal Tax ID No: 52-1500760
   D.C. Bar No: 61622

2. Student Information
   Name: Wingate, Antoine
   DOB: 06/15/92
   Date Hearing Request Filed: 07/06/06
   Date(s) of Hearing: 09/12/06
   Date of Determination (HOD/SA): 09/15/06
   Parent/Guardian Name: Roberta Marchette
   Parent/Guardian Address: 3308 6ᵗʰ St., SE
   Washington DC 20032

3. Invoice Information
   Invoice Number: 06-479
   Date Request Submitted: 10/13/06
   Date(s) of Services Rendered: 06/22/06 to 09/15/06
   Attorney Hourly Rate: $ 365.00
   Total Attorney Fees: $ 4,049.40
   Total Attorney Costs: $ 293.15
   Total Experts: $ 2,175.60
   Total Invoice: $ 6,518.15

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____          10/13/06
   Signature                         Date

   *Revised Nov. 2004*

*State Education Agency for the District of Columbia*
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act.**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: **Antoine Wingate**     Date of Birth: **6/15/92**
Address: **3308 6th St. SE  Washington, DC 20032**
Home School: **Hart Middle School**
Present School of Attendance: **Same**

1

Is this a charter scho. . <u>No</u>        (If yes, you must also provide a copy of this
                                                  notice to the charter school principal or director)

Parent/Guardian of the Student: <u>**Ms. Marchette Wingate**</u>

Address (if different from the student's above): <u>same</u>

**B.**    **Legal Representative/Attorney:**

Name: <u>**Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**</u>

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

 Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>        (e-mail)
<u>Rgambale@jeblaw.biz</u>

Will attorney / legal representative attend the resolution session?  <u>X</u> Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also
understand that I may voluntarily waive this right if I choose. (Note: All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this
process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

**Background**

Antoine Wingate ( hereinafter "A.W..")  DOB: 6/15/92 is a 5th grade learning disabled
student who  currently attends Hart Middle School.  During the 2004/2005 school year he
attended Moten Elementary School where his current IEP was drafted.  The last meeting for
A.W. took place in August 2005.  A Haring Officer's Determination ("HOD") was issued
2/22/06 with which DCPS failed to comply.    Antoine still does not have an appropriate
placement for the 2006/2007 school year.

2

**Issues**

### 1.     District of Columbia Public Schools (DCPS") failed to Comply with the Hearing Officer's Determination ("HOD") issued on or about May 26, 2006 .

District of Columbia Public Schools (DCPS") failed to Comply with the hearing Officer's Determination ("HOD") issued on or about May 26, 2006 . On or about May 25, 2006 a hearing was held on behalf of A.W. and a hearing Officer's Determination ("HOD") was issued on May 26, 2006 requiring District of Columbia Public Schools ("DCPS") to convene a meeting to review a functional behavioral assessment that had been completed[1] DCPS has failed to comply with that order and The MDT has yet to be convened, A.W. has yet to be provided with compensatory education, an appropriate program and/or placement for the 2006 summer and/or the 2006/2007 school year.

A Due Process Hearing Complaint was filed in March 2006 to address DCPS's Failure to comply with an order in February 2006 that required DCPS to  perform a Functional Behavioral Assessment ("FBA") within thirty (30) calendar days and convene a meeting within ten (10) days thereafter to review evaluations, revise the student's Individualized Educational Program ("IEP") discuss and determine placement for 05/06 school year, issue a Notice of Placement; consider compensatory education and develop a plan for missed services and schedule all meetings through counsel for the parent.[2] DCPS failed to comply with the February 22, 2006 HOD in that they have failed to conduct the FBA, they have failed to convene a meeting to review evaluations, revise the student's IEP discuss and determine placement for 05/06 school year, issue a Notice of Placement; consider compensatory education and develop a plan for missed services and schedule all meetings through counsel for the parent.

The original hearing upon which the HOD was based addressed the fact that DCPS failed to develop an appropriate Individualized Educational Program ("IEP") for A.W., DOB: 6/15/92. at the meeting held on or about  May 3, 2005 and/or August 2005.  According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,  the local and state education agency, is required to make certain that the each IEP for each child contains: 1)  a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 614(d)(1)(A), as well as, D.C. MUN. REGS. tit. 5, § 3011 (2003).

---

[1] That DCPS had failed to conduct the  FBA had been an issue to be addressed at hearing- however, at the hearing DCPS provided a copy of the FBA completed but never previously provided to the parent, counsel; or reviewed by the MDT.

[2] See HOD pg 3-4

3

Because the IEP is the mechanism through which a free and appropriate public education ("FAPE") is delivered to disabled students, failure to develop an appropriate IEP amounts to a denial of FAPE. [3] Furthermore without an appropriate IEP essential and important issues such as placement cannot be adequately addressed. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(3)(B) where behavior impedes the education of a student, the IEP must contain appropriate behavior strategies. According to the court in Rome School Committee v. Mrs. B. No. 00-1746 (1st Cir. 04/26/2001):

"States accepting federal funding must assure all learning disabled children the right to a "free **appropriate** public education," 20 U.S.C. § 1400(d)(1)(A), by providing "access to specialized instruction and related services . . . individually designed to provide **educational** benefit to the handicapped child," Rowley, 458 U.S. at 201. Under the requirement of access to "related services," a school district's special education **program** must include psychological services if a learning disabled child's emotional disturbances interfere with his ability to learn. See Roland M. v. Concord Sch. Comm., 910 F.2d 983, 991-92 (1st Cir. 1990); 20 U.S.C. § 1401(3) (defining the term "child with a disability"); 20 U.S.C. § 1401(22) (listing "psychological services, . . . social work services, [and] counseling services" as "related services"). The IDEA recognizes that a "serious emotional disturbance" constitutes a disability if "by reason thereof, [the child] needs special education and related services." Id. § 1401(3)(A)."

It was parent's contention that DCPS had failed to comply with the requirements of the IDEIA in that:

- Social and Emotional Goals are not measurable;

- The IEP fails to contain a complete and/or appropriate Intervention Behavior Plan due to the insufficiency of the FBA.

At the MDT meeting that was held in August 2005, the MDT agreed that DCPS should conduct a more comprehensive functional behavioral assessment and reconvene to review and revise the IEP thirty days after the commencement of the 2005/2006 school year but to date has yet to act on that agreement. A.W. behavior has continued to escalate. He has been suspended for a total of four (4) school days this school year. Because A.W. does not have an appropriate program that appropriately addressed his social emotional needs he has been denied a Free and Appropriate Public Education ("FAPE").

The original hearing request alleged that DCPS failed to convene a meeting for A.W., DOB: 6/15/92, pursuant to the agreement and recommendation of the MDT that convened on or about August 4, 2005 , as well as, the repeated requests of the parent and failed to comprehensively evaluate in all areas of suspected disability pursuant to the requirements of 34 C.F.R. §§ 300.530-300.535; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35862-35864 (June 21, 2005) (to be codified at 34 C.F.R.

---

[3] See Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276,102S.Ct.3034 (1982)

pt. 300); and D.C. MUN. REC. tit. 5, § 3021.1 (2003) in that it failed t  .onduct a
comprehensive functional behavioral assessment for A.W.

The original hearing request alleged that DCPS failed to provide A.W., DOB; 6/15/92 with
all of the related and/or instructional services contained in his Individualized Educational
Program ("IEP") .   See  Individuals with Disabilities Education Improvement Act of 2004,
Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).  This allegation was based upon the fact that
according to A.W.'s most recent IEP- he was supposed to be receiving 21 hours per week of
specialized instruction.  According to A.W.'s then current class schedule he was receiving
18.75 hours of specialized instruction per week however one of his courses has been
duplicated so in actuality he is only receiving 15 hours of instruction per week.  In addition,
A.W. was not receiving full extent of related counseling services.

Finally, The original hearing request alleged that DCPS failed to provide A.W. DOB;
6/15/92 with an appropriate  placement where his IEP might be implemented and/or he can
receive the type of therapeutic support he requires in light of his individualized needs and
disabilities.  See  Individuals with Disabilities Education Improvement Act of 2004, Pub. L.
No. 108-446, Sec. 101, § 614(d)(1)(A).     The Individuals with Disabilities Education
Improvement Act of 2004 was promulgated for the purpose of ensuring  :

> "*[T]hat all children with disabilities have available to them a free
> and appropriate public education that emphasizes special education
> and related services designed to meet their unique needs and
> prepare them for further education, employment, and independent
> living*"

Placement issues for 2005/2006 school year were initially raised at the May 2005
meeting.  At  that time a placement such as Prospect Learning Center was proposed
for A.W.  However, when the team reconvened in August 2005 for the purpose of
reviewing evaluations and discussing placement, no other options besides the
neighborhood school was presented.  Parent objected to the fact that  there was no
one from the neighborhood school available to discuss the appropriateness of the
placement.

Based upon observation and/or events that have occurred since starting at Hart
Middle School, the parent strongly feels that the placement is inappropriate.
Parent's concerns included but are not limited to :

- The school has  not issued IEP report cards and does not have such
  reports on file for the student.
- Classes such as resource science are over crowded. According to the
  teacher, he has 13 students with no aide n his second period class.
- The school has not been able to adequately respond to this student's
  social emotional needs as demonstrated by suspensions and
  behavior problems in the classroom.
- The school has been unable to fully implement this student's
  program.

5

Because the studen  as not been provided with an appropria  placement, he has been denied a Free and Appropriate Public Education ("FAPE").

### b.    Educational Harm to this Student

As a result of the delays that have occurred due to DCPS's non-compliance this student has suffered educational harm.  The school year will be essentially over before this student will have an appropriate program and/or placement. Compensatory education is an appropriate remedy to help place a child in the position he would have been in had he received an appropriate education. There are varieties of forms of compensation that the courts have held to be appropriate such as the funding of indepndent services and/or the funding of private placements and programs. [4]

### 2.  District of Columbia Public Schools ("DCPS") failed to  reconvene to address A.W.'s need to Extended School Year Services ("ESY")

District of Columbia Public Schools ("DCPS") failed to reconvene an Multidisciplinary team prior to the conclusion of the 2005/2006 school year to address whether or not Extended School Year Services ("ESY") were appropriate for this student.  .

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS,  the local and state education agency, is to make certain that the each IEP for each  must contain a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student to advance properly toward attaining the annual goals.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A).

Furthermore, DC Municipal Regulations require  that ESY be made available to each disabled student when the LEA , as part of the development of the student's IEP determines that said services are necessary.[5]  ESY services are his init extension of the student's education plan and should be considered annually for every child with a disability.[6]  Often such services are necessary to prevent

---

[4]Board of Education v. Hendrick Hudson School. Distr v. Rowley, 533 IDELR 656 (1981-82); School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Florence County v. Shannon, 510 US 7 (1993); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991) Harris v. District of Columbia, 19 IDELR 105(1992);.

[5] See DCMR Section 3017.

[6] See 34 C.F.R. Section 300.309 (1997)

6

regression and slow recoupment and enable a student to "*advance properly towards attaining annual goals*".[7]

As a result, he has been denied a Free and Appropriate Public Education ("FAPE").

## II. Issues presented.

1. Whether or not  District of Columbia Public Schools ("DCPS") failed to  comply with May 26, 2006 Hearing Officer's Determination?

2. Whether or not  District of Columbia Public Schools ("DCPS") failed convene a meeting prior to the end of the 2005/2006 school year to address the student's need for ESY?

3. Whether or not A.W. has been denied a Free and Appropriate Education ("FAPE") and should be awarded compensatory relief ?

## III.  To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE,** the parent, by and through counsel, requests the following relief:

1. A finding that  DCPS has denied A.W. a FAPE;

2. That DCPS shall fund the private placement of the student for the 2006/2007 school year at the  Phillips Academy, Sunrise Academy; Chelsea; or an alternate appropriate placement proposed by the parent;

3. That DCPS shall   fund an independent tutor for A.W.  to assist with recoupment and remediation of harm caused by denials of FAPE in this case;

4. That DCPS  shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement for the 2006/2007 school year;

5. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

---

[7] See Alamo Heights Indepndent School District v. State Board of Education, EHLR 554:315 (5th Cir. 1986); Armstrong v. Line, EHLR 551:195 (E.D. PA 1979) ; Reusch v. Fountain, 21 IDELR 1107 (D. Md. 1994)

7

7. All meetings sh. be scheduled through counsel for , parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

8

15. That DCPS' fail ⌐ to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

SEID DPCN Rev'd. 7/01/05

**G.**     **<u>Accommodations and Assistance Needed</u>:**

- N/A

Dated this 7th day of July, 2006

_____
Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

10

```
********************
***  TX REPORT  ***
********************


TRANSMISSION OK

TX/RX NO            0834
RECIPIENT ADDRESS   94425556
DESTINATION ID
ST. TIME            07/07 09:28
TIME USE            01'28
PAGES SENT          11
RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

----------------------------

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE:            **7/7/06**

TO:              **Ms. Sharon Newsome, DCPS Student Hearing Coordinator**

FAX NO :         **(202)442-5556**

FROM:            **Roberta L. Gambale, Esq.**

SUBJECT:         **Due Process Hearing Complaint for Antoine Wingate, DOB: 6/15/92**

NUMBER OF PAGES INCLUDING COVER SHEET:     **10**

COMMENTS:

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | |
| ----------------------------- | e-mail: Admin@Jeblaw.biz | ----------------------------- |
| | | ! Admitted in Bolivia Only |

# FAX COVER SHEET

DATE:          **7/7/06**

TO:            **Ms. Sharon Newsome, DCPS Student Hearing Coordinator**

FAX NO.:       **(202)442-5556**

FROM:          **Roberta L. Gambale, Esq.**

SUBJECT:       **Due Process Hearing Complaint for Antoine Wingate, DOB: 6/15/92**

NUMBER OF PAGES INCLUDING COVER SHEET:     *10*

COMMENTS:

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### <u>HEARING OFFICER'S DETERMINATION</u>

**STUDENT:** Antoine Wingate          **DATE OF BIRTH:** 6/15/92

**ADDRESS:** 3308 6th Street, S.E.
Washington, D.C.

**PRESENT SCHOOL ATTENDING:** Hart M.S.
**HOME SCHOOL:** Same

**DATE OF HEARING:** September 12, 2006

**TESTIFIED AT THE HEARING:**

| | |
|---|---|
| Marsha Wingate | Mother |
| Corey Hamilton* | Educational Advocate |
| Makini Niliwaambienie* | Director, SunRise Academy |

**(* Testified by telephone)**

**Student's Representative:** Roberta Gambale, Esq.
**Address:** 1220 L Street, N.W.
Washington, D.C. 20005
**FAX:** 202-742-2098

**School System's Representative:** Tiffany Puckett, Esq.
**Address:** 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on September 12, 2006, at the request of Roberta Gambale, counsel for the parent and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1. **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to comply with the May 26ᵗʰ 2006 HOD?**

2. **Did DCPS deny a FAPE to the student to address the student's need for Extended School Year Services (ESY)?**

3. **Is the parent's choice of placement, SunRise Academy an appropriate placement?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**DCPS-1-DCPS-3**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**AW-1-AW-18**

**FINDINGS OF FACT:**

1. The student is a fourteen-year-old male who has been found eligible for special education services by DCPS as a student with the disability classification of Learning Disabled. (AW-12)

2. On May 26ᵗʰ 2006, an HOD was issued that incorporated a settlement agreement whereby DCPS agreed to convene an MDT/IEP meeting on or before June 14ᵗʰ 2006, to review all current evaluations including a

2

Functional Behavior Assessment and review and revise the student's IEP and discuss and determine placement for the 2006-2007 School Year. (AW-4)

3. DCPS did not comply with the above settlement agreement incorporated into an HOD Order and counsel for the parent filed a due process hearing complaint on July 7th 2006. (AW-2)

4. On July 12th 2006, a Resolution Meeting was held. DCPS psychologist Dr. Gray reviewed the Functional Behavior Assessment (FBA). DCPS offered that the student would be awarded 72.25 hours of compensatory education in the form of tutoring and DCPS has a tutor to provide those hours of service. DCPS discussed placement and stated that services could be implemented at the student's home school- Hart Middle School. The Resolution Meeting also discussed ESY and noted no teacher had turned in ESY information on this student and the student would be working during the summer in a work program at Anacostia. DCPS agreed to reconvene on July 18th with a full IEP team to update and develop the student's IEP for the 2006-2007 School Year. (AW-14)

5. The meeting did not go forward on July 18th because of the absence of a full-team. (Testimony of Mother) The student's educational advocate wrote letters requesting a meeting. (AW-7) The school and parent agreed to meet on September 11th 2006 to review and revise the student's IEP and discuss placement. (AW-8) There is no indication in the record that a meeting occurred on September 11th 2006.

6. The student's IEP developed and approved by the MDT team including the parent on May 3rd 2005 called for 21 hours of specialized instruction a week and one hour a week of counseling services. The IEP expired in May 2006. (AW-12)

7. Last school year, the student's report card showed he received Bs in each of three advisories in English Resource and Social Studies Resource. In Mathematics Resource his grade improved each advisory going from an initial F to a C. In Science Resource he got a D, B and D in three advisories respectively. (AW-16)

8. The student has been accepted at SunRise Academy for the 2006-2007 School Year. (AW-10) SunRise Academy is a full-time day therapeutic program for male students whose primary disability is Emotional Disturbance. (Testimony of Ms. Niliwaambieni) This student's disability classification is Learning Disabled. The mother wants the student's LD needs met. (Testimony of Mother) The SunRise Academy is not an appropriate placement for this student.

3

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent has failed to meet her burden of proof that DCPS failed to convene a meeting to address the student's need for ESY. The Resolution Meeting Notes show that they discussed ESY and that no teacher turned in a request for ESY for the student. Moreover, the student's report card indicates he received good grades of Bs in English and Social Studies and improved his grade in Math from an initial F to a C. The student's report card does not demonstrate a need for ESY. Counsel for the parent has also offered no evidence that there was a request for ESY. The student was in a summer work program at Anacostia.

Counsel for the parent contends that the failure of DCPS to convene an MDT meeting pursuant to the May 26th HOD denied the student a FAPE. Counsel for DCPS counters that at the Resolution Meeting, pursuant to that HOD, the DCPS psychologist Dr. Gray did review the FBA, and that placements were discussed, but because teachers were not available the full team could not go forward on developing a current IEP for the student. There is no dispute that an MDT meeting with all the necessary members did not convene to develop an IEP for the current school year. Both the parent and her educational advocate confirmed with DCPS that an MDT meeting would convene with a full team present to review an IEP and discuss placement on September 11th at 1 p.m. (AW-8), one day before this hearing.

In order for there to be a denial of a Free Appropriate Public Education (FAPE) the 2004 IDEA requires that DCPS's actions caused a deprivation of educational benefits. *IDEA 2004 Section 615(f)(3)(E)* In this case, DCPS provided the student last year with a special education program pursuant to his IEP that the parent agreed to that resulted in academic progress. (See Findings of Fact #7) The student's IEP lapsed in May 2006, and DCPS has not convened an MDT meeting to develop a current IEP. A Resolution Meeting was held on July 12th that addressed some of the parent's issues including awarding 72.25 hours of compensatory education, but teachers were not available and the MDT team was to reconvene on July 18th. The July 18th meeting also did not go forward because teachers were not available. Because these meetings were in the middle of summer, teachers were not available. The parties did agree to convene an MDT team that included teachers on September 11th to develop a current IEP and discuss placement, a day before this hearing. There is no indication in the record that the September 11th meeting occurred. In *Shaw v. District of Columbia*, 238 F. Supp. 2d 127, 136 (D.D.C. 2002), Judge Walton found procedural violations, but because they occurred over the summer there was no showing of a loss of educational benefits and the Court concluded there was therefore no denial of a FAPE. Counsel for the parent has the burden of proof to show that there has been a loss of educational benefits. Counsel for the parent presented no evidence that the expired IEP that provided educational benefits is not being implemented this school year and the student has suffered a loss of educational benefits. Counsel for the parent has not met her burden of proof that the failure to convene the MDT meeting resulted in a denial of a FAPE.

4

Counsel argues that the student should be funded and placed by DCPS at SunRise Academy. This hearing officer has found that SunRise Academy is an inappropriate placement for this student because it serves students whose primary disability is Emotional Disturbance and this student has been classified as solely Learning Disabled. (See Findings of Fact #8) In *Burlington School Committee v. Mass. Dept. of Education, 471 U.S. 359 (1985) and Florence County School District Four v. Carter, 510 U.S. 7 (1993)*, the Supreme Court held that in order for there to be reimbursement there must both be a denial of a FAPE by the local school and the private placement is appropriate.

This hearing officer concludes that it is in the best interest of the child to convene an MDT meeting with all required members to develop a current IEP as soon as possible. If the MDT meeting all agreed to the day before this hearing had been held, there might have been no need for this hearing.

It is hereby **ORDERED** that:

1.      **DCPS shall convene an MDT meeting within five (5) school days of issuance of this HOD to review and revise the student's IEP and discuss and determine placement. If a public placement is determined appropriate, a Prior Notice of Placement (PNOP) shall be issued within 5 school days of the MDT meeting. If a private placement is determined appropriate, a PNOP shall be issued within 30 calendar days of the MDT meeting. All meetings shall be scheduled at a mutually agreeable time through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student. A compensatory education plan shall be developed at the MDT meeting for the awarded 72.25 hours of compensatory education.**

2.      **Counsel for the parent's request for funding and placement at SunRise Academy is DENIED.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                              Date filed: September 15, 2006

Date Issued: 9/15/06

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  September 15, 2006

TO:  Roberta Gambale

FROM:  STUDENT HEARING OFFICE

RE:  Wingate, Antoine

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

***CONFIDENTIALITY NTOICE***:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Wingate, Antoine


          .


April 12, 2007

In Reference To:    Wingate, Antoi
Invoice #10002


      Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/22/2006 RB | Reviewed case notes; memo to attorney | 0.17<br>185.00/hr | 31.45 |
| 6/26/2006 RB | Reviewed case notes; memo to attorney | 0.17<br>185.00/hr | 31.45 |
| 6/30/2006 CH | Draft letter to fax to school confirming school observation | 0.42<br>185.00/hr | 77.70 |
| 7/6/2006 RG | Conducted educational research and reviewed student's file; discussion with parent and advocate and prepared and file due process hearing request to DCPS regarding DCPS's failure to comply with previous HOD, failure to convene a meeting and compensatory relief | 2.50<br>360.00/hr | 900.00 |
| CH | Prepared for meeting | 1.08<br>185.00/hr | 199.80 |
| RG | Conference with parent | 0.33<br>360.00/hr | 118.80 |
| JEB | Examined and certified hearing request filed by attorney | 0.58<br>385.00/hr | 223.30 |
| 7/7/2006 RG | Telephone call from DCPS staff; return call; conference call with school and parent; discussion with advocate | 0.67<br>360.00/hr | 241.20 |
| CH | Discussion with the child's attorney | 0.33<br>185.00/hr | 61.05 |

Wingate, Antoine                                                                    Page     2

|            |    |                                                              | Hrs/Rate   | Amount |
|------------|----|--------------------------------------------------------------|------------|--------|
| 7/7/2006   | CH | Prepared for upcoming meeting                                | 1.25<br>185.00/hr | 231.25 |
| 7/10/2006  | YA | Reviewed and drafted letter to parent regarding the due process complaint | 0.75<br>115.00/hr | 86.25 |
|            | YA | Tickled Resolution Meeting in Calendar                       | 0.17<br>115.00/hr | 19.55 |
| 7/11/2006  | RG | Discussion with CH re: upcoming meeting                      | 0.33<br>360.00/hr | 118.80 |
|            | CH | Discussion with the child's attorney re: meeting tomorrow    | 0.33<br>185.00/hr | 61.05 |
|            | CH | Phone call to mom to confirm meeting availibility            | 0.08<br>185.00/hr | 14.80 |
|            | CH | Prepared for meeting                                         | 0.50<br>185.00/hr | 92.50 |
| 7/12/2006  | CH | Attended MDT/IEP @ Hart                                      | 1.50<br>185.00/hr | 277.50 |
|            | CH | Draft meeting notes for attorney and records                | 0.50<br>185.00/hr | 92.50 |
| 7/14/2006  | CH | Reviewed IEP                                                 | 0.42<br>185.00/hr | 77.70 |
| 7/17/2006  | CH | Phone call to mom                                            | 0.08<br>185.00/hr | 14.80 |
|            | CH | Draft letter to confirm meeting                              | 0.50<br>185.00/hr | 92.50 |
| 7/18/2006  | CH | Attended MDT/IEP but meeting was cancelled.                  | 1.33<br>185.00/hr | 246.05 |
| 7/25/2006  | CH | Draft letter to Mr. Hudson regarding inappropriate IEP       | 0.50<br>185.00/hr | 92.50 |
| 8/1/2006   | CH | Phone call from mom awaiting results from meeting            | 0.17<br>185.00/hr | 31.45 |
| 8/11/2006  | YA | Reviwed and drafted letter to parent regarding the hearing date notice | 0.75<br>115.00/hr | 86.25 |

Wingate, Antoine                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/11/2006 | CH | Draft letter to school regarding scheduling new meeting | 0.42 185.00/hr | 77.70 |
|  | CH | Phone call to mom to schedule meeting date | 0.17 185.00/hr | 31.45 |
|  | RG | Reviewed | 0.17 360.00/hr | 61.20 |
| 8/18/2006 | CSH | Filing for parent | 0.08 115.00/hr | 9.20 |
| 9/5/2006 | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
|  | RG | Reviewed student's file for relevant documents for 5 day disclosures; instructions to paralegal | 1.00 360.00/hr | 360.00 |
| 9/6/2006 | CH | Reviewed complaint | 0.42 185.00/hr | 77.70 |
| 9/11/2006 | YA | Telephone call to private school, Sunrise Academy regarding hearing | 0.17 115.00/hr | 19.55 |
|  | RG | Reviewed student's educational file, draft questions for direct and redirect examination; draft opening and closing remarks; prepared parent as witness in preparation for upcoming hearing | 2.00 360.00/hr | 720.00 |
|  | CH | Prepared for Due Process Hearing | 1.42 185.00/hr | 262.70 |
| 9/12/2006 | RG | Appearance to 825 North Capital for due process hearing | 2.00 360.00/hr | 720.00 |
| 9/14/2006 | YA | Telephone call to private school, Sunrise Academy regarding the status | 0.17 115.00/hr | 19.55 |
| 9/15/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
|  |  | For professional services rendered | 25.26 | $6,178.80 |

Wingate, Antoine                                                                                   Page     4

Additional Charges :

|  |  | Amount |
|---|---|---|
| 7/6/2006 | copied hearing complaint | 10.00 |
|  | Fax HR to SHO | 11.00 |
| 7/10/2006 | Copied: HR letter for parent. | 0.25 |
|  | Postage; letter to parent re: HR. | 0.63 |
| 8/11/2006 | Copied; HDN letter for parent and Advocate | 0.50 |
| 8/14/2006 | Postage; letter to parent re: HDN | 0.39 |
|  | Copied; IEP for file | 7.50 |
| 9/5/2006 | Copied documents for SHO re: 5 day disclosure | 30.75 |
|  | Copied documents for atty re: 5 day disclosure | 30.75 |
|  | Copied documents for OGC re: 5 day disclosure | 30.75 |
|  | Copied documents for adv re: 5 day disclosure | 30.75 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 9/12/2006 | Sedan taxi service to and from DCPS for hearing | 16.00 |
| 9/15/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd fax from SHO: HOD | 1.00 |
|  | copied HOD | 6.00 |
|  | Total additional charges | $293.15 |
|  | Total amount of this bill | $6,471.95 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Clarence S. Hayes, Paralegal | 0.08 | 115.00 | $9.20 |
| Corey Hamilton, Advocate | 11.42 | 185.00 | $2,112.70 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |
| Roberta Gambale, Attorney | 9.00 | 360.00 | $3,240.00 |
| Robin Boucher, Advocate | 0.34 | 185.00 | $62.90 |
| Yamileth Amaya, Paralegal | 3.51 | 115.00 | $403.65 |

# Exhibit Z

# Artis Attorney Fee Suit

| Name | Case No. | Date Submitted | Total | Laffey Matrix Totals |
|------|----------|----------------|-------|----------------------|
| Artis | 06-147 | 4/7/2006 | $19,589.18 | $16,226.18 |
| Bethea | 06-333 | 7/31/2006 | $14,701.78 | $8,707.98 |
| Briscoe | 06-210 | 5/30/2006 | $9,190.64 | $6,855.14 |
| Cole | 06-218 | 5/30/2006 | $4,098.49 | $3,050.69 |
| Coley | 06-417 | 9/26/2006 | $13,856.66 | $13,772.26 |
| Crawford | 06-025 | 4/28/2006 | $7,131.76 | $5,333.86 |
| Cunningham | 06-354 | 8/31/2006 | $15,631.86 | $15,472.61 |
| Fletcher | 06-518 | 10/31/2006 | $13,029.76 | $12,890.81 |
| Frye | 06-357 | 8/31/2006 | $7,902.13 | $7,826.03 |
| Gass | 06-465 | 10/13/2006 | $7,594.20 | $6,518.00 |
| Glover | 06-466 | 10/13/2006 | $9,293.91 | $8,083.61 |
| Glover | 06-491 | 10/31/2006 | $5,227.03 | $4,015.43 |
| Harris | 06-569 | 12/12/2006 | $21,738.02 | $21,467.52 |
| Holmes | 06-570 | 12/12/2006 | $11,620.10 | $9,328.05 |
| Lewis | 06-339 | 7/31/2006 | $20,689.98 | $13,201.98 |
| Lloyd | 06-521 | 10/31/2006 | $35,267.20 | $27,620.60 |
| Lowery | 06-340 | 7/31/2006 | $4,272.32 | $3,199.82 |
| Matthews | 06-295 | 6/30/2006 | $9,389.66 | $9,002.51 |
| McClure | 06-167 | 4/7/2006 | $13,439.17 | $13,364.12 |
| Quintanilla | 06-444 | 9/29/2006 | $7,622.65 | $5,699.85 |
| Ridgeway | 06-372 | 8/31/2006 | $7,198.29 | $5,939.99 |
| Shields | 06-238 | 5/30/2006 | $8,084.10 | $6,464.30 |
| Shields | 06-276 | 6/30/2006 | $4,418.97 | $3,575.27 |
| West | 05-543 | 12/5/2005 | $9,353.70 | $8,502.50 |
| Wingate | 06-479 | 10/13/2006 | $6,518.15 | $6,471.95 |
| | | | $286,859.71 | $242,591.06 |

Jeremi Glover

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/22/2006 | WD | Attended MDT/IEP @ Davis ES. | 2.00 185.00/hr | 370.00 |
| | WD | Reviewed file and prepared for meeting. | 1.00 185.00/hr | 185.00 |
| 8/23/2006 | WD | Draft letter to DCPS requesting certification.  Faxed. | 0.50 185.00/hr | 92.50 |
| 8/28/2006 | DP | Drafted letter to parent regarding hearing date for due process hearing sent from DCPS. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| 8/30/2006 | JS | Reviewed the student's educational file, prepared and send 5-day disclosure to the DCPS attorney advisor assigned to the case and the DCPS office of student hearings. | 1.50 235.00/hr | 352.50 |
| | DP | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 2.00 115.00/hr | 230.00 |
| 8/31/2006 | WD | Phone call to parent discussing meeting dates.  Called school. | 0.17 185.00/hr | 31.45 |
| 9/6/2006 | JS | Reviewed student's file, draft questions for witnesses; discussion with parent and advocate; draft opening and closing statements in preparation for due process hearing tomorrow | 2.00 235.00/hr | 470.00 |
| 9/7/2006 | JS | Conduct final review of the student's educational file, conduct last minute educational research, conduct final review of DCPS's five day disclosures, review questions for direct, possible redirect, and possible cross, review opening and closing statements, and conduct final witness preparation with the parent and educational advocate for the student's upcoming administrative due process hearing and appear at the student's administrative due process hearing. | 2.00 235.00/hr | 470.00 |
| 10/2/2006 | DP | Drafted letter to parent regarding hearing officer's determination sent to this office by DCPS. | 0.58 115.00/hr | 66.70 |
| | JS | Reviewed letter to parent | 0.08 235.00/hr | 18.80 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| | | For professional services rendered | 18.47 | $3,803.15 |

Jeremi Glover

Page    3

Additional Charges :

| | | Amount |
|---|---|---|
| 7/6/2006 | copied HR | 6.00 |
| | Fax HR to SHO | 7.00 |
| 7/28/2006 | Postage; letter to parent re: HR. | 0.63 |
| | copied letter to parent | 0.50 |
| 8/8/2006 | Facsimile Received from DCPS re: notice from SHO. | 1.00 |
| 8/15/2006 | Facsimile: letter to David ES | 2.00 |
| 8/23/2006 | Faxed to DCPS re: ltr | 3.00 |
| 8/28/2006 | Postage; Hearing notice to parent | 0.39 |
| | copied letter to parent | 0.50 |
| 8/30/2006 | Copied documents for SHO re: 5 day disclosure | 8.25 |
| | Copied documents for OGC re: 5 day disclosure | 8.25 |
| | Copied documents for SHO re: 5 day disclosure | 8.25 |
| | Copied documents for OGC re: 5 day disclosure | 8.25 |
| | Copied documents for atty re: 5 day disclosure | 8.25 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 9/7/2006 | Sedan taxi service to and from  DCPS for hearing | 16.00 |
| | Facsimile; Notice from Davis ES | 2.00 |
| 9/14/2006 | Rec'd fax from SHO; HOD | 7.00 |
| | copied HOD | 7.00 |
| 10/2/2006 | Postage; HOD w/letter to parent. | 0.63 |
| | File review preparation of bill and invoice audit | 96.88 |
| | copied letter to parent | 0.50 |
| | Total additional charges | $212.28 |
| | Total amount of this bill | $4,015.43 |

Jeremi Glover                                                      Page     4

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| David Proctor, Paralegal | 3.74 | 115.00 | $430.10 |
| James E. Brown, Attorney | 0.91 | 385.00 | $350.35 |
| John Straus, Attorney | 9.32 | 235.00 | $2,190.20 |
| Williams Daywalt Jr., Advocate | 4.50 | 185.00 | $832.50 |

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

SHARON ARTIS, et al.

*(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

*(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)*

Tilman L. Gerald
Roxanne D. Neloms
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
(202) 742-2000

## DEFENDANTS

DISTRICT OF COLUMBIA, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

Case: 1:07-cv-00932
Assigned To : Bates, John D.
Assign. Date : 5/21/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
      Plaintiff

◉ 3 Federal Question
      (U.S. Government Not a Party)

○ 2 U.S. Government
      Defendant

○ 4 Diversity
      (Indicate Citizenship of
      Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/
      Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ C. Administrative Agency
      Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If
        Administrative Agency is Involved)

○ D. Temporary Restraining
      Order/Preliminary
      Injunction

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
        defendant
☐ 871 IRS-Third Party 26
        USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
        of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
        Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
        Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
        Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
        Exchange
☐ 875 Customer Challenge 12 USC
        3410
☐ 900 Appeal of fee determination
        under equal access to Justice
☐ 950 Constitutionality of State
        Statutes
☐ 890 Other Statutory Actions (if
        not administrative agency
        review or Privacy Act

③

(DC TWICE)

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriated Public Education

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE 5/18/07    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.