# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON ARTIS,<br>Mother and Next Friend of<br>S.A., a Minor, *et al.*,<br><br>    Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.*,<br><br>    Defendants. | Civil Action No. 07-0932 (JDB) |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

The Defendants, by counsel, here move for partial dismissal of the May 21, 2007, Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiffs (on behalf of the following 15 minors[1]—S.A.; R.B.; B.B.; D.C.; E.C.; R.F.; J.G.; A.H.; N.H.; R.L.; J.L.; A.L.; M.Q.; J.S.; and A.W.) are not prevailing parties entitled to attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"), and thus their claims should be dismissed.

A memorandum of points and authorities and a proposed order are attached here.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

---

[1] In total, the Plaintiffs seek attorneys' fees and costs on behalf of 23 students. On June 18, 2007, by Praecipe, Plaintiff Terry Johnson, on behalf of the minor R.W., voluntarily dismissed with prejudice his claims in the present action. Also, this motion does not address the claims of the Plaintiffs on behalf of K.C.; A.C.; W.G.; D.M.; T.M.; J.R; or C.F.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

July 24, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARON ARTIS,<br>Mother and Next Friend of<br>S.A., a Minor, *et al.,*<br><br>    Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-0932 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

The Plaintiffs brought the present action to obtain attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"). This case is an aggregation of 24 separate claims[2] by 22[3] different plaintiffs. The Complaint asserts that each individual plaintiff was a "prevailing party" in an administrative proceeding at the District of Columbia Public Schools ("DCPS") Student Hearing Office under the IDEIA, and that reimbursement of related attorneys' fees and costs is required.

---

[2] Plaintiffs Jerome and Kia Glover seek fees for two hearing officer decisions regarding J.G., and Plaintiff Michelle Hood seeks fees for two hearing officer decisions regarding J.S. Thus, the Defendants here seek to dismiss 17 claims by this motion.
[3] *See* Footnote 1.

In the aggregate, the Plaintiffs here seek an award of $242,591.06 in attorneys' fees and costs.[4]  Moreover, the Plaintiffs further demand an additional award of attorneys' fees and costs in connection with this judicial proceeding.

For the reasons set forth below, the Defendants' Motion for Partial Dismissal of the Complaint must be granted.

## THE IDEIA

Under the IDEIA, disabled students are entitled to a free, appropriate public education ("FAPE").  20 U.S.C § 1412(a)(1).  Once a student is suspected of a disability, the school system (local education agency) must determine whether that child is eligible to receive special education and related services.  20 U.S.C § 1414(a).  A multidisciplinary team ("MDT"), consisting of the student's parents, teachers, and other educational specialists, meet and confer in a collaborative process to consider relevant functional, developmental and academic information about the student to determine eligibility.  20 U.S.C § 1414(b).

If the student is deemed eligible, the team then will create an individualized education program ("IEP") designed to provide the student with a FAPE.  20 U.S.C. §1414(d)(1)(B).  The IEP is the written statement from the meeting that includes, among other things, goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered, and criteria for evaluating whether instructional objectives are being met.  20 U.S.C. §1414(d)(1)(A); 20 U.S.C. § 1401(14).  The IEP team also must make decisions regarding the student's educational placement.  20 U.S.C. § 1412(a)(5)(A).

---

[4] The Defendants do not here address the reasonableness of each fee request.

Should the parent disagree with a determination of an IEP team, he or she may seek a due process hearing. 20 U.S.C. § 1415(c)(2) and (f). If a party prevails at a due process hearing, the court may award attorneys' fees and costs to that party. 20 U.S.C. § 1415 (i)(3)(B)

## ARGUMENT

**I.    Standards for dismissal, pursuant to Fed. R. Civ. P. 12(b)(6).**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the court has jurisdiction. *District of Columbia Retirement Board v. United States,* 657 F. Supp. 428, 431 (D.D.C. 1987). Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he or she is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief").

In reviewing the sufficiency of a complaint pursuant to Rule 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41-56-46 (1957) and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts, or legal conclusions framed as facts. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because the Plaintiffs have attached exhibits to their Complaint, the Court may consider those materials in ruling on a Rule 12(b)(6) motion. *Messerschmidt v. United*

*States*, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)( motion to dismiss was not converted

to motion for summary judgment when attached thereto were prior court opinions relating

to the allegations in the complaint and which were matters of public record.); *Abbey v.*

*Modern Africa One, LLC*, 2004 U.S. Dist. LEXIS 2392, *605 (D.D.C. 2004) ("In a

motion to dismiss, the Court may consider facts alleged in the pleadings, documents

attached as exhibits or incorporated by reference in the complaint, and matters of which

the Court may take judicial notice", *citing Baker v. Henderson*, 150 F. Supp. 2d 17, 19

(D.D.C. 2001)).

## II.    Dismissal of the complaint is required because the Plaintiffs are not "prevailing parties" entitled to attorneys' fees under IDEIA.

The IDEIA provides, in relevant part, that "[in] any action or proceeding brought

under this section, the court, in its discretion, may award reasonable attorneys' fees as

part of the costs to a *prevailing party* who is the parent of a child with a disability."

20 U.S.C. § 1415 (i)(3)(B) (emphasis added).

> Although the [IDEIA] does not define "prevailing party,"
> the Supreme Court has held that a plaintiff is a prevailing
> party for purposes of being awarded attorney's fees when
> the party has secured, *inter alia*, a judgment on the merits
> or a court-ordered consent decree. *Buckhannon Bd. and*
> *Care Home, Inc. v. W. Virginia Dep't of Health and Human*
> *Res.*, 532 U.S. 598, 603-04 (2001).

*Lopez v. District of Columbia*, 355 F. Supp. 2d 402, 403 (D.D.C. 2005).

In this jurisdiction, it is well-settled that, to be a prevailing party entitled to

attorneys' fees and costs under the IDEIA, claimants must demonstrate that they received

a favorable decision on the merits of their administrative or judicial action. *Alegria v.*

*District of Columbia*, U.S. Dist. LEXIS 16898 (D.D.C. 2002), *aff'd*, 391 F. 3d 262, 265

(2004), citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and*

*Human Resources,* 532 U.S. 598 (2001).  Further, a private settlement does not entitle a party to attorneys' fees pursuant to the IDEIA.  *Alegria,* 391 F.3d at 263, 269.

Under the IDEIA, disabled students are entitled to a free appropriate public education ("FAPE").  20 U.S.C § 1412(a)(1).  This central entitlement is the fundamental touchstone for all of the specific rights conveyed by the statute.  E.g., *Park v. Anaheim Union High Sch. Dist.*, 2006 U.S. App. LEXIS 24638, *25 (9th Cir. 2006) ("At the heart of the Act are the requirements that all disabled children receive a free appropriate public education").  The Supreme Court has held that in order to satisfy its duty to provide FAPE, a state must provide "personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." *Doe v. Alabama State Dep't of Educ.*, 915 F.2d 651, 654 (11th Cir. 1990), *citing Hendrick Hudson Cent. Sch. Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 203, (1982).  Without evidence of an actual loss of educational opportunity, there is no failure to provide a child with a FAPE.  *See Doe v. Alabama Dep't of Educ.*, 915 F. 2d 651 (11th Cir. 1990); *W.G. v. Board of Trustees of Target Range Sch. Dist.*, 960 F 2d 1479, 1484 (9th Cir. 1992); *Evans v. School Dist. 17 of Douglas County*, 841 F. 2d 824 (8th Cir. 1988); *Tice v. Botetourt County Sch. Bd.*, 908 F. 2d 1200 (4th Cir. 1990); *Alexis v. Board of Educ. for Baltimore County Pub. Sch.,* 286 F. Supp 2d 551, 558 (D. Md. 2003).

Where a hearing officer or judge determines that a FAPE is denied, the statute provides the plaintiff the right to seek relief.  20 U.S.C. § 1415(f) – (i).  If a hearing officer or judge finds a denial of a FAPE, the plaintiff is entitled to "such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(B)(iii).  And where the hearing

officer or judge makes such a finding, the plaintiff is plainly a "prevailing party," entitled

to reasonable attorneys' fees under IDEIA.

However, the contrary is also clear: where a hearing officer or judge does *not* find

that a student has been denied a FAPE, or affirmatively finds that a student has *not* been

denied a FAPE, the student and parent cannot be found to be a prevailing party.  As

indicated above, the entitlement to a FAPE is the core principle and objective of the

IDEIA—if a hearing officer has found no denial of a FAPE, then the plaintiff simply has

not prevailed.  *But see T.S. ex rel. Skrine v. District of Columbia*, 2007 U.S. Dist. LEXIS

21792 (D.D.C. 2007) (holding that, because the hearing officer ordered the plaintiff's

requested relief, the plaintiff was the prevailing party, despite the hearing officer's

finding that there had been no denial of a FAPE).

In the alternative, even when a hearing officer or judge finds that there is no

denial of a FAPE, the determination of prevailing party status requires an inquiry as to

whether the plaintiff received his or her requested relief, and if that relief was *de minimis*

or resulted in a material change to their legal relationship.  *Santamaria v. District of

Columbia,* 2007 U.S. Dist. LEXIS 8608, * 20 (D.D.C. 2007).  When a hearing officer or

judge does not find a denial of a FAPE, the plaintiff may seek attorneys' fees and costs,

"but recovery is limited."  *Abarca v. District of Columbia*, 2007 U.S. Dist. LEXIS 44039,

* 11 (D.D.C. 2007).

Further, if DCPS is only ordered to comply with "pre-existing duties," a change in

the parties' legal status has not occurred, and no fees are warranted.  *Id.*, at * 13, 15; *see

also J.K. v. Fayette County Bd. of Educ*., 2006 U.S. Dist. LEXIS 56792, * 10-11 (D. Ky.

2006) (holding that, even when some relief is ordered, "[a]n order requiring a

government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship").

Similarly, when the relief granted to a party is merely technical or *de minimis*, that party has not prevailed.  *Park*, 2006 U.S. App. LEXIS 24638, at *23-24.  In *Berger v. Medina City Sch. Dist.*, 348 F. 3d 513 (6th Cir. 2003), the Sixth Circuit affirmed a district court decision holding that, although the student had been denied a FAPE due to the inadequacy of his IEP, the plaintiffs were not entitled to attorney fees as a prevailing party because they were unsuccessful in recovering reimbursement for "the significant issue in the litigation", his private school education.  *Id.*, at 526.  By the same token, in *Linda T. v. Rice Lake Area Sch. Dist.*, 337 F. Supp. 2d 1135 (D. Wis. 2004), *aff'd*, 417 F.3d 704 (7th Cir. 2005), although the student's IEP was significantly revised, the plaintiffs lost on the placement issue, which the court concluded was the most significant issue to them, and thus, the revised IEP was "de minimis" and did not support an attorney's fee award.  Also, in *J.S. v. Lenape Regional High Sch. Dist. Bd. of Educ.,* 102 F. Supp. 2d 540 (D.N.J. 2000), the court refused to award attorney fees even though the plaintiffs succeeded in obtaining a change in the student's educational placement.  The main issue for decision was whether the school district's transfer of a learning-disabled student from one school to another within the same district, where that transfer did not effect a substantive change in the child's IEP constituted a "change in educational placement".  The court held it did not.

In the present case, the Plaintiffs—on behalf of S.A.; R.B.; B.B.; D.C.; E.C.; R.F.; J.G.; A.H.; N.H.; R.L.; J.L.; A.L.; M.Q.; J.S.; and A.W.—are not prevailing parties under the IDEIA, and therefore, are not entitled to attorneys' fees and costs.

A.    **The Plaintiffs, on behalf of S.A., R.B., B.B., D.C., R.F., J.G., A.H., R.L., J.L., A.L., M.Q., and A.W., are not prevailing parties because the hearing officers found that DCPS did not deny these students FAPEs, and because any ordered relief was either *de minimis* relief, a pre-existing duty, or correction of a <u>procedural or technical violation.</u>**

As indicated above, the claimants must demonstrate that they received *favorable* decisions on the merits to obtain attorneys' fees and costs.  Arguably, a finding by a hearing officer that DCPS did *not* deny a student a FAPE would curtail any claim the student might have to prevailing party status.  By the same token, a conclusion by a hearing officer that the claimant did *not* meet his or her burden of proof at the hearing, should also end any claims to fees.  As the HODs for S.A., R.B., B.B., D.C., R.F., J.G., A.H., R.L., J.L., A.L., M.Q., and A.W. all either hold that DCPS did not deny a FAPE, or that the claimant did not meet his or her burden of proof (or that DCPS met its burden of proof), these Plaintiffs are not prevailing parties.

Assuming *arguendo* that this Court determines that a conclusion by the hearing officer that there has been no denial of a FAPE alone does not make the plaintiff not a prevailing party, the relief ordered in these HODs were either *de minimis* relief, pre-existing duties, or corrections to procedural violations.  Thus, these Plaintiffs still cannot demonstrate that they have prevailed.

1.    <u>Student S.A.</u>

On April 7, 2006, S.A.'s counsel submitted to DCPS his Application for Payment of Attorney Fees and Costs ("Fee Request"), in which he sought $19,589.18 for legal services and costs related to prevailing in a March 22, 2006, Hearing Officer's Decision ("HOD").  Complaint, Ex. A.  S.A., however, did not prevail in that decision; in fact, the

hearing officer specifically found that DCPS sustained its burden of proof, and that DCPS did not fail to provide S.A. with a FAPE.  Complaint, Ex. A, HOD, at 5.

At issue in this matter was whether DCPS should have performed a Neuropsychological Evaluation.  *Id.*  The hearing officer concluded that, "[a] preponderance of evidence supports the contention of DCPS that a Neuropsychological Evaluation was not warranted for this student, as the student was extensively evaluated and she did not manifest any significant or traumatic brain injury."  *Id.*

While it is true that the hearing officer went on to order DCPS to fund a Neuropsychological Evaluation and to convene a follow-up meeting to discuss the results of that evaluation, he did so merely to assist the parties in better understanding S.A.'s needs—not to make up for any deficiency by DCPS.  In fact, the hearing officer did not order compensatory education,[5] despite S.A.'s request for individualized tutoring for one year.  *Id.*, at 5-6.  Therefore, the Plaintiff, on behalf of S.A., is not a prevailing party entitled to fees.

## 2.    **Minor R.B.**

On July 31, 2006, R.B.'s counsel submitted to DCPS his Fee Request, in which he sought $14,701.78 for legal services and costs related to prevailing in a July 19, 2006, HOD.  Complaint, Ex. B.  R.B., however, did not prevail in that decision; in fact, the hearing officer specifically found that DCPS sustained its burden of proof.  Complaint, Ex. B, HOD, at 3.

In the hearing request, the claimant alleged that DCPS failed to place the student at the Taft Center and to implement the student's compensatory education plan, as agreed

---

[5] Compensatory education is a judicially-created remedy in which the student is awarded services or assistive technology for a denial of a FAPE.  The goal is to bring the student's educational performance up to where it would have been had the student been receiving a FAPE all along.

to at an April 20, 2006, MDT meeting.  Complaint, Ex. B, Hearing Request, at 3.  The

claimant sought as relief additional compensatory education and a private tutor to deliver

compensatory education for the alleged delay.  *Id.*

The hearing officer declined to find that DCPS denied the student a FAPE.  He

concluded that that:

> The evidence indicates the MDT on April 20, 2006, agreed
> the student would be placed at Taft and DCPS agreed to
> attempt to expedite the new process.  DCPS made good
> faith efforts to transfer the student to Taft and has secured
> placement for SY 2006-2007.  The student's IEP was
> implemented at Hart for the remainder of SY 2005-2006
> when the student attended school.  However, his attendance
> was sporadic.  The student's IEP does not designate
> extended school year (ESY) services.  The student was not
> significantly harmed by the placement at Taft not being
> effectuated prior to the end of SY 2005-2006, and there
> was no denial of FAPE.  The student is not entitled to any
> additional compensatory education.

Complaint Exhibit B, HOD, at 3.  He then went on to order DCPS to do exactly what it

already agreed to do at the April 20, 2006, meeting—and specifically opted not to award

additional compensatory education.  *Id.*  Any ordered relief was merely an articulation of

DCPS' pre-existing duties; thus, the Plaintiff, on behalf of R.B., is not a prevailing party

entitled to fees.

### 3.    **Minor B.B.**

On May 30, 2006, B.B.'s counsel submitted to DCPS his Fee Request, in which

he sought $9,190.64 for legal services and costs related to prevailing in a May 4, 2006,

HOD.  Complaint, Ex. C.  B.B., however, did not prevail in that decision; rather, the

hearing officer specifically found that DCPS sustained its burden of proof, and that DCPS

did not fail to provide B.B. with a FAPE. Complaint, Ex. C, HOD, at 4. Further, the

hearing officer held that "DCPS is the prevailing party [in] this matter." *Id.,* at 5

At issue in this matter was whether DCPS failed to conduct a clinical

psychological evaluation, as recommended by the evaluator in a psycho-educational

evaluation, and as requested by the Plaintiff's counsel, and whether DCPS failed to issue

a prior notice with regard to the clinical psychological evaluation. *Id.*, at 4-5. The

hearing officer found that DCPS was not obligated to conduct the evaluation, and that

there was no evidence that DCPS should have issued a prior notice. *Id.* The hearing

officer then went on to order an MDT meeting to review B.B.'s evaluations and

determine eligibility, as DCPS already was required to do. *Id.,* at 5. Notably, the hearing

officer did not order DCPS to complete the subject evaluation, did not order an interim

private placement at DCPS' expense or award compensatory education, as requested by

the Plaintiff. Complaint, Ex. C, Hearing Request, at 8-11.

Thus, the relief given in the HOD is clearly *de minimus* relief and also a pre-

existing obligation, and the Plaintiff, on behalf of B.B., is not a prevailing party.

### 4.    Minor D.C.

On September 29, 2006, D.C.'s counsel submitted to DCPS his Fee Request, in

which he sought $13,856.66 for legal services and costs related to prevailing in a

September 20, 2006, HOD. Complaint, Ex. E. D.C., however, did not prevail because

the hearing officer specifically held that the Plaintiff did not meet her burden of proof,

and that DCPS did not deny D.C. a FAPE. Complaint, Ex. E, HOD, at 6-7.

While the hearing officer did order DCPS to convene an MDT meeting to

discuss placement, he did so not based on any wrong-doing by DPCS, but because the

Plaintiff presented "critical" information about the student and his current placement which was never disclosed to DCPS before.  The hearing officer found that the student had been the "target of substantial and continual student abuse, which resulted in behavioral outbursts and chronic absenteeism."  *Id*., at 6.  The hearing officer also concluded that:

> … the Psychiatric Evaluation cited the fact that the present school of attendance, Brown JHS had a significant negative impact on the student.  However, it is noted that DCPS was never privy to this evaluation; therefore, this information was unknown to DCPS, as the educational advocate for the student indicated that he did not timely provide this document to DCPS.  Under this set of circumstance, DCPS did provide the student a free appropriate public education (FAPE).  Notwithstanding, DCPS shall be ordered to reconvene a MDT placement meeting to discuss and determine an appropriate educational placement consistent with the recommendations of the Psychiatric Evaluation.

Complaint, Ex. E, HOD, at 7.

When new information about a student comes to light that may have a significant effect on the student's special education needs, DCPS is obligated under the IDEIA to convene a meeting to discuss that change.  As such, DCPS had a pre-existing duty to convene a meeting to discuss the Psychiatric Evaluation and the situation at D.C.'s current placement.  The hearing officer did not award a private placement or compensatory education, as requested by the Plaintiff.  Complaint, Ex. E, Hearing Request, at 7-9.

Thus, the Plaintiff, on behalf of D.C., received nothing more than what DPCS was obligated to do, and is not a prevailing party entitled to fees.

5.    **Student R.F.**

On October 31, 2006, R.F.'s counsel submitted to DCPS his Fee Request, in which he sought $13,029.76 for legal services and costs related to prevailing in an October 18, 2006, HOD.  Complaint, Ex. H.  R.F., however, did not prevail in that decision; rather, the hearing officer specifically found that DCPS did not fail to provide R.F. with a FAPE, and that the Plaintiff did not meet her burden of proof.  Complaint, Ex. H, HOD, at 3, 7.

At issue in this matter was whether DCPS denied the student a FAPE when it failed to perform R.F.'s triennial re-evaluation and IEP review.  *Id.*  While the hearing officer did find that DCPS failed to perform two assessments, he also found that the failure was merely procedural and did not harm the student because his current IEP is for full-time special education services and is being implemented, and was not challenged as inappropriate by the Plaintiff.  *Id.,* at 4-7.  The hearing officer then went on to order DCPS to perform the two evaluations, and convene a meeting to discuss the results of those evaluations.  *Id.,* 7-8.  DCPS had a pre-existing duty to perform those assessments, and the HOD ordered nothing more.  The hearing officer did not order DCPS to fund independent assessments (unless it failed to timely perform the assessments), place R.F. in a private school or provide him with compensatory education, as requested by the Plaintiff.  Complaint, Ex. H, Hearing Request, at 4-5.

As such, the Plaintiff, on behalf of R.F., is not a prevailing party entitled to fees.

6.     **Student J.G.**

i.     **August 9, 2006, HOD**

On October 13, 2006, J.G.'s counsel submitted to DCPS his Fee Request, in which he sought $9,293.91 for legal services and costs related to prevailing in an August 9, 2006, HOD.  Complaint, Ex. K.  J.G., however, did not prevail in that decision; rather, the hearing officer specifically found that DCPS did not fail to provide J.G. with a FAPE, given that the requested MDT meeting could convene during the summer and would not result in the loss of educational benefit.  Complaint, Ex. K, HOD, at 2.  DCPS agreed to convene a meeting to review and revise the student's IEP, and the hearing officer ordered that meeting.  *Id.*  Given that DCPS had tried to convene the meeting in early June, but could not do so due to the absence of a special education teacher, it was clearly aware of its duty to hold a meeting.  *Id.,* at 2. The HOD ordered only *de minimis* relief, which was already a pre-existing duty of DCPS.  Thus, the Plaintiff, on behalf of J.G., is not a prevailing party.

ii.     **September 14, 2006, HOD**

On October 31, 2006, J.G.'s counsel submitted to DCPS his Fee Request, in which he sought $5,227.03 for legal services and costs related to prevailing in a September 14, 2006, HOD.  Complaint, Ex. L.  J.G., however, did not prevail in that decision; rather, the hearing officer specifically found that DCPS sustained its burden of proof, and that DCPS provided J.G.. with a FAPE.  Complaint, Ex. L, HOD, at 5.

At issue in this matter was whether DCPS timely implemented the student's Compensatory Education Plan.  *Id.*, at 3.  The hearing officer concluded that DCPS *did* implement the student's Plan by providing occupational therapy sessions to J.G.  *Id.*, at 5.

The services had not been completed because the therapist and J.G. missed several sessions, but the Plan had no deadline for completion.  *Id.*, at 5.  While the hearing officer did order DCPS to resume occupational therapy sessions, this order was merely a reiteration of DCPS' pre-existing (and undisputed) obligation.  *Id.*  Thus, the Plaintiff, on behalf of J.S, is not a prevailing party entitled to fees.

### 7.   Student A.H.

On December 12, 2006, A.H.'s counsel submitted to DCPS his Fee Request, in which he sought $21,738.02 for legal services and costs related to prevailing in a November 28, 2006, HOD.  Complaint, Ex. M.  A.H., however, did not prevail in that decision; rather, the hearing officer merely ordered *de minimis* relief.  Complaint, Ex. M, HOD, at 3.  Notably, the hearing officer did not make a finding with regard to a denial of a FAPE.  *Id.*, at 1-3.

At issue in this matter was whether DCPS failed to implement A.H.'s Compensatory Education Plan.  *Id.*, at 2.  There was no dispute that DCPS owed one-on-one tutoring as the remaining compensatory education due to A.H.  *Id.*, 3.  Because the student transferred to the Moten Center, Moten required additional time to set up the tutoring at the student's house, and informed the hearing officer that it could do so within two weeks of the hearing.  *Id.*  As such, the hearing officer ordered DCPS to do so.  *Id.*  Because this was a pre-existing duty, and because the relief ordered was *de minimis*, the Plaintiff, on behalf of A.H., is not a prevailing party entitled to fees.

### 8.   Student R.L.

On July 31, 2006, R.L.'s counsel submitted to DCPS his Fee Request, in which he sought $20,689.98 for legal services and costs related to prevailing in a July 25, 2006,

HOD.  Complaint, Ex. O.  R.L., however, did not prevail in that decision; rather, the

hearing officer specifically found that DCPS sustained its burden of proof.  Complaint,

Ex. O, HOD, at 4-5.

At issue in this matter was whether DCPS provided R.L. with an appropriate

placement, and if DCPS failed to provide the Plaintiff with IEP reports.  *Id.*, at 4.  The

hearing officer found that the Moten Center could implement the student's IEP, and that

with a dedicated aide, may be able to address his behavioral issues.  *Id.*  He also held that

DPCS provided the Plaintiff with the student's IEP reports, and would have made them

available to her sooner at parent/teacher conferences, but that the she had not attended the

conferences.  *Id.*  The hearing officer then ordered DCPS to provide a dedicated aide for

the 2006-2007 SY, to convene a meeting to discuss the student's behavior with the

dedicated aide and to provide compensatory education if warranted from April 19, 2006,

until the end of the 2005-2006 SY, when no dedicated aide was provided.  *Id.*

As DCPS already agreed to provide R.L. with a dedicated aide, this relief is

merely an articulation of DCPS' pre-existing obligations.  And as the period for the

compensatory education award was only for about a month, this award is *de minimis*.

Thus, the Plaintiff, on behalf of R.L., is not a prevailing party entitled to fees.

### 9.    Student J.L.

On October 31, 2006, J.L.'s counsel submitted to DCPS his Fee Request, in which

he sought $35,267.20 for legal services and costs related to prevailing in a October 25,

2006, HOD.  Complaint, Ex. P.  J.L., however, did not prevail in that decision; rather, the

hearing officer specifically found that the Plaintiff did not sustained her burden of proof,

and that DCPS did not fail to provide J.L. with a FAPE.  Complaint, Ex. P, HOD, at 5.

At issue in this matter was whether DCPS evaluated the student in all areas of suspected disabilities. *Id.* The hearing officer concluded that all warranted evaluations were completed but were temporarily inaccessible due to a storm that flooded the Marshall Center. *Id.,* at 4-5. The hearing officer then ordered DCPS to provide the Plaintiff with an Assessment Questionnaire, and ordered the Plaintiff to immediately complete the Assessment Questionnaire. *Id,* at 5. He also ordered DCPS to convene a meeting to review all of the current evaluations and revise the student's IEP as warranted. *Id.*, at 6.

The relief ordered by the hearing officer is *de minimis* and also merely articulated a pre-existing duty. DCPS was not ordered to conduct additional evaluations or to fund independent evaluations. DCPS was only ordered to consider the current evaluations and convene a meeting—a pre-existing obligation under the IDEIA.[6] Further, the completion of the Assessment Questionnaire is *de minimus* relief. As such, the Plaintiff, on behalf of J.L., is not a prevailing party entitled to fees.

### 10.    Student A.L.

On July 31, 2006, A.L.'s counsel submitted to DCPS his Fee Request, in which he sought $4,272.32 for legal services and costs related to prevailing in a July 20, 2006, HOD. Complaint, Ex. Q. A.L., however, did not prevail in that decision; rather, the hearing officer specifically found that DCPS sustained its burden of proof, and that "DCPS is the prevailing party in this matter." Complaint, Ex. Q, HOD, at 5-4.

At issue in this matter was whether DCPS denied A.L. a FAPE when it failed to conduct a vocational assessment and develop and include transition goals in the student's

---

[6] Apparently, the flood prevented DCPS from having access to the evaluations, and therefore it could not convene a meeting to discuss those evaluations.

IEP after he turned 16 years old.  *Id.,* at 2.  The hearing officer determined that, while there was a technical violation, the student was not denied a FAPE.  *Id.*  The Plaintiff filed her Hearing Request just days after he turned 16.  *Id.*, at 3.

Although the hearing officer ordered DCPS to conduct a vocational assessment and convene a MDT meeting, this was the only relief he granted.  *Id.*, at 4.  The Plaintiff did not receive compensatory education, a behavioral assessment or funding of independent vocational assessments, as she requested.  Complaint, Ex. Q, Hearing Request, at 4-7.  The hearing officer found that DCPS promptly offered to perform the assessment and to amend his IEP accordingly.  Complaint, Ex. Q, HOD, at 4.  Given that the hearing officer ordered no more than what DCPS was willing to do—and what DCPS had a pre-existing duty to do in any event—the ordered relief is *de minimis*.  Thus, the Plaintiff, on behalf of A.L., is not a prevailing party entitled to fees.

### 11.     Student M.Q.

September 29, 2006, M.Q.'s counsel submitted to DCPS his Fee Request, in which he sought $7,622.65 for legal services and costs related to prevailing in an August 29, 2006, HOD.  Complaint, Ex. T.  M.Q., however, did not prevail in that decision; rather, the hearing officer specifically found that DCPS sustained its burden of proof with regard to the appropriateness of the student's placement, and that DCPS did not fail to provide M.Q. with a FAPE, despite a technical violation regarding parental participation. Complaint, Ex. T, HOD, at 6-7.  Also at issue, was whether DCPS could implement the tutoring hours awarded in the student's Compensatory Education Plan with all group tutoring.  *Id.,* at 7.  The Plaintiff preferred half of the tutoring to be one-on-one, and the other half of the tutoring to be in a group setting.  *Id.,* at 7.  The entitlement to

compensatory education and the 130 hours of tutoring was not in dispute. *Id.*  The hearing officer concluded that the 65 hours of group tutoring, and the 65 hours of one-on-one tutoring was the better plan. *Id.*

The hearing officer ordered DCPS to convene an MDT meeting to discuss with the parent the student's new placement, and also ordered DCPS to do both one-on-one and group tutoring. *Id.,* 7-8.  He did not order DCPS to fund a private placement or fund private tutoring, as requested by the Plaintiff.  Complaint, Ex. T, Hearing Request, at 6-8.

As all of the ordered relief was *de minimis*, the Plaintiff, on behalf of M.Q., is not a prevailing party entitled to fees.

### 12.    Student A.W.

On October 13, 2006, A.W.'s counsel submitted to DCPS his Fee Request, in which he sought $6,518.15 for legal services and costs related to prevailing in a September 15, 2006, HOD.  Complaint, Ex. Y.  A.W., however, did not prevail in that decision; rather, the hearing officer specifically found that the Plaintiff did not meet her burden of proof that there was a denial of a FAPE due to the failure to convene a MDT meeting.  Complaint, Ex. Y, HOD, at 4.

The hearing officer ordered DCPS to convene a MDT meeting to discuss the student's IEP and placement and to develop a Compensatory Education Plan for delivering the agreed upon 72.25 hours of compensatory education. *Id.*, at 5.  The hearing officer did not order DCPS to fund a private placement or to fund a private tutor, as requested by the Plaintiff.  Complaint, Ex. Y, Hearing Request, at 7.

The hearing officer granted relief which was purely technical and required by law. The order was simply the hearing officer's means to assist both parties in resuming or

improving the delivery of special education services.  DCPS had a pre-existing duty to

convene a meeting to review the student's IEP under the IDEIA, and already agreed to

the compensatory education award—and the hearing officer ordered no more than that.

Thus, the Plaintiff, on behalf of A.W., is not a prevailing party entitled to fees.

**B.**    **The Plaintiffs, on behalf of E.C., N.H., and J.S.,
are not prevailing parties because they received no final
<u>decisions on the merits—only interim orders.</u>**

As indicated above, claimants must demonstrate that they received favorable

decisions on the merits of their administrative or judicial actions.  The Plaintiffs, on

behalf of E.C., N.H., and J.S., only obtained interim HODs—not final decisions on the

merits of their claims.  As such, they are not prevailing parties.

**1.**    <u>**Student E.C.**</u>

On August 31, 2006, E.C.'s counsel submitted to DCPS his Fee Request, in which

he sought $15,631.86 for legal services and costs related to prevailing in an August 7,

2006, Interim HOD.  Complaint, Ex. G.

Because the Interim HOD clearly is not a final decision on the merits of this case,

the Plaintiff, on behalf of E.C., is not a prevailing party.  The hearing officer specifically

stated that he did not make a finding with regard to whether DCPS denied E.C. a FAPE,

nor did he make a finding with regard "to a prevailing party in this matter."  Complaint,

Ex. G, Interim HOD, at 3, 4.  He then granted the parties' joint motion to continue the

hearing to "raise and resolve all issues about the form and scope of E.C.'s [July 26,

2006,] hearing request; and based on that finding, litigate any unresolved issues raised in

that hearing request."  *Id.*, at 3.  He then ordered DCPS to convene a placement meeting,

as both parties agreed that such a meeting needed to happen to ensure that E.C. would

have an appropriate placement by the start of the 2006-2007 SY. *Id.,* at 3-4. Clearly, the hearing officer made no final decision, and the Plaintiff, on behalf of E.C., is not a prevailing party.

### 2.     Student N.H.

On December 12, 2006, N.H.'s counsel submitted to DCPS her Fee Request, in which she sought $11,620.10 for legal services and costs related to prevailing in a November 13, 2006, Interim HOD. Complaint, Ex. N.

Because the Interim HOD clearly is not a final decision on the merits of this case, the Plaintiff, on behalf of E.C., is not a prevailing party. The hearing officer specifically ordered the parties to submit status reports to him within five days of the MDT meeting, and to include with the reports meeting notes, suggested findings of fact and conclusions of law "for the issuance of the final order." Complaint, Ex. N, HOD, at 4. He also ordered that "there is no prevailing party in this matter." *Id.*, at 3.[7]

While the hearing officer did order some relief in that he ordered DCPS to fund independent evaluations and convene a meeting to assess eligibility, he did so to ensure a prompt delivery of services to N.H., should she be found eligible.

### 3.     Student J.S.

On May 30, 2006, J.S.' counsel submitted to DCPS his Fee Request, in which he sought $8,084.10 for legal services and costs related to prevailing in a May 8, 2006, Interim HOD. Complaint, Ex. V. Then, on June 30, 2006, J.S.' counsel submitted to

_____

[7] Although it apparently went outside of the scope of the hearing request, the hearing officer, believing that *both* DCPS and the student's counsel may have impeded N.H.'s status, he ordered some relief. Complaint, Ex. N, at 3. Further, the hearing officer concluded that the student's counsel failed "to properly identify or comprehensively identify the possible violation." *Id.* In other words, N.H.'s counsel may have contributed to any injury N.H. suffered, and did not properly allege her claims in the Hearing Request. As both parties might be responsible for any injury to N.H., arguably no party has prevailed.

DCPS his Fee Request, in which he sought $4,418.97 for legal services and costs related

to prevailing in the subsequent June 20, 2006, Interim HOD.[8]  Complaint, Ex. W.

J.S., however, did not prevail in either Interim HOD because neither decision was

a final decision on the merits.  Complaint, Ex. V, HOD, at 1; Ex. W, at 1.  The hearing

officer specifically stated in his first interim decision that "[t]he issue of whether DCPS

failed to evaluate [J.S.] … is reserved until after [the] hearing is reconvened on June 5,

2006 … ".  Id., at 2.

In the second interim decision, the HO stated that:

> As a result of Petitioner's failure to obtain the evaluation
> reports in time for the June 5, 2006 MDT meeting which
> was scheduled on April 28, 2006, the issues presented in
> Petitioner's hearing request can not be resolved by an
> Order granting the relief requested and the meeting which
> this hearing officer anticipated completion of June 5, 2006
> must be convened during the summer.

> There is no finding of fact with respect to a denial of FAPE
> since no evaluations were presented to determine when
> DCPS should have been on notice of an alleged disability
> pursuant to childfind.

Complaint, Ex. W, HOD, at 3.

The second interim decision was the direct result of the petitioner's failure to

complete the independent evaluation reports in time for the MDT meeting in June, and

because student's counsel did not inform the hearing officer or DCPS that the evaluations

would not be completed.  Complaint, Ex. V, HOD, at 2-3.

Should this Court determine that the second decision was not an interim decision,

given that no further hearing was scheduled, this Court still should find that the Plaintiff,

---

[8] Apparently, the HOD was issued on June 12, 2006, without page 1.  Complaint, Ex. V.  Then, a revised
HOD was issued on June 20, 2006, which was identical to the first but included page 1.  The Defendants
here cite only to the complete decision.

on behalf of J.S., is not a prevailing party.  The claimant did not meet her burden at the

hearing.  While the hearing officer did go on to order DCPS to convene another eligibility

meeting (and if the student is found eligible to develop an IEP, as well as develop a

compensatory education plan if warranted), the hearing officer did not find a denial of a

FAPE because of the claimant's failure to complete the evaluations, as explained above.

*Id.*, at 3.

## **CONCLUSION**

For the reasons above, the Plaintiffs, on behalf of S.A.; R.B.; B.B.; D.C.; E.C.;

R.F.; J.G.; A.H.; N.H.; R.L.; J.L.; A.L.; M.Q.; J.S.; and A.W., are not prevailing parties

entitled to attorneys' fees and costs under the IDEIA, and this Court should dismiss their

claims with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
July 24, 2007                    E-mail: Eden.Miller@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARON ARTIS,<br>Mother and Next Friend of<br>S.A., a Minor, *et al.,*<br><br>    Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-0932 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the Defendants' Motion for Partial Dismissal of the

Complaint, any Opposition and Reply thereto, and the record herein, it is on this _____

day of August, 2007, hereby

    **ORDERED** that the Defendants' Motion is **GRANTED;** and it is

    **FURTHER ORDERED** that the claims of the Plaintiffs, on behalf of S.A.; R.B.;

B.B.; D.C.; E.C.; R.F.; J.G.; A.H.; N.H.; R.L.; J.L.; A.L.; M.Q.; J.S.; and A.W., are

**DISMISSED WITH PREJUDICE**.

 

                               _____

                               United States District Judge John D. Bates