IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHARON ARTIS,** ) | |
| parent and next friend of S.A., a minor ) | |
| *et. al* ) | |
| **Plaintiffs** ) | |
| ) | Civil Action No.: 07-00932(JDB) |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL**

COMES NOW, the Plaintiffs, by and through their attorneys, Domiento C.R. Hill and Roxanne D. Neloms of James E. Brown & Associates, PLLC, hereby oppose the Defendants' Motion for Partial Dismissal filed herein against them by the Defendant for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Motion for Partial Dismissal filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

_____/s/_____
Domiento C.R. Hill [MD14973]
Roxanne D. Neloms [478157]
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
***Attorneys for the Plaintiffs***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON ARTIS, )<br>parent and next friend of S.A., a minor )<br>*et. al* )<br>　　　　Plaintiffs )<br>　　　　　　　　　　　　　　　　　　) <br>v. )<br>　　　　　　　　　　　　　　　　　　)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants. )<br>　　　　　　　　　　　　　　　　　　) | Civil Action No.: 07-00932(JDB) |

### MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION IN OPPOSITION OF THE DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

COMES NOW, the Plaintiffs, by and through their attorneys Domiento C.R. Hill and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion for Partial Dismissal, represent unto this Honorable Court as follows:

### I. INTRODUCTION

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA), Plaintiffs are seeking reimbursement of reasonable attorneys' fees in twenty-five (25) claims. In its papers, the Defendants are contesting the Plaintiffs' alleged "prevailing party status" in the following claims: S.A; R.B.; B.B.; D.C.;E.C.; R.F; J.G.; A.H.; N.H.; R.L.; J.L.; A.L.; M.Q.; J.S.; and A.W. Between December 2005 and July 2006, the Plaintiffs submitted invoices to the Defendants for aforementioned fifteen (15) claims regarding reimbursement for reasonable attorneys fees in accordance with IDEA. Each of the fifteen (15) cases were submitted in conformity with the November 2004 Guidelines. The Defendants' self-imposed

guidelines detailed the payment method that special education counsel are to utilize when seeking reimbursement for reasonable attorneys fees. The Defendants claimed that after attorneys submitted Hearing Officer's Determination or executed settlement agreements, that it would attempt to address all invoices and if it failed to acknowledge receipt the of invoices submitted, then an attorney should consider his/her invoices denied. To date, the Defendants have not reimbursed the Plaintiffs nor have the Defendants provided a reasonable explanation for denying the Plaintiff's request for reimbursement of reasonable attorneys fees. By praecipe, dated August 14, 2007, the Plaintiffs voluntarily withdrew the following claims: R.B., B.B., D.C., R.L., J.L., M.Q., J.S.(ex. M), and A.W. There are eight remaining claims that Plaintiffs' assert are "prevailing parties". For the reasons that follow, the Plaintiffs respectfully request that this Honorable Court deny the Defendants' motion.

## II. <u>STANDARD OF REVIEW</u>

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). The IDEIA states that "[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

Because the Plaintiffs achieved prevailing party status at the administrative level, the Court must deny the Defendants' motion for partial dismissal as the Plaintiffs have stated a claim upon

3

which relief may be granted.

### III. ARGUMENT

#### A. PLAINTIFFS HAVE ACHIEVED PREVAILING PARTY STATUS FOR PURPOSES OF REASONABLE ATTORNEYS' FEES

In its motion for partial dismissal the Defendants note a barrage of instances of when a party has not prevailed for purposes of attorneys' fees. However, this is being done to confuse and muddy the waters regarding the clear and defined criteria used in determining whether a party has prevailed and thus, entitled to seek reimbursement of reasonable attorneys fees.

In each of the matters, each Plaintiff alleged that the Defendants have violated one or more provisions of the IDEIA and in each instance, the Plaintiff obtained some or all the relief requested in his/her administrative due process hearing request. As a result, "prevailing party" status was conferred upon each Plaintiff. In the eight challenged claims, the Plaintiffs each received some or all of the relief initially sought by way of a Hearing Officer's Determination (HOD)*. See Complaint Exhibits A, G, H, K, L, M, N, Q*. In order to be a "prevailing party entitled to attorneys' fees and costs under the IDEIA, [one] must demonstrate that [it] received a favorable decision on the merits of their administrative or judicial action." See *Alegria v. Dist. of Columbia*, U.S. Dist. LEXIS 16898 (D.D.C. 2002). To demonstrate that it obtain a favorable decision on the merits, a prevailing party must comply with the clear and defined criteria are set forth in *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005).

Corresponding with the principles of the *Buckhannon* three prong test, Judge Edwards, articulated that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a

claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)). Thus, "prevailing party" status will be conferred upon each of the Plaintiffs if a change in the legal relationship occurred between the Plaintiff and the Defendant. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

Furthermore, it isn't necessary for a Plaintiff to obtain all the relief initially sought at the administrative level, it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees." *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).

In addition, a hearing officer's finding on an issue or lack thereof is not controlling on the issue of whether a party prevailed for purpose of reasonable attorney fees. See *T.S v. District of Columbia*, Civil Action No. 05-00861 (HHK) (finding that prevailing party status can still be achieved in circumstances where a hearing officer orders the relief sought by a plaintiff and then decides there has been no denial of FAPE) (further quoting *Medford, v. Dist of Columbia*, 691 F. Supp. at 1479(noting that a "specific finding by a hearing officer on which party prevailed is not a prerequisite to an award of attorneys' fees, since what is required is success on the merits- that is achievement of the Plaintiff's objectives).

5

Thus, for purposes of awarding attorney fees the focus of the prevailing party inquiry is whether the relief obtained by the Plaintiff materially altered the legal relationship of the parties by modifying the defendant's behavior in a way the directly benefits the plaintiff. See *Bridgeforth v. Dist of Columbia*, 933 F. Supp. That is to say, was the Defendant ordered to undertake a position it had otherwise refused to do that benefitted the student. See *P.N., an infant, individually and by its parent and legal guardian; M.W., Appellants v. Clementon Board of Education*, 45 IDELR 148, (3rd Cir. 2006).

### a. Sharon Artis, Parent and next friend of S.A., a minor, is a prevailing party.

Sharon Artis, parent and next friend of S.A., a minor, alleged in January 3, 2006 administrative due process hearing request, that S.A. had been denied access to free and appropriate education when DCPS failed to complete a neuropsychological evaluation. As relief sought, the parent requested an independent neuropsychological. At an August 2005 MDT/IEP meeting, members of the MDT agreed that S.A. required a neuropsychological evaluation. At the time of the filing of the hearing request, four months had past and no evaluation had been completed. The March 22, 2006 Hearing Officers Determination authorized the parent's independent neuropsychological evaluation at DCPS' expense.

The Defendants assert that S.A. is not a prevailing party because the hearing officer found that DCPS sustained its burden and further concluded that S.A. had no been denied FAPE. However, S.A. is a prevailing party because she sought and was awarded an independent neuropsychological. A finding regarding the denial of FAPE is not necessary as DCPS was ordered to undertake an action it was required to do. The parent's primary objective was to obtain a neuropsychological and she did.

### b. Lisa Fletcher, Parent and next friend of R.F., a minor, is a prevailing party.

Lisa Fletcher, parent and next friend of R.F., alleged in an August 7, 2006 Hearing Request that DCPS denied R.F. access to FAPE when it failed to complete his triennials, more specifically, a Vineland and vocational assessment. Evidence of record indicates that DCPS never completed the evaluation. In the October 18, 2006 HOD, the Hearing Officer ordered DCPS to complete the evaluations within in 30 calendar days and if DCPS failed to comply, the parent had the option of obtaining them at public expense. The hearing officer determined that DCPS' failure to complete the assessments was merely a procedural violation that did not deny R.F. FAPE. As previously noted the hearing officer finding on an issue or lack thereof is not controlling. See *Skrinne,* supra. R.F. is a prevailing party because DCPS was ordered to undertake action that it was required to do, complete evaluations.

### c. Mary Jane Faltz-Harris, Parent and next friend of A.H., a minor, is a prevailing party.

Mary Jane Faltz-Harris, parent and next friend of A.H, a minor alleged in a September 27, 2006, that DCPS failed to provide A.H. with compensatory education. DCPS owed A.H. more than 255 hours of specialized instruction and 8.5 hours of counseling services. By the time the hearing took place on November 27, 2006, DCPS had not yet begun to provide one on one tutoring to the student. The Hearing Officer ordered DCPS to begin one on one tutoring to A.H. by December 15, 2006. The parent was then authorized to seek independent tutoring if the DCPS failed to begin services on the 15th of December.

The Defendants argue that the relief awarded on behalf of A.H. is *de minimus* and that

DCPS had a preexisting duty[1] to complete compensatory education services for A.H. This argument fails because DCPS' failure to provide and continue compensatory education services to A.H. resulted in a continuous denial of FAPE, thereby, a new and actionable claim. Thus, when the hearing officer ordered DCPS to begin providing A.H. compensatory services by a date certain, DCPS' behavior had been modified in manner that provided A.H. with educational benefit. The hearing officer's failure to determine that A.H. had been denied FAPE, did not foreclose A.H.'s entitlement to "prevailing party" status, since the parent's primary objective was to have DCPS continue and complete A.H.'s compensatory education services.

### d. Jerome and Kia Glover, Parents and next friend of J.G., a minor, is a prevailing party.

Jerome and Kia Glover, parents and next friends of J.G., a minor alleged in a July 3, 2006 hearing request that DCPS failed to implement J.G.'s compensatory education plan, whereby DCPS owed J.G. twenty-five (25) hours of speech language and thirty-three hours (33) of occupational therapy services. DCPS was ordered to immediately resume providing occupational services to J.G. and in the event DCPS missed three consecutive services, the parent had the authorization seek an independent therapist. Again DCPS' behavior was modified in manner that provided a direct

---

[1] The Defendant argues that in instances where DCPS is only ordered to comply with "pre-existing duties", a material alteration failed to occur between the parties and therefore, one can not be said to become a prevailing party. In support of this contention, the Defendant's cite, *J.K.., by his next friend, H.M.., his mother v. Fayette County Board of Education,* 2006 U.S. Dist. Lexis 56792, (D. Ky. 2006). In that case, the court determined that the parent was unable to recover attorney fees because the ruling failed to create any new obligations for the district, the district was instructed to take action it was already required to perform. Judge Coffman stated that an "order requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties legal relationship." Blacks Law Dictionary defines a pre-existing duty as " a common law rule which holds that where a party does or promises to do what he or she is already legally obligated to, there exists no sufficient consideration to support this new promise." *See Blacks Dictionary. J.K.* in inapposite to the matters present before the Court. A close review of *J.K.* reveals that the school district in good faith convened on the student's behalf on several occasions prior to the parent filing for a due process hearing. In *J.K.*, the school district had already promised to hold a MDT meeting for the student and further scheduled a date certain to address future concerns. Notwithstanding, the parents agreement to participate in the future, she filed a due process hearing request seeking among other things a meeting to address her concerns. Thus, following the basic tenets for a "prevailing party", the parent in that matter did not prevail on the merits of her case. The school district was not ordered to undertake an action that it had refused to do. In each of the claims at bar, DCPS has been ordered to undertake an action that it refused to do, a modification of its behavior, thereby making each claimant a prevailing party.

educational benefit to the student, thus a material alteration occurred.

Additionally, in a June 2006 hearing request, the parents alleged that J.G. had been denied FAPE DCPS failed to convene a MDT meeting upon parental request. DCPS and the parent agreed to convene the meeting on June 6, 2006 and on the date of the meeting, DCPS could not move forward because the special education teacher failed to show up for the meeting. The hearing officer ordered DCPS to convene the MDT meeting to address the parent's concerns with the IEP. DCPS' behavior was modified to assist the student.

### e. Antoinette Keys, Parents and next friend of A.L., a minor, is a prevailing party.

Antoinette Keys, parent and next friend on minor A.L. alleged in April 28, 2006 administrative due process hearing request alleged that A.L. had been denied access to FAPE because DCPS failed to include transitions goals in A.L.'s IEP and further failed to complete a vocational assessment. As relief, the parent sought a vocational assessment and a MDT/IEP meeting to review and revise the IEP upon receipt of the assessment. The HOD ordered DCPS to complete the vocational assessment within forty-five (45) days and authorized the parent to seek an independent vocational upon the DCPS's failure to complete the vocational. The Defendant argues that A.L. is not a prevailing party because the hearing officer determined that A.L. had not been denied access to FAPE, and further that the Plaintiff had not obtained all of the relief sought. However, contrary to the Defendants' argument, A.L. did receive all the relief initially sought, all that is required is a material alteration of the parties legal relationship. In this matter, DCPS was ordered to complete a vocational evaluation and to convene a MDT/IEP Meeting to review the evaluation and to revise and update the student's IEP accordingly. The order went on to provide the parent the opportunity to obtain the evaluation independently in the event the Defendants failed

to complete the evaluation, which the parent ultimately had to do.

In the aforementioned cases, each Plaintiff achieved "prevailing party" status because in each instance, DCPS had been ordered to undertake an action it failed to do. The Plaintiffs have each demonstrated that they obtained favorable decisions on the merits of their respective claims and a change in the legal relationship of the plaintiffs and the defendants. Therefore, based on the foregoing the Court find that the Plaintiffs have stated a legal claim upon which relief can be granted.

### B. E.C, AND N.H. ARE PREVAILING PARTIES AND ARE ENTITLED TO ATTORNEYS FEES IN ACCORDANCE WITH THE IDEIA.

In both cases, E.C. and N.H., the Hearing Officer issued "Interim Orders" ordering the Defendant to provide the Plaintiffs with the relief sought in the form of an interim order. In the matter of E.C., based on the hearing record, the hearing officer ordered DCPS to convene a MDT/IEP meeting to address E.C.'s placement needs. The hearing officer then continued the matter so that additional issues raised in the administrative due process hearing request could be resolved by original hearing officer. In the matter of N.H., the hearing officer ordered DCPS to complete both a psycho educational and an occupational therapy evaluation. As relief, the parent sought an occupational therapy and any other evaluation, the hearing officer deemed appropriate. As interim relief, the Hearing Officer granted the parent's request. ***See Exhibits G. & N.***

It is of no consequence that the Hearing Officer ordered the relief sought in the form of an Interim Order. See *J.O., on behalf of C.O., and J.O. v. Orange Tp. Bd. Of Educ.*, 287 F.3d 267 (3d Cir. 2002)(holding that where a party obtains favorable interim relief they may be entitled to prevailing party status as long as the interim relief granted derived from a determination on the merits); see also *K.R. ex rel. M.R. v. Board of Educ. of Brentwood Union Free School Dist.*, 66 F.

Supp. 2d 444, 139 Ed. Law Rep. 435(E.D.N.Y 1999)(holding that where only interim relief is obtained in a proceeding to enforce rights under the Individuals with Disabilities Education Act (IDEA), a plaintiff will be considered a prevailing party and thus entitled to award of attorney fees if the relief is the result of an assessment of the merits of the claim); see also *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)(stating that no automatic denial of attorneys' fees merely because only interim relief is obtained).  In each instance, the Plaintiffs obtained success on significant issues and after a hearing on the merits, the hearing officer ordered each Plaintiff relief.  Thus, "prevailing party" status is thereby conferred upon the Plaintiffs.

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court deny the Defendants' Motion for Partial Dismissal and make a finding that the Plaintiffs' claims withstand a 12(b) (6) claim.  *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

_____/s/_____
Roxanne D. Neloms Bar No.  478157
Domiento C.R. Hill [MD 14973]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 2000
(202)742-2000
***Attorneys for Plaintiffs***

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: _Anthony Harris_    Date of Birth: June 11, 1997

Address:    1236 18th Street, NE #1 Washington, DC 20019

Present School of Attendance:   Webb Elementary School

    Is this a charter school? No    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Mr. Anthony Harris and Mrs. Mary Jane Faltz-Harris

Address (if different from the student's above): _____

## B. Legal Representative/Attorney:

Name: Christopher West, L...

Address: 1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098    (e-mail) _____

Will attorney / legal representative attend the resolution session?    X Yes         ☐ No

C.  **Complaint Made Against (check all that apply):**

X DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

D.  **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

E.  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

F.  **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

  1.  **Failure to Implement the IEP and Provide Compensatory Education Services**
Pursuant to 34 CFR Sec.300.323 of the Individuals with Disability Education Improvement Act (IDEIA), the District of Columbia Public Schools shall have in effect the student's IEP.

DCPS convened a MDT/IEP meeting on May 10, 2006, and classified Anthony as having multiple disabilities and recommended 31.75 hours of related services in specialized instruction, occupational therapy, and psychological counseling. During the meeting, the IEP team recommended compensatory education services consisting of 255 hours of specialized instruction and 8.5 hours of counseling. The compensatory education hours were to be provided in the form of summer school and one on one tutoring.

2

Ms. Harris became ill during the summer of 2006, therefore, Anthony did not complete the summer school program. Accordingly, the parent submitted correspondence to DCPS providing notice that DCPS did not complete the compensatory education services during the summer program. Additionally, the parent requested copies of the service provider logs detailing the amount of compensatory education services provided to Anthony. To date, Anthony continues to struggle academically and DCPS has yet to provide the recommended compensatory education services.

II **Issues presented**

1. Whether DCPS violated the IDEIA by failing to implement the compensatory education provisions of the student's IEP?

2. Whether DCPS failed to provide Anthony with the recommended compensatory education services?

III. **To the extent known to you at this time, how can this problem be resolved?**

1. DCPS shall fund an independent tutor to provide the remaining compensatory education services in the form of one on one tutoring;

2. DCPS shall convene an MDT/IEP meeting, review all evaluations, and, if necessary, draft a new IEP;

3. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

4. DCPS shall provide parent a copy of all service provider logs detailing the amount of compensatory education services provided to the student;

5. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

6. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

8. That DCPS within ten (10) calendar days of the filing of this complaint, provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-

3

2097 or 202-742-20~~, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

9. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

10. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, respond to the Complainant's request alleging any insufficiency of notice;

11. That DCPS' failure to comply with 34 CFR Sec.300.508(d) and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

12. That DCPS, pursuant 34 CFR Sec.300.510(a), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

13. That DCPS, pursuant to 34 CFR Sec.300.510, convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

14. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to 34 CFR Sec.300.510 constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

H.  Signature: _[signature]_

Legal Representative / Advocate (if applicable)        September 27, 2006
                                                      Date

4