UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHARON ARTIS, <br> Mother and Next Friend of <br> S.A., a Minor, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, *et al.,* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 07-0932 (JDB) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT**

**INTRODUCTION**

On July 24, 2007, the Defendants, by counsel, moved for partial dismissal of the May 21, 2007, Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The Defendants demonstrated that the Plaintiffs, on behalf of 15 minors—S.A., R.B., B.B., D.C., E.C., R.F., J.G., A.H., N.H., R.L., J.L., A.L., M.Q., J.S., and A.W.—are not prevailing parties entitled to attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"), and thus their claims should be dismissed.

On August 14, 2007, the Plaintiffs filed a Praecipe withdrawing the claims of the Plaintiffs on behalf of eight of the 15 minors—R.B., B.B., R.L., J.L., M.Q., A.W., J.S.

(regarding the claim identified in Exhibit W, but not Exhibit V[1]), and D.C. And on August 15, 2007, the Plaintiffs' filed their Opposition to the Defendant's Motion with regard to the remaining minors—S.A., R.F., A.H., J.G., A.L, E.C., A.H., and J.S. (for the claim identified in Exhibit V only).

In sum, the parties agree that the court may award attorneys' fees and costs to prevailing parties under the IDEIA, but they dispute whether or not the Plaintiffs, on behalf of above-listed minors, are in fact prevailing parties. The Defendants here respond to the Plaintiffs' Opposition, and incorporate by reference their Motion.

## ARGUMENT

From the outset, it is important to note that the Plaintiffs fail to address the specific remaining claim of J.S.[2] in their Opposition. To that extent, it is conceded that he is not a prevailing party. Opposition, generally.[3]

As the hearing officers' decisions ("HODs") for S.A., R.F., J.G., A.H., and A.L. all hold either that DCPS did not deny a free appropriate public education ("FAPE"), or that the claimant did not meet his or her burden of proof (or that DCPS met its burden of proof), these Plaintiffs are not prevailing parties. But even if this Court believes that the Defendants must show more than just that, the Defendants' Motion demonstrates that S.A., R.F., A.H., J.G., and A.L. are not prevailing parties because of those conclusions *and because* any ordered relief was either *de minimis* relief, a pre-existing duty, or a correction of a procedural or technical violation which had not harmed the student.

---

[1] On August 28, 2007, the Plaintiffs' counsel informed the undersigned counsel that the Praecipe mistakenly identifies "Exhibit M," rather than "Exhibit W," as the claim withdrawn by the Plaintiffs with regard to J.S. (Exhibit M pertains to A.H., not J.S.). As the Plaintiffs' Opposition does not address either claim of J.S., both are conceded in any event.
[2] To avoid confusion, the Defendants will refer to the minors rather than their parents or guardians throughout this Reply.
[3] J.S. did not prevail in either interim order. Defendants' Motion, at 23-25.

Motion, at 10-22. Thus, there was no meaningful alteration of the parties' legal relationships.

The Defendant's Motion also showed that E.C., N.H., and J.S. are not prevailing parties because they received no final decisions on the merits—only interim orders. Motion, at 22-25. Further, these decisions had no conclusions about FAPE or burden of proof. Id.

In their Opposition, the Plaintiffs argue that a determination of prevailing party status depends only on whether the relief obtained materially altered the legal relationship of the parties without any other consideration or meaningful discussion on "materially altered." Opposition, at 6. The Plaintiffs also contend that S.A., R.F., A.H., J.G., and A.L. are prevailing parties simply because they received some of the relief they requested. Opposition, at 6-10. They further argue that E.C. and N.H. prevailed on the merits, although the hearing officers in both instances issued only interim orders. Id., at 10-11.

The Defendants now will address the Plaintiffs' arguments with regard to each student.

### **Minor S.A.**

The Plaintiffs argue that S.A. prevailed at her administrative hearing simply because the hearing officer ordered DCPS to fund an independent neuropsychological evaluation. Opposition, at 6. This position ignores the context of that relief. While it is true that the hearing officer ordered the requested evaluation, the hearing officer specifically concluded that DCPS sustained its burden of proof that the evidence did *not* demonstrate that S.A. required a neuropsychological evaluation, and that she was not

denied a FAPE, as explained in the Defendants' Motion, at 10-11.  The Plaintiffs, in support of their position that S.A. is a prevailing party, incorrectly go on to say that " … DCPS was ordered to undertake an action it was *required* to do."  Id. (Emphasis added).

In fact, because the hearing officer found that the evidence did not demonstrate a need for the evaluation, DCPS was not *required* under the IDEA to perform or fund the evaluation.  As the hearing officer apparently awarded the relief in an abundance of caution, not for a violation of the IDEIA—S.A. simply is not a prevailing party entitled to fees under the IDEIA.

### Minor R.F.

The Plaintiffs argue that R.F. prevailed simply because the hearing officer ordered DCPS to complete two evaluations.  Opposition, at 7.  As the Defendants demonstrated in their Motion, the hearing officer specifically found that R.F. did not meet his burden of proof, and that there was no harm done to R.F. because he was receiving a FAPE from DCPS (specifically, his school was implementing his individualized education program ("IEP"), which was not alleged by the Plaintiff to be inappropriate).  Motion, at 15.  The hearing officer ordered only that DCPS complete the evaluations—something DCPS had a pre-existing duty to do under the IDEIA.  Id.  Clearly, this also is *de minimis* relief—the hearing officer did not order compensatory education or a private placement, as requested by the Plaintiffs.  Id.

### Minor A.H.

The Plaintiffs argue that A.H.[4] is a prevailing party because the hearing officer ordered DCPS to provide compensatory education to A.H., despite DCPS' existing duty

---

[4] The Plaintiffs have attached to their Opposition a September 27, 2006, hearing request regarding A.H. This hearing request was provided to the undersigned counsel previously, and does not change the Defendants' position with regard to A.H.

4

to do just that. Opposition, at 8. But as demonstrated in the Defendants' Motion (at 17), DCPS was already obligated to provide the compensatory education, but the student had transferred to the Moten Center and DCPS needed time to set up tutoring at the student's home. Motion, at 8. Because the relief ordered was both pre-existing and *de minimis*, A.H. is not a prevailing party. Despite the Plaintiffs' suggestion that DCPS "refused" to implement the compensatory education plan (Opposition, at 8, Fn 1), the HOD indicates that DCPS was willing to comply, but needed time to set up the services after the student's transfer. Motion, at 8.[5]

## **Minor J.G.**

Plaintiffs seek fees for two separate HODs. With regard to the August 9, 2006, HOD, the Plaintiffs allege that J.G. is a prevailing party because the hearing officer ordered DCPS to convene a meeting. Opposition, at 9. But the hearing officer specifically found that J.G. was not denied a FAPE, and ordered only what DCPS was already obligated to do. Motion, at 16. In fact, DCPS already convened the meeting, but a special education teacher was unable to attend and the meeting had to re-convene. Id. DCPS was clearly aware of its duty to convene a meeting—the relief was pre-existing and *de minimis*. As such, J.G. did not prevail.

With regard to the September 14, 2006, HOD, the Plaintiffs contend that J.G is a prevailing party because the hearing officer ordered DCPS to resume providing occupational therapy sessions and authorized the parent to seek a private therapist if DCPS missed three consecutive sessions. Opposition, at 8-9. As demonstrated in the Defendants' Motion, J.G. did not prevail. The hearing officer found that DCPS met its

---

[5] This is quite different from "refusing" to comply with the Compensatory Education Plan. The hearing officer did not order DCPS to "undertake an action that it refused to do;" rather, it gave DCPS two weeks to do what it needed to do to provide compensatory education to A.H.

burden of proof and did not deny J.G. a FAPE.  Motion, at 16.  He also found that DCPS *did* implement the compensatory education plan, and that there was no deadline for completion.  Id., 16-17.  As DCPS did not violate the compensatory education plan, and the hearing officer merely ordered DCPS to resume the sessions, the relief is both pre-existing and *de minimis*, and J.G. did not prevail.

## **Minor A.L.**

Plaintiffs wrongly contend that A.L. is a prevailing party just because the hearing officer ordered a vocational assessment and a meeting upon completion of the evaluation.  Opposition, at 19.  But as indicated in the Defendants' Motion, the hearing officer found that DCPS sustained its burden of proof and "is the prevailing party in this matter" because the technical violation did not result in a denial of a FAPE.  Motion, at 19.  Further, the hearing officer found that prior to the hearing, DCPS promptly agreed to conduct the evaluation and to amend his IEP accordingly—thus, A.L. is not a prevailing party because the relief granted was pre-existing and *de minimis*.  Also, because DCPS already agreed to perform the evaluation, the granted relief "could not possibly constitute a hearing officer-ordered change in the legal relationship between DCPS and plaintiff."  Robinson v. District of Columbia, Civil Action No. 06-1253, slip op. at 11 (D.D.C. August 2, 2007) (no change in the legal relationship when the lawsuit "merely catalyzes government action") (quoting *Smith ex rel. Battle v. District of Columbia*, 117 Fed. Appx. 767 (D.C. Cir. 2004), and citing *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)).

**Minor E.C. and N.H.**

With regard to the claims of both E.C. and N.H., the Plaintiffs argue that the interim orders issued granted relief derived from a determination on the merits, and thus E.C. and N.H. are prevailing parties. Opposition, at 10-11. While the Defendants agree that an interim order may at times actually be a decision on the merits, the interim orders issued for E.C. and N.H. were *not* decisions on the merits.

With regard to E.C., the parties *jointly* moved to continue the case (which the hearing officer granted), and hearing officer specifically states that he did not make a finding regarding whether or not E.C. was denied a FAPE or as to who prevailed. Motion, at 22. The hearing officer then ordered DCPS to convene a meeting—a meeting which DCPS already agreed to convene and for which the parties had already set a time. Id. The Plaintiffs wrongly assert that E.C. is a prevailing party because the hearing officer ordered the parties to convene a meeting to address placement issues. But clearly, this relief is merely a pre-existing duty and *de minimius*, especially given that the hearing was continued. And there has been no change in the parties' relationship. See Robinson, supra.

With regard to N.H., the Plaintiffs suggest that the ordered evaluations alone make her a prevailing party. Opposition, at 10. But this assertion ignores the interim nature of the order—the hearing officer specifically asked the parties to provide her with reports and suggested findings of facts and conclusions of law "for the issuance of a final order." Motion, at 23. She also specifically found that there was no prevailing party, and noted that N.H.'s status might "have been critically impeded" in part by her own counsel. A decision on the merits was simply not issued. Any relief ordered was designed to

promptly deliver services, should she be deemed eligible (despite an earlier finding by DCPS that she was ineligible for special education services).

## CONCLUSION

The Plaintiffs imply that *any* relief ordered by a hearing officer results in prevailing party status. Opposition, generally. They urge this Court to deem them the prevailing party without consideration of such basic elements of the HODs as: (1) a specific conclusion by the hearing officer that DCPS did not deny the student a FAPE or that DCPS provided a FAPE, the core concept of the IDEIA [S.A., R.F., J.G., and A.L.]; (2) a specific conclusion by the hearing officer that DCPS met its burden at the hearing, or that the plaintiff did not meet his or her burden [S.A., R.F., J.G., and A.L.]; (3) a conclusion that the hearing officer did not view the plaintiff to have prevailed [A.L.]; (4) the issuance of an interim order, which is not final decision on the merits of the case [E.C., N.H., and J.S.]; and (5) the ordering of some *de minimis* relief or the ordering of DCPS to perform an acknowledged, pre-existing duty, which does not materially alter the parties' legal relationship [R.F., A.H., J.G., and A.L.].

For the reasons set forth in the Defendants' Motion and above, the Plaintiffs, on behalf of S.A., E.C., R.F., A.H., N.H., A.L, and J.S., are not prevailing parties entitled to attorneys' fees and costs under the IDEIA, and this Court should dismiss their claims with prejudice.

          Respectfully submitted,

          LINDA SINGER
          Attorney General
          for the District of Columbia

                            GEORGE C. VALENTINE
                            Deputy Attorney General
                            Civil Litigation Division

                            **/s/ Edward P. Taptich**
                            EDWARD P. TAPTICH
                            Chief, Equity Section 2
                            Bar Number 012914

                            **/s/ Eden I. Miller**
                            EDEN I. MILLER
                            Assistant Attorney General
                            Bar Number 483802
                            441 Fourth Street, N.W., Sixth Floor South
                            Washington, D.C. 20001
                            (202) 724-6614
                            (202) 727-3625 (fax)
August 30, 2007              E-mail: Eden.Miller@dc.gov