## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHARON ARTIS, for** | |
| **S.A., a minor, et al.,** | |
| | |
| **Plaintiffs,** | |
| | |
| **v.** | **Civil Action No. 07-0932 (JDB)** |
| | |
| **DISTRICT OF COLUMBIA, et al.,** | |
| | |
| **Defendants.** | |

## MEMORANDUM OPINION

Twenty-five parents, on behalf of their minor children, initiated this action against the

District of Columbia and Clifford Janey in his official capacity as Superintendent of D.C. Public

Schools (collectively, "the District"). Plaintiffs seek to obtain reimbursement of attorney's fees

incurred in administrative hearings conducted pursuant to the Individuals with Disabilities

Education Act, as amended, 20 U.S.C. §§ 1400 et seq. The District has now filed a motion for

partial dismissal of the complaint, arguing that fifteen students were not "prevailing parties" in

the underlying administrative hearings and that they are therefore not entitled to attorney's fees.

After the District's motion was filed, plaintiffs voluntarily withdrew the claims of seven minors,

and hence the "prevailing party" status remains contested for only eight students.[1] Upon careful

consideration of the District's motion, the parties' memoranda, plaintiffs' complaint and exhibits,[2]

the applicable law, and the entire record, and for the reasons set forth below, the Court will grant

---

[1] The Court will refer to each student and his or her parent/guardian as a plaintiff, using the initials of the student. The Court will also refer to each student's age as it was during the underlying administrative hearing.

[2] Because plaintiffs have attached documents from the administrative hearings to their complaint, the Court may consider those materials in ruling on the motion brought pursuant to Fed. R. Civ. P. 12(b)(6). See Howard v. Gutierrez, 474 F. Supp. 2d 41, 47-48 (D.D.C. 2007) ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.") (citing Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006)).

in part and deny in part the District's motion.

BACKGROUND

## I.    Statutory Background

Under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), all states that receive federal educational assistance must establish policies and procedures to ensure that "a free appropriate public education is available to all children with disabilities residing in the State . . . ." 20 U.S.C. § 1412(a)(1)(A). A free appropriate public education is provided through the development and implementation of an Individualized Education Program for each disabled student, which describes the student's present academic level, determines the student's educational goals, and sets out required educational and related services, including the extent of the student's participation in a regular classroom. 20 U.S.C. § 1414(d)(1)(A). If a parent objects to the educational placement of their child, they have a right to a "due process hearing" before an impartial hearing officer, which shall be conducted by a State or local educational agency. 20 U.S.C. § 1415(f)(1).

If the parent prevails at the administrative hearing, he or she may be entitled to an award of reasonable attorney's fees. 20 U.S.C. § 1415(i)(3)(B); see Moore v. District of Columbia, 907 F.2d 165, 166 (D.C. Cir. 1990) (en banc) (IDEA authorizes parent who prevails in administrative hearing to recover attorney's fees). "It is well-established in this Circuit that section 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." Abarca ex rel. C.A. v. District of Columbia, 2007 WL 1794101, at *1 (D.D.C. June 19, 2007) (quoting Kaseman v. District of Columbia, 329 F. Supp. 2d 20, 23 (D.D.C. 2004)).

## II.    Factual Background

Because a determination of prevailing party status is dependent upon a review of the

administrative hearings, the Court will briefly describe the relevant facts related to the claims of the seven students remaining at issue.[3]

### A.    S.A.

S.A. is a fifteen-year old District of Columbia resident who is currently enrolled at the Mamie D. Lee School.  Compl. Ex. A, Decision and Order at 3.[4]  In a January 13, 2006, administrative due process complaint, S.A. argued that she "had been denied access to free and appropriate education when [the District] failed to complete a neuropsychological evaluation." Pls.' Opp. at 6.  For relief, she asked the hearing officer to order the District to fund an independent neuropsychological evaluation and to reconvene a meeting to review her placement. After the due process hearing, the hearing officer determined that the District had sustained its burden of proof on the "essential issue [of] whether [it] failed to perform a Neuropsychological Evaluation for this student."  Ex. A, Decision and Order at 5.  The hearing officer determined that "a preponderance of the evidence supports the contention of [the District] that a Neuropsychological Evaluation was not warranted for this student, as the student was extensively evaluated and she did not manifest any significant or traumatic brain injury."  Id.  Accordingly, the hearing officer concluded that the District had not denied S.A. a free appropriate public education.  Id.  Notwithstanding these conclusions, however, the hearing officer ordered the District to fund an independent neuropsychological evaluation of S.A. and to reconvene a team meeting to review her placement for the 2005-2006 school year.  Id. at 5-6.

---

[3]On August 14, 2007, plaintiffs filed a praecipe withdrawing one of two claims asserted on behalf of J.S.  In their opposition, plaintiffs failed to address defendants' arguments to dismiss J.S.'s remaining claim.  Hence, the Court will treat defendants' arguments as conceded.  See Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (reiterating that "[i]t is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff has failed to address as conceded") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).

[4]Hereinafter, the Court will cite to the exhibits attached to plaintiffs' complaint by their exhibit letter only.

**B.    R.F.**

R.F. is a seventeen-year old student at Spingarn Senior High School in the District of
Columbia.  Ex. H, Decision and Order at 2.  On August 7, 2006, he filed a due process complaint
alleging that he was denied a free appropriate public education based upon the District's failure to
perform a triennial reevaluation.  Id. at 3.  His student evaluation plan indicated that a Vineland
Adoptive Scales evaluation and a vocational assessment should have been conducted, but the
evaluations were never performed.  Thus, the hearing officer determined that the District "did not
meet its procedural obligations" under IDEA.  Id. at 5.  However, the hearing officer also took
into account the fact that the violation was procedural.  He noted that R.F. did not challenge the
appropriateness of his current Individualized Education Program, and that he had already
received the maximum allowed thirty-two hours of specialized instruction.  Thus, the hearing
officer concluded that R.F. had not been denied a free appropriate public education.  The officer
also ordered the District to perform the two assessments within thirty days and to convene a team
meeting to revise R.F.'s Individualized Education Program, if necessary.  Id. at 5-8.

**C.    A.H.**

A.H. is a nine-year old student who filed his due process complaint after he transferred to
the Moten Center from Webb Elementary School.  Ex. M, Hearing Officer's Determination at 1.
A compensatory education plan had previously been developed for him establishing that he was
entitled to "255 hours of specialized instruction and 8.5 hours of counseling services.  The
services were to begin during summer school 2005-2006.  Remaining hours were to be provided
in one on one tutoring during the 2006-2007 School Year."  Id. at 2.  When A.H. filed his due
process complaint on July 5, 2006, he argued that the District had failed to implement his
compensatory education plan.

The hearing officer determined that the District had provided the counseling services and

specialized services that were owed during summer school, but that the District had not

started to provide the required one-on-one tutoring during the academic year. Id. Because A.H.

had recently transferred to the Moten Center, the District requested additional time to provide the

tutoring and represented that it could begin to provide the services in two weeks at the student's

home. The hearing officer granted the District the additional time it requested and ordered the

tutoring services to commence by December 15, 2006. Id. at 3.

  **D.  J.G.**

  J.G. is an eight-year old student at Davis Elementary School. Ex. K, Hearing Officer's

Determination at 1. On June 6, 2006, he filed a due process complaint alleging that the District

had "failed to convene an [Individualized Education Program] team meeting upon the parent's

request." Ex. K, Due Process Compl. at 3. On the very day that J.G. filed his due process

complaint, the District had attempted to convene a team meeting. However, the meeting had to

be cancelled based upon the absence of the special education teacher. At the administrative

hearing, the hearing officer noted the District's previous attempt to hold the meeting and

determined that J.G. was not denied any educational benefit because the meeting could still be

held over the summer recess. The hearing officer's order stated as follows: "DCPS agrees to

convene [a multi-disciplinary team] meeting by August 24, 2006 to review and revise the

student's [Individualized Education Program] and discuss any parent's concerns." Ex. K, Hearing

Officer's Determination at 2.

  J.G. filed a second due process complaint on July 6, 2006, arguing that the District had

denied him a free appropriate public education by failing to implement his compensatory

education plan in a timely manner. Ex. L, Due Process Compl. at 3. It had previously been

determined that J.G. was entitled to thirty-three hours of occupational therapy to be provided by

an occupational therapist. Id. The District responded that it was implementing the plan and that

there was no specific deadline for its completion.  Ex. L., Decision and Order at 3.

The hearing officer's determination stated as follows:

> In this matter, [the District] has sustained its burden of proof.  The critical and sole issue
> in this case is whether [the District] timely implemented the student's Compensatory
> Education Plan, which required [occupational therapy] services.  A preponderance of the
> evidence supports the contention of [the District] that the [occupational therapy] services
> were being provided to J.G.  Undisputed evidence on the record clearly indicated that [the
> District] implemented the Compensatory Education Plan for J.G. by providing
> [occupational therapy] services required by the Plan. . . . Under this set of circumstances,
> [the District] has provided a free appropriate public education (FAPE).

Id. at 5.  Hence, the hearing officer merely ordered the District to continue its implementation of

the occupational therapy services.  Id.

**E.    A.L.**

A.L. is a sixteen-year old student at Deal Junior High School.  Ex. Q, Due Process

Compl. at 1.  Days after his sixteenth birthday, he filed a due process complaint asserting: (1) that

the District failed to conduct his vocational assessment to develop transition goals and

objectives, (2) that the District failed to develop an appropriate Individualized Education

Program, (3) that the District denied him a free appropriate public education by failing to develop

a behavior intervention plan, and (4) that he was entitled to compensatory education.  Id. at 4.

Because the District's form for an Individualized Education Program indicated that

transition goals were to be included in a student's Individualized Education Program when the

student was sixteen, the hearing officer determined that the District had technically violated this

requirement.  Ex. Q, Hearing Officer's Decision at 3.  The hearing officer noted, however, that

A.L.'s due process complaint was filed within days of his reaching the age of sixteen and that the

District had promptly offered to conduct the vocational assessment and to amend his

Individualized Education Program accordingly.  Id. at 3-4.  When A.L. "turned sixteen he was

still attending middle school and the school year was close to concluding."  Id. at 4.  The hearing

officer noted that "[t]here was, and there continues to be, sufficient time prior to the student

resuming school and beginning to attend high school . . . for [the District] to complete the required assessment and for the Individualized Education Program to include transition goals." Id.

In light of these facts, the hearing officer expressly found that "[the District] is the prevailing party in this matter." Id. The hearing officer ordered the District to conduct the vocational assessment within forty-five days and to revise the Individualized Education Program as needed. But the hearing officer determined that the District had sustained its burden of proof that it had not denied A.L. a free appropriate public education, and no compensatory education was awarded. Id. at 3-4.

**F.     E.C.**

E.C. is an eight-year old student at Garfield Elementary School. Ex. G, Due Process Compl. at 1. He filed a due process complaint on July 26, 2006, alleging: (1) that the District denied him a free appropriate public education by not providing a recommended educational placement, (2) that he should be placed in Rock Creek Academy, (3) that the District failed to convene a manifestation determination review meeting, (4) that the District should be required to conduct a functional behavior plan and to implement a behavior intervention plan, and (5) that the District should be required to provide him with compensatory education. Id. at 4.

At the administrative hearing, the parties made a joint motion to continue the case. Ex. G, Decision and Order at 3. The hearing officer granted the motion to continue and ordered that "the parties shall raise and resolve all issues about the form and scope of E.C.'s 07/26/06 hearing request; and based on that finding, litigate any unresolved issues" at the future hearing. Id. Because the parties agreed that E.C. needed an educational placement for the upcoming school year, the hearing officer ordered that a placement meeting be held to decide his future placement. The hearing officer explicitly stated: "There is no finding that E.C. was denied a [free appropriate

public education] nor was there a finding as to a prevailing party in this matter." Id. at 4.

      **G.    N.H.**

      N.H. is a five-year old kindergarten student at Malcolm X Elementary School.  On August 4, 2006, she filed a due process complaint alleging that the District had denied her a free appropriate public education when it failed to conduct an occupational therapy evaluation to assess her visual motor abilities.  Ex. N, Due Process Compl. at 4.  For relief, she requested: (1) a finding that a free appropriate public education had been denied, (2) an order requiring the District to conduct and fund the occupational therapy evaluation and any other evaluations that were not performed in a timely manner, (3) an order for a team meeting to be convened to review N.H.'s evaluations, and (4) compensatory education services.  Id. at 4-5.

      Upon a review of the record, the hearing officer was troubled by the psycho-educational evaluation that had previously been completed.  Ex. N, Interim Hearing Officer's Decision at 3. In an interim decision, the hearing officer determined that the evaluation summary was inconsistent with N.H.'s test scores and diagnostic impressions, but noted that the evaluation recommended that an occupational therapy evaluation be performed.  According to the hearing officer, "the tragic fact pattern apparent from a review of the evidentiary record requires immediate injunctive relief as this Petitioner's status may have been critically impeded by both Petitioner's Counsel and DCPS." Id.  The officer decided that an interim order was warranted "to determine the validity of the March 10, 2005 psycho-educational evaluation and assess the impact of any occupational therapy issues identified by an occupational therapy evaluation." Id.

      The hearing officer therefore ordered the District to fund an independent psycho-educational and occupational therapy evaluation.  Within ten days of completing the evaluations, the District was required to reconvene a team meeting to review the results and to redetermine N.H.'s eligibility for special education services.  Id.  Within five days of the team meeting, the

parties were to submit status reports to the hearing officer with suggested findings of fact and conclusions of law for the issuance of a final order. Id. at 4. Until then, the hearing officer noted that "there is no prevailing party in this matter." Id. at 3.

## LEGAL STANDARDS

### I.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The District has moved for partial dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

### II.    Prevailing Party

The fundamental issue here is a question of law: whether each plaintiff is a "prevailing party" based on the administrative record and the hearing officer's decision. A party is generally considered to be the prevailing party if he succeeds "on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424,

433 (1983); see also Goldring v. District of Columbia, 2005 WL 3294005, at *2 -3  (D.D.C. May

26, 2005).  "To obtain 'prevailing party' status, the plaintiff must show first that there was a

court-ordered change in the legal relationship between the plaintiff and the defendant; second,

that the judgment was rendered in the claimant's favor; and third, that the claimant was not a

prevailing party merely by virtue of having acquired a judicial pronouncement rather than

judicial relief."  Robinson v. District of Columbia, 2007 WL 2257326, at * 4 (D.D.C. Aug. 2,

2007) (citing Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. Of Health & Human Res., 532

U.S. 598 (2001)).

   Although a hearing officer may make a prevailing party determination, it is the province

of the district court to make the ultimate decision as to who prevailed in an IDEA action.  T.S. ex

rel. Skrine v. District of Columbia, 2007 WL 915227, at *4 (D.D.C. Mar. 27, 2007) (noting that

"[t]he fact that a hearing officer has made a finding on the issue, or has failed to make such a

finding, is not controlling").  When a hearing officer finds that a student was denied access to a

free appropriate public education, the student may usually recover reasonable attorney's fees as

the prevailing party because a denial of a free appropriate public education is a direct violation of

the statute.  "If the [hearing officer] does not find a denial of a [free appropriate public

education], this does not necessarily mean that the plaintiffs cannot seek attorney's fees, but

recovery is limited."  Robinson, 2007 WL 2257326, at *4.  In analyzing the issue, "[t]he essential

test for prevailing party status is whether a party successfully obtains a 'material alteration of the

legal relationship of the parties' with the imprimatur of an adjudication."  Skrine, 2007 WL

915227, at *4 (quoting Buckhannon, 532 U.S. at 604); see also Armstrong v. Vance, 328 F.

Supp. 2d 50, 57 (D.D.C. 2004).

**DISCUSSION**

**I.     R.F., A.H., and N.H. Are Prevailing Parties**

R.F., A.H., and N.H. all succeeded on a "significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 433.  Therefore, these plaintiffs have alleged sufficient facts to support a finding that they were the prevailing parties in the underlying administrative hearings.  The degree of each plaintiff's success may ultimately impact the amount of an appropriate award, but each party has surpassed the hurdle of demonstrating that their success was not "purely technical or de minimus." Texas Teachers Ass'n v. Garland Sch. Dist., 489 U.S. 782, 792 (1989).

R.F. argued that the District had failed to complete his triennials, namely a Vineland and vocational assessment, and the hearing officer agreed.  The hearing officer therefore ordered a significant part of the relief he had requested.  The District was required to perform the assessments and to convene a team meeting to possibly revise R.F.'s Individualized Education Program based on the results of the evaluations and to discuss a proper placement for the student. A.H. argued that the District had failed to implement his compensatory education plan, and the hearing officer agreed with him as well.  The District was supposed to provide tutoring services during the 2006-2007 academic year, but the District had not taken any action to start providing the required services.  The hearing officer therefore ordered tutoring for A.H. to begin by December 15, 2006.  Thus, the parties' legal relationship was altered by the hearing officer's order, which compelled the District to act by a certain date -- a date already well into the 2006-2007 academic year.  In each of these cases, R.F. and A.H. received significant relief that had been requested.  See Skrine, 2007 WL 915227, at *4 (stating that "plaintiff sought and received an order for an independent evaluation at public expense, which constitutes 'prevailing' under the IDEA").

Although N.H.'s administrative hearing resulted in an interim order, she and the District agree that a party may nonetheless be entitled to prevailing party status in such a situation as long as the interim relief was derived from a determination on the merits.  See J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ., 287 F.3d 267, 274 (3d Cir. 2002) (holding that "parents who achieve favorable interim relief may be entitled to prevailing party attorney's fees as long as the interim relief granted derived from some determination on the merits").  At the administrative hearing, N.H. argued that the District had failed to conduct an occupational therapy evaluation as recommended by a previous psycho-educational evaluation.  The hearing officer agreed that an occupational therapy evaluation was warranted and expressed concern about the District's assessment of N.H.'s previous evaluations.  The Court ordered the District to conduct the evaluation N.H. sought and to reconvene a team meeting to redetermine her eligibility for special education services.  Therefore, the hearing officer's determination was made on the merits, and N.H. succeeded on the significant issue in her case.

Keeping in mind the Supreme Court's articulation that the prevailing party test involves a generous standard, see Texas Teachers Ass'n, 489 U.S. at 792, and noting that the "prevailing party inquiry does not turn on the magnitude of the relief obtained," P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 855 (3d Cir. 2006), the Court concludes that R.F., A.H., and N.H. have all surpassed the threshold to survive the District's motion to dismiss.  In each case, the plaintiff obtained a material alteration of a legal relationship with the District, with the imprimatur of an adjudication.  See Buckhannon, 532 U.S. at 604.  Hence, each is a prevailing party entitled to a reasonable award of attorney's fees.

## II.    S.A., J.G., A.L., and E.C. Are Not Prevailing Parties

On the other hand, S.A., J.G., A.L., and E.C. have failed to state a claim upon which the Court can grant relief.  Each of these students has failed to present facts that could support a

determination that they were the prevailing parties in the underlying administrative hearings. In all of these cases, the hearing officer did not find that the students were denied a free appropriate public education as they alleged, and "the relief that was granted to them was at most, 'de minimis.'" Abarca ex rel. C.A. v. District of Columbia, 2007 WL 1794101, at * 3 (D.D.C. June 19, 2007).

At S.A.'s administrative hearing, the hearing officer plainly found against her on the merits of her complaint. The hearing officer determined that the District did not have a duty to complete a neuropsychological evaluation and that S.A. had not been denied a free appropriate public education as a result of the District's actions. In fact, the hearing officer praised the District's actions finding that S.A. had been extensively evaluated and that a preponderance of the evidence demonstrated that a "Neuropsychological Evaluation was not warranted for this student." Ex. A, Decision and Order at 5. Contrary to the findings and conclusions, however, the hearing officer nevertheless ordered the District to fund an independent neuropsychological evaluation. As the District points out, "the hearing officer apparently awarded the relief in an abundance of caution, not for a violation of the [IDEA]." Defs.' Reply at 4. The D.C. Circuit has recently stated "that a plaintiff 'prevails' only upon obtaining a judicial remedy that vindicates its claim of right." District of Columbia v. Jeppsen ex rel. Jeppsen, 514 F.3d 1287, 1290 (D.C. Cir. 2008). Here, S.A.'s claim was not vindicated -- it was denied. Although she obtained part of the relief she sought, she did not prevail on the merits of her claim. Hence, she cannot be deemed a prevailing party under the statute.

For J.G.'s first claim, the District had attempted to provide the relief he requested on the very same day that he filed his due process complaint. The District was unable to hold the team meeting only because a teacher was absent. The District therefore agreed to convene the meeting on another mutually agreeable date to discuss the parent's concerns. Because the hearing officer

-13-

merely noted the parties' agreement, the hearing officer did not order any change in the legal relationship between the parties. The District voluntarily complied with J.G.'s request without any administrative imprimatur. Thus, J.G. is not a prevailing party on his first claim. See Robinson, 2007 WL 2257326, at * 5 (holding that plaintiff was not a prevailing party where "the relief granted could not possibly constitute a hearing officer-ordered change in the legal relationship between DCPS and plaintiff"); see also Buckhannon, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.").

J.G.'s second claim fares no better. Although he argued that the District had failed to implement his compensatory education plan in a timely manner, the hearing officer reached the opposite conclusion. The hearing officer noted that the District had sustained its burden of proof on the "critical and sole issue" in the case by proving by a preponderance of the evidence that the occupational therapy services were being provided to J.G. The hearing officer therefore merely ordered the District to continue its implementation of the compensatory services -- which the District was already doing. Again, that claim therefore did not result in a hearing-officer ordered change in the legal relationship between the parties. "Rather, the Hearing Officer directed the parties to continue on the course that [the District] was already following." Mata v. Elsie Whitlow Stokes Community Freedom P.C.S., 2007 WL 1521047, at * 4 (D.D.C. May 21, 2007) (holding that plaintiff was not a prevailing party).

As for A.L., the hearing officer determined that the District was the prevailing party in the matter. Ex. Q, Hearing Officer's Decision at 4. Although the hearing officer's decision on this issue is not determinative, the Court agrees with the hearing officer's conclusion. A.L. had filed his due process complaint just days after he turned sixteen. Because the District's regulations required transition goals in a student's Individualized Education Program when a student turned

sixteen, the District had committed a technical violation. Nevertheless, the hearing officer noted that the District had promptly offered to conduct the vocational assessment as requested by A.L. The hearing officer therefore set a deadline for the completion of the assessment during the summer recess. The hearing officer did not award compensatory education, a behavioral assessment, or funding of independent vocational assessments as A.L. had requested. Because the hearing officer awarded only de minimis relief -- nothing more than the District had previously offered to do -- A.L. is not a prevailing party under the IDEA.

Finally, the last case, that of E.C., resulted only in an interim order. After the administrative hearing, the parties made a joint motion to continue the case. The hearing officer granted the motion and did not reach the merits of the dispute. The hearing officer made no determination as to the District's failure to convene a manifestation determination review meeting, as to the necessity of a functional behavior plan and a behavior intervention plan, or as to the need for compensatory education. Because the parties agreed that E.C. needed an educational placement for the upcoming school year based upon the recent determination that he was eligible for special education services, the hearing officer simply ordered what the parties had agreed to -- a placement meeting for E.C. Other than that, the hearing was continued as to all unresolved issues, noting that there was no finding as to a prevailing party in the interim. Because "a party cannot be a prevailing party if the interim relief received is not merit-based," and because the hearing officer entered the parties' agreement without any merit-based determinations, E.C. is not a prevailing party. J.O. ex rel. C.O., 287 F.3d at 273.

## CONCLUSION

As explained above, R.F., A.H., and N.H. achieved success on significant issues. Therefore, they are prevailing parties under the IDEA, and their claims will not be dismissed. The remaining plaintiffs, S.A., J.G., A.L., and E.C., on the other hand, received only de minimis

relief that was not merit-based and that was without a hearing-officer ordered change in the legal

relationship between themselves and the District.  Accordingly, the Court will grant defendants'

motion for partial dismissal as to the claims of S.A., J.G., A.L., and E.C.  A separate order

accompanies this memorandum opinion.


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge


Date: <u>March 20, 2008</u>