UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON ARTIS, for S.A., a minor, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No. 07-0932 (JDB) |

### ORDER

Before the Court is the parties' joint motion for dismissal of the case and a proposed consent order resolving the remaining claims for attorneys' fees and costs. The proposed consent order provides for an award of attorneys' fees for some parties in excess of the $4,000 cap that the District of Columbia may pay under the statute governing its appropriations for fiscal year 2008, Pub. L. No. 110-161, § 819, 121 Stat. 2040 (2007). The Court has determined that it may grant the jointly requested relief consistent with the restriction on the use of the District's appropriations. In relevant part, section 819 provides that "[n]one of the funds contained in this Act may be made available to pay -- (1) the fees of an attorney who represents a party in an action or an attorney who defends an action brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq.) in excess of $4,000 for that action . . . ." Pub. L. No. 110-161, § 819(a). This circuit has held that a substantially similar rider restricting use of the District's appropriations in prior fiscal years "restricts only the District's authority to pay attorneys' fees, not court authority to award fees pursuant to IDEA."[1] See Calloway v. District of Columbia, 216 F.3d 1, 2, 9-12 (2000). The

---

[1] For a history of riders similarly restricting use of D.C. appropriations to pay attorneys fees under the IDEA, see Blackman v. District of Columbia, 456 F.3d 167, 170-71 & nn. 2-4 (D.C. Cir. 2006). Congress enacted a substantially more restrictive rider for fiscal year 2002, but the more restrictive language is absent from section 819. See id. at 171 n.3, 176-78.

circuit recognized that this result created a "potential incongruity," with courts awarding fees that the District is prohibited from paying in the same fiscal year, but determined that the plain text of the statute required that result. Id. Considering that section 819 is substantially the same as the rider at issue in Calloway, the same result must follow here. Accordingly, it is hereby

**ORDERED** that the remaining plaintiffs are awarded $52,699.87 for attorneys' fees and costs for work done on behalf of the minors D.M., A.C., K.C., T.M., C.F., J.R., W.G., R.F., A.H., and N.H. Payment of $39,699.87 -- representing the amount the defendants believe is permissible under Pub. L. No. 110-161, § 819 (2007) -- is to be made to the plaintiffs' counsel, James E. Brown and Associates, PLLC, pursuant to the attached itemized schedule ("Attachment A"). The balance shall be paid subject to applicable law, including the restrictions in section 819 of Pub. L. No. 110-161 and any future restrictions on District of Columbia appropriations. It is further

**ORDERED** that all payments shall be made within 90 days of the date of this Order, subject to the foregoing restrictions on District of Columbia appropriations. Interest shall accrue commencing on the 91st day, pursuant to 28 U.S.C. § 1961, but payment of any interest also shall be subject to any applicable restrictions on District of Columbia appropriations. It is further

**ORDERED** that the above-mentioned agreement of the parties resolves all claims by the plaintiffs and their counsel in the above-captioned case, and extinguishes all of the defendants' liabilities for such claims. It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

                                        /s/ John D. Bates
                                        JOHN D. BATES
                                    United States District Judge

Date: May 20, 2008

## ATTACHMENT A

| Student | HOD Date | Agreed Upon Award | Total Amount to be Paid Under Applicable Fee Cap |
|---|---|---|---|
| D.M. | 3/27/2006 | $8,000 in fees & $397.84 in costs | $4,000 in fees & $397.84 in costs |
| A.C. | 4/25/2006 | $4,000 in fees & $165.23 in costs | $4,000 in fees & $165.23 in costs |
| K.C. | 5/16/2006 | $1,500 in fees & $118.26 in costs | $1,500 in fees & $118.26 in costs |
| T.M. | 6/21/2006 | $4,500 in fees & $182.42 in costs | $4,000 in fees & $182.42 in costs |
| C.F. | 7/28/2006 | $5,000 in fees & $227.60 in costs | $4,000 in fees & $227.60 in costs |
| J.R. | 8/11/2006 | $4,500 in fees & $137.41 in costs | $4,000 in fees & $137.41 in costs |
| W.G. | 10/2/2006 | $4,000 in fees & $235.42 in costs | $4,000 in fees & $235.42 in costs |
| R.F. | 10/18/2006 | $5,000 in fees & $166.58 in costs | $4,000 in fees & $166.58 in costs |
| A.H. | 11/28/2006 | $10,000 in fees & $420.04 in costs | $4,000 in fees & $420.04 in costs |
| N.H. | 11/13/2006 | $4,000 in fees & $149.07 in costs | $4,000 in fees & $149.07 in costs |